| | |
|---|---|
| MICHAEL W. BIEN – 096891<br>ERNEST GALVAN – 196065<br>KARA J. JANSSEN – 274762<br>GINGER JACKSON-GLEICH – 324454<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California  94105-1738<br>Telephone:    (415) 433-6830<br>Email:          mbien@rbgg.com<br>                    egalvan@rbgg.com<br>                    kjanssen@rbgg.com<br>                    gjackson-gleich@rbgg.com | OREN NIMNI[*]<br>  Mass. Bar No. 691821<br>AMARIS MONTES[*]<br>  Md. Bar No. 2112150205<br>D DANGARAN[*]<br>  Mass. Bar No. 708195<br>RIGHTS BEHIND BARS<br>416 Florida Avenue N.W. #26152<br>Washington, D.C.  20001-0506<br>Telephone:    (202) 455-4399<br>Email:          oren@rightsbehindbars.org<br>                    amaris@rightsbehindbars.org<br>                    d@rightsbehindbars.org |
| SUSAN M. BEATY – 324048<br>CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE<br>1999 Harrison Street, Suite 1800<br>Oakland, California  94612-4700<br>Telephone:    (510) 679-3674<br>Email:          susan@ccijustice.org | [*]*Pro hac vice* applications pending |

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA COALITION FOR WOMEN PRISONERS; R.B.; A.H.R.; S.L.; J.L.; J.M.; G.M.; A.S.; and L.T., individuals on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS, a governmental entity; BUREAU OF PRISONS DIRECTOR COLETTE PETERS, in her official capacity; FCI DUBLIN WARDEN THAHESHA JUSINO, in her official capacity; OFFICER BELLHOUSE, in his individual capacity; OFFICER GACAD, in his individual capacity; OFFICER JONES, in his individual capacity; LIEUTENANT JONES, in her individual capacity; OFFICER LEWIS, in his individual capacity; OFFICER NUNLEY, in his individual capacity, OFFICER POOL, in his individual capacity, LIEUTENANT PUTNAM, in his individual capacity; OFFICER SERRANO, in his individual capacity; OFFICER SHIRLEY, in his individual capacity; OFFICER SMITH, in his individual capacity; and OFFICER VASQUEZ, in her individual capacity,<br><br>Defendants. | Case No.:  4:23-cv-4155<br><br>**APPLICATION TO PROCEED ANONYMOUSLY**<br><br>Filed Concurrently with Complaint; Motion for Preliminary Injunction; and Motion for Provisional Class Certification<br><br>Trial Date:           None Set |

# INTRODUCTION

Plaintiffs—a group of incarcerated individuals who have experienced and witnessed horrific sexual abuse and harassment at the hands of prison facility staff—seek to proceed anonymously, using their initials rather than their full names.  As explained below, the significant risk of retaliatory harm to these plaintiffs and the highly sensitive and personal nature of the allegations at issue warrant proceeding anonymously.

Any potential prejudice to Defendants is undoubtedly outweighed by Plaintiffs' need to maintain their own physical and emotional safety and by the importance of protecting the sensitive and personal information that will be disclosed during this litigation.  For these reasons and as discussed below, the Court should approve Plaintiffs' application to proceed anonymously.

## I.    BACKGROUND

As outlined in detail in the Complaint, individuals incarcerated at FCI Dublin have been subjected to rampant ongoing sexual abuse for years.  Plaintiffs and the putative class members they represent have endured horrific abuse and exploitation at the hands of facility staff, including but not limited to: rape and sexual assault; manipulation and sexual coercion, degrading sexual comments on an everyday basis; voyeurism and taking explicit photos; drugging, groping, and other forms of abuse during medical exams; and targeted abuse towards immigrants under threat of deportation.  Declaration of Ginger Jackson-Gleich in Support of Application to Proceed Anonymously (Jackson-Gleich Decl.) ¶ 3; citing Complaint, Dkt. 1.

Moreover, officers, supervisors, and leadership throughout FCI Dublin protect their abusive colleagues by failing to investigate claims of sexual abuse and harassment, and by affirmatively retaliating against those who report it.  As a result, survivors frequently face egregious forms of retaliation, including placement in solitary confinement, repeated and unjustified strip and cell searches, and transfer to other facilities away from their families and support systems.  Jackson-Gleich Decl. ¶ 6.  This pervasive retaliation deters many survivors from reporting their abuse.  The Plaintiffs who have stepped forward to pursue

this lawsuit are acutely aware of these dangers and respectfully request that the Court grant their application to proceed anonymously.

## II.     ARGUMENT

Within the Ninth Circuit, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). In general, courts in this circuit "allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* at 1067–68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir.1981)).

"To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate* (9th Cir. 2010) 596 F.3d 1036, 1042 (quoting *Advance Textile*, *supra*, 214 F.3d at 1068). Notably, courts have been especially attuned to the importance of protecting survivors of sexual assault from further harm, both in terms of further violations of their privacy and due to the threat of retaliation. *See, e.g.*, *Doe v. Ayers*, 789 F.3d 944, 946 (9th Cir. 2015) (use of pseudonym appropriate because petitioner, who had been repeatedly sexually assaulted in prison, faced serious risk of additional violence if his name was revealed); *see also Jordan v. Gardner*, 986 F.2d 1521, 1525 n.4 (9th Cir. 1990) ("In keeping with the tradition of not revealing names of the victims of sexual assault, we use initials here to protect the privacy of the inmates.").

Here, Plaintiffs face a real risk of severe harm if their names are revealed. Retaliation against those who report and challenge sexual abuse and assault is commonplace at FCI Dublin. Jackson-Gleich Decl. ¶ 6. Physical violence, verbal assault,

placement in solitary confinement, punitive cell searches, destroyed property, and transfer to other facilities are all forms of retaliation that are inflicted upon people at FCI Dublin. *Id*. Many Plaintiffs already experienced some or all of these forms of retaliation when they first reported abuse and harassment through administrative procedures. *Id.* Thus, what can happen to people who report abuse at FCI Dublin is more than a remote possibility or veiled threat, it is a reality most of them have already come to know. Accordingly, Plaintiffs fear of such retaliatory responses is reasonable: Plaintiffs have already seen and experienced such punishments firsthand.

By virtue of their incarcerated status, Plaintiffs are also particularly vulnerable to retaliation. They have no freedom of movement, no access to non-prison law enforcement, and no ability to avoid those who might seek to retaliate against them. They are entirely dependent on the staff of FCI Dublin for their basic needs, and their lives are completely controlled by the very entities named in this lawsuit. There is no question that Plaintiffs are vulnerable to the forms of retaliation noted above.

Finally, these factors—when considered against the potential prejudice to the opposing party and the public interest—weigh heavily in favor of proceeding anonymously. First, potential prejudice to Defendants is minimal and, Plaintiffs acknowledge that "at some later point in the proceedings it may be necessary to reveal plaintiffs' identities to defendants so that defendants may refute individualized accusations." *Advance Textile*, *supra*, 214 F.3d at 1072. Second, the public interest also favors permitting Plaintiffs to proceed anonymously. While the public may have some interest in knowing Plaintiffs' identities, the public also has an interest in encouraging survivors of sexual assault and harassment (especially when harassment is perpetrated by government actors) to come forward. See, e.g., *Doe v. Penzato*, CV10-5154 MEJ, 2011 WL 1833007, at *5 (N.D. Cal. May 13, 2011) (finding "that the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs the public's interest in disclosing Plaintiff's identity"); *Heineke v. Santa Clara U.*, 17-CV-05285-LHK, 2017 WL 6026248, at *23 (N.D. Cal. Dec. 5, 2017) (concluding "that the public interest is

served in allowing an alleged victim of sexual harassment to be sued under pseudonym to avoid deterring other victims from coming forward").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request to proceed anonymously, using their initials only, rather than their full names.

DATED: August 16, 2023            Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s Ginger Jackson-Gleich*
     Ginger Jackson-Gleich

Attorneys for Plaintiffs