| | |
|---|---|
| MICHAEL W. BIEN – 096891<br>ERNEST GALVAN – 196065<br>KARA J. JANSSEN – 274762<br>GINGER JACKSON-GLEICH – 324454<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California  94105-1738<br>Telephone:  (415) 433-6830<br>Email:       mbien@rbgg.com<br>                   egalvan@rbgg.com<br>                   kjanssen@rbgg.com<br>                   gjackson-gleich@rbgg.com | OREN NIMNI*<br>  Mass. Bar No. 691821<br>AMARIS MONTES*<br>  Md. Bar No. 2112150205<br>D DANGARAN*<br>  Mass. Bar No. 708195<br>RIGHTS BEHIND BARS<br>416 Florida Avenue N.W. #26152<br>Washington, D.C.  20001-0506<br>Telephone:  (202) 455-4399<br>Email:       oren@rightsbehindbars.org<br>                   amaris@rightsbehindbars.org<br>                   d@rightsbehindbars.org |
| SUSAN M. BEATY – 324048<br>CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE<br>1999 Harrison Street, Suite 1800<br>Oakland, California  94612-4700<br>Telephone:  (510) 679-3674<br>Email:       susan@ccijustice.org | *Pro hac vice* applications pending |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA COALITION FOR WOMEN PRISONERS; R.B.; A.H.R.; S.L.; J.L.; J.M.; G.M.; A.S.; and L.T., individuals on behalf of themselves and all others similarly situated,<br><br>                         Plaintiffs,<br><br>       v.<br><br>UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS, a governmental entity; BUREAU OF PRISONS DIRECTOR COLETTE PETERS, in her official capacity; FCI DUBLIN WARDEN THAHESHA JUSINO, in her official capacity; OFFICER BELLHOUSE, in his individual capacity; OFFICER GACAD, in his individual capacity; OFFICER JONES, in his individual capacity; LIEUTENANT JONES, in her individual capacity; OFFICER LEWIS, in his individual capacity; OFFICER NUNLEY, in his individual capacity, OFFICER POOL, in his individual capacity; LIEUTENANT PUTNAM, in his individual capacity; OFFICER SERRANO, in his individual capacity; OFFICER SHIRLEY, in his individual capacity; OFFICER SMITH, in his individual capacity; and OFFICER VASQUEZ, in her individual capacity,<br><br>                         Defendants. | Case No. 4:23-cv-04155<br><br>**DECLARATION OF C███████ B█████ IN SUPPORT OF PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION** |

[4317391.4]

I, C█████ B███, declare:

1. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently so testify. I make this declaration in support of Plaintiffs' Motions for Preliminary Injunction and Provisional Class Certification.

2. I am incarcerated in federal prison and have been incarcerated at FCI Dublin from February 2020 to present. In the future BOP may transfer me to other BOP facilities but at any point I could be transferred back to FCI Dublin.

3. FCI Dublin's inadequate systems for preventing, detecting, and responding to sexual abuse have caused actual harm to myself and others incarcerated at FCI Dublin and put myself and other incarcerated persons at substantial risk of serious harm from sexual assault, harassment, and retaliation from staff.

4. While at FCI Dublin, Officers Poole and Jones expected us to do sexual favors for them and retaliated against us if we said anything. I knew these officers mistreated women in the prison because they often called women "bitches" and treated us badly by taking away our property, throwing away our property without reason, and making us do extra work than what was required. I tried to stay away from them, but I could not avoid them as much as I tried.

5. Around Thanksgiving 2021, I was working in food service. I saw Officers Poole and Jones in the same area speaking to another incarcerated woman. She told me that the officers told her, "If I'm working here, I'll be expecting sexual favors." I walked back towards the office, and Officer Poole saw me and ran after me and yelled, "I'll fuck up your world." I understood that to be a threat because Officer Poole thought I was going to report him for what he said to the other incarcerated woman. He then went straight into my room where my property was locked. He asked the unit officer to open my property and took everything I owned to the trash for Food Service, where they smash everything to dispose of it. This was hundreds of dollars of my possessions, and I was left with no clothes or underwear, aside from the ones that I was wearing that day and my uniform. Officer Poole did this in front of all the officers in the unit and I felt humiliated.

6. I was expected to go to work the next day, even though I had no clothes aside from the ones I had been wearing the day before. When I resisted going to work the next day without clean clothes or underwear, Officer Jones issued me a shot. After that, I wrote to Ms. Minor, the unit manager at the time, about not being able to go to work without clothes, and she took me to Lieutenant Putnam's office. I made my report about everything that happened with Officer Poole. In reference to my cell search, he said he didn't know what I was talking about and then switched to saying he would look at it, but to my knowledge he never did anything about it. Later, I was issued disposable underwear for three days, until one pair of new underwear was issued to me.

7. I never returned to work at Food Service until Officers Poole and Jones were walked off a few weeks later because I wanted to avoid these officers and their ongoing harassment of me. Even after not returning to work, Officer Poole often laughed and taunted me about having thrown away my things while I walked to the medical line. I know he did this to target me because I saw him at the medical line even on days when I knew he was not normally supposed to be there.

8. When I arrived at FCI Dublin in February 2020 I was not provided adequate training and information about how to respond to sexual abuse. I was never given any training about what PREA entailed and I only knew about PREA from the information other incarcerated people gave me.

9. There is no effective way to confidentially report sexual assault and abuse by staff at FCI Dublin. When incarcerated persons report sexual abuse by staff, FCI Dublin and BOP do not seriously investigate the reports. Investigations are frequently delayed and overseen by staff who know and work with the offending staff member. Generally nothing happens as a result. Even when people report to SIS Lieutenant Putnam, there is no investigation done for these reports. When I reported to Lieutenant Putnam around Thanksgiving 2021, I was never called back to the office to discuss my report, and no one ever contacted me about PREA until early 2023, almost a year and a half after the incident I reported.

[4317391.4]

2

DECLARATION OF C▒▒▒▒▒ B▒▒▒▒ IN SUPPORT OF PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION

10. I filed a tort claim about the loss of my property about three weeks after the incident with Officer Poole and included receipts. That was almost two years ago. I finally received a response on June 20, 2023, offering only a small fraction of what I had claimed, just $50 when my items were worth over $500.

11. Staff at FCI Dublin prevent people from reporting sexual assault and abuse by staff and retaliate against people who do report. Officer Poole's comments made it clear that his cell search was in retaliation for believing I was going to report. When I did report to Lieutenant Putnam, I felt scared, and after I did, I did not want to go back to work in Food Service, where Officer Poole was still working. I also stopped going to mainline because I didn't want to see him, and I would avoid eating sometimes to avoid seeing him in mainline. I also knew that if I reported in the future, he could do the same or worse by sending me to the Special Housing Unit or doing something even worse.

12. There is little to no medical care available to survivors of sexual abuse and assault at FCI Dublin, and there is no confidential mental health care available to survivors. I was previously on a series of medications including Gabapentin, Abilify, and Prozac. In approximately December 2022, they took me off all my psychiatric and pain medication without warning even though I have bipolar disorder, depression, and nerve damage that requires pain medications. I asked to speak with my counselor, but I was not able to see them for months. They have told me that I need to see a psychiatric doctor but there is no such doctor in the facility. In approximately mid-June 2023, I was finally put back on Prozac, but I still have not received my antipsychotic or pain medications. Due to the long gap without my psychiatric and pain medications, I had felt my depression worsening, and I have been tired more often. I was never informed about Tri-Valley Care as a way for survivors to speak with an outside counselor.

/ / /

/ / /

/ / /

/ / /

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, and that this declaration is executed at Dublin, California this 15th day of August, 2023.

_____