MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
KARA J. JANSSEN – 274762
GINGER JACKSON-GLEICH – 324454
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Email: mbien@rbgg.com
       egalvan@rbgg.com
       kjanssen@rbgg.com
       gjackson-gleich@rbgg.com

OREN NIMNI[*]
 Mass. Bar No. 691821
AMARIS MONTES[*]
 Md. Bar No. 2112150205
D DANGARAN[*]
 Mass. Bar No. 708195
RIGHTS BEHIND BARS
416 Florida Avenue N.W. #26152
Washington, D.C. 20001-0506
Telephone: (202) 455-4399
Email: oren@rightsbehindbars.org
       amaris@rightsbehindbars.org
       d@rightsbehindbars.org

SUSAN M. BEATY – 324048
CALIFORNIA COLLABORATIVE FOR
IMMIGRANT JUSTICE
1999 Harrison Street, Suite 1800
Oakland, California 94612-4700
Telephone: (510) 679-3674
Email: susan@ccijustice.org

[*]*Pro hac vice* applications pending

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA COALITION FOR WOMEN PRISONERS; R.B.; A.H.R.; S.L.; J.L.; J.M.; G.M.; A.S.; and L.T., individuals on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS, a governmental entity; BUREAU OF PRISONS DIRECTOR COLETTE PETERS, in her official capacity; FCI DUBLIN WARDEN THAHESHA JUSINO, in her official capacity; OFFICER BELLHOUSE, in his individual capacity; OFFICER GACAD, in his individual capacity; OFFICER JONES, in his individual capacity; LIEUTENANT JONES, in her individual capacity; OFFICER LEWIS, in his individual capacity; OFFICER NUNLEY, in his individual capacity, OFFICER POOL, in his individual capacity, LIEUTENANT PUTNAM, in his individual capacity; OFFICER SERRANO, in his individual capacity; OFFICER SHIRLEY, in his individual capacity; OFFICER SMITH, in his individual capacity; and OFFICER VASQUEZ, in her individual capacity<br><br>        Defendants. | Case No. 3:23-cv-04155<br><br>**NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**<br><br>Date: October 6, 2023<br>Time: 9:30 am.<br>Crtrm.: D, 15th Floor<br>Place: 450 Golden Gate Avenue<br>        San Francisco, CA 94102<br><br>Judge: Hon. Joseph Spero<br><br>Trial Date: None Set |

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION ... 1

MEMORANDUM OF POINTS AND AUTHORITIES ... 2

INTRODUCTION ... 2

LEGAL STANDARD ... 3

ARGUMENT ... 3

I. THE PROPOSED CLASS IS SUFFICIENTLY NUMEROUS ... 3

II. THE PROPOSED CLASS MEETS THE COMMONALITY REQUIREMENT ... 5

III. THE PROPOSED CLASS REPRESENTATIVES MEET THE TYPICALITY REQUIREMENT ... 8

IV. THE PROPOSED CLASS REPRESENTATIVES AND CLASS COUNSEL WILL ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS ... 10

V. THE PROPOSED CLASS IS APPROPRIATE UNDER RULE 23(b)(2) ... 11

CONCLUSION ... 13

# TABLE OF AUTHORITIES

**Page**

**CASES**

*A.B. v. Haw. State Dep't of Educ.*,
    30 F. 4th 828 (9th Cir. 2022) .................................................................................................. 4

*Abdullah v. U.S. Sec. Assocs.*,
    731 F.3d 952 (9th Cir. 2013) .................................................................................................. 8

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997) ............................................................................................................. 12

*Armstrong v. Davis*,
    275 F.3d 849 (9th Cir. 2001) .................................................................................................. 5

*B.K. ex rel. Tinsley v. Snyder*,
    922 F.3d 957 (9th Cir. 2019) .................................................................................................. 5

*Bates v. United Parcel Serv., Inc.*,
    511 F.3d 974 (9th Cir. 2007) ................................................................................................ 10

*Blackie v Barrack*,
    524 F.2d 891 (9th Cir. 1975) .................................................................................................. 3

*Cervantez v. Celestica Corp.*,
    253 F.R.D. 562 (C.D. Cal. 2008) ............................................................................................ 4

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998), *overruled on other grounds by Wal-Mart
    Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ...................................................................... 6, 10

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) .................................................................................................. 8

*Harper v. Law Office of Harris & Zide LLP*,
    No. 15-CV-01114-HSG, 2016 WL 2344194 (N.D. Cal. May 4, 2016) ................................ 11

*Hernandez v. Cnty of Monterey*,
    305 F.R.D. 132 (N.D. Cal 2015) ......................................................................................... 5, 9

*Hernandez v. Cnty. of Monterey*,
    70 F. Supp. 3d 963 (N.D. Cal. 2014) .................................................................................... 10

*Hernandez v. Lynch*,
    Case No. EDCV 16-00620-JGB (KKx), 2016 WL 7116611 (C.D. Cal. Nov.
    10, 2016), *aff'd sub nom. Hernandez v. Sessions*, 872 F.3d 976 (9th Cir.
    2017) ....................................................................................................................................... 5

*In re Cooper Cos. Inc. Sec. Litig.*,
    254 F.R.D. 628 (C.D. Cal. 2009) ............................................................................................ 4

*Jennings v. Rodriguez*,
    138 S. Ct. 830 (2018) ................................................................................................ 12

*Jewett v. California Forensic Medical Group, Inc.*,
    No. 2:13-cv-0882 MCE ACP, 2017 WL 980446 (E.D. Cal. March 13, 2017) .......... 5

*Keegan v. Am. Honda Motor Co.*,
    284 F.R.D. 504 (C.D. Cal. 2012) ............................................................................... 4

*Kim v. Space Pencil, Inc.*,
    No. C 11-03796 LB, 2012 WL 5948951 (N.D. Cal. Nov. 28, 2012) ....................... 11

*Kuang v. United States Dep't of Def.*,
    340 F. Supp. 3d 873 (N.D. Cal. 2018), *vacated and remanded on other grounds*, 778 Fed. App'x 418 (9th Cir. 2019) ............................................................ 10

*Lyon v. U.S. Immigr. & Customs Enforcement*,
    171 F. Supp. 3d 961 (N.D. Cal. 2016) ........................................................................ 6

*Meyer v. Portfolio Recovery Assocs., LLC*,
    707 F.3d 1036 (9th Cir. 2012) .................................................................................... 2

*Nat'l Fed'n of the Blind of California v. Uber Techs., Inc.*,
    No. 14-CV-04086 NC, 2016 WL 9000699 (N.D. Cal. July 13, 2016) .................... 12

*Parsons v. Ryan*,
    754 F.3d 657 (9th Cir. 2014) ........................................................................... 5, 6, 9, 12

*Perez-Olano v. Gonzalez*,
    248 F.R.D. 248 (C.D. Cal. 2008) ............................................................................... 8

*Rodriguez v. Hayes*,
    591 F.3d 1105 (9th Cir. 2010), *abrogation on other grounds recognized by Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022) ................................. 12, 13

*Rosas v. Baca*,
    No. CV 12-00428 DDP (SHx), 2012 WL 2061694 (C.D. Cal. June 7, 2012) ........... 5

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ...................................................................................... 6

*Sueoka v. United States*,
    101 F. App'x 649 (9th Cir. 2004) ............................................................................... 4

*Sweet v. Pfizer*,
    232 F.R.D. 360 (C.D. Cal. 2005) ............................................................................... 8

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) .................................................................................................... 5

*Wolin v. Jaguar Land Rover N. Am., LLC*,
    617 F.3d 1168 (9th Cir. 2010) .................................................................................... 9

**OTHER AUTHORITIES**

1 Newberg on Class Actions § 3:72 (5th ed. 2019) .............................................................. 11

5 Moore's Federal Practice § 23.22[3][b] (3d ed. 2003) ....................................................... 4

**RULES**

Fed. R. Civ. P. 23 .................................................................................................. 3, 4, 8, 12

# NOTICE OF MOTION AND MOTION

NOTICE IS HEREBY GIVEN that on October 6, 2023, or as soon thereafter as the matter may be heard by the above-entitled Court, located at Courtroom D – 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs California Coalition for Women Prisoners ("CCWP"), R.B., A.H.R., S.L., J.L., J.M., G.M., A.S., and L.T. (collectively "proposed class representatives") will and hereby do jointly move the Court for entry of an Order: (1) Provisionally certifying a class of "all people who are now, or will be in the future, incarcerated at FCI Dublin and subject to FCI Dublin's uniform policies, customs, and practices concerning sexual assault, including those policies, customs, and practices related to care in the aftermath of an assault and protection from retaliation for reporting an assault" for purposes of issuing the concurrently filed request for a preliminary injunction; (2) Certifying the class of "all people who are now, or will be in the future, incarcerated at FCI Dublin and subject to FCI Dublin's uniform policies, customs, and practices concerning sexual assault, including those policies, customs, and practices related to care in the aftermath of an assault and protection from retaliation for reporting an assault" under Federal Rules of Civil Procedure 23(a) and 23(b)(2) as to each of Plaintiffs' causes of action; (3) appointing CCWP, R.B., A.H.R., S.L., J.L., J.M., G.M., A.S., and L.T. as class representatives; and (4) appointing counsel of record as class counsel.

This motion is based on the Complaint filed August 16, 2023 (Dkt. 1), the concurrently filed Motion for Preliminary Injunctions (Dkt. 10) this Notice of Motion and Motion, the Memorandum of Points and Authorities, and the Declarations of CCWP, Oren Nimni, Susan Beatty, Kara Janssen, R.B., A.H.R., S.L., J.L., J.M., G.M., A.S., and L.T. and associated documents, filed and served concurrently herewith.

/ / /

/ / /

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

As described in Plaintiffs' Complaint and Motion for Preliminary Injunction, the Federal Correctional Institution ("FCI") Dublin has become notorious due to brutal and pervasive staff sexual abuse and retaliation against those who report it.  Dkt. 1 ¶¶ 91-230; Plaintiffs Motion for Preliminary Injunction (Dkt. 10) at 5-21.  Due to the Bureau of Prisons' ("BOP") failure to address these problems, Plaintiffs and the proposed class face an unacceptable and unconstitutional risk of serious bodily harm on a daily basis.  Plaintiffs are not alone in sounding the alarm about the conditions at FCI Dublin.  Numerous government entities and officials, media outlets, and advocacy organizations have repeatedly noted the scale of ongoing harm at FCI Dublin, including the Department of Justice ("DOJ"), which has prosecuted eight former officials including the Warden, Chaplain, and other officers for sexually abusing people in their custody.  Dkt. 1 at ¶¶ 5, 65-73.  Numerous other FCI Dublin staff are currently under investigation following reports of sexual assault or harassment.  *Id.* ¶ 93.

Despite widespread outcry and repeated calls for action, FCI Dublin and the BOP have refused to take steps to remove the unconstitutional risk that people inside the prison face.  As a result, FCI Dublin and the BOP continue to knowingly place all those incarcerated at the facility in harm's way.  Plaintiffs, therefore, seek preliminary relief on behalf of the following class:

> All people who are now, or will be in the future, incarcerated at FCI Dublin and subject to FCI Dublin's uniform policies, customs, and practices concerning sexual assault, including those policies, customs, and practices related to care in the aftermath of an assault and protection from retaliation for reporting an assault.

When issuing a preliminary injunction on a class-wide basis, courts may provisionally certify a class.  *See, e.g.*, *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).  This motion seeks provisional class certification for purposes of adjudicating the preliminary injunctive relief sought by Plaintiffs and ongoing certification of a class of imprisoned people who are in desperate need of that relief, lest

they continue to suffer ongoing harm.

Plaintiffs meet all Rule 23 requirements as set forth below. Plaintiffs' preliminary injunction motion seeks only injunctive relief and presents the kinds of systemic legal and factual issues for which class certification was intended. Prisons are unique facilities where incarcerated individuals are subject to centralized and standard policies and practices, including in the context of preventing and addressing sexual assault, and where nearly all aspects of their lives are controlled by the BOP. Due to the BOP's centralized policies and practices, this matter will necessarily involve numerous questions of fact and law that are common to the proposed class, and certification will allow the parties to address these issues most efficiently.

## LEGAL STANDARD

Class certification is proper under Federal Rule of Civil Procedure 23(a) if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). In addition, the proposed class must be certifiable under one of the three sub-provisions of Rule 23(b). The moving party meets this burden by providing the court with a sufficient basis for forming a "reasonable judgment" that each of these requirements is met. *Blackie v Barrack*, 524 F.2d 891, 900-01 (9th Cir. 1975).

Here, Plaintiffs seek certification under Rule 23(b)(2), pursuant to which class certification is proper if the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. Fed. R. Civ. P. 23(b)(2).

## ARGUMENT

**I.     THE PROPOSED CLASS IS SUFFICIENTLY NUMEROUS**

A class must be sufficiently numerous that joinder of all members is impracticable.

Fed. R. Civ. P. 23(a)(1).  No specific number is needed, but "numerosity is presumed where the plaintiff class contains forty or more members." *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 634 (C.D. Cal. 2009).  Numerosity is satisfied when "general knowledge and common sense indicate that [the class] is large." *Cervantez v. Celestica Corp.*, 253 F.R.D. 562, 569 (C.D. Cal. 2008).  To be impracticable, joinder must be difficult or inconvenient but need not be impossible.  *Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 522 (C.D. Cal. 2012); *A.B. v. Haw. State Dep't of Educ.*, 30 F. 4th 828, 837-38 (9th Cir. 2022) (finding class of over 300 individuals sufficiently numerous and noting "when, as here, a class's membership changes continually over time, that factor weighs in factor of concluding that joinder of all members is impracticable").  Moreover, where, as here, "only injunctive or declaratory relief is sought, … the numerosity requirement is relaxed so that even speculative or conclusory allegations regarding numerosity are sufficient to permit class certification." *Sueoka v. United States*, 101 F. App'x 649, 653 (9th Cir. 2004) (quoting 5 Moore's Federal Practice § 23.22[3][b] (3d ed. 2003)).

      The proposed class easily satisfies the requirements of Rule 23(a)(1).  While the exact number of current people held at FCI Dublin fluctuates, as of August 14, 2023, the BOP reports that there are approximately 674 incarcerated people at FCI Dublin including 549 at the FCI facility and 125 at the attached Camp—an increase of over 150 people since May 2023.  Declaration of Kara Janssen in Support of Plaintiff' Motions for Preliminary Injunction and Provisional Class Certification (Janssen Decl.) ¶ 9, Ex. E.  There are also a significant number of individuals in the community on probation, mandatory supervision, and home confinement, who are subject to being returned to FCI Dublin at any time on an alleged violation or revocation of their supervision.  As a result, even with fluctuations around the margins, the number of people comprising the proposed class is well above 40.

      Additionally, Courts routinely find numerosity satisfied where, as here, the proposed class comprises current and future inmates who seek only declaratory and injunctive relief. *See, e.g.*, *Rosas v. Baca*, No. CV 12-00428 DDP (SHx), 2012 WL

2061694 at *2 (C.D. Cal. June 7, 2012) (finding a class of inmates sufficiently numerous where "the Jails currently house thousands of inmates, and are certain to house many more in the future"); *Jewett v. California Forensic Medical Group, Inc.*, No. 2:13-cv-0882 MCE ACP, 2017 WL 980446 at *5 (E.D. Cal. March 13, 2017) (presumption of impracticability of joinder "especially true where, as here, the class includes future, unknowable class members") (citing *Hernandez v. Cnty of Monterey*, 305 F.R.D. 132, 153 (N.D. Cal 2015)). Given the hundreds of individuals held at FCI Dublin on a daily basis, the proposed class clearly meets the numerosity requirement of Rule 23(a)(1).

## II.  THE PROPOSED CLASS MEETS THE COMMONALITY REQUIREMENT

To satisfy commonality under Federal Rule 23(a)(2), plaintiffs must present "a 'common question of law or fact' that can be litigated in 'one stroke.'" *B.K. ex rel. Tinsley v. Snyder*, 922 F.3d 957, 969 (9th Cir. 2019) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). "What matters to class certification … is not the raising of common 'questions'—even in droves—but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart*, 564 U.S. at 350 (alteration in original) (citation omitted). For the purposes of commonality, "even a single common question will do." *Id*. at 359 (internal punctuation removed).

In civil rights lawsuits challenging conditions of detention, commonality is satisfied where the lawsuit challenges "systemic policies and practices that allegedly expose inmates to a substantial risk of harm," even where there are "individual factual differences among class members." *Parsons v. Ryan*, 754 F.3d 657, 681–82 (9th Cir. 2014) (collecting cases) (citation omitted); *see also Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) (commonality exists where "the lawsuit challenges a system-wide practice or policy that affects all of the putative class members"); *Hernandez v. Lynch*, Case No. EDCV 16-00620-JGB (KKx), 2016 WL 7116611, at *17 (C.D. Cal. Nov. 10, 2016), *aff'd sub nom*. *Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017). "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Staton v. Boeing Co.*,

327 F.3d 938, 953 (9th Cir. 2003) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)).

The Ninth Circuit's decision in *Parsons v. Ryan*, 754 F.3d 657 (9th Cir. 2014), provides a roadmap to assessing commonality, particularly in the prison context. In *Parsons*, the Ninth Circuit affirmed the certification of a class of Arizona prisoners who sought to challenge (as Plaintiffs here seek to challenge) practices and policies of the prison that put them at substantial risk of serious harm. *See id.* at 662. Those substantial risks included (as they do here) denial of access to medical and mental health care through poor provision and understaffing. *Id.* Plaintiffs here also allege specific facts regarding policies and practices of being deliberately indifferent to ongoing sexual assault and harassment and to retaliation for reporting claims of such assault and harassment. CCWP Decl. ¶¶ 13-18; R.B. Decl. ¶¶ 3-17; A.H.R. Decl. ¶¶ 3-19; S.L. Decl. ¶¶ 3-21; J.L. Decl. ¶¶ 3-13; J.M. Decl. ¶¶ 3-18; G.M. Decl. ¶¶ 3-20; A.S. Decl. ¶¶ 3-26; L.T. Decl. ¶¶ 3-18. The Ninth Circuit in *Parsons* held that the Plaintiffs there satisfied the commonality requirement because "[w]hat all members of the putative class and subclass have in common is their alleged exposure, as a result of specified statewide … policies and practices that govern the overall conditions of health care services and confinement, to a substantial risk of serious future harm to which the defendants are allegedly deliberately indifferent." *Parsons*, 754 F.3d at 678. The same is true of the members of the proposed class here, all of whom are subject to the same policies and practices that govern FCI Dublin—policies and practices that should be protecting them from sexual assault and its resultant consequences, but which actually allow such abuse to persist and spread. *Cf. Lyon v. U.S. Immigr. & Customs Enforcement*, 171 F. Supp. 3d 961, 983 n.16 (N.D. Cal. 2016) ("[I]f a prison hospital had a policy of not sterilizing its equipment, resulting in significantly increased risk of infection or spread of a disease (such as HIV), the fact that not every class member or even the named plaintiff contracted the disease would not preclude an injunction.")

Each and every person incarcerated at FCI Dublin is subject to the BOP and FCI Dublin's system-wide failure to take measures to prevent sexual assault by prison employees. Named Plaintiffs, their members, and others incarcerated at FCI Dublin are also subject to the BOP and the prison's condoning of retaliation in various forms. CCWP Decl. ¶¶ 13-18; R.B. Decl. ¶¶ 3-17; A.H.R. Decl. ¶¶ 3-19; S.L. Decl. ¶¶ 3-21; J.L. Decl. ¶¶ 3-13; J.M. Decl. ¶¶ 3-18; G.M. Decl. ¶¶ 3-20; A.S. Decl. ¶¶ 3-26; L.T. Decl. ¶¶ 3-18. The declarations of people currently and formerly incarcerated at FCI Dublin paint a clear picture that the BOP's failures have been consistent and longstanding, and that they are continuing. *See generally* Decls. of A.J.F.; N.S.; S.T.; M.V.R.; J.B.; L.B.; F.M.C.; A.R.; F.G.A.; H.V.; S.Y.; S.F.V. (released declarants); *see also* Decls. of C.B.; R.B.; J.L.; J.M.; G.M.; A.S.; J.D.; C.F.B.; S.S.; N.A.; L.T.; S.M.; T.T.; A.H.R.; S.L.; B.F.; J.L.H.; E.A.; Y.M.; B.S.; M.R.; J.T.; C.H.; A.T.; T.M.N.; C.D.; A.V.; M.M.; A.S.H.; C.A.H.; M.S. (declarants incarcerated at FCI Dublin); Decls. of Z.T.S.; M.D.; C.C.; K.D. (declarants incarcerated elsewhere). These statements from individuals currently and formerly incarcerated at FCI Dublin are further supported by multiple Congressional reports, ongoing criminal proceedings against abusive FCI Dublin employees, and BOP's own admissions, detailing the agency's widespread failure to address the ongoing harm experienced by people in its custody, including: (1) the system-wide complicity and participation in regular and repeated sexual assault and harassment of imprisoned people by employees; (2) the system-wide practice of punishing people who report staff or may report sexual assault or harassment through use of solitary confinement or punitive confinement, transfers, strip searches, room searches, seizure of possessions, or denial of access to good or services; (3) the system-wide practice of using threats of harm—including threats of physical harm, reputational harm, negative immigration consequences, punitive transfers, and loss of services or programming—to deter individuals from reporting abuse or otherwise asserting their rights; (4) the denial of access to adequate medical and mental health care; and (5) the denial of access to counsel. Dkt. 1 ¶¶ 45-92; Janssen Decl. ¶¶ 10 (attaching Senate Subcommittee Report on Sexual Abuse of Female Inmates in Federal Prisons); ¶ 11

(attaching Report and Recommendations Concerning the Department of Justice's Response to Sexual Misconduct by Employees of the Federal Bureau of Prisons).

Plaintiffs' and the proposed class's challenges to these failures present common legal questions that can be addressed by common answers without any inquiry into the individual circumstances of Plaintiffs or proposed class members. Such common questions include, among others: (1) Whether Defendants' policies and practices place members of the class at a substantial risk of harm because they permit sexual assault to occur, provide ineffective reporting mechanisms, fail to impose accountability, and facilitate retaliation; (2) Whether Defendants, who have known about staff sexual abuse and harmful conditions at FCI Dublin for years, have been deliberately indifferent to that risk; (3) Whether Defendants have abdicated their oversight obligations to ensure adequate medical and mental health responses have been taken to mitigate the risk of harm to the class; and (4) Whether, as part of their denial of effective reporting mechanisms, Defendants' denial of access to counsel violates the constitutional rights of the class.

Any one of these common issues, standing alone, is enough to satisfy Rule 23(a)(2)'s permissive standard. *See Abdullah v. U.S. Sec. Assocs.*, 731 F.3d 952, 957 (9th Cir. 2013); *Perez-Olano v. Gonzalez*, 248 F.R.D. 248, 257 (C.D. Cal. 2008) ("Courts have found that a single common issue of law or fact is sufficient …."); *see also Sweet v. Pfizer*, 232 F.R.D. 360, 367 (C.D. Cal. 2005) ("[T]here must only be one single issue common to the proposed class.") (citation omitted). Thus, the proposed class clearly meets the commonality requirement of Rule 23(a)(1).

### III. THE PROPOSED CLASS REPRESENTATIVES MEET THE TYPICALITY REQUIREMENT

Rule 23(a)(3) requires that the putative class representatives' claims are typical of those of the class. Fed. R. Civ. P. 23(a)(3). "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive

with those of absent class members; they need not be substantially identical." *Parsons*, 754 F.3d at 685 (citation omitted); *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) ("The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class.") (internal quotation marks and citation omitted).

Here, the named Plaintiffs and members of CCWP have experienced and face the same harms as members of the proposed class. CCWP Decl. ¶¶ 1-18; R.B. Decl. ¶¶ 3-17; A.H.R. Decl. ¶¶ 3-19; S.L. Decl. ¶¶ 3-21; J.L. Decl. ¶¶ 3-13; J.M. Decl. ¶¶ 3-18; G.M. Decl. ¶¶ 3-20; A.S. Decl. ¶¶ 3-26; L.T. Decl. ¶¶ 3-18. The proposed Class Representatives and their members have all spent significant time in FCI Dublin and experienced significant past and ongoing harms flowing from FCI Dublin's uniform practices concerning staff sexual abuse. CCWP Decl. ¶¶ 8, 13-18; R.B. Decl. ¶¶ 2-17; A.H.R. Decl. ¶¶ 2-19; S.L. Decl. ¶¶ 2-21; J.L. Decl. ¶¶ 2-13; J.M. Decl. ¶¶ 2-18; G.M. Decl. ¶¶ 2-20; A.S. Decl. ¶¶ 2-26; L.T. Decl. ¶¶ 2-18. They have also experienced the retaliatory practices and lack of basic care that are used to silence and punish people who report staff misconduct, and which exacerbate the conditions that allow sexual assault and harassment to continue unabated. CCWP Decl. ¶ 16; R.B. Decl. ¶¶ 3-17; A.H.R. Decl. ¶¶ 3-19; S.L. Decl. ¶¶ 3-21; J.L. Decl. ¶¶ 3-13; J.M. Decl. ¶¶ 3-18; G.M. Decl. ¶¶ 3-20; A.S. Decl. ¶¶ 3-26; L.T. Decl. ¶¶ 3-18 (detailing various forms of sexual misconduct and retaliation against survivors of staff abuse such as use of restrictive housing, cell searches, and withdrawal of privileges). Each has significant past experience both as a direct victim of the harms alleged in the complaint and as witnesses to the system-wide practices alleged. *See id.* (demonstrating specific harms to each named Plaintiff and knowledge each named Plaintiff has of the entire scheme and of specific assaults of other incarcerated persons).

Each proposed representative is currently incarcerated at FCI Dublin and CCWP has members currently incarcerated at FCI Dublin, and therefore the "claims at issue are current for at least one named Plaintiff." *Hernandez*, 305 F.R.D. at 149 (certifying class in jail conditions case where certain named Plaintiffs had been transferred to CDCR); *Bates*

*v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (en banc) (holding that "[i]n a class action, standing is satisfied if at least one named plaintiff meets the requirements"). CCWP Decl. ¶ 8; R.B. Decl. ¶ 2; A.H.R. Decl. ¶ 2; S.L. Decl. ¶ 2; J.L. Decl. ¶ 2; J.M. Decl. ¶ 2; G.M. Decl. ¶ 2; A.S. Decl. ¶ 2; L.T. Decl. ¶ 2.  If any representative were to be transferred to a different BOP facility, they could be transferred back to FCI Dublin at any time.  As a result, all Plaintiffs continue to "have 'a personal stake in the outcome of the controversy.'"  *Hernandez v. Cnty. of Monterey*, 70 F. Supp. 3d 963, 976 (N.D. Cal. 2014) (finding county prisoners transferred to CDCR continued to have standing in class action challenging jail conditions.)

All named Plaintiffs have faced the same or similar issues, and along with the rest of the proposed class have been subject to Defendants' centralized policies and practices, or lack thereof, regarding preventing, reporting, and addressing staff sexual misconduct at the facility, and all are exposed to an ongoing risk of imminent and serious harm due to Defendants' actions and omissions.  All would be benefitted or harmed equivalently by the common resolution of the open common questions.

Named Plaintiffs' claims are therefore sufficiently coextensive with those of the class to satisfy typicality.  *See, e.g.*, *Kuang v. United States Dep't of Def.*, 340 F. Supp. 3d 873, 892 (N.D. Cal. 2018), *vacated and remanded on other grounds*, 778 Fed. App'x 418 (9th Cir. 2019) (finding typicality requirement met when "named Plaintiffs and putative class members have all suffered, and continue to suffer, the same general injury").

### IV. THE PROPOSED CLASS REPRESENTATIVES AND CLASS COUNSEL WILL ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." *Hanlon*, 150 F.3d at 1020 (quoting Fed. R. Civ. P. 23(a)(4)). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  *Id.*  Adequate representation is usually presumed absent contrary evidence.

*See* 1 Newberg on Class Actions § 3:72 (5th ed. 2019).

There is no conflict between the named Plaintiffs and the members of the proposed class. As described above, the named Plaintiffs and class members have the same injury and seek the same prospective relief. Further, the proposed class representatives have already committed significant time and energy to seeking reform in FCI Dublin, reporting staff abuse and harassment and participating in interviews with internal Dublin and BOP leadership, or attempting to assist the DOJ in their prosecution of the related criminal matters.

Plaintiffs' counsel meets Rule 23(g)'s requirements and should therefore be appointed class counsel. Counsel has substantial experience handling class actions and complex prison litigation including particular subject matter expertise on conditions of confinement prisons and jails, have done extensive work investigating and prosecuting this action, and have sufficient resources to vigorously prosecute this case. *See* Declaration of Oren Nimni in support of Plaintiffs' Motion for Preliminary Injunction and Provisional Class Certification (Nimni Decl.) ¶¶ 1-7; Janssen Decl. ¶¶ 1-8; Declaration of Susan Beatty in support of Plaintiffs' Motion for Preliminary Injunction and Provisional Class Certification (Beatty Decl.) ¶¶ 1-7. Further, no conflicts or collusion exist between opposing counsel, Plaintiffs, and the proposed class members that would compromise their ability to represent the class. Nimni Decl. ¶ 7; Janssen Decl. ¶ 8; Beatty Decl. ¶ 7; *see also Harper v. Law Office of Harris & Zide LLP*, No. 15-CV-01114-HSG, 2016 WL 2344194, at *4 (N.D. Cal. May 4, 2016) (finding adequacy of class counsel where Plaintiffs' attorney has been appointed class counsel in numerous class actions around the country, including those brought under the same federal laws); *Kim v. Space Pencil, Inc.*, No. C 11-03796 LB, 2012 WL 5948951, at *3 (N.D. Cal. Nov. 28, 2012) (finding adequacy of class counsel where counsel "have regularly engaged in major complex litigation and have extensive experience in [] class action lawsuits that are similar in size, scope and complexity to the present case").

**V.   THE PROPOSED CLASS IS APPROPRIATE UNDER RULE 23(b)(2)**

Certification under Rule 23(b)(2) is appropriate where, as here, defendants "acted or

refused to act on grounds that apply generally to the class." Fed. R. Civ. P. 23(b)(2).  A court may certify a Rule 23(b)(2) class where "a single injunction or declaratory judgment would provide relief to each member of the class." *Jennings v. Rodriguez*, 138 S. Ct. 830, 851–52 (2018) (citation omitted).  When conducting a Rule 23(b)(2) inquiry, courts do not "examine the viability or bases of class members' claims for declaratory and injunctive relief, but only to look at whether class members seek uniform relief from a practice applicable to all of them." *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010), *abrogation on other grounds recognized by Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022).

The claims raised and relief sought by Plaintiffs in this action are precisely the sort that Rule 23(b)(2) was designed to facilitate: the "primary role of [the rule] has always been the certification of civil rights class actions." *Parsons*, 754 F.3d at 686; *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997) (noting that "[c]ivil rights cases against parties charged with unlawful, class-based discrimination are prime examples" of proper (b)(2) actions).  The requirements of Rule 23(b)(2) "are unquestionably satisfied when members of a putative class seek uniform injunctive or declaratory relief from policies or practices that are generally applicable to the class as a whole." *Nat'l Fed'n of the Blind of California v. Uber Techs., Inc.*, No. 14-CV-04086 NC, 2016 WL 9000699, at *6 (N.D. Cal. July 13, 2016) (quoting *Parsons*, 754 F.3d at 687-88).

Here, in both their Complaint and their Motion for Preliminary Injunction, Plaintiffs seek declaratory and injunctive relief—system-wide improvements in the Defendants' policies, procedures, and programs—on behalf of a large and transitory class of incarcerated persons to address ongoing sexual assault and misconduct, the lack of confidential reporting mechanisms, retaliation, and access to care for survivors.  All named plaintiffs and members of the proposed class are exposed to a substantial risk of imminent and serious harm due to Defendants' failures in each of these areas.  CCWP Decl. ¶¶ 13-18; R.B. Decl. ¶¶ 3-17; A.H.R. Decl. ¶¶ 3-19; S.L. Decl. ¶¶ 3-21; J.L. Decl. ¶¶ 3-13; J.M. Decl. ¶¶ 3-18; G.M. Decl. ¶¶ 3-20; A.S. Decl. ¶¶ 3-26; L.T. Decl. ¶¶ 3-18.  While each of Defendants' policies and practices may not affect every member of the proposed class in

exactly the same way, they constitute shared grounds for all incarcerated persons in the proposed class. *See Rodriguez v. Hayes*, 591 F.3d at 1125 ("The fact that some class members may have suffered no injury or different injuries from the challenged practice does not prevent the class from meeting the requirements of Rule 23(b)(2)."). Therefore, certification of the proposed class under Rule 23(b)(2) is proper.

## CONCLUSION

For the foregoing reasons Plaintiffs respectfully request that this Court issue an Order:

1. Provisionally certifying a class of "all people who are now, or will be in the future, incarcerated at FCI Dublin and subject to FCI Dublin's uniform policies, customs, and practices concerning sexual assault, including those policies, customs, and practices related to care in the aftermath of an assault and protection from retaliation for reporting an assault" for purposes of issuing the concurrently filed request for a preliminary injunction;

2. Certifying the class of "all people who are now, or will be in the future, incarcerated at FCI Dublin and subject to FCI Dublin's uniform policies, customs, and practices concerning sexual assault, including those policies, customs, and practices related to care in the aftermath of an assault and protection from retaliation for reporting an assault" under Federal Rules of Civil Procedure 23(a) and 23(b)(2) as to each of Plaintiffs' causes of action;

3. Appointing CCWP, R.B., A.H.R., S.L., J.L., J.M., G.M., A.S., and L.T. as class representatives; and

4. Appointing counsel of record as class counsel.

DATED: August 17, 2023                    Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Kara Janssen*
    Kara J. Janssen

Attorneys for Plaintiffs