MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
KARA J. JANSSEN – 274762
GINGER JACKSON-GLEICH – 324454
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Email: mbien@rbgg.com
  egalvan@rbgg.com
  kjanssen@rbgg.com
  gjackson-gleich@rbgg.com

OREN NIMNI[*]
  Mass. Bar No. 691821
AMARIS MONTES[*]
  Md. Bar No. 2112150205
D DANGARAN[*]
  Mass. Bar No. 708195
RIGHTS BEHIND BARS
416 Florida Avenue N.W. #26152
Washington, D.C. 20001-0506
Telephone: (202) 455-4399
Email: oren@rightsbehindbars.org
  amaris@rightsbehindbars.org
  d@rightsbehindbars.org

SUSAN M. BEATY – 324048
CALIFORNIA COLLABORATIVE FOR
IMMIGRANT JUSTICE
1999 Harrison Street, Suite 1800
Oakland, California 94612-4700
Telephone: (510) 679-3674
Email: susan@ccijustice.org

[*]*Pro hac vice* applications pending

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA COALITION FOR WOMEN PRISONERS; R.B.; A.H.R.; S.L.; J.L.; J.M.; G.M.; A.S.; and L.T., individuals on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS, a governmental entity; BUREAU OF PRISONS DIRECTOR COLETTE PETERS, in her official capacity; FCI DUBLIN WARDEN THAHESHA JUSINO, in her official capacity; OFFICER BELLHOUSE, in his individual capacity; OFFICER GACAD, in his individual capacity; OFFICER JONES, in his individual capacity; LIEUTENANT JONES, in her individual capacity; OFFICER LEWIS, in his individual capacity; OFFICER NUNLEY, in his individual capacity, OFFICER POOL, in his individual capacity, LIEUTENANT PUTNAM, in his individual capacity; OFFICER SERRANO, in his individual capacity; OFFICER SHIRLEY, in his individual capacity; OFFICER SMITH, in his individual capacity; and OFFICER VASQUEZ, in her individual capacity,<br><br>Defendants. | Case No. 3:23-cv-04155<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

Plaintiffs' Motion for Class Certification came on for hearing before this Court on October 6, 2023 at 9:30 am.  The Court, having considered the parties' pleadings, the arguments of counsel, and the entire record in this case, and good cause existing therefor, **GRANTS** Plaintiffs' motions and makes the following findings and orders.

1. Plaintiffs have moved to provisionally certify a class of "all people who are now, or will be in the future, incarcerated at FCI Dublin and subject to FCI Dublin's uniform policies, customs, and practices concerning sexual assault, including those policies, customs, and practices related to care in the aftermath of an assault and protection from retaliation for reporting an assault" for purposes of issuing the concurrently filed request for a preliminary injunction.

2. Plaintiffs have also moved to certify the class of "all people who are now, or will be in the future, incarcerated at FCI Dublin and subject to FCI Dublin's uniform policies, customs, and practices concerning sexual assault, including those policies, customs, and practices related to care in the aftermath of an assault and protection from retaliation for reporting an assault" under Federal Rules of Civil Procedure 23(a) and 23(b)(2) as to each of Plaintiffs' causes of action.

3. The Court finds that the class numerous that joinder of all members is impracticable.  The Class consists of more 600 current and an unascertainable number of future individuals.  Fed. R. Civ. P. 23(a)(1).

4. There are questions of law and fact common to the Class and the Subclass. Fed. R. Civ. P. 23(a)(2).  For purposes of preliminary relief, questions of law and fact common to the Class include: (1) Whether Defendants' policies and practices place members of the class at a substantial risk of harm because they permit sexual assault to occur, provide ineffective reporting mechanisms, fail to impose accountability, and facilitate retaliation; (2) Whether Defendants, who have known about staff sexual abuse and harmful conditions at FCI Dublin for years, have been deliberately indifferent to that risk; (3) Whether Defendants have abdicated their oversight obligations to ensure adequate medical and mental health responses have been taken to mitigate the risk of harm to the

class; and (4) Whether, as part of their denial of effective reporting mechanisms, Defendants' denial of access to counsel violates the constitutional rights of the class. Any one of these common issues, standing alone, is enough to satisfy Rule 23(a)(2)'s permissive standard. *See Abdullah v. U.S. Sec. Assocs.*, 731 F.3d 952, 957 (9th Cir. 2013). Thus, the proposed class clearly meets the commonality requirement of Rule 23(a)(1).

5. The proposed class representatives have claims sufficiently typical of the class and subclass they seek to represent. Fed. R. Civ. P. 23(a)(3). The claims and defenses of CCWP, R.B, A.H.R., S.L., J.L, J.M, G.M, A.S, and L.T. (collectively "the putative class representatives") are typical of the claims and defenses of the Class. All of the putative class representatives either have been or currently are incarcerated at FCI Dublin. They suffer the same injuries as the Class under the United States Constitution because Defendants expose the putative class representatives and the Class to the same substantial risk of serious harm.

6. The class representatives will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). The class representatives, who seek only preliminary injunctive relief at this stage, have no conflict with the class and subclass they seek to represent. The class representatives are knowledgeable and involved in the lawsuit.

7. Defendants have acted and refused to act on grounds that apply generally to the Class and Subclass, so that preliminary injunctive relief is appropriate respecting the Class and the Subclass as wholes. Fed. R. Civ. P. 23(b)(2).

8. Plaintiffs' Motion is GRANTED. The Court appoints the putative class representatives as provisional class representatives for the Class.

9. The Court appoints Plaintiffs' counsel—Michael Bien, Ernest Galvan, Kara Janssen and Ginger Jackson-Gleich of Rosen Bien Galvan & Grunfeld LLP, Susan Beatty of California Collaborative for Immigrant Justice, and Oren Nimni, Amaris Montes, and D Dangaran or Rights Behind Bars—as class counsel. Fed. R. Civ. P. 23(g)(1) and (4). Plaintiffs' counsel have already devoted significant resources to identifying and investigating potential claims in the action; have significant experience handling class

1 actions, other complex litigation, and the types of civil rights claims asserted in this action;
2 have substantial knowledge of the applicable federal laws; will commit significant
3 resources to the continued prosecution of this action; and will fairly and adequately
4 represent the interests of the class and subclass.

5      IT IS SO ORDERED.

7 DATED: _____, 2023      _____
                                              United States District Judge