```
Jonathan A. Goldstein, Esq. (SBN: 225293)
WADE LAW GROUP
A Professional Corporation
262 E Main Street
Los Gatos, CA 95030
Telephone: (408) 842-1688
Facsimile: (408) 549-1612
Email: jgoldstein@wadelitigation.com

Attorneys for Defendant,
LAWRENCE GACAD, in his
individual capacity
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION FOR WOMEN PRISONERS; R.B.; A.H.R.; S.L.; J.L.; J.M.; G.M.; A.S.; and L.T., individuals on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS, a governmental entity; BUREAU OF PRISONS DIRECTOR COLETTE PETERS, in her official capacity; FCI DUBLIN WARDEN THAHESHA JUSINO, in her official capacity; OFFICER BELLHOUSE, in his individual capacity; OFFICER GACAD, in his individual capacity; OFFICER JONES, in his individual capacity; LIEUTENANT JONES, in her individual capacity; OFFICER LEWIS, in his individual capacity; OFFICER NUNLEY, in his individual capacity, OFFICER POOL, in his individual capacity, LIEUTENANT PUTNAM, in his individual capacity; OFFICER SERRANO, in his individual capacity; OFFICER SHIRLEY, in his individual capacity; OFFICER SMITH, in his individual capacity; and OFFICER VASQUEZ, in her individual capacity,<br><br>    Defendants. | Case No. 4:23-cv-04155-YGR<br><br>**DEFENDANT LAWRENCE GACAD ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT WITH CERTIFICATION AND CLOSING PURSUANT TO FRCP R. 11** |

---

1

**DEFENDANT LAWRENCE GACAD'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT**

Doc ID: 2843e3782a8cb586a34996c0fc5139142caccdc2

**DEFENDANT LAWRENCE GACAD'S ANSWER TO**

**PLAINTIFFS' UNVERIFIED COMPLAINT**

NOW COMES Defendant, LAWRENCE GACAD, in his individual capacity ("Defendant LG") and hereby answers Plaintiffs, COALITION FOR WOMEN PRISONERS; R.B.; A.H.R.; S.L.; J.L.; J.M.; G.M.; A.S.; and L.T., individuals on behalf of themselves and all others similarly situated, (hereinafter collectively referred to as "Plaintiffs"), unverified Complaint as follows:

1. Defendant LG hereby generally denies each allegation of the unverified Complaint;

2. Defendant LG hereby denies each allegation of the following numbered paragraphs: Paragraphs Nos.: 1-2, 6-9, 10, 11-14, 18-127, 128-134, 135-140, 141-157, 158-160, 161-168, and prayers for relief 1-4; and

3. Defendant LG hereby denies because of lack of sufficient information or belief to answer each allegation of the following numbered paragraphs: Paragraphs Nos.: 15-17.

**DEFENDANT LG'S ADDITIONAL AFFIRMATIVE DEFENSES**

**TO PLAINTIFFS' COMPLAINT**

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Cause of Action)

1. The Complaint fails to state facts sufficient to constitute any cause of action against Defendant LG.

**SECOND AFFIRMATIVE DEFENSE**

(Statute of Limitations)

2. That Plaintiffs' claims, in whole or in part, are barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure Sections 337, 338, 339, 340, 340.6, 343, 344, and California Business & Professions Code Section 17208.

**THIRD AFFIRMATIVE DEFENSE**

(Lack of Standing)

3. That Plaintiffs' claims in their Complaint, in whole or in part, are barred as a matter of law by her lack of standing to bring any civil legal action against Defendant LG.

**FOURTH AFFIRMATIVE DEFENSE**

(Estoppel)

4   That Plaintiff, by his acts, omissions, and/or misconduct, is estopped from asserting any cause of action against Defendant,

**FIFTH AFFIRMATIVE DEFENSE**

(Waiver)

5. That Plaintiff's claims, in whole or in part, are barred as a matter of law by their valid waiver of its rights to assert any cause of action against Defendant LG.

**SIXTH AFFIRMATIVE DEFENSE**

(Laches)

6. That Plaintiff has inexcusably and unreasonably delayed in the filing of its action causing substantial prejudice to Defendant LG and thus, Plaintiff's claims are barred by the equitable doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

7. That Plaintiffs' claims for relief are barred, in whole or in part, by the doctrine of unclean hands

**EIGHTH AFFIRMATIVE DEFENSE**

(Accord and Satisfaction)

8. That Plaintiffs' claims are barred pursuant to an accord and satisfaction.

**NINETH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

9. That Plaintiffs are barred from recovering any damages, and/or any recovery for damages must be reduced, by virtue of her failure to exercise reasonable diligence to mitigate any alleged damages.

**TENTH AFFIRMATIVE DEFENSE**

(Set-Off/Offset)

10. That Plaintiffs are barred from recovery against Defendant LG to the extent that Defendant LG is entitled to a set-off and/or offset.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Defendant LG's Conduct Was Justified, Excused, and/or Otherwise Proper)

11. That any acts, omissions, and/or conduct by Defendant LG that allegedly gave rise to Plaintiffs' claims were justified, excused, and/or otherwise proper as they arose as a direct and consequential result of Plaintiffs' improper and/or otherwise unlawful acts, omissions, and/or misconduct.

**TWELFTH AFFIRMATIVE DEFENSE**

(All Damages are Speculative, Uncertain, and Ambiguous)

12. That Plaintiffs have alleged damages that are speculative, uncertain, and ambiguous, and as such, said damages may not be recovered.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Plaintiffs' Demands for Damages is in Bad Faith & Constitutes Abuse of Process)

13. That Plaintiffs' demands for damages are in bad faith, without any basis in law or fact, and constitute an abuse of process. As such, Plaintiffs are barred from pursuing recovery against Defendant LG.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Plaintiffs are not entitled to an award of Attorneys' Fees and Costs)

14. That Plaintiffs are not entitled to an award of Attorneys' Fees and Costs. See C.C.P. Sec. 1717 and C.C.P. Sec. 1033(a).

### FIFTEENTH AFFIRMATIVE DEFENSE

(Court does not have subject-matter jurisdiction)

15. The court does not have subject-matter jurisdiction over the claims because there is no federal-question jurisdiction or diversity-of-citizenship jurisdiction in this case.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Court does not have personal jurisdiction)

16. The court does not have personal jurisdiction over Defendant LG because he has not voluntarily submitted to being subject to the Court having persona jurisdiction over him and the instant dispute to be decided in this case.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Improper Venue)

17. The venue where the court is located is improper for this case.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Insufficient Process)

18. The Defendant LG was served but the process—the form of the summons—was insufficient because it failed to satisfy due process requirements owed to Defendant LG in this case.

### NINETEENTH AFFIRMATIVE DEFENSE

(Insufficient Manner of Service)

19. The manner of serving Defendant LG with the summons and Complaint was insufficient because it failed to satisfy due process requirements owed to Defendant LG in this case.

### TWENTIETH AFFIRMATIVE DEFENSE

(Plaintiffs have not incurred or sustained any cognizable harm, loss, injury, and/or damages)

20. That Plaintiffs have not incurred or sustained any cognizable harm, loss, injury, and/or damages.

### TWNETY-FIRST AFFIRMATIVE DEFENSE

(Plaintiffs have not incurred or sustained any cognizable harm, loss, injury, and/or damages)

21. That Plaintiffs have not incurred or sustained any cognizable harm, loss, injury, and/or damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Plaintiffs have not incurred or sustained any cognizable harm, loss, injury, and/or damages)

22. That Plaintiffs have not incurred or sustained any cognizable harm, loss, injury, and/or damage.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Defendant Reserves Right to Assert Additional Affirmative Defenses)

23. That Defendant LG does not waive any affirmative defenses that he has not pled in

this Answer to the unverified Complaint and Defendant LG hereby reserves the right to assert additional affirmative defenses and to supplement, alter or change this Answer to the unverified complaint upon receipt of additional information and/or more definitive facts, and upon undertaking discovery and/or investigation in this matter.

/ / /

**WHEREFORE**, Defendant LG prays for judgment against Plaintiffs as follows:

(1) That Plaintiffs take nothing by their unverified Complaint and that the unverified Complaint be dismissed in its entirety with prejudice;

(2) That judgment be entered in favor of Defendant LG and against Plaintiffs on all causes of action in their unverified Complaint;

(3) That Defendant LG be awarded reasonable attorney's fees and costs in accordance with applicable law; and

(4) That Defendant LG be awarded such other and further relief as the Court may deem just and proper.

/ / /

DATED: October 20, 2023                **WADE LAW GROUP, APC**

*Jonathan Goldstein*
JONATHAN A. GOLDSTEIN, ESQ.
Attorney for Defendant,
LAWRENCE GACAD, in his
individual capacity

Doc ID: 2843e3782a8cb586a34996c0fc5139142caccdc2

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10 / 20 / 2023

Signature of Defendant: [signature]

Printed Name of Defendant: Lawrence Gacad