

U.S. Department of Justice
Federal Bureau of Prisons

PROGRAM STATEMENT

OPI: DIR/OIA
NUMBER: 1210.25
DATE: August 1, 2023

# Internal Affairs, Office of

/s/
*Approved*: Colette S. Peters
Director, Federal Bureau of Prisons

1. **PURPOSE AND SCOPE**

To instruct employees on the procedures for reporting allegations of employee misconduct to the Office of Internal Affairs (OIA) and for conducting investigations of allegations.

It is the Bureau of Prisons' (Bureau) policy to strive for professionalism, efficiency, effectiveness, responsiveness, productivity, and integrity.

- This requires the identification of mismanagement, waste, fraud, and abuse, as well as the investigation of violations and allegations of violations per the Program Statement **Standards of Employee Conduct**.

OIA ensures all allegations of this type are investigated and will reach its findings based upon clearly established facts.

To maintain its high level of independence and credibility, OIA is a component of the Director's Office, Bureau of Prisons.

a. **Summary of Changes**

*Policy Rescinded*
P1210.24 Internal Affairs, Office of (5/20/2003)

- Minor revisions to the Program Objectives and Directives Referenced.
- Revised the Responsibilities and Misconduct Classification sections to reflect all employee investigations will be conducted and overseen by OIA.
- Updated Reporting Incidents of Employee Misconduct, Section 4(a), to include the U.S. Department of Justice, Office of the Inspector General's (OIG) website information and updated OIA's contact information.
- Updated Reporting Incidents of Employee Misconduct, Section 4(b) to reporting processes and

timelines.

- Updated the Investigations Section to clarify employee investigations are the responsibility of OIA.
- Updated the Investigation Section to emphasize victims of sexual assault are not required to provide affidavits, and credibility determinations will be made on a case-by-case basis and not determined solely on the status of the individual as either employee or inmate.
- Changed the term 'staff' to 'employee' throughout this Program Statement.

b. **Program Objectives.**

- Waste, fraud, abuse, mismanagement, and employee misconduct will be reduced.
- The security of Bureau facilities and protection of the public will be enhanced by sound investigative procedures practiced by knowledgeable professionals.
- Evidence will be properly collected, handled, and preserved. When appropriate, evidence will be provided to other agencies.
- Completed investigations of employee misconduct will be reported to the appropriate Chief Executive Officer (CEO). For investigations not sustained, appropriate notification will be made to the subject of the investigation in accordance with the Master Agreement between the Federal Bureau of Prisons and the Council of Prison Locals (Master Agreement).
- Criminal acts will be promptly referred to the appropriate law enforcement agencies having jurisdiction.
- Reports will be completed accurately and promptly.
- All cases will be tracked to ensure they are resolved promptly, and data is preserved electronically, according to the Records and Information Disposition Schedule (RIDS).

**Institution Supplement.** None required. Should local facilities make any changes outside changes required in national policy or establish any additional local procedures to implement national policy, the local Union may invoke to negotiate procedures or appropriate arrangements.

2. **RESPONSIBILITIES**. OIA ensures all violations and allegations of violations of employee misconduct per the Program Statement **Standards of Employee Conduct**, including criminal matters, are reported to the OIG.

OIA serves as the point of contact so all employees at all levels can report instances of:

- Mismanagement
- Prohibited personnel practices
- Employee misconduct, and
- Other issues covered by the "whistle blower" provisions of the Civil Service Reform Act of 1978 (CRSA) Pub. L. No. 95-454, 92 Stat. 1111 (codified throughout 5 U.S.C.).

OIA will:

a. Conduct special investigations, inquiries, and reviews as requested by the Director, Bureau of Prisons (Director).

b. Conduct employee misconduct investigations and provide the investigators with technical guidance and expertise.

- This technical guidance and expertise will include instruction on the Master Agreement with respect to the Union's role during investigations.
- This will include established case law concerning investigatory meetings held pursuant to *N.L.R.B. v. Weingarten, Inc.*, 420 U.S. 251 (1975) (*Weingarten*).

The President, Council of Prison Locals, through the Chief of the Labor Relations Office (LRO), will have the opportunity to provide input with respect to the above subject.

c. Maintain a secure computer database of all cases and complaints in order to provide information about trends and ensure accountability.

3. **MISCONDUCT CLASSIFICATIONS**

a. **Classification 1** cases are defined as allegations made against any employee or contractor which, if substantiated, would constitute a prosecutable offense (except for Classification 3 cases such as traffic violations, DUI, DWI, etc.) and any allegation of serious misconduct. Examples of Classification 1 misconduct include, **but are not limited to**, the following:

- Physical or sexual abuse of persons in custody, informants, protected persons, undercover operatives, persons under investigation, or persons seeking benefits from the U.S. Department of Justice (DOJ)
- Bribery, graft, or conflict of interest including the offer or acceptance of anything of value
- Fraud or extortion
- Theft conversion or embezzlement of government funds or property in an amount greater than $100
- Sale, possession, or trafficking in illegal drugs
- Submission of false claims
- False statements
- Concealment, removal, or mutilation of official documents
- Smuggling, including human smuggling
- Trafficking of contraband or providing contraband to any person in custody
- Discrimination or sexual harassment accompanied by violence, physical force, or other egregious misconduct
- Use of a firearm in a manner which appears to constitute a violation of law or DOJ regulations
- Criminal civil rights violations
- Facilitating the escape of any person in custody
- Unauthorized disclosure of sensitive information, including information in any electronic system
- Unauthorized interception of wire or oral conversation(s)
- Falsification of documents
- Workplace violence
- Attempt, conspiracy, obstruction, aiding and abetting, concealment, or failure to report any

matter in Classification 1

b. **Classification 2** cases are defined as allegations against any employee or contractor which involve violations of rules, regulations, or law, if substantiated, would not likely result in criminal prosecution, but constitute serious misconduct.

Examples of Classification 2 misconduct include, **but are not limited to**, the following:

- Threatening assault
- Use of government facilities, supplies, equipment, services, personnel, or identification for other than official purposes
- Misuse of government computers and computer software to include the Internet and e-mail
- Off-duty misconduct resulting in felony arrest or conviction and misdemeanor crimes of domestic violence (18 U.S.C. § 921)
- Discrimination and sexual harassment not included in Classification 1
- Breach of security or safety in a DOJ program or operation resulting in escape or serious injury; disclosure of confidential informants or other protected persons; or endangering employees, contractors, and clients of the DOJ
- Use of a government purchase card for other than its intended purpose in an amount greater than $1,000
- Gambling or promotion of gambling on government property
- Discharge of a firearm other than by accident
- Destruction of government property
- Inappropriate relationships between employees and persons in custody, informants, protected persons, undercover operatives, persons under investigation, or persons seeking benefits from the DOJ not included in Classification 1
- Unauthorized release of information not included in Classification 1
- Failure to properly account for funds, valuables, and personal property of persons in custody
- Falsification of employment documents
- Attempt, conspiracy, obstruction, aiding and abetting, concealment, or failure to report any matter in Classification 2
- Workplace violence
- Any allegation against a GS-13 or above management official (non-bargaining unit) that does not come under Classification 1

c. **Classification 3** cases are defined as allegations of misconduct involving employees or contractors which ordinarily have less impact on institutional operations.

However, these acts of misconduct may result in severe adverse or disciplinary action, depending on the severity of the misconduct, in accordance with the Table of Penalties in the Program Statement **Standards of Employee Conduct**.

Examples of Classification 3 misconduct include, **but are not limited to:**

- Unprofessional conduct (disorderly conduct or abusive language)
- Conducting personal business during duty hours

- Refusal or failure to follow instructions or procedures, failure to respond to an emergency, failure to properly supervise or control persons in custody
- Off-duty misconduct resulting in misdemeanor arrest excluding misdemeanor crimes of domestic violence (18 U.S.C. § 921)
- Unauthorized use/misuse of a government vehicle, or other government property
- Failure to honor just debts
- Accidental discharge of a firearm
- Use of a government purchase card for other than its intended purpose in an amount not exceeding $1,000
- Violations of security regulations
- Intoxication or consumption of alcohol while on duty

**It is important to note case classifications are often based on limited preliminary information. As an investigation proceeds, the severity of actual misconduct may increase or decrease, thereby impacting what charges are sustained, if any.**

## 4. REPORTING INCIDENTS OF EMPLOYEE MISCONDUCT

a. **Employee Reporting.** In accordance with the Program Statement **Standards of Employee Conduct**, employees who become aware of any violation or alleged violation of the Standards of Employee Conduct must report them to management (the CEO or OIA) or to the OIG.

- The OIG has established a toll-free hotline (1-800-869-4499) which is available to anyone wishing to report Department of Justice employee misconduct, as well as fraud, waste, or abuse in government. Reports may also be submitted via the OIG online form found at: Employee or Program Complaint (justice.gov) (https://oig.justice.gov/hotline/employee-or-program-complaint/form).

- All Bureau employees are encouraged to use the OIG hotline if they wish to remain anonymous or fear retaliation or reprisal.

- To report violations directly to OIA, email allegations to BOP-DIR-InternalAffairs-S@bop.gov.

- If an employee is sued for reporting violations or alleged violations of the Program Statement **Standards of Employee Conduct**, when notified, an OGC representative will provide the employee with their understanding of 28 CFR regarding legal representation.

- All Bureau employees may also report waste, fraud, abuse, mismanagement, and prohibited personnel practices defined in 5 U.S.C. § 2302(b) directly to the Office of Special Counsel, an independent government agency. The reporting hotlines are either (1-800-872-9855) or (202-643-7188). More information about the Office of Special Counsel and its functions can be found at its website, www.osc.gov.

b. **CEO Reporting.** Upon becoming aware of any possible violation of the Program Statement **Standards of Employee Conduct** (either through a report from an employee or through

personal knowledge), the CEO at the institution, Regional Office, or Central Office Division, or his or her designee, must report the violation to OIA in accordance with the following time frames:

(1) **Report Immediately.** Classification 1, 2, and complex Classification 3 cases must be reported to OIA immediately. OIA is to be notified of all cases, including:

- the identity of the complainant(s), subject(s), witness(es), and victim(s);
- the details of the allegation(s); and
- any corroborating evidence.

Notification to OIA will be made within 24 hours (not to include weekends and holidays) of the time management learns of the matter.

(2) **Report Within Reasonable Time.** Classification 3 cases (other than complex cases, as noted above) must be reported to OIA within a reasonable time, ordinarily not to exceed five business days.

(3) **Referral to the Federal Bureau of Investigation (FBI)/Other Law Enforcement Agencies.** When it is suspected criminal conduct has occurred, the CEO may refer the matter directly to OIA and to the local OIG/FBI simultaneously. However, even in cases where the matter has been referred to OIG or the FBI, a referral must also be sent to OIA.

(4) **Initial Information.** A Referral of Incident (INTERNAL AFFAIRS) (In Preparation of Telephonic Report) form (BP-A0715) is used to organize the information to be provided to OIA.

- **The subject of the allegation or complaint must not be questioned or interviewed prior to OIG clearance and OIA's release.** This is to ensure against procedural error and safeguard the rights of the subject.

- When fact-finding is necessary to determine if a referral is warranted, it is not appropriate to obtain employee affidavits prior to an investigation being authorized.

(5) **Supporting Documentation.** Supporting documentation, such as victim or witness statements, medical reports, photos, video, and related memoranda, to the extent available, must be transmitted with the referral of incident form to OIA.

- If an inmate alleges physical or sexual abuse by an employee and has not received a medical examination, the CEO must arrange an immediate, confidential medical examination and forward a copy of the results to OIA as soon as possible. Such an evaluation may be voluntarily declined by the inmate, and the declination will be documented.

The e-mail referral should include scanned supporting documentation. The OIA resource mailbox (BOP-DIR-InternalAffairs-Referrals-S@bop.gov) should be used.

c. **Referral to OIG.** OIA will refer Classification 1 and 2 allegations and, when appropriate, Classification 3 allegations to OIG for review within 48 hours. If not already referred to OIG, Classification 3 cases must be referred to OIG at a minimum on a monthly basis via batch report or as requested by OIG.

- For cases other than those referred via batch report, OIG will advise OIA of its decision either to investigate the matter or defer it to the Bureau for an administrative investigation.

- OIG may refer criminal matters (i.e., physical abuse, sexual abuse of an inmate) to the U.S. Department of Justice, Civil Rights Division (CRT), for prosecutorial consideration under the provisions of the Sexual Abuse Act of 1986, 18 U.S.C. § 2241 *et seq.* and other applicable statutes.

If OIG or CRT accepts the case, no further action may be taken at the institution, regional, or Central Office level without OIG's or CRT's approval.

- Normally, OIA will serve as the contact point for all communication between institution, regional, and Central Office employees and OIG or CRT in these cases.

- In cases when field employees are in contact directly with OIG, status updates will be reported to OIA regularly.

5. **TIMELINESS.** The timeliness of investigations is an important issue, and the timely disposition of investigations is in the best interest of all employees. The longer cases go without being adjudicated, the more difficult it can be to resolve allegations of misconduct. Specifically, evidence can be misplaced/go missing, memories can become unclear, and the perception discipline is not taken seriously can be created. Therefore, the President, Council of Prison Locals, and the Chief, OIA, or their designees, will communicate regarding investigative timelines, and continue to work toward timely disposition of investigations.

6. **INVESTIGATIONS.** OIA is responsible for all employee investigations.

- During these investigations, CEOs and investigators must follow the Privacy Act.

- Employees trained in investigative techniques must conduct administrative investigations of alleged employee misconduct.

- OIA must notify OIG immediately of any additional allegations of criminal wrongdoing that develop during an investigation.

a. **Interviewing Bargaining Unit Employees**

- Refer to Article 6 of the Master Agreement (Rights of the Employee) for representational rights of bargaining unit employees. For further information, review applicable labor statutes and consult with the Employment Law Branch (ELB) or Labor Relations Office (LRO).

- OIA investigators will be trained regarding Union representational rights, reasonable caucuses during the interview, and the Master Agreement on a continuing basis. This portion of the training will be discussed for input with the President, Council of Prison Locals, or his/her designee prior to initial implementation. An investigator's failure to adhere to the Master Agreement, applicable laws, rules, regulations, and policies can be referred to the Office of Internal Affairs for review and appropriate action.

- The appropriate point of contact for representation requests is the local Union president or his/her designee, consistent with the Master Agreement.

b. **Interviewing Subjects.** The OIA investigator must exercise extreme care to ensure **all** subjects implicated in wrongdoing are afforded the opportunity to read and sign the Warning and Assurance to Employee Required to Provide Information form (BP-A0194). For contract employees, use Warning and Assurance to Contract Employee Required to Provide Information form (BP-A0773) prior to questioning. The Warning and Assurance to Employee Required to Provide Information form (BP-A0194), for contract employees Warning and Assurance to Contract Employee Required to Provide Information form (BP-A0773), prevents the use of any statement provided from being used in a criminal prosecution, provided the subject does not knowingly and willfully provide false statements or information.

- Unless requested, victims, witnesses, and other individuals who are sources of collateral information should not be required to review and sign a Warning and Assurance to Employee Required to Provide Information form (BP-A0194). For contract employees, use Warning and Assurance to Contract Employee Required to Provide Information form (BP-A0773).

- If, during the investigation, these sources provide information implicating themselves in wrongdoing, the investigator will stop the interview and execute a Warning and Assurance to Employee Required to Provide Information form (BP-A0194) consistent with Garrity v. New Jersey 385 U.S. 493 (1967). For contract employees, use Warning and Assurance to Contract Employee Required to Provide Information form (BP-A0773).

- Victims, witnesses, collateral sources, and subjects will be advised at the end of the interview the subject matter of the interview and any information exchanged with the investigator are confidential and may not be discussed with individuals other than the employee's representative.

  (1) When the interview of a subject or witness reveals information that may implicate the person criminally that is not already contemplated by the referral, the investigator will suspend the interview immediately and refer the matter to the appropriate law enforcement officials and OIA.

  (2) Normally, the appropriate version of the Warning and Assurance form to be used at the local level is the Warning and Assurance to Employee Required to Provide Information (BP-A0194); for contract employees the form is the Warning and Assurance to Contract Employee Required to Provide Information (BP-A0773).

Employee subject(s) who were interviewed as part of the investigation will be notified as to whether their particular cases are still active upon request, but no more than every 30 days.

c. **Employee, Inmate, and Evidence Availability.** All Bureau employees must cooperate fully with all investigative personnel.

- Employees, inmates, all documents, and all video related to the investigation will be made available to the investigator.

- Employees who are questioned during an investigation will cooperate fully, pursuant to the provisions of the Program Statement **Standards of Employee Conduct**.

- Employees who are interviewed may not discuss the investigation's subject matter with individuals other than the employee's representative except to the extent provided by whistleblower protection laws.

d. **Affidavits.** Ordinarily, affidavits addressing all salient issues will be obtained during an investigation from employee witnesses and subjects. No employee will be required to sign statements or affidavits the employee believes to be inaccurate or incorrect.

While employee subjects are required to provide an affidavit, victims of sexual assault will not be required to provide an affidavit. A memorandum of interview may be collected in such instances.

Consistent with the Prison Rape Elimination Act (PREA), 34 U.S.C. § 30301–30309, and 28 C.F.R. Part 115, the credibility of an alleged victim, suspect, or witness will be assessed on an individual basis and will not be determined by the person's status as inmate or employee. This assessment applies to statements throughout the investigative and administrative process and regardless of whether or not a statement is reduced to an affidavit.

Title 18 U.S.C. § 4004 authorizes agency investigators, including OIA and other specifically designated Bureau employees, to administer oaths.

## 7. APPROVAL FOR SEARCHES OF INFORMATION SYSTEMS AND INFORMATION TECHNOLOGY

The Chief, OIA, must be consulted whenever the investigator seeks to request a search of BOP information technology systems (including logs) in the course of an internal misconduct investigation. In accordance with DOJ policy the Chief, OIA, will obtain concurrence of the Bureau authorized officials who may approve such searches.

## 8. APPROVAL AND USE OF POLYGRAPH EXAMINATIONS

a. **Circumstances.** Occasionally, it may be appropriate to use a polygraph examination as an investigative tool. Whenever possible, use the FBI or OIG Polygraph Section. All requests for

polygraph examinations regarding employee misconduct must be coordinated through OIA.

■ Neither employees or inmates can be compelled to take a polygraph examination.

b. **Approval**. To ensure the judicious use of polygraph examinations, the Chief, or Acting Chief, OIA, has the sole authority to approve a polygraph examination during internal investigations into employee misconduct.

■ OIA approval for polygraph examinations is not necessary in cases unrelated to employee misconduct or when outside authorities are conducting an external investigation of employee misconduct.

c. **Subject Authorization.** Prior to participating in a polygraph examination, an employee member is required to sign a Polygraph Authorization form **(**BP-A0595**)**. Prior to allowing an inmate to take a polygraph examination, the inmate must sign the appropriate consent form from the Program Statement **Special Investigative Supervisors Manual**.

9. **APPROVAL FOR USE OF BODY WIRES, CONSENSUAL TELEPHONE MONITORING, AND ELECTRONIC LISTENING/RECORDING DEVICES.** The Chief, OIA, must be consulted whenever the investigator contemplates the use of body wires or electronic listening devices in the course of an internal investigation.

■ U.S. Department of Justice, Office of Enforcement Operations (OEO) approval is required prior to implementation of this course of action. It will be obtained from OEO by the Chief, OIA.

■ Consensual telephone monitoring/recording in an internal investigation requires the approval of the Chief, OIA.

■ OEO approval is also required whenever an outside law enforcement agency conducting a criminal investigation contemplates the use of Bureau employees. As CEOs are developing investigative strategies which involve Bureau employees in this manner, they must consult with their respective Regional Director and the Assistant Director, OGC, to ensure all aspects of employee's short-term and long-term safety are considered and to be certain other options for gathering evidence have been explored thoroughly.

Employees will not be compelled to participate in the use of body wires, consensual telephone monitoring, and electronic listening/recording devices.

The Director will be consulted with a final recommendation.

■ OEO approval is required when an outside law enforcement agency contemplates using an inmate and consensual monitoring devices, furloughs, or extraordinary transfers may be necessary.

10. **INVESTIGATIVE REPORTS**

a. **Preparation.** When an internal investigation is concluded, an investigative report will be prepared.

- If prepared by OIA Special Agents or Supervisory Special Agents, ordinarily, a copy is forwarded to the applicable Assistant Director(s), Regional Director(s), CEO(s) involved, and OIG, if necessary.

- Investigative reports prepared by Special Investigative Agents (SIAs) will be forwarded through the monitoring agent to the Supervisory Special Agent(s) or Chief, OIA, for review and approval. A copy of all investigative and disciplinary documents on all cases must also be forwarded.

- OIA will provide a copy to OIG, the Regional Director(s), and/or Assistant Director(s) when applicable.

All parties possessing copies of investigative reports must ensure the reports are safeguarded from loss or unauthorized disclosure.

- The Chief, OIA, must approve disclosure of investigative reports pursuant to either Freedom of Information Act (FOIA) requests or an information request. Pursuant to a properly filed information request, the complete investigative packet will be released to include but not limited to predicating documents, affidavits, supporting documentation (including media files pursuant to a protective order as appropriate), and the investigative report.

OIA, when appropriate, will consult with the Bureau's FOIA Section, ELB Section, or LRO in making its decision.

b. **Format and Contents.** Investigative reports will be prepared in narrative form containing findings of fact and conclusions.

- The investigative report should include the investigator's conclusions based on a review of the evidence and state whether the allegation(s) is/are sustained.

- Reports from SIAs, including all affidavits and supporting documentation, will be forwarded through the monitoring agent to the Supervisory Special Agent(s) or Chief, OIA, for review and clearance before any disciplinary action is proposed.

- These reports are reviewed to ensure they address the pertinent issues, and the conclusions are supported factually. Any concerns noted will be communicated to the submitting office.

- Proposing/deciding officials are to consult with the Bureau's ELB, LRO, or Human Resource experts as required by the Program Statement **Employee and Labor Management Relations** and to use all other available appropriate sources of information to support or mitigate contemplated discipline.

c. **Disciplinary/Adverse Action Reporting.** When disciplinary or adverse action results from an investigation, OIA will receive a copy of the final decision, including proposal and decision letters, as well as any Notification of Personnel Action (SF-50), for inclusion in the case file.

d. **Closing the Case File**. After receiving the final report, the Chief, OIA, or appropriate designee, is to decide whether to close the case file. This decision will be based upon the investigation's findings and other related matters.

OIA must notify CEOs of case closures. For not sustained investigations, appropriate notification will be made to the subject of the investigation in accordance with the Master Agreement.

**REFERENCES**

*Program Statements*
P1380.11 CN-1 Special Investigative Supervisors Manual (11/30/2016)
P3420.11 Standards of Employee Conduct (12/6/2013)
P3711.01 Employee and Labor Management Relations (6/28/2017)

*Forms*
SF-50 Notification of Personnel Action
BP-A0194 Warning and Assurance to Employee Required to Provide Information
BP-A0595 Polygraph Authorization
BP-A0715 Referral of Incident (Internal Affairs) (In Preparation of Telephonic Report)
BP-A0773 Warning and Assurance to Contract Employee Required to Provide Information

*ACA Standards*
Performance-Based Standards and Expected Practices for Adult Correctional Institutions (5th Edition): 5-ACI-1C-32
Standards for Adult Local Detention Facilities (4th edition): 4-ALDF-7C-02

*Records Retention*
Requirements and retention guidance for records and information applicable to this program are available in the Records and Information Disposition Schedule (RIDS) on Sallyport.