

**U.S. Department of Justice**

**Federal Bureau of Prisons**

---

*Office of the Regional Counsel*  *Western Regional Office*
7338 Shoreline Drive
Stockton, CA  95219
(209) 956-9739

April 3, 2023

Arielle Tolman
Rosen Bien Galvan & Grunfeld LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738

Susan Beaty
Centro Legal de la Raza
3400 E. 12th Street
Oakland, CA 94601

Oren Nimmi
Rights Behind Bars
416 Florida Avenue NW,
Suite 26152
Washington, DC 20001

 Re: <u>Allegations of Unconstitutional Conditions & Ongoing Sexual Assault at FCI Dublin</u>

Dear Attorneys Tolman, Beaty, and Nimmi:

 This responds to your February 23, 2023, letter outlining various concerns at the Bureau of Prisons (BOP) Federal Correctional Institution at Dublin, CA (FCI Dublin).  This is also a follow-up to our telephonic conference call on March 29, 2023, with myself and Deputy Director William Lothrop on the same subject.

 As you are aware, there are limitations to discuss matters outside the litigation process due to pending administrative claims your offices.  While there may be challenges in navigating these limitations, the BOP is nevertheless willing to do so to improve our operations.  We appreciate the opportunity to listen to the concerns of our external stakeholders, especially to the extent that persons-in-custody (PIC) share newfound concerns.

I.   Ongoing Sexual Staff Misconduct

To the extent you become aware of any ongoing staff sexual misconduct, we encourage you and your clients to report to whomever you are comfortable reporting, immediately. PICs have access to confidential reporting through the TRULINCS electronic messaging system, as they can directly send messages to the Office of Inspector General (OIG). BOP staff cannot monitor or screen these messages. PICs can also report to outside entities, like their attorneys or Tri-Valley Haven, who in turn can report misconduct as soon as practical. Allegations can also be reported to the local FBI or U.S. Attorney's Office.

Although we remain confident in our reporting processes, wherein our Office of Internal Affairs (OIA) will coordinate with OIG and the Warden to evaluate immediate remedial action(s), it does not matter who reports misconduct as long as it is done. After all, our priority is the safety of our PICs. Although you cite to recent criminal prosecutions as evidence of current affairs, we look to the past, present, and future prosecutions, as evidence of our ongoing and committed efforts to hold staff accountable, regardless of their position or seniority.

II.   Access to Counsel

During our March 29th telephone call, it was mentioned that FCI Dublin visitation policy on its website was outdated. The new Institutional Supplement for FCI Dublin's website has been approved, and it will soon be published on FCI Dublin's public website at www.bop.gov. As it establishes turnaround times for setting up legal visits, we expect there will be more transparency and accountability on the processes facilitating access to counsel. It is also hoped that with this new policy setting expectations, it will facilitate an improved dialogue when the normal processes are inadequate to meet an imminent legal need for more access.

Separate from the established process to request legal phone calls, FCI Dublin will be piloting a program where PICs can make calls directly to approved individuals, like their attorneys and Tri-Valley Haven, on an unmonitored and unrecorded line, in a private room, at their own convenience. Users will have to agree to not violate BOP rules prohibiting three-way calls and call-forwarding. As FCI Dublin establishes a process to ensure equitable and orderly access, staff will be informing PICs of this new pilot program, and will be reaching out to approved individuals so direct-dial phone numbers can be entered into the system. As with any pilot, this program is subject to ongoing evaluation based upon security and safety concerns that may arise. However, we are optimistic this program will facilitate greater transparency by facilitating easy-access to outside stakeholders.

Lastly, to the extent you ask for private attorney rooms at FCI Dublin, Deputy Director Lothrop's follow-up visit to FCI Dublin has initiated a comprehensive review of available resources to better evaluate potential infrastructure changes. Although the end-result is still to be determined, every consideration will be made. In the meantime, FCI Dublin will continue to work with individual legal visits to maximize private spaces. FCI Dublin will also procure and offer noise-cancellation devices to use during legal visits, which are currently used by staff at FCI Dublin to ensure greater security from inadvertent disclosures.

III.      <u>Mental Health Services</u>

Our current provider of trauma-based mental health services, Tri-Valley Haven, have established themselves with regular visitation at FCI Dublin.  In addition, as mentioned above, PICs will have discretionary access to Tri-Valley Haven via the pilot direct-dial, unmonitored and unrecorded telephone system in a private room.  Moreover, FCI Dublin will be exploring similar arrangements with other community providers.   To the extent you mentioned on March 29th that PICs do not trust the full-time psychology staff at FCI Dublin and are afraid to seek mental health care from them, our preliminary assessment based on usage and feedback indicated otherwise.  Nevertheless, even if such perceptions are isolated, we remain open to addressing concerns from specific PICs who do not want to use on-site psychology staff based on trust issues.  For instance, FCI Dublin can explore the possibility of telepsychology for those PICs, by using BOP mental health professionals from other locations.  Thus, your PICs can request consideration for such alternative arrangements through the Administrative Remedy Procedure.

IV.      <u>Retaliation</u>

The topic of retaliation is challenging as we both agree retaliatory actions are unacceptable.  Retaliatory conduct by staff is prohibited by the BOP Standards of Employee Conduct, and if sustained, staff are subject to disciplinary action.   However, not every action by staff is based on retaliation, as searches of PICs and their cells, transfers, *etc.,* is a necessary part of running a correctional facility.  I appreciate the comment from the external stakeholders that even if certain actions are supported by BOP policy, the concern is that it could be a pretext.  Thus, the only way to know for certain is when such allegations are investigated.  Since such investigations can take time, we understand how you and PICs might presume every undesirable action to be retaliatory, based upon a lack of trust.

Hence, it is with this challenging impasse that the Warden has authorized the pilot program allowing PICs to make unmonitored and unrecorded calls at their own volition.  Although there remains security concerns with such unprecedented access to the outside, the Warden is willing to provide her trust there will be no abuse of this system by users, as there is no practical way for the BOP to discover such abuse on its own.  However, the Warden hopes this gesture helps build trust.  So, while staff will continue to make decisions based on BOP policy and correctional judgment, we hope the greater transparency will help mitigate the appearance of retaliatory conduct.  To the extent you feel strongly there was specific instances of retaliation, PICs can file a Request for Administrative Remedy, or you can write to the Warden as you have done.  Each complaint will be responded to on a case-by-case basis.

V.      <u>Community Intervention</u>

I want to thank you for one tremendously helpful suggestion your group made on March 29th, to improve the culture at FCI Dublin.  Specifically, it was suggested FCI Dublin invite more community groups to provide programming to PICs.  Deputy Director Lothrop affirmed the merits of that suggestion during the call and welcomed suggested community contacts who might be willing to come to FCI Dublin for such purposes. FCI Dublin has had a robust volunteer program in the past, but after the pandemic hit in 2020, the program halted and has not resumed to its fullest potential.   Thank you for you the one contact you already provided, and we

look forward to future suggestions.  FCI Dublin is recommitting its resources to solicit new community providers in support of this suggestion.

      I realize this letter did not address all of your issues with FCI Dublin, but I believe timely follow-up is important to convey the sincerity of our efforts to improve.   For any other systemic issues I may have missed, please feel free to contact me anytime via email (dwong@bop.gov) or phone (209-662-9341).  For matters related to specific PICs at FCI Dublin, you are also free to contact me directly, but note that I may ask one of my staff attorneys to handle for a more detailed response.  I believe you and your staff have already been in regular contact with the BOP legal office that handles FCI Dublin, the Western Regional Consolidated Legal Center (WRO CLC), of which Dominic Ayotte is the Supervisor and the Deputy Regional Counsel.  Mr. Ayotte can be reached at cayotte@bop.gov or at (209) 956-9731.

                                                                                      Sincerely,

                                                                                      Dennis M. Wong
                                                                                      Regional Counsel

cc:      Warden T. Jusino
           Regional Director M. Rios-Marques
           Deputy Director W. Lothrop