JESSE LASLOVICH  
United States Attorney  
MADISON L. MATTIOLI  
 MT Bar No. 36411284  
ABBIE J.N. CZIOK  
 MT Bar No. 55781377  
Assistant U.S. Attorneys  
U.S. Attorney's Office  
901 Front Street, Suite 1100  
Helena, MT 59626  
Phone: (406) 457-5269 – Madison  
    (406) 457-5268 – Abbie  
Fax: (406) 457-5130  
Email: madison.mattioli@usdoj.gov  
    abbie.cziok@usdoj.gov  

MARK STEGER SMITH  
 MT Bar No. 4160  
TIMOTHY A. TATARKA  
 CA Bar No. 277219  
Assistant U.S. Attorneys  
U.S. Attorney's Office  
James F. Battin Federal Courthouse  
2601 2nd Ave. North, Suite 3200  
Billings, MT 59101  
Phone: (406) 247-4667 – Mark  
    (406) 247-4642 – Tim  
Fax: (406) 657-6058  
Email: mark.smith3@usdoj.gov  
    timothy.tatarka@usdoj.gov  

Attorneys for Defendant  
United States of America  

Attorneys for Federal Defendants.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CALIFORNIA COALITION FOR WOMEN PRISONERS; R.B.; A.H.R.; S.L.; J.L.; J.M.; G.M.; A.S.; and L.T., individuals on behalf of themselves and all others similarly situated, <br><br>        Plaintiffs <br>  v. <br><br> UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS, a governmental entity; BUREAU OF PRISONS DIRECTOR COLETTE PETERS, in her official capacity; FCI DUBLIN WARDEN THAHESHA JUSINO, in her official capacity; OFFICER BELLHOUSE, in his individual capacity; OFFICER GACAD, in his individual capacity; OFFICER JONES, in his individual capacity; LIEUTENANT JONES, in her individual capacity; OFFICER LEWIS, in his individual capacity; OFFICER NUNLEY, in his individual capacity, OFFICER POOL, in his individual capacity, LIEUTENANT PUTNAM, in his individual capacity; OFFICER SERRANO, in his individual capacity; OFFICER SHIRLEY, in his individual capacity; OFFICER SMITH, in his individual capacity; and OFFICER VASQUEZ, in her individual capacity, <br><br>        Defendants. | CASE NO. 4:23-CV-04155-YGR <br><br> **FEDERAL DEFENDANTS' OBJECTION TO REPLY EVIDENCE** |

Pursuant to USDC Civil L.R. 7-3(d)(1) and 7-5(b), Rule 3.7 of the Cal. Rules of Prof. Conduct, and Fed. R. Evid. 802, the United States objects to portions of the Janssen Declaration as outlined below as impermissible new evidence in reply, in violation of the lawyer-witness rule of professional conduct, and hearsay.

## I.  INTRODUCTION

On October 31, 2023, Plaintiffs' attorneys Kara Janssen, Oren Nimni, and Susan Beatty, sent a letter via email to several individuals including the U.S. Attorney for the District of Montana. (Doc. 52-3.) This letter, authored by Janssen, raised various ongoing "concerns", and requested a response within a week and a meeting with assigned government counsel "as soon as possible to discuss these concerns . . ." (*Id*. at 2, 6.) As detailed in attachments to the reply, Plaintiffs sought by various means to add new evidence in the midst of briefing (doc. 52-5), which the United States opposed.

Ultimately, rather than forgo filing new or supplemental evidence as stated, Plaintiffs' counsel filed a reply in support of their motion (doc. 52) with two attorney declarations (docs. 52-1 and 52-6), each with dozens of pages of exhibits (docs. 52-2 through 52-5 and 52-7), including a 30-page "organizational tool" for the Court (doc. 52-7), and the aforementioned letter containing more than five pages of new facts and argument in support of their pending motion (doc.52-3).

## II.  ARGUMENT

Janssen's declaration and letter each constitute impermissible supplemental briefing, as they contain argument in excess of the reply brief page limit set by local rule. Moreover, Janssen's declaration and letter each contain impermissible new evidence in reply. Janssen, despite being counsel of record, is also making factual assertions purportedly based on personal knowledge, which are entirely hearsay. This Court should strike the objectionable portions of her declaration as well as the entire letter. In the alternative, this Court should grant the government leave to file a short sur-reply in response to the contents of Janssen's declaration and letter.

**a. New evidence improperly debuted in reply.**

"New evidence submitted as part of a reply is improper because it does not allow the defendant an adequate opportunity to respond." *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018) (internal quotations and citation omitted). Because of this, the Court "may decline to

1  consider new evidence or arguments raised in reply, and generally should not consider the new evidence
2  without giving the non-moving party an opportunity to respond." *Id*. (citing *Provenz v. Miller*, 102 F.3d
3  1478, 1483 (9th Cir. 1996) (internal quotations omitted)).

4      Janssen's declaration and letter constitute impermissible new evidence in reply because they
5  detail facts alleged to have occurred since the time of filing to the date of the declaration, from August
6  17, 2023, to November 24, 2023. These facts were not available to the USAO assigned to this case (D
7  MT) when the matter was referred in November 2023. Thus, the United States has had no opportunity to
8  assess the new facts nor respond to arguments based thereon.

9      **b. Janssen improperly advances fact allegations.**

10      Rule 3.7 of the Cal. Rules of Prof. Conduct provides that "[a] lawyer shall not act as an advocate
11  in a trial in which the lawyer is likely to be a witness unless [one of three limited exceptions is met]." As
12  exceptions to this rule, a lawyer may act as an advocate witness only when the lawyer's testimony
13  relates to an uncontested issue or matter, the lawyer's testimony relates to the nature and value of legal
14  services rendered in the case, or if the lawyer has obtained informed written consent from the client.
15  "Notwithstanding a client's informed written consent, courts retain discretion to take action, up to and
16  including disqualification of a lawyer who seeks to both testify and serve as an advocate, to protect the
17  trier of fact from being misled or the opposing party from being prejudiced." Cal. Rule of Prof. Conduct
18  3.7 (citing *Lyle v. Superior Court*, 122 Cal.App.3d 470 (1981)). Civil L.R. 7-5(b) also authorizes this
19  Court to strike any declaration containing conclusions and argument.

20      Janssen has placed herself in the role of a fact witness and advocate by submitting fact,
21  argument, and conclusions in her declaration and letter. (*See* e.g., doc. 52-1, ¶ 5-6 (alleging personal
22  knowledge of current prison conditions based on hearsay), and ¶ 9 (alleging personal knowledge of facts
23  based on hearsay and conclusions of law).) None of the limited exceptions to the lawyer-witness rule
24  appear to be met here, and Janssen's declaration and letter each contain facts, arguments, and
25  conclusions. Accordingly, the Court should not consider this evidence.

26      **c. Impermissible hearsay allegations should be rejected.**

27      The Court should decline to consider hearsay evidence in these proceedings. *See Flynt Distrib.*
28  *Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) (trial court may give inadmissible evidence some

weight in preliminary injunction). While a trial court may give inadmissible hearsay some weight in preliminary injunction proceedings, the Court should decline to do so here because Janssen's statements are double hearsay, lacking any specificity by way of declarant identity or incident details. The statements thus lack any indicia of reliability and should be rejected. Moreover, the only compelling argument in favor of considering inadmissible evidence in deciding a motion for a preliminary injunction is the difficulty in quickly obtaining affidavits from persons who would be competent to testify at trial. *Id*. That concern is not present here, as Janssen has demonstrated the ability to obtain declarations from numerous individuals who may be competent to testify about the matters she now asserts.

Pursuant to Local Rule 7-3(d)(1) and 7-5(b), Defendants move to strike the new evidence in the Janssen Declaration (doc. 52-1) and the Janssen letter (doc. 52-3) in its entirety.

| Citation | Objectionable Portion(s) | Objection |
|---|---|---|
| Doc. 52-1 at 2–3 | Janssen Declaration, ¶¶ 5–7 | Impermissible new evidence in reply<br>Rule 3.7 of the Cal. Rules of Prof. Conduct<br>FRE 802 |
| Doc. 52-1 at 3 | Janssen Declaration, ¶ 9 | Impermissible new evidence in reply<br>Rule 3.7 of the Cal. Rules of Prof. Conduct<br>FRE 802 |
| Doc. 52-1 at 4 | Janssen Declaration, ¶ 10 | Impermissible new evidence in reply<br>Rule 3.7 of the Cal. Rules of Prof. Conduct<br>FRE 802 |
| Doc. 52-3, 1-8 | Letter from Janssen, all | Impermissible new evidence in reply<br>Rule 3.7 of the Cal. Rules of Prof. Conduct<br>FRE 802 |

If the Court is inclined to consider Plaintiffs' new evidence and argument regarding claimed "deterioration" and "dire" conditions at FCI Dublin, Defendants request leave to file a brief sur-reply of no more than 5 pages, exclusive of declarations, so that it has a fair opportunity to address the new

evidence in the Reply. This would include a declaration explaining why the allegations presented in Plaintiffs' new declarations and exhibits paint an exaggerated and misleading picture of current conditions in the prison.

DATED this 1st day of December, 2023.

                                    JESSE A. LASLOVICH
                                    United States Attorney

                                  /s/ *Madison L. Mattioli*
                                  MADISON L. MATTIOLI
                                  ABBIE J.N. CZIOK
                                  MARK STEGER SMITH
                                  TIMOTHY A. TATARKA
                                  Assistant U.S. Attorneys
                                  Attorneys for Federal Defendants

FEDERAL DEFENDANTS' OBJECTION TO REPLY EVIDENCE
4:23-cv-04155-YGR                          5