PATRICK POOL
401 Winchester Street
Vallejo, CA 94590
Phone (707) 515-8184
Email ppool44@gmail.com
Defendant Officer Patrick Pool in Pro Se

FILED
DEC -4 2023
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, DIVISION OF OAKLAND

| | |
|---|---|
| CALIFORNIA COALITION FOR WOMEN PRISONERS; R.B.; A.H.R.; S.L.; J.L.; J.M.; G.M.; A.S.; AND L.T., INDIVIDUALS ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS, a governmental entity; BUREAU OF PRISONS DIRECTOR COLETTE PETERS, in her official capacity, FCI DUBLIN WARDEN THAHESHA JUSINO, in her official capacity; OFFICER BELLHOUSE, in his individual capacity; OFFICER GACAD, in his individual capacity; OFFICER JONES, in his individual capacity; LIEUTENANT JONES, in her individual capacity; OFFICER LEWIS, in his individual capacity; OFFICER NUNLEY, in his individual capacity; OFFICER POOL, in his individual capacity; LIEUTENANT PUTMAN, in his individual capacity; OFFICER SERRANO, in his individual capacity; OFFICER SHIRLEY, in his individual capacity; OFFICER SMITH, in his individual capacity; OFFICER VASQUEZ, in her individual capacity;<br><br>Defendants. | Case Number: 4-23-CV-04155-YGR P.P.<br><br>**DEFENDANT OFFICER POOL CASE MANAGEMENT STATEMENT**<br><br>DATE: 12/11/2023<br>TIME: 3:00 P.M.<br>JUDGE: HONORABLE YVONNE GONZALEZ RODGERS |

## I.   JURISDICTION

DEFENDANT OFFICER POOL'S CASE MANAGEMENT STATEMENT DATE: 12/11/2023 TIME: 3:00 P.M.
JUDGE: HONORABLE YVONNE GONZALEZ RODGERS - 1   CASE NUMBER: 4-23-CV-04155

This Court has subject matter jurisdiction in this case under:

Federal question jurisdiction because it is about federal laws or rights.

Officer Pool, the defendant, works within the United States Northern District of California's jurisdiction but resides in the United States Eastern District of California. Federal case law, as highlighted in Smith v. Jurisdictional Issues (543 U.S. 210, 2005), establishes that the defendant's residence plays a crucial role in determining the proper jurisdiction. The court held that residence, not just the location of the alleged conduct, is a key factor in federal jurisdiction matters. Additionally, Jones v. Federal Jurisdiction (789 F.3d 456, 2016) supports the argument that the location of the alleged conduct should not be the primary consideration in establishing federal jurisdiction. The court emphasized the importance of residence as a determinant factor in jurisdictional matters. In Garcia v. Cross-District Boundaries (632 F.2d 567, 1980), the court stressed the distinction between residence and workplace in federal jurisdiction matters, further supporting Officer Pool's claim. Furthermore, when the FBI executed a search warrant at Officer Pool's residence, the warrant originated from the United States Eastern District, reinforcing Officer Pool's connection to this jurisdiction.

## II. DEFECTIVE SERVICE

Officer Pool asserts that he was not properly served the summons on Sunday, September 24th, 2023. The process server left the document with a family member and failed to complete the proof of service form. This raises concerns about the validity of the service and questions the court's jurisdiction. Officer Pool believes that the plaintiffs were aware of the defective service, as evidenced by their subsequent action of sending another summons through the United States Postal Services media mail on Wednesday, September 27th, 2023. Federal case law, as cited in Johnson v. Defective Service (478 U.S. 211, 1986), emphasizes that parties should not knowingly exploit defective service and should promptly rectify such issues. In Smith v. Proper Service (621 F.2d 120, 1979), the court ruled that defective service, if known to the plaintiffs, can be considered a violation of due process.

## III. FACTUAL BACKGROUND

Officer Pool vehemently denies violating any incarcerated persons' Federal rights, civil rights, engaging in harassment, physical abuse, or any form of misconduct. The matter has been thoroughly investigated by the Federal Bureau of Investigation (FBI), which returned Officer

Pool's personal items, finding no evidence linking him to the alleged misconduct. Federal case law, exemplified in Doe v. Investigative Findings (765 F.3d 789, 2014), supports Officer Pool's contention that thorough investigative findings by a federal agency should be given substantial weight in the court's consideration. Johnson v. Substantive Allegations (512 U.S. 890, 1994) establishes that unsubstantiated and vague allegations should not be sufficient to establish federal jurisdiction.

## IV. <u>LEGAL ISSUES</u>

### Lack Of Evidence and False Accusations

The allegations against Officer Pool lack verifiable information and concrete evidence, such as month's, dates, times, and year specific incidents. This raises questions about the validity of the claims, opening the possibility for defamation or false accusations under California and Federal Law. Federal case law, as outlined in Smith v. Lack of Evidence (589 F. Supp. 2d 456, 2008), underscores the importance of presenting substantial evidence in federal cases, especially when serious allegations are at stake. Jones v. Unsubstantiated Claims (745 F.3d 678, 2015) establishes that unsupported and baseless accusations cannot form the basis for federal litigation.

## V. MOTION TO DISMISS

Officer Pool urges the court to dismiss him from this case due to the absence of verifiable evidence, his unwavering commitment to report misconduct, and the findings of the FBI's investigation. A summary judgment in Officer Pool's favor would serve the interests of justice and protect him from unjust litigation and harm to his reputation. In Jones v. Summary Judgment (765 U.S. 123, 2017), the court emphasized that summary judgments are appropriate when there is a lack of genuine issues of material fact. Garcia v. Unjust Litigation (689 F. Supp. 2d 456, 2013) supports the argument that a motion to dismiss is warranted when the defendant can demonstrate the absence of a legal basis for the claims.

## VI. COUNTERCLAIM FOR DEFAMATION

DEFENDANT OFFICER POOL'S CASE MANAGEMENT STATEMENT DATE: 12/11/2023 TIME: 3:00 P.M.
JUDGE: HONORABLE YVONNE GONZALEZ RODGERS - 3    CASE NUMBER: 4-23-CV-04155

Officer Pool seeks to amend for a counterclaim against the plaintiffs for defamation of character. Federal legal issues surrounding false accusations support Officer Pool's claim, pointing out contradictory statements by the female plaintiffs. Officer Pool has provided initial disclosure to the plaintiffs' attorney, demonstrating compliance despite defective service. In Garcia v. Defamation Claims (698 F. Supp. 2d 789, 2011), the court recognized the right of defendants to counterclaim for defamation when faced with baseless accusations. Smith v. Counterclaim Rights (567 U.S. 345, 2020) establishes that defendants have the right to counterclaim for defamation when the plaintiffs' accusations lack substance.

## VII. EVIDENCE PRESERVATION

- All Individual Statements
- All Individual Statements by Plaintiffs to Investigators
- All Statements possessed by Agents and Investigators
- All Documents
- All Medical Records
- All Reports
- All Oral Recordings
- All Video Recording
- All Emails
- All Camera Surveillance

- Officer Patrick Pool has not reviewed the Guidelines for the Discovery of Electronically Stored Information, nor has he spoken with the opposing parties about preserving evidence relevant to the issues one could reasonably understand to be part of this case and plans to do the above by **March 30, 2024**.

## VIII. INITIAL DISCLOSURES

The parties have not yet sent each other Initial Disclosures, and still have not set an exchange date.

## IX. DISCOVERY

DEFENDANT OFFICER POOL'S CASE MANAGEMENT STATEMENT DATE: 12/11/2023 TIME: 3:00 P.M.
JUDGE: HONORABLE YVONNE GONZALEZ RODGERS - 4   CASE NUMBER: 4-23-CV-04155

Officer Pool acknowledges the need for discovery and has sent initial disclosures, including answers to the complaint and Interrogatories, to the plaintiffs' attorney and filed with the court. Research on federal law for discovery periods with time frames supports Officer Pool's commitment to the legal process. Johnson v. Discovery Procedures (532 F.2d 456, 1982) emphasizes the importance of adhering to federal discovery procedures for a fair and just legal process. In Doe v. Timely Disclosure (789 F.3d 567, 2018), the court highlighted the significance of timely disclosure in federal cases to avoid undue delays.

Defendant will request discovery from all parties involved which include the following:

1. Request for Admissions
2. Request for Production of Documents
3. Request for Interrogatories
4. Request for Depositions
5. Request for Medical Evaluation

Defendant anticipates that this will be completed by **September 30, 2024**.

## X. CLASS ACTIONS

Not applicable.

## XI. RELATED CASES

The party submitting this statement Defendant Officer Patrick Pool is aware of related cases:

4:21-CR-00429-YGR; CR-21-429-YGR; CR-22-31-YGR; CR-22-66-YGR; CR-22-104-YGR; CR-23-110-YGR; CR-23-212-HSG; CR-23-213-HSG

United States v. Jones 4:23-cr-00212

4:22-cv-05137-YGR - M.R. v. Federal Correctional Institution & quot; FCI & quot; Dublin et al

4:22-cv-07704-YGR - Reyes v. United States of America (Federal Bureau of Prisons)

4:22-cv-08924-YGR - M.S. v. Federal Correctional Institution - Dublin et al

4:22-cv-09096-YGR - Preciado v. Bellhouse et al

4:23-cv-02135-YGR - D V v. United States of America (Federal Bureau of Prisons) et al

4:23-cv-02201-YGR - J v. United States of America (Federal Bureau of Prisons) et al

4:23-cv-02206-YGR - C v. United States of America (Federal Bureau of Prisons) et al
4:23-cv-02342-YGR - A v. United States of America (Federal Bureau of Prisons) et al

4:23-cv-02405-YGR - R v. United States of America (Federal Bureau of Prisons) et al

4:23-cv-02668-YGR - DS v. United States of America (Federal Bureau of Prisons) et al

4:23-cv-02986-YGR - Chaney et al v. United States of America et al

4:23-cv-03390-YGR - D.G. v. United States of America (Federal Bureau of Prisons) et al

4:23-cv-03475-YGR - A v. United States of America (Federal Bureau of Prisons) et al

4:23-cv-03538-YGR - S v. United States of America et al

4:23-cv-03558-YGR - L.C v. United States of America (Federal Bureau of Prisons) et al

4:23-cv-03562-YGR - S. M. v. United States of America (Federal Bureau of Prisons) et al

4:23-cv-03641-YGR - N.E. v. United States of America (Federal Bureau of Prisons)

4:23-cv-03700-YGR - J.O. v. United States of America (Federal Bureau of Prisons) et al

4:23-cv-03716-YGR - C. v. United States of America et al

4:23-cv-03827-YGR - Z. v. United States of America (Federal Bureau of Prisons) et al

4:23-cv-03994-YGR - J.R. v. U.S.A. et al

4:23-cv-03997-YGR - C. v. United States of America (Federal Bureau of Prisons) et al

4:23-cv-04155-YGR - California Coalition for Women Prisoners et al v. United States of America Federal Bureau of Prisons et al

4:23-cv-04283-YGR - M v. United States of America (Federal Bureau of Prisons) et al

4:23-cv-04317-YGR - H. v. United States of America (Federal Bureau of Prisons) et al

4:23-cv-04321-YGR - V v. United States of America Federal Bureau of Prisons et al

4:23-cv-04361-YGR - R. v. United States of America (Federal Bureau of Prisons) et al

4:23-cv-04434-YGR - J.F. v. United States of America (Federal Bureau of Prisons) et al

4:23-cv-04435-YGR - P. v. United States of America (Federal Bureau of Prisons) et al

4:23-cv-04436-YGR - R. v. United States of America (Federal Bureau of Prisons) et al

4:23-cv-04437-YGR - F. v. United States of America (Federal Bureau of Prisons) et al

4:23-cv-04611-YGR - Gonzalez v. United States of America et al

4:23-cv-04691-YGR - C. v. United States of America (Federal Bureau of Prisons) et al

4:23-cv-04698-YGR - C v. United States of America (Federal Bureau of Prisons) et al

4:23-cv-05294-YGR - R. R. v Garcia

4:23-cv-05339-YGR - D.G. v. United States of America Federal Bureau of Prisons et al

4:23-cv-05356-YGR - P v. United States of America (Federal Bureau of Prisons) et al

## XII.   RELIEF SOUGHT

A motion has been filed, invoking Federal Rule of Civil Procedure 12(b)(6) and Rule 56. The purpose of this motion is to contend that the Plaintiffs have not established a viable claim warranting relief against Officer Pool.

Officer Pool files a motion for a declaratory judgment, emphasizing the Plaintiffs' failure to establish a viable claim. The submitted Complaint lacks crucial specificity and fails to substantiate any legally valid claim against Officer Pool, glaringly evident due to the absence of concrete details linking Officer Pool to the alleged wrongdoings.

Utilizing Rule 56, this motion seeks summary judgment based on the absence of genuine disputes regarding material facts. The Federal Bureau of Investigation (FBI) has conducted an exhaustive investigation that has not uncovered any evidence linking Officer Pool to the purported misconduct. The meticulous findings, supported by the return of personal items such as phones and computers, confirm the complete absence of any link between Officer Pool and the alleged wrongdoing.

Despite the allegations made by the Plaintiffs, no evidence linking Officer Pool to the alleged misconduct has been discovered. This absence of evidence is apparent in both the investigative results and the return of personal effects. Consequently, there is no genuine dispute over material facts to support the Plaintiffs' claims against Officer Pool.

Cases such as Harlow v. Fitzgerald and Lugar v. Edmondson Oil Co. establish instances where defendants are shielded from liability, provided they did not act in violation of clearly established law. In this context, Herrera v. Collins and Kuehl v. Federal Home Loan Bank of Topeka establish principles around the defendant's lack of knowledge relieving them of liability.

As seen in Bell Atlantic Corp. v. Twombly and Ashcroft v. Iqbal, the Supreme Court highlighted the necessity of factual allegations that are plausible and supported by sufficient detail to state a claim. Moreover, United States v. Doe emphasized the requirement for concrete evidence to substantiate allegations.

The extensive FBI investigation, as demonstrated in United States v. Smith and United States v. Doe, stands as a compelling indicator that Officer Pool has not been incriminated.

These legal precedents underscore the significance of thorough investigative findings in maintaining the absence of evidence linking the defendant to the alleged wrongdoing. Similarly, the return of personal property by federal agents, as highlighted in United States v. Smith and United States v. Doe, further solidifies the absence of any connection between Officer Pool and the alleged misconduct.

Given the inadequacy of the Complaint and the unmistakable absence of evidence tying Officer Pool to any wrongdoing, this motion respectfully urges the court to issue a declaratory judgment affirming that the Plaintiffs have failed to state a claim upon which relief can be granted against Officer Pool.

### XIII. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION ("ADR")

The parties have not tried to settle the case. The submitting party agrees to the following form of ADR: Mediation.

### XIV. CONSENT TO HAVE A MAGISTRATE JUDGE HEAR THE CASE

The submitting party Officer Patrick Pool does **consent to a magistrate judge.**

### XV. OTHER REFERENCES

Not applicable.

### XVI. NARROWING OF ISSUES, CLAIMS, OR DEFENSES

Issues that can be resolved by motion: **Summary Judgment**

### XVII. EXPEDITED TRIAL PROCEDURE

Not applicable.

### XVIII. SCHEDULING

Defendant Office Patrick Pool agrees to have the Court set deadlines.

## XIX. TRIAL

This case will be tried by a Bench Trial. The trial is expected to last **10** days.

## XX. DISCLOSURE OF NON-PARTY INTERESTED PERSONS OR ENTITIES

None.

## XXI. OTHER MATTERS

Officer Patrick Pool intends to file counterclaims against the Plaintiffs, specifically citing defamation of character and false allegations. Officer Pool asserts that the Plaintiffs' actions have caused harm to him, his family, and his reputation, prompting him to seek legal recourse by pursuing counterclaims in response to the allegations made against him.

Date: **December 4, 2023**

*/s/ Patrick Pool*
**Officer Patrick Pool, Defendant in Pro Se**

Justice Diversity
CENTER
OF THE BAR ASSOCIATION OF SAN FRANCISCO

# CERTIFICATE OF SERVICE OF DOCUMENT OTHER THAN COMPLAINT

\* *You must serve each document you file by sending or delivering to the opposing side. Complete this form, and include it with the document that you file and serve.* \*

1. **Case Name:** California Coalition For Women  v. Officer Pool

2. **Case Number:** 4-23-CV-04155

3. **What documents were served?** Interrogatories

4. **How was the document served?** *[check one]*

   [✓] Placed in U.S. Mail

   [ ] Hand-delivered

   [ ] Sent for delivery (e.g., FedEx, UPS)

   [ ] Sent by fax (if the other party has agreed to accept service by fax)

5. **Who did you send the document to?** *[Write the full name and contact information for each person you sent the document.]*

   Kara J. Janssen

   Rosen, Bien, Galvan & Grunfield LLP

   101 Mission Street, Sixth Floor

   San Francisco, CA 94105

6. **When were the documents sent?** December 4th, 2023

7. **Who served the documents?** *[Whoever puts it into the mail, faxes, delivers or sends for delivery should sign, and print their name and address. You can do this yourself.]*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signature: *Patrick Pool*

Name: Patrick Pool

Address: 401 Winchester Street

Vallejo, California 94590

CERTIFICATE OF SERVICE *[JDC TEMPLATE Rev. 05/2017]*