JESSE LASLOVICH
United States Attorney
  MADISON L. MATTIOLI
    MT Bar No. 36411284
  ABBIE J.N. CZIOK
    MT Bar No. 55781377
Assistant U.S. Attorneys
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5269 – Madison
      (406) 457-5268 – Abbie
Fax: (406) 457-5130
Email: madison.mattioli@usdoj.gov
    abbie.cziok@usdoj.gov

MARK STEGER SMITH
  MT Bar No. 4160
TIMOTHY A. TATARKA
  CA Bar No. 277219
Assistant U.S. Attorneys
U.S. Attorney's Office
James F. Battin Federal Courthouse
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667 – Mark
      (406) 247-4642 – Tim
Fax: (406) 657-6058
Email: mark.smith3@usdoj.gov
    timothy.tatarka@usdoj.gov

Attorneys for Defendant
United States of America

Attorneys for Federal Defendants.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CALIFORNIA COALITION FOR WOMEN PRISONERS; R.B.; A.H.R.; S.L.; J.L.; J.M.; G.M.; A.S.; and L.T., individuals on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs<br>  v.<br><br>UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS, a governmental entity; BUREAU OF PRISONS DIRECTOR COLETTE PETERS, in her official capacity; FCI DUBLIN WARDEN THAHESHA JUSINO, in her official capacity; OFFICER BELLHOUSE, in his individual capacity; OFFICER GACAD, in his individual capacity; OFFICER JONES, in his individual capacity; LIEUTENANT JONES, in her individual capacity; OFFICER LEWIS, in his individual capacity; OFFICER NUNLEY, in his individual capacity, OFFICER POOL, in his individual capacity, LIEUTENANT PUTNAM, in his individual capacity; OFFICER SERRANO, in his individual capacity; OFFICER SHIRLEY, in his individual capacity; OFFICER SMITH, in his individual capacity; and OFFICER VASQUEZ, in her individual capacity,<br><br>          Defendants. | CASE NO. 4:23-CV-04155-YGR<br><br>**FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FACILITATE TELEPHONIC ATTENDANCE AT THE PRELIMINARY INJUNCTION HEARING**<br><br>Judge:  Hon. Yvonne Gonzalez Rogers<br>Date:   December 11, 2023<br>Time:  3:00 p.m.<br>Crtrm:  ZOOM<br><br>Trial Date:  None Set |

Pursuant to USDC Civil L.R. 7-11(b), the United States respectfully requests that this Court deny Plaintiffs' eleventh-hour request for FCI Dublin to "facilitate a method for incarcerated putative class members to telephonically attend the hearing for preliminary injunction on December 11, 2023 at 3:00 p.m." (Doc. 59 at 2.) Plaintiffs have made this request far too late – just days before the hearing. The lateness of the request deprives the United States of any meaningful opportunity to confer with BOP and file a proper response. It also deprives this Court of any meaningful opportunity to review the briefs and analyze the arguments. The lateness and nature of the request also prevents FCI Dublin from altering schedules and existing programming to accommodate the meeting, let alone reassigning staff as necessary to ensure security and safety of inmates and staff. Plaintiffs should have made this request many weeks ago. The Court should reject the request at this late juncture.

I.   **ARGUMENT**

As Plaintiffs note in their administrative motion, this Court issued an order setting the hearing on their motion for a preliminary injunction via zoom on October 26, 2023. (Docs. 59 at 2, 38.) Forty-one days later, and three business days before the hearing, Plaintiffs filed the instant motion requesting that FCI Dublin facilitate telephonic attendance at this hearing for an unidentified and unquantified number of inmates. The inmates are not participating in the hearing and wish to remain anonymous. The undersigned was in the process of responding to Plaintiffs' counsel with details as to why FCI Dublin cannot accommodate this request when Plaintiffs filed their administrative motion.

Plaintiffs incorrectly assume that "[f]acilitating telephonic access to this hearing is reasonable and feasible for FCI Dublin." (Doc. 52 at 3.) They state Dublin staff "could either ensure that phones are able to dial out to the number provided by the Court and suspend time limits, or the prison could facilitate broadcasting the hearing in a room, such as a classroom or in the large visiting room spaces, that individuals can choose to attend in order to listen if they wish to do so." (*Id*.) They state that "[t]hose incarcerated at FCI Dublin should have *at least* the same access as the public to listen to this hearing given its impact on them." (*Id*. (emphasis added).) They identify as interested parties, "[t]hese individuals," meaning all those incarcerated at FCI Dublin, "including named Plaintiffs," (there are eight), "CCWP members," (an undefined and virtually unlimited number), "and declarants" (there are

1  forty-seven). (*Id*.) FCI Dublin currently has a population of 719 inmates, including 127 at the Camp.[1]
2  Accommodating a request that would allow every single one of these 719 individuals, if interested, to
3  either utilize phones at 3:00 p.m., or be set up in a physical space capable of both holding that many
4  inmates and broadcasting a live Court proceeding would create an immediate safety and security
5  concern for inmates and staff alike. Even attempting to accommodate this request would disrupt
6  programming and normal movement scheduled at FCI Dublin during that time, such as inmate
7  movement to Mainline for dinner, which happens at the same time as this hearing, and staff shift
8  changes, which also happens just prior to the hour of the hearing.

9      Each of the individually named Plaintiffs, as well as CCWP members, are represented by counsel
10 who will be present at the hearing. They will not be prejudiced by not attending the live hearing, as they
11 will have an opportunity to debrief with counsel following the hearing by phone or in-person visitation.
12 They can also review transcripts and filings. The reality is that those incarcerated do not have the same
13 access as the public to listen to Court proceedings, unless they have a constitutional right to be present.
14 *Hernandez v. Whiting*, 881 F.2d 768, 770 (9th Cir. 1989) (in civil actions, "imprisonment suspends the
15 plaintiff's usual right to be personally present at judicial proceedings brought by himself or on his
16 behalf."); *Moaddab v. Cnty. of Orange*, 816 F. App'x 122, 123 (9th Cir. 2020) (same) (cited for
17 persuasive value). Even in cases where there is a right to notice set by statute, for example under the
18 Class Action Fairness Act, courts have recognized the inability for federal prisons to provide a practical
19 and safe way for large numbers of a generalized putative class to personally observe or participate in
20 oral hearings. *See Garries, et al v. Milusnic, et al*, Case No. 2:20-cv-04450-CBM-PVCx, Docs. 443 at 6-
21 7 and 444 (citing unmanageable safety concerns).

22 /
23 /
24 /
25 /
26 /

---

[1] FCI Dublin, https://www.bop.gov/locations/institutions/dub/, accessed December 8, 2023.

/

WHEREFORE, the government respectfully requests that the Court deny Plaintiffs' Administrative Motion.

>JESSE A. LASLOVICH
>United States Attorney
>
>/s/ *Madison L. Mattioli*
>MADISON L. MATTIOLI
>ABBIE J.N. CZIOK
>MARK STEGER SMITH
>TIMOTHY A. TATARKA
>Assistant U.S. Attorneys
>Attorneys for Federal Defendants