DAVID R. GRIFFITH, ESQ. (SBN - 170172)
STEVEN J. CHAMBERLIN, ESQ. (SBN 350239)
GRIFFITH & HORN, LLP
1530 Humboldt Road, Suite 3
Chico, California 95928
Telephone: (530) 812-1000
Email: david@davidgriffithlaw.com
steven@griffithandhorn.com

Attorney for Defendant,
OFFICER SHIRLEY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA COALITION FOR WOMEN PRISONERS; R.B.; A.H.R.; S.L.; J.L. G.M.; A.S.; and L.T., individuals on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS, government entity; BUREAU OF PRISONS DIRECTOR COLETEE PETERS; in her official capacity; FCI DUBLIN WARDEN THAHESHA JUSINO, in her official capacity; OFFICER BELLHOUSE, in his individual capacity; OFFICER GACAD, in his individual capacity; OFFICER JONES, in his individual capacity; OFFICER LEWIS, in his individual capacity; OFFICER NUNLEY, in his individual capacity; OFFICER POOL, in his individual capacity; LIUTENANT PUTNAM, in his individual capacity; OFFICER SERRANO, in his individual capacity; OFFICER SHIRLEY, in his individual capacity; OFFICER SMITH, in his individual capacity; OFFICER VASQUEZ, in her individual capacity;<br><br>Defendants. | Case No. 4:23-cv-04155-YGR<br><br>**ANSWER TO COMPLAINT BY DEFENDANT OFFICER SHIRLEY**<br><br>**DEMAND FOR JURY TRIAL** |

ANSWER
Case No. 4:23-cv-04155-YGR
1

## ANSWER TO COMPLAINT

**COMES NOW** Defendant OFFICER SHIRLEY and answers the unverified complaint filed herein by Plaintiffs CALIFORNIA COALITION FOR WOMEN PRISONERS; R.B.; A.H.R.; S.L.; J.L. G.M.; A.S.; and L.T., individuals on behalf of themselves and all others similarly situated, as follows:

1. Defendant generally denies the allegations of the unverified complaint.

2. Defendant denies the allegations set forth in paragraphs1 and 2 of the complaint.

3. Defendant lacks sufficient information or belief to either admit or deny the allegations set forth in paragraphs 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 30, 31, 32, 33, 34, 35, 36, 38, 39, 40, 41, 42, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 5, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 180, 181, 182, 183, 184, 185, 186, 187, 188, 198, 190, 191, 192, 193, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 226, 227, 228, 229, 231, 232, 233, 234, 235, 236, 237, 239, 254, 255, 256, 257, 258, 260, 21, 262, 263, 264, 266, 267, 268, 269, 270, 285, 286, 287, 288, 289, 290, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 345, 346, 347, 348, 349, 350, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370,

371, 372, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 394, 395, 396, 397, 398, 399, 400, 401, 402, 404, 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 19, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431 and 432 of the complaint and on that basis denies same.

    4. Defendant admits the allegations set forth in paragraphs 27, 28 and 29 of the complaint.

    5. As to the allegations set forth in paragraph 37 of the complaint, this answering Defendant admits that her was an officer of FCI Dublin and while doing so was acting within the scope of his official employment, permission and consent of BOP under federal law, and categorically denies any of the wrongful acts and/or omissions alleged by Plaintiffs in the complaint.

    6. As to the allegations set forth in paragraphs 43, 44, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 230, 240, 241, 242, 244, 245, 246, 247, 249, 250, 251, 252, 351, 352, 353, 354, 355, 356, 437, 438, 439, 440, 441, 442 and 443 of the complaint, this answering Defendant categorically denies any of the wrongful acts and/or omissions alleged by Plaintiffs in the complaint, lacks sufficient information or belief to either admit or deny the remaining and balance of the allegations as to any other Defendant and on that basis denies same, and lacks sufficient information or belief to admit or deny the balance and remaining allegations and on that basis denies same. .

    7. As to the statements set forth in paragraphs 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 272, 273, 274, 275, 276, 277, 279, 280, 281, 282, 283, 284, 434, 435, 436, and the requested relief in the prayer in paragraphs 444, 445, 446, 447, 448, 449, 450 and 451 of the complaint, such statements are not material allegations not requiring an admission or denial on the part of this

answering defendant, and to the extent such statements are deemed to be material allegations, this answering Defendant lacks sufficient information or belief to either admit or deny and on that basis denies same.

8. As to the allegations set forth in paragraph 139 of the complaint, this answering Defendant denies any harassment of Plaintiff G.M. and/or any other incarcerated people for reporting sexual abuse, and lacks sufficient information or belief to either admit or deny said allegations as to any other defendant and on that basis denies same.

9. As to the allegations set forth in paragraph 238 of the complaint, this answering Defendant incorporates by reference the answer to paragraphs 1 through 237 set forth above herein as though fully set forth.

10. As to the allegations set forth in paragraph 243 of the complaint, this answering Defendant incorporates by reference the answer to paragraphs 1 through 242 set forth above herein as though fully set forth.

11. As to the allegations set forth in paragraph 248 of the complaint, this answering Defendant incorporates by reference the answer to paragraphs 1 through 247 set forth above herein as though fully set forth.

12. As to the allegations set forth in paragraph 253 of the complaint, this answering Defendant incorporates by reference the answer to paragraphs 1 through 252 set forth above herein as though fully set forth.

13. As to the allegations set forth in paragraph 259 of the complaint, this answering Defendant incorporates by reference the answer to paragraphs 1 through 258 set forth above herein as though fully set forth.

14. As to the allegations set forth in paragraph 265 of the complaint, this answering

Defendant incorporates by reference the answer to paragraphs 1 through 264 set forth above herein as though fully set forth.

15. As to the allegations set forth in paragraph 271 of the complaint, this answering Defendant incorporates by reference the answer to paragraphs 1 through 270 set forth above herein as though fully set forth.

16. As to the allegations set forth in paragraph 433 of the complaint, this answering Defendant incorporates by reference the answer to paragraphs 1 through 432 set forth above herein as though fully set forth.

## AFFIRMATIVE DEFENSES

17. AS AND FOR A FIRST AFFIRMTIVE DEFENSE this answering Defendant asserts that the complaint and each claim for relief set forth therein fail to state sufficient to constitute a claim for relief.

18. AS AND FOR A SECOND AFFIRMTIVE DEFENSE to the complaint and each claim for relief set forth therein, this answering Defendant asserts that with a reasonable opportunity for future discovery the evidence may show that Plaintiffs failed to exhaust the applicable administrative remedies thus barring the claim(s) for relief.

19. AS AND FOR A THIRD AFFIRMTIVE DEFENSE this answering Defendant asserts that the complaint and each claim for relief set forth therein are timed barred by the applicable statutes of limitations including, without limitations, 18 U.S. Code § 1595( c )(1), and California Code of Civil Procedure § 335.1.

20. AS AND FOR A FOURTH AFFIRMTIVE DEFENSE this answering Defendant asserts that the complaint and each claim for relief set forth therein against this answering Defendant are barred by the doctrine of qualified immunity.

**WHEREFORE**, Defendant prays for judgment as set forth below:

1. That Plaintiff(s) take nothing against this answering Defendant by way of the Complaint;

2. That the Complaint against this answering Defendant be dismissed;

3. That the Court award this answering Defendant costs of suit incurred;

4. For such other and further relief as the court may deem proper.

                                          GRIFFITH & HORN, LLP

DATED: December 8, 2022.      By:    */s/ David R. Griffith*
                                                    DAVID R. GRIFFITH
                                                    Attorney for Defendant,
                                                    OFFICER SHIRLEY