MICHAEL W. BIEN – CA 096891
ERNEST GALVAN – CA 196065
KARA J. JANSSEN – CA 274762
GINGER JACKSON-GLEICH – CA 324454
ADRIENNE SPIEGEL - CA 330482
LUMA KHABBAZ - CA 351492
**ROSEN BIEN**
**GALVAN & GRUNFELD LLP**
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Email: mbien@rbgg.com
  egalvan@rbgg.com
  kjanssen@rbgg.com
  gjackson-gleich@rbgg.com
  aspiegel@rbgg.com
  lkhabbaz@rbgg.com

SUSAN M. BEATY – CA 324048
**CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE**
1999 Harrison Street, Suite 1800
Oakland, California 94612-4700
Telephone: (510) 679-3674
Email: susan@ccijustice.org

OREN NIMNI* – MA 691821
AMARIS MONTES* – MD 2112150205
**RIGHTS BEHIND BARS**
416 Florida Avenue N.W. #26152
Washington, D.C. 20001-0506
Telephone: (202) 455-4399
Email: oren@rightsbehindbars.org
  amaris@rightsbehindbars.org

STEPHEN S. CHA-KIM* – NY 4979357
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Email: stephen.cha-kim@arnoldporter.com

CARSON D. ANDERSON – CA 317308
**ARNOLD & PORTER KAYE SCHOLER LLP**
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, California 94306-3807
Telephone: (650) 319-4500
Email: carson.anderson@arnoldporter.com

* Admitted *pro hac vice*

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA COALITION FOR WOMEN PRISONERS et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS et al.,<br><br>Defendants. | Case No. 4:23-cv-04155-YGR<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION PURSUANT TO CIVIL L.R. 7-11 FOR INCREASED ATTORNEY VISITATION BEFORE THE JANUARY 3 EVIDENTIARY HEARING** |

Pursuant to Civil L.R. 7-11, Plaintiffs respectfully move the Court for an emergency order directing Defendants to allow for adequate visitation time with Plaintiffs' counsel so that they and anticipated witnesses may have the opportunity to meaningfully prepare for the multiday Preliminary Injunction Evidentiary Hearing scheduled to begin on January 3, 2024 ("Evidentiary Hearing"). Plaintiffs urgently seek relief from the Court because Defendants have rejected Plaintiffs' requests for meaningful counsel access to the facility in the days leading up to the Evidentiary Hearing, instead insisting that Plaintiff's counsel should be limited to only four hours of dedicated legal visitation time on January 2—a patently unreasonable amount of time given that the hearing is anticipated to involve dozens of witnesses.  Moreover, Defendants have refused to provide substantive responses to serious concerns raised by Plaintiffs' counsel that (1) FCI Dublin continues to fail to provide truly private and confidential meeting spaces for counsel, contrary to Defendants' recent sworn submissions to the Court; and (2) individuals and potential witnesses who have recently met with counsel since the Court set the Evidentiary Hearing have been conspicuously and inexplicably targeted by strip searches, cell searches and confiscation of legal papers, and suddenly announced transfers to other facilities.

Accordingly, Plaintiffs move for an Order requiring Defendants to provide Plaintiffs' counsel adequate access to FCI Dublin, including its satellite prison camp, to meet privately and confidentially with Plaintiffs and incarcerated witnesses in the days leading up to the Evidentiary Hearing as follows: (1) for at least 4 hours each on December 31, 2023, and January 1, 2024, and (2) for the period of 9:00 a.m. to 5:00 p.m. on January 2, 2024.

I.      **STATEMENT OF FACTS**

As part of the parties' conferral about legal access to FCI Dublin in the days leading up to the Evidentiary Hearing, on December 21, Plaintiffs' counsel requested the equivalent of two days' of visits, asking for access on January 2, the day before the Evidentiary Hearing begins, and indicating flexibility for additional access between December 30 and January 1. Declaration of Susan Beaty ("Beaty Decl."), filed herewith, Ex. 1 at 1.  This was consistent with Plaintiffs' counsel's earlier request for access during this holiday weekend leading into the Evidentiary Hearing, to which the Government still had not made a substantive response.  Ex. 3.  In response to Plaintiff's December 21 request, the FCI Dublin Executive Assistant informed Plaintiffs' counsel that legal visitation would

be provided only on January 2 between 9 a.m. and 1 p.m. Ex. 1 at 1. The Executive Assistant further stated that Plaintiffs' counsel may otherwise enter FCI Dublin on December 30, December 31, and January 1 as part of the general social visitation population, during which "the facility cannot guarantee privacy/confidentiality." *Id*. (explaining social visitation processing occurs from 7:15 a.m. to 9:30 a.m., 11:00 a.m. to 12:30 p.m.).

In light of the fact that such conditions are insufficient to allow Plaintiffs to meaningfully prepare given the number of witnesses involved, Plaintiffs' counsel thereafter contacted Government counsel on December 28 requesting "access to the facility for legal visitation (1) for at least 4 hours on December 31 and January 1, during a period that does not coincide with social visitation hours; and (2) for the period of 9:00 a.m. to 5:00 p.m. on January 2," explaining that Plaintiffs would seek relief from the Court if this request could not be accommodated. *Id*., Ex. 2 at 1-2.

Plaintiffs' counsel also re-requested a substantive response to concerns first raised on December 19 and December 23 about incidents of retaliation against individuals speaking with Plaintiffs' counsel that have occurred following the Court's determination that an Evidentiary Hearing was necessary, specifically:

(1) prison staff have inexplicably begun strip-searching any incarcerated person who chooses to meet with Plaintiffs' counsel—a practice that has never occurred in the seven years members of Plaintiffs' legal team have been visiting FCI Dublin (with the exception of a short period in March 2023 when the prison conducted such searches twice immediately after BOP received a litigation demand letter from counsel)—leading to at least one individual declining to participate in the visitation despite a desire to do so;

(2) one incarcerated person who met with counsel had her cell searched for over an hour, despite not receiving any write-up, and found upon her return that her locker had been opened and her legal paperwork, including copies of previous PREA grievances, had been taken without documentation;

(3) just hours after a legal visit with Plaintiffs' counsel, three individuals, including two identified to the Government as Plaintiffs' witnesses, were suddenly told that they would be transferred, without warning and during the holidays.

*See id*. at 2-3.  Plaintiffs' counsel additionally requested a substantive response to longstanding concerns about lack of provision of private and confidential spaces during legal meetings. *See id*. Plaintiffs' counsel accordingly requested that the Government provide "assurances that any individual who wishes to participate in [legal] meetings will be able to do so without reprisal and in a private and confidential manner." *Id*. at 2.

Later on December 28, the Government responded by refusing Plaintiffs request for two business days' of legal access, suggesting that phone contact should otherwise suffice, despite significant issues with the pilot legal phone program. *Id*. at 1[1]; Ex. 3 at 2 (explaining that, under the pilot program, each dorm shares a single legal phone, those phones are only operational during certain hours, and attorneys must disclose specific client names and often face long delays to have their numbers approved).  The Government also asserted in conclusory fashion that "there are no barriers to adequate access," despite conceding that the "attorney pod" meeting spaces that the Government had previously cited in its opposition to the motion for preliminary injunction as proof of adequate legal access (*see* ECF No. 45-5 at 15, 24, ECF No. 46 at 12), were in fact "off line." *Id*

## II.  ARGUMENT

Defendants should be ordered to afford Plaintiffs' counsel access to Plaintiffs and other witnesses in the days leading up to the Evidentiary Hearing consistent with Plaintiffs' proposed schedule of the equivalent of two business days.  Given the sensitive nature of potential testimony, and the aforementioned limitations of the pilot legal phone system, in-person visitation is necessary to adequately prepare for the Evidentiary Hearing.  Plaintiffs' proposal is also reasonable given the needs of the Evidentiary Hearing and the number of witnesses that will be potentially involved, and Defendants' refusal to accommodate this reasonable request is inconsistent with the Government's own regulations and other guidelines.

Plaintiffs' counsel's only remaining opportunity for in-person access to prepare for the Evidentiary Hearing are during *non-private, non-confidential* general social visitation hours on December 30, December 31, and January 1, and one legal visitation block on January 2 from 9:00

---

[1] Because Defendants oppose Plaintiffs requested relief, no stipulation pursuant to Civil L.R. 7-12 could be obtained.

a.m. to 1:00 p.m. (during which private attorney pods will not be available).  This is insufficient for Plaintiffs to adequately prepare for the Evidentiary Hearing, which requires counsel to meet with a large number of potential witnesses and to do so in person to make informed preparations in advance of in-person testimony.[2]

Moreover, Defendants' insistence that they need only provide minimal, non-private access in face of the particular, unique circumstances here—an Evidentiary Hearing set by the Court in a matter of weeks—runs directly counter to the requirement that the Government "may not limit the frequency of attorney visits since the number of visits necessary is dependent upon the nature and urgency of the legal problems involved."  28 C.F.R. § 543.13.  Defendants' position similarly conflicts not only with Department of Justice recommendations, which state that the Bureau of Prisons "should enhance access to in-person legal visits," especially in the context of "particularly important meetings," Advisory Group of DOJ Components, *Report and Recommendations Concerning Access to Counsel at the Federal Bureau of Prisons' Pretrial Facilities* (2023) ("Access to Counsel Report"), available at https://www.justice.gov/d9/2023-07/2023.07.20_atj_bop_access_to_counsel_report.pdf, at 3, 18, but also FCI Dublin's own handbook, which stresses that attorney visits should be flexibly arranged "based on the circumstances of each case," FCI Dublin Inmate Admission & Orientation Handbook (2023), available at https://www.bop.gov/locations/institutions/dub/dub_ao-handbook.pdf?v=1.0.2, at 32.

Undoubtedly, "impediments to legal visitation, including long wait times, inconsistent visiting protocols, and lack of space to speak confidentially, can negatively impact the attorney-client relationship and diminish the effectiveness of counsel."  Access to Counsel Report at 15.  Recognizing this fundamental principle, the BOP has acknowledged that "[t]he Warden shall provide the opportunity for pretrial inmate-attorney visits on a seven-days-a-week basis" and that such visits

---

[2] To add to the complexity, the Government informed Plaintiffs on December 27 that it would be calling five incarcerated individuals during the Evidentiary Hearing but declined to identify them by name until December 29.  Beaty Decl., ¶6.  Plaintiffs' ability to respond to this development by speaking with individuals at the prison would be significantly curtailed by the limited number of hours of counsel access the Government proposes.

"may be conducted at times other than established visiting hours." BOP Program Statement No. 7331.04, available at https://www.bop.gov/policy/progstat/7331.05.pdf, at 19.[3]

      Accordingly, Plaintiffs respectfully request that they and their Evidentiary Hearing witnesses be afforded private, confidential visitation with Plaintiffs' counsel for at least 4 hours on December 31, 2023, and on January 1, 2024, and (2) for the period of 9:00 a.m. to 5:00 p.m. on January 2, 2024. This additional access for private, confidential attorney visitation is necessary given the significance of the Evidentiary Hearing and is narrowly tailored because it requests only the minimum amount of additional confidential in-person access necessary to adequately prepare for the Evidentiary Hearing.

Dated: December 28, 2023          Respectfully submitted,

By:   */s/ Stephen Cha-Kim*
      Stephen Cha-Kim

**RIGHTS BEHIND BARS**
**CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE**
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**ARNOLD & PORTER KAYE SCHOLER LLP**

*Attorneys for Plaintiffs*

---

[3] While these authorities specifically apply to incarcerated individuals awaiting criminal trials, there is no discernable reason why these principles should not apply with equal force here.