# EXHIBIT 3



Susan Beaty <susan@ccijustice.org>

## RE: [EXTERNAL] Re: Meet and Confer for Dec. 18 Hearing - CCWP v. BOP [IMAN-DMS.FID66630]

**Kara Janssen** <KJanssen@rbgg.com>  Fri, Dec 15, 2023 at 5:24 PM
To: "Mattioli, Madison (USAMT)" <Madison.Mattioli@usdoj.gov>, Oren Nimni <oren@rightsbehindbars.org>
Cc: Ernest Galvan <EGalvan@rbgg.com>, Susan Beaty <susan@ccijustice.org>, "Smith, Mark (USAMT)" <Mark.Smith3@usdoj.gov>, "Tatarka, Tim (USAMT)" <Tim.Tatarka@usdoj.gov>, "Cziok, Abbie (USAMT)" <Abbie.Cziok@usdoj.gov>, Amaris Montes <amaris@rightsbehindbars.org>

Counsel,

Thank you for the productive discussion today. As an initial matter, we want to clarify our understanding of the Court's intention for this evidentiary hearing. As discussed during the hearing, we have put forth a significant amount of evidence in support of our motion and the Government's sole evidence in opposition was a declaration from an individual that lacks personal knowledge. Our understanding is the Court is allowing the government the opportunity to provide additional evidence to address that problem, and to respond to the evidence we have already submitted. The Judge stated that the Plaintiffs have produced evidence in support of the preliminary injunction, and the government has produced only a declaration without personal knowledge. The government now has a burden of production to address the issues raised by the Court at the CMC. The best way to structure the hearing is for the government to present its witnesses first on January 3 to address the Court's questions from the CMC and for the Plaintiffs' evidence to follow.

Here is a short summary of the topics we discussed.

- **Stipulation to class certification.** The Government indicated it is considering filing a non-opposition to our motion but has not made a final decision.
- **Potential witnesses.** The Government said it now has an expanded list of approximately 10 potential witnesses, all government employees. We are working on narrowing our initial list of 30 incarcerated or recently incarcerated witnesses. In addition, we presently intend to call at least one Government employee---Lt. Putnam.
- **Timeline for exchanging witness lists, exhibit lists, and actual exhibits**. The Government proposed we exchange lists and documents by Friday 12/22. Assuming that we receive the cooperation necessary to meet with incarcerated witnesses, and BOP can meet the requests below, Plaintiffs are amenable to exchanging lists and documents by this date. Before the CMC on Monday, your office will share a list of the general categories of documents you intend to file ahead of the hearing.
- **Limiting scope of testimony or other potential motions in limine**. No agreements were reached on the call.
- **Protections for incarcerated clients**. We agreed that we need to take measures to protect incarcerated clients, including continuing to proceed pseudonymously, and potentially closing the courtroom during testimony by incarcerated persons. There may be other measures necessary including limiting identification of individuals to attorneys eyes only, having witnesses transported by the US Marshals instead of by FCI Dublin staff or other measures similar to what has been done in the recent criminal trials.
- **Requests for documents**: We request entire medical/disciplinary files for our witnesses, and all BOP documents related to government witnesses (including internal investigation of Putnam). We requested additional internal policy documents (statistics on use of disciplinary measures; complete list of all officers under BOP investigation, on administrative leave, or terminated in the last year; internal policies on requests for compassionate release and U-visa certifications), you indicated that you are not willing or able to provide these.
- **Deadline for Government's response to complaint**: The Government requested an extension to March 15, 2024 to respond to the complaint. Plaintiffs are willing to agree to an extension to January 31, 2024.
- **Service of trial subpoena for Lt. Putnam**: Please advise if you will accept service or if we need to serve him at FCI Dublin

We discussed our need to access incarcerated persons at FCI Dublin, and you agreed to discuss with BOP ahead of the CMC. In order to provide our witness list in a timely fashion, and prepare our witnesses ahead of the 1/3 hearing, we request that FCI Dublin:

- **Ensure we are able to access the facility for in-person legal visits on both Tuesday 12/19 and Thursday 12/21.** We requested visits on both dates, but the facility only approved a visit on 12/19.
- **Accommodate additional in-person legal visits on days and times outside of the standard legal visit timeframe,** including over the holiday weekend before the hearing (between Friday 12/29 and Tuesday 1/2). Currently the facility only allows legal visitation on Tuesdays and Thursdays between 9am and 1pm.
- **Allow us to visit with more than 20 individuals during a single visit.** Several months ago the facility began capping our visits to 20 people per visit, but given the timing of the hearing and need to confer with a significant number of individuals regarding sensitive matters we may need the ability to see more than 20 people on a single day.
- **Ensure private attorney meeting spaces for in-person visits, similar to the access provided to the USAO.** Prior to several months ago, all of our attorney visits were conducted in an open visitation room within earshot of staff and incarcerated people. Though FCI Dublin installed "private legal meeting booths" in the visitation room several months ago, we have not been allowed to use the booths in recent weeks, and were informed that the booths are for video visits only and were never approved for legal visitation. Our understanding is the United States Attorney's Office was able to meet with witnesses in private conference rooms and we request similar access for any visits required to prepare witnesses for the upcoming hearing.
- **Add several additional attorney phone numbers to the pilot legal phone lines and expand access to those lines on an expedited basis.** Currently, the only way for us to conduct confidential legal calls is through the pilot legal call system. To our understanding, under the pilot program each dorm has a single phone for legal calls, accessible only between 9am and 1pm, and shared amongst everyone in the dorm. In order to get an attorney's number added to the system, an incarcerated person has to put in a request, and the approval process can take weeks or months. In order to coordinate with our clients ahead of the hearing, we will need to add several additional attorney phone numbers to the legal line next week.  The hours the phones are available to incarcerated persons should also be expanded to 9 am to at least 5 pm. Finally, additional phones should be provided to the housing units as needed to ensure sufficient access given these lines are used for all attorney calls.

Please let us know if you have any questions.

Best,

Kara Janssen

Senior Counsel



**101 Mission Street**, Sixth Floor

**San Francisco, CA 94105**

(415) 433-6830 (telephone)

(415) 433-7104 (fax)

kjanssen@rbgg.com

CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at kjanssen@rbgg.com.