| | |
|---|---|
| ERNEST GALVAN – 196065<br>KARA J. JANSSEN – 274762<br>ADRIENNE SPIEGEL – 330482<br>LUMA KHABBAZ – 351492<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California  94105-1738<br>Telephone:    (415) 433-6830<br>Email:           mbien@rbgg.com<br>                     egalvan@rbgg.com<br>                     kjanssen@rbgg.com<br>                     aspiegel@rbgg.com<br>                     lkhabbaz@rbgg.com | OREN NIMNI[*]<br>  Mass. Bar No. 691821<br>AMARIS MONTES[*]<br>  Md. Bar No. 2112150205<br>D DANGARAN[*]<br>  Mass. Bar No. 708195<br>RIGHTS BEHIND BARS<br>416 Florida Avenue N.W. #26152<br>Washington, D.C.  20001-0506<br>Telephone:    (202) 455-4399<br>Email:           oren@rightsbehindbars.org<br>                     amaris@rightsbehindbars.org<br>                     d@rightsbehindbars.org |
| SUSAN M. BEATY – 324048<br>CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE<br>1999 Harrison Street, Suite 1800<br>Oakland, California  94612-4700<br>Telephone:    (510) 679-3674<br>Email:           susan@ccijustice.org | STEPHEN S. CHA-KIM[*]<br>  N.Y. Bar No. 4979357<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>Telephone:  (212) 836-8000<br>Email:          stephen.cha-kim@arnoldporter.com |
| | CARSON D. ANDERSON – 317308<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>3000 El Camino Real<br>Five Palo Alto Square, Suite 500<br>Palo Alto, California 94306-3807<br>Telephone:  (650) 319-4500<br>Email:          carson.anderson@arnoldporter.com |
| | [*] Admitted *pro hac vice* |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA COALITION FOR WOMEN PRISONERS et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS et al.,<br><br>　　　　　Defendants. | Case No. 4:23-cv-04155-YGR<br><br>**PLAINTIFFS' EX PARTE REQUEST FOR ENLARGEMENT OF TIME UNDER FED. R. CIV. P. 6(b) & 4(i)(4)(B)**<br><br>Judge:　　Hon. Yvonne Gonzalez Rogers<br><br>Trial Date:　　None Set |

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby request an extension of time to serve the individual Defendants who have not yet been served. Plaintiffs have complied with FRCP Rule 4(i)(3) by serving the United States as to all individual Defendants. Under Rule 4(i)(4)(B), Plaintiffs are entitled to a "reasonable time" to complete service on all individual Defendants.

A defendant must be served within 90 days of the filing of a complaint. Fed. R. Civ. P. 4(m). The "reasonable time" extension of Rule 4(i)(4)(B) applies where, as here, the Plaintiffs have served the United States, but require more time to complete service on the individual capacity Defendants. The complaint in this case was filed on August 16, 2023. See ECF 1.  Within the 90-day time period, Plaintiffs completed service on nine of the fifteen Defendants in this matter, including the BOP Director, then-Warden Jushino, and six individual BOP employees..  For the remaining defendants, six other individual employees or ex-employees of the Bureau of Prisons, Plaintiffs had completed the first required step of service—service on the United States—well within the 90-days.  *See* ECF No. 43.  On November 10, 2023, the Plaintiffs moved for an extension of time to complete service on the remaining six defendants.  On November 27, 2023, the Court extended time for service to February 9, 2023.

Plaintiffs' Counsel have undertaken exhaustive efforts to complete service on the remaining individual Defendants, but have not been able to do so due to a variety of barriers.  Each of the six defendants are addressed individually below.

1. Officer Darrell Wayne Smith.  Plaintiffs have attempted personal service at Smith's last known address in Florida eight times between September 14, 2023 and January 18, 2024.  The house appears to be occupied, but no one responds to the attempts at service.  Galvan Decl. ¶¶ 2a-g.  Plaintiffs' counsel has contacted Officer Smith's criminal defense counsel in the matter *United States v. Smith,* No. 23-CR-00110 YGR, to confirm the address and to ask whether counsel would accept service on his behalf. Galvan Decl. ¶ 2h, Exhibit G.  Counsel confirmed the address but decline to accept service.  Plaintiffs have also attempted service via USPS certified mail, but the items were

returned undelivered.

2. Officer Nakie Nunley. Plaintiffs attempted personal service at Officer Nunley's last known address. Someone at the home informed the process server that she had recently bought the house and did not know the previous owner. A public records search, however, gave only the same address for Officer Nunley. Plaintiffs' counsel has contacted Officer Smith's criminal defense counsel in the matter *United States v. Nunley,* No. 23-CR-00213 YGR, to confirm the address and to ask whether counsel would accept service on his behalf. Galvan Decl. ¶¶ 3a-c, Exhibits I & J.

3. Lieutenant Jones. This name is too common to permit finding an address for service via public records searches. This is true even after investigation revealed the officer's likely first name. Plaintiffs' counsel has served an interrogatory on the BOP to determine Lieutenant Jones's correct full name and residential address for service. Galvan Decl. ¶ 4.

4. Officer Lewis. This name is too common to permit finding an address for service via public records searches. Plaintiffs' counsel has served an interrogatory on the BOP to determine the correct full name and residential address for service. Galvan Decl. ¶ 5.

5. Officer Serrano. This name is too common to permit finding an address for service via public records searches. Plaintiffs' counsel has served an interrogatory on the BOP to determine the correct full name and residential address for service. Galvan Decl. ¶ 6.

6. Officer Vasquez or Vazquez. This name is too common to permit finding an address for service via public records searches. This is true even after investigation revealed the officer's likely first name. Plaintiffs' counsel has served an interrogatory on the BOP to determine Lieutenant Jones's correct full name and residential address for service. Galvan Decl. ¶ 7.

Rule 6(b) of the Federal Rules of Civil Procedure permits parties to seek an extension of time for any act that "may or must be done within a specified time." Fed. R.

Civ. P. 6(b). Where the time for the required action has not yet expired and good cause exists, the Court may grant an extension *ex parte* or without notice. *Id.* at 6(b)(1)(A). Here, the time for the required action, as extended by this Court's order of November 27, 2023, will not expire until February 9, 2024.

Having undertaken significant efforts to identify and serve the individual remaining Defendants named above, Plaintiffs request that the Court grant an enlargement of time under Rule 6(b) and Rule 4(i)(4), extending the time they have to effect service on the individual Defendants. Plaintiffs request that the time for service be extended to March 15, 2024.

DATED: January 26, 2024

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Luma Khabbaz*
    Luma Khabbaz

Attorneys for Plaintiffs