JESSE LASLOVICH
United States Attorney
MADISON L. MATTIOLI
  MT Bar No. 36411284
ABBIE J.N. CZIOK
  MT Bar No. 55781377
Assistant U.S. Attorneys
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5269 – Madison
      (406) 457-5268 – Abbie
Fax: (406) 457-5130
Email: madison.mattioli@usdoj.gov
    abbie.cziok@usdoj.gov

MARK STEGER SMITH
  MT Bar No. 4160
TIMOTHY A. TATARKA
  CA Bar No. 277219
Assistant U.S. Attorneys
U.S. Attorney's Office
James F. Battin Federal Courthouse
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667 – Mark
      (406) 247-4642
Fax: (406) 657-6058
Email: mark.smith3@usdoj.gov
    timothy.tatarka@usdoj.gov

Attorneys for Defendant
United States of America and Federal Defendants

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA COALITION FOR WOMEN PRISONERS; R.B.; A.H.R.; S.L.; J.L.; J.M.; G.M.; A.S.; and L.T., individuals on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs<br>  v.<br><br>UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS, a governmental entity; BUREAU OF PRISONS DIRECTOR COLETTE PETERS, in her official capacity; FCI DUBLIN WARDEN THAHESHA JUSINO, in her official capacity; OFFICER BELLHOUSE, in his individual capacity; OFFICER GACAD, in his individual capacity; OFFICER JONES, in his individual capacity; LIEUTENANT JONES, in her individual capacity; OFFICER LEWIS, in his individual capacity; OFFICER NUNLEY, in his individual capacity, OFFICER POOL, in his individual capacity, LIEUTENANT PUTNAM, in his individual capacity; OFFICER SERRANO, in his individual capacity; OFFICER SHIRLEY, in his individual capacity; OFFICER SMITH, in his individual capacity; and OFFICER VASQUEZ, in her individual capacity,<br><br>        Defendants. | CASE NO. 4:23-CV-04155-YGR<br><br>**UNITED STATES' RESPONSE TO ORDER TO SHOW CAUSE** |

The government respectfully submits its response to Doc. 155, the Order to Show Cause. The undersigned regret the transfer of R.F. but, as set forth below, the United States did not construe the order to prevent transfers post-hearing and did not wittingly defy the Court's order.

I.   RELEVANT BACKGROUND

On Tuesday December 26, 2023, BOP agency counsel Rob France sent Plaintiffs' counsel an email stating that two of Plaintiff's' prospective witnesses were set to transfer on December 27, 2023, "for [Residential Drug Abuse Program (RDAP)]-related purposes with the initials M.H. and K.C. Their paperwork was processed well before this hearing was set and witness lists were released." (Exhibit A at 3.) He requested that Plaintiffs' counsel, "[p]lease reach out to [their] clients and ask whether they still wish to be transferred as previously scheduled or whether they wish to be present for the hearing, in which case they would have to be transferred at a later date if they still wanted to participate in RDAP." (*Id*.) Finally, given time-pressures, he requested "an answer in writing from [Plaintiffs' counsel] by COB" on December 26, 2023. (*Id*.) Plaintiffs' counsel responded on December 26, 2023, that M.H. did not want to transfer and that they were waiting to hear back from K.C. (Exhibit A at 2.) The next morning, on December 27, 2023, Plaintiffs' counsel wrote to state that K.C. called and relayed that "she was told she will not be transferring to RDAP. She does want to transfer and would prefer to transfer even if it means she is unable to testify. Please advise." (Exhibit A at 1.) Agency counsel responded, "K.C. was not put on the bus to transfer to RDAP this morning. Since we did not hear from you at close of business last night, we needed to make a decision." Further, "[s]ince we wanted to safeguard against a scenario where transit might make her unavailable to testify remotely, it was determined it was best for her to remain at the facility so as to not impact her ability to testify. She will be on the next move to the RDAP facility in January, and this decision does not adversely affect her ability to timely complete her programming and earn requisite credits." (*Id*.)

On Thursday December 28, 2023, Plaintiffs filed a document titled, "[a]dministrative motion [] for increased attorney visitation before the January 3 Evidentiary Hearing." (Doc. 79.) The motion outlined Plaintiffs' requests for visitation so that Plaintiffs' counsel "and anticipated witnesses may have the opportunity to meaningfully prepare for the multiday Preliminary Injunction Hearing scheduled to begin on January 3, 2024." (Doc. 79 at 2.) Additionally, Plaintiffs outlined their concern that

"individuals and potential witnesses who have recently met with counsel since the Court set the Evidentiary Hearing" have been visually searched following these meetings, had their cells searched and alleged to have had legal papers confiscated, and "suddenly announced transfers to other facilities." (Doc. 79 at 2.) Accordingly, they requested an order from the Court requiring Dublin "to provide Plaintiffs' counsel adequate access to FCI Dublin, including its satellite prison camp, to meet privately and confidentially with Plaintiffs and incarcerated witnesses in the days leading up to the evidentiary hearing…" (Doc. 79 at 2.) Relevant to this issue, Plaintiffs also stated that "just hours after a legal visit with Plaintiffs' counsel, three individuals, including two identified to the Government as Plaintiffs' witnesses, were suddenly told that they would be transferred, without warning and during the holidays." (Doc. 79 at 3.)

The United States filed a response, outlining concerns with Plaintiffs' proposal for increased legal visitation over a holiday weekend to prepare witnesses for the evidentiary hearing (doc. 82), and this Court issued an Order at 1:55 pm PST on Saturday, December 30, 2023 (doc. 88). The Order granted in part and denied in part Plaintiffs' administrative motion for increased attorney visitation before the January 3 Evidentiary Hearing (doc. 79). The Court outlined five orders relevant to attorney visitation to prepare for the evidentiary hearing (doc. 88 at 2). The fourth order stated, "Defendants are **Ordered Not to Transfer** any person on the witness lists filed in this action until further order of this Court." (Doc. 88 at 2, emphasis in original.) This order also contemplated a potential situation where the evidentiary hearing may be continued, thus possibly creating a situation where more transfers became a possibility if the hearing was rescheduled for a later date.

The Court held a status conference on January 2, 2024, to address the issues raised in Docs. 79 and 88, and determined that the evidentiary hearing would proceed on January 3, 2024, as scheduled. The evidentiary hearing commenced on January 3, 2024. R.F. testified on January 5, 2024. The evidentiary hearing concluded on January 9, 2024.

On February 5, 2024, Plaintiffs' counsel sent an email requesting information about why Plaintiffs' witness, R.F., was placed in SHU. (Exhibit B at 4.) On February 8, 2024, after consultation with FCI Dublin and the undersigned, agency counsel responded to Plaintiffs' request for information about R.F. (Exhibit B at 2-3.) This response notified Plaintiffs' counsel, "R.F. has been temporarily

transferred to the Metropolitan Detention Center in Los Angeles until she is designated to another facility commensurate with her security needs." (Exhibit B at 2.) Plaintiffs made no objections to the transfer. (Exhibit B at 1.)

## II.    RESPONSE

Civil contempt is appropriate only when a party fails to comply with a court order that is both specific and definite. *Gifford v. Heckler*, 741 F.2d 263, 265 (9th Cir.1984). Thus, to support a contempt motion, the order alleged to have been disobeyed must be sufficiently specific. International Longshoremen's Association, Local 1291 v. Philadelphia Marine Trade Association, 389 U.S. 64, 76 (1967). Failure to comply consists of not taking "all the reasonable steps within [one's] power to insure compliance with the order [ ]." *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 406 (9th Cir.1976), cert. denied, 430 U.S. 931 (1977). The proof for civil contempt must be clear and convincing—a higher standard than the preponderance of the evidence standard but less stringent than beyond a reasonable doubt. *United States v. Powers*, 629 F.2d 619, 626 n. 6 (9th Cir.1980) (dictum). Substantial compliance with a court order is a defense to an action for civil contempt. *Donallco*, 787 F.2d at 1379.

Counsel for the United States interpreted the December 30 order (doc. 88) as applying solely to pre-hearing inmate transfers. The order responded to Plaintiffs' administrative motion (doc. 79) and Plaintiffs' concerns that prospective inmate witnesses may be transferred in the lead up to the evidentiary hearing. Accordingly, the United States interpreted the Order (doc. 88, order 4) to be limited to halting pre-hearing transfers that could interfere with Plaintiffs' ability to present their case. (*See* Doc. 88 at 4.) Counsel for the United States communicated transparently with Plaintiffs' counsel regarding R.F.'s temporary transfer from FCI Dublin based on safety concerns. (Exhibit B.) Plaintiffs' counsel responded five days later and did not express concerns with R.F.'s temporary transfer, nor did they reference this Court's order (doc. 88).

It is now clear that BOP misinterpreted this Court's prior order (doc. 88) as being time limited to pre-evidentiary hearing. But, as explained in Interim Warden Arthur Dulgov's declaration, the decision to temporarily transfer R.F. post-evidentiary hearing was cleared through multiple layers of internal BOP review as well as BOP legal counsel and the U.S. Attorney's Office. (Exhibit 1.) The transfer was not done furtively or in retaliation for R.F.'s testimony. It was clearly communicated to Plaintiffs'

counsel and was done for legitimate safety and security concerns. This Court does not have before it the kind of clear and convincing evidence necessary to hold BOP in civil contempt. To the contrary, counsel for the United States did not believe the transfer violated any Court orders.

The undersigned regret their misinterpretation of the December 30, 2023 Order, but it was not contempt, and counsel respectfully requests the Court terminate Doc. 155.

Respectfully submitted on this 16th day of February, 2024.

>JESSE A. LASLOVICH
>United States Attorney
>
>*/s/ Madison L. Mattioli*
>MADISON L. MATTIOLI
>ABBIE J.N. CZIOK
>MARK STEGER SMITH
>TIMOTHY A. TATARKA
>Assistant U.S. Attorneys
>Attorneys for Federal Defendants