JESSE LASLOVICH
United States Attorney
MADISON L. MATTIOLI
  MT Bar No. 36411284
ABBIE J.N. CZIOK*
  MT Bar No. 55781377
Assistant U.S. Attorneys
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5269 – Madison
       (406) 457-5268 – Abbie
Fax: (406) 457-5130
Email: madison.mattioli@usdoj.gov
       abbie.cziok@usdoj.gov

MARK STEGER SMITH
  MT Bar No. 4160
TIMOTHY A. TATARKA
  CA Bar No. 277219
Assistant U.S. Attorneys
U.S. Attorney's Office
James F. Battin Federal Courthouse
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667 – Mark
       (406) 247-4642 – Tim
Fax: (406) 657-6058
Email: mark.smith3@usdoj.gov
       timothy.tatarka@usdoj.gov

Attorneys for Defendant
United States of America

Attorneys for Federal Defendants.

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA COALITION FOR WOMEN PRISONERS; R.B.; A.H.R.; S.L.; J.L.; J.M.; G.M.; A.S.; and L.T., individuals on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs<br>       v.<br><br>UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS, a governmental entity; BUREAU OF PRISONS DIRECTOR COLETTE PETERS, in her official capacity; FCI DUBLIN WARDEN THAHESHA JUSINO, in her official capacity; OFFICER BELLHOUSE, in his individual capacity; OFFICER GACAD, in his individual capacity; OFFICER JONES, in his individual capacity; LIEUTENANT JONES, in her individual capacity; OFFICER LEWIS, in his individual capacity; OFFICER NUNLEY, in his individual capacity, OFFICER POOL, in his individual capacity, LIEUTENANT PUTNAM, in his individual capacity; OFFICER SERRANO, in his individual capacity; OFFICER SHIRLEY, in his individual capacity; OFFICER SMITH, in his individual capacity; and OFFICER VASQUEZ, in her individual capacity,<br><br>               Defendants. | CASE NO. 4:23-CV-04155-YGR<br><br>**UNITED STATES' ADMINISTRATIVE MOTION TO FILE DOCUMENTS AND EXCERPTS UNDER SEAL**<br><br>**FILED UNDER SEAL** |

Pursuant to Civil Local Rules 79-5 of the United States District Court for the Northern District of California, the United States of America respectfully requests that it be permitted to file excerpts of concurrent filings under seal. The United States has filed with the Court a response to its Order to Show Cause. Attached to this response is a declaration of Arthur Dulgov, FCI Dublin's Interim Warden, along with documents referencing incidents about specific inmates. This information contains private information of individuals protected by the Privacy Act. Further, internal documents about inmate safety and transfer decisions relate to prison security.

Good cause exists for this request. As grounds for this administrative motion, and in response to Plaintiffs' motion, the United States has satisfied Civil Local Rule 7-10, which requires:

> (1) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient;

> (2) evidentiary support from declarations where necessary; and

> (3) a proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed. Civil Local Rule 7-10(c).

There are many portions of Dulgov's Declaration that reference specific inmates by name who have not consented to the release of their information. Likewise, the exhibits attached to the declaration are medical records of inmates or contain private information of inmates. The Privacy Act prohibits an agency from "disclos[ing] any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." 5 U.S.C. § 552a(b). A record, in turn, is defined as "any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his . . . medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual." Portions of Dulgov's declaration and the exhibits attached to the declaration are such records that the United States does not have written consent to publicly disclose. Dulgov also recognizes in his declaration that it is important to keep medical records, inmate's

identities, and private information about inmates out of the public record, as they have privacy rights to such information. Dulgov Declaration, ¶¶ 6, 8, 17.

There are also documents attached to Dulgov's declaration related to institution management, that, if disclosed, could jeopardize safety and security. Maintaining the confidentiality of documents with detailed information about prison management serves a compelling interest. *See In re Copley Press, Inc.*, 518 F.3d 1022, 1028 (9th Cir. 2008). Maintaining the security of prisons is such a compelling interest, as the issues of discipline, order, safety, and security in penal institutions are crucial. *Cutter v. Wilkinson*, 544 U.S. 709, 723, (2005); *Warsoldier v. Woodford*, 418 F.3d 989, 998 (9th Cir. 2005) (stating prison security "clearly is" a compelling state interest).

Exhibits 3 and 12 in particular include summaries and analysis of staffing in the SHU. Exhibit 3 refers to staffing and discretionary decisions, which could jeopardize institutional safety. Dulgov Declaration, ¶ 6. Exhibit 12 discusses the specifics of institution management, which could affect safety and security.  Dulgov Declaration, ¶ 12.

Sealing the documents containing private information of individuals and sensitive prison administration information is the most narrow way to protect such information. The United States does not seek to seal entire briefs or argument, but only those very few portions of the briefs discussing private information of individuals.

A proposed order is attached that is narrowly tailored to seal these materials and lists the pages and lines of the material to be redacted on specific filings.

Therefore, to preserve the integrity of its ongoing investigations, the United States requests that the Court enter an order under Civil Local Rule 79-5 to place the following excerpts in the United States' response to the Court's Order to Show Cause under seal:

| Document and Portion of Document to be Sealed | Evidence in Support of Sealing | Ruling |
|---|---|---|
| Exhibit 2, Inmate's Name | 5 U.S.C. § 552a; Dulgov Declaration, ¶¶ 6, 8 | |
| Exhibit 3 | 5 U.S.C. § 552a; Dulgov Declaration, ¶ 6 | |
| Exhibit 5 through 11, medical records of inmates | 5 U.S.C. § 552a; Dulgov Declaration, ¶ 6, 8 | |
| Exhibit 12 | 5 U.S.C. § 552a; Dulgov Declaration, ¶ 16 | |
| Exhibits 13 and 14 | 5 U.S.C. § 552a; Dulgov Declaration, ¶¶ 8, 17 | |
| | | |
| Dulgov Declaration, ¶ 5, inmate's name | 5 U.S.C. § 552a; Dulgov Declaration, ¶¶ 6, 8 | |
| Dulgov Declaration, ¶ 6, inmate's name | 5 U.S.C. § 552a; Dulgov Declaration, ¶¶ 6, 8 | |
| Dulgov Declaration, ¶¶ 8-14 | 5 U.S.C. § 552a; Dulgov Declaration, ¶ 8 | |
| Dulgov Declaration, ¶ 15, inmates' names and medical information | 5 U.S.C. § 552a; Dulgov Declaration, ¶ 8 | |
| Dulgov Declaration, ¶ 16, inmate's name | 5 U.S.C. § 552a; Dulgov Declaration, ¶¶ 6, 8 | |
| Dulgov Declaration, ¶ 17, inmates' names and medical information | 5 U.S.C. § 552a; Dulgov Declaration, ¶ 17 | |
| Dulgov Declaration, ¶ 18, inmate's name | 5 U.S.C. § 552a | |

WHEREFORE, the United States respectfully requests that the Court grant this Administrative Motion and enter the attached proposed order sealing excerpts of the United States' filing under seal.

Signed this 17th day of February, 2024.

JESSE A. LASLOVICH
United States Attorney

/s/ ABBIE J.N. CZIOK
ABBIE J.N. CZIOK

Admin. Motion to File Under Seal
4:23-cv-04155-YGR

4

MADISON L. MATTIOLI
MARK STEGER SMITH
TIMOTHY A. TATARKA
Assistant U.S. Attorneys
Attorneys for Federal Defendants