MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
KARA J. JANSSEN – 274762
ADRIENNE SPIEGEL – 330482
LUMA KHABBAZ – 351492
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:     (415) 433-6830
Email:     mbien@rbgg.com
              egalvan@rbgg.com
              kjanssen@rbgg.com
              aspiegel@rbgg.com
              lkhabbaz@rbgg.com

SUSAN M. BEATY – 324048
CALIFORNIA COLLABORATIVE FOR
IMMIGRANT JUSTICE
1999 Harrison Street, Suite 1800
Oakland, California  94612-4700
Telephone:     (510) 679-3674
Email:     susan@ccijustice.org

OREN NIMNI*
 Mass. Bar No. 691821
AMARIS MONTES*
 Md. Bar No. 2112150205
RIGHTS BEHIND BARS
416 Florida Avenue N.W. #26152
Washington, D.C.  20001-0506
Telephone:     (202) 455-4399
Email:     oren@rightsbehindbars.org
              amaris@rightsbehindbars.org

STEPHEN S. CHA-KIM*
 N.Y. Bar No. 4979357
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone:     (212) 836-8000
Email:     stephen.cha-kim@arnoldporter.com

CARSON D. ANDERSON – 317308
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, California 94306-3807
Telephone:  (650) 319-4500
Email:     carson.anderson@arnoldporter.com

* Admitted *pro hac vice*

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA COALITION FOR WOMEN PRISONERS et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS et al.,<br><br>    Defendants. | Case No. 4:23-cv-04155-YGR<br><br>**DECLARATION OF R.F. IN SUPPORT OF PLAINTIFFS' RESPONSE TO UNITED STATES' RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Judge:   Hon. Yvonne Gonzalez Rogers<br><br>Trial Date:     None Set |

DECLARATION OF R.F.

I, R████ F█████, declare:

1.      I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently so testify.  I make this declaration in support of Plaintiffs' Response to United States' Response to Order to Show Cause.

2.      On the afternoon of January 26, 2024, I was approached by Counselor Strack following the status conference that I understood took place that morning with the Court. Counselor Strack told me she was praying for me and that I should be very careful during the next week because "they are coming for you" and "these people want to harm you."  I understood her to be referring to FCI Dublin staff and while I was concerned I did not really believe anything could happen.  I could not contemplate they would make something up but within five days I was placed in the SHU.

3.      On January 31, 2024, I was told  to go to the Lieutenant's Office.  Once I arrived, Officer Peponis told me "there is no other way to say this, you are going to the SHU," that it was at the direction of Lt. Bauddizon, and that I was "under investigation."  I was not provided any information about what this investigation was for, nor asked any questions regarding any related incident.  I was also not given a disciplinary incident report informing me about why I was placed in the SHU.  I was just brought to the SHU.

4.      The next day, about 24 hours after I was placed in the SHU I was given a 200 series shot because two screws had allegedly been found in my cell.  This is false as I had no screws in my cell and I believe they were placed there by staff.  Additionally, even if I had screws, this should not have been a 200 series shot.  Neither possession of contraband or possession of stolen property normally place you in the SHU as they are 300 and 400 series shots respectively.  Despite knowing the allegation was false there was nothing I could do at the time as the process for appealing a disciplinary shot can take up to a year.

5.      I was in the SHU for seven days in Cell 102.  My cell was cold and had at least a centimeter of water on the floor at all times, mold on the walls, and contained

human filth from the previous detainee.  I was not provided with any cleaning supplies at all during my entire stay in the SHU and the only hygiene I was provided was one bar of soap and a toothbrush and toothpaste.  When I asked about more supplies they said they were out.  I did not press the issue further as they had already put me in the SHU for advocating for myself.  Instead, I began a hunger strike to protest the conditions and the fact I believed I was being held there in retaliation for testifying.

6.      The next day, my understanding is that other detainees in the SHU independently commenced their own hunger strikes for their own individual reasons including fact that they were not given disciplinary incident report paperwork after weeks of being in the SHU, were not provided the ability to see a disciplinary hearing officer, were denied the ability to report PREA allegations, and lacked basic hygiene and cleaning supplies.

7.      During the hunger strike, Nurse Werne provided Ensure shakes to the SHU hunger striking detainees.  On February 5, 2024, HSA Monte Wilson allowed me to receive my shake but then told the Nurse not to give any of the other detainees shakes. HSA Wilson along with Lt. Calderon then threatened the hunger striking detainees with disciplinary shots for demonstrating.  To my knowledge, the Warden never visited the SHU during this time despite BOP policies requiring the warden to observe individuals on hunger strike.

8.      The following day, on February 6, 2024, I was transferred to MDC Los Angeles.  At MDC Los Angeles, I was told by Officer Cuevas that the shot was being expunged  for the screws based on lack of evidence.  My understanding is that MDC Los Angeles still has this paperwork.

9.      I was transferred back to FCI Dublin on Friday February 16, 2024.  I was greeted with tears by many of the other people on my unit who could not believe I was back.  Many incarcerated people told me that had been afraid they were going to placed in the SHU and while seeing me come back gave them hope they are still fearful that what they perceive as a reign of terror by staff will continue.

10.     On Monday February 19, I was called to SIS to retrieve my property. While I was there, SIS Officer Ferguson said he wanted to speak to me and we stepped into Lt. Baudizzon's office which was empty to talk.  Officer Ferguson was visibly upset and emotional and proceeded to tell me that him and Lt. Baudizzon were against my placement in the SHU and did not authorize it.  Officer Ferguson said that the Warden Dulgov and AW Deveney told him I had to be placed under investigation and put in the SHU and to "find something and that's an order."  Officer Ferguson told me that him and Lt. Baudizzon looked at my emails, phone calls, video visits, and accounts and reported to the Warden that they could not find any rules violations.  Despite all of this I was still placed in the SHU.

11.     Officer Ferguson went on to tell me that while I was in the SHU the Warden told him to write me up after I went on the hunger strike.  Officer Ferguson then interviewed everyone on the SHU regarding their reasons for the hunger strike and told the Warden there was no evidence I was organizing the strike and it appeared people were going on hunger strikes for their own reasons.  The Warden continued to tell Ferguson I needed to be written up as a threat to the institution so I could be transferred,  and I ultimately was transferred.  My understanding is there is some sort of order from the USAO requiring me to stay in California which I why I believe I was transferred to MDC Los Angeles instead of further away.

12.     I am afraid I will be retaliated against further.  When I returned on Friday staff, including Mr. Torrance and Ms. Agostini, were very confrontational with me and I believe they are not finished attempting to harm me or others to stop us from advocating for ourselves.  As a result, I am just trying to keep my head down and stay in my room.

/ / /

/ / /

/ / /

/ / /

/ / /

1    I declare under penalty of perjury under the laws of the United States of America

2  that the foregoing is true and correct to the best of my knowledge, and that this declaration

3  is executed at San Francisco, California this 20 day of February, 2024.

4

5

6                                         /s/ R███████ F███████

7                                         R███████ F███████

8    On February 20, 2024, at approximately 3:30 pm, due to the urgency of the issue

9  and the impossibility of immediately visiting the witness at FCI Dublin to obtain a

10  signature without the notice currently required by the BOP for such visits, I read the

11  contents of this declaration, verbatim, to R.F. by telephone.  R.F. orally confirmed that the

12  contents of the declaration were true and correct.  R.F. also orally granted me permission

13  to affix her signature to the declaration and to file the declaration in this manner.

14

15

16                                         /s/ Kara Janssen

17                                         Kara Janssen

18

19

20

21

22

23

24

25

26

27

28

DECL. OF R.F. IN SUPPORT OF PLAINTIFFS' RESPONSE TO UNITED STATES' RESPONSE TO OSC