1  JESSE LASLOVICH
   United States Attorney
2   MADISON L. MATTIOLI                    MARK STEGER SMITH
      MT Bar No. 36411284                    MT Bar No. 4160
3   ABBIE J.N. CZIOK                       TIMOTHY A. TATARKA
      MT Bar No. 55781377                    CA Bar No. 277219
4  Assistant U.S. Attorneys                Assistant U.S. Attorneys
   U.S. Attorney's Office                  U.S. Attorney's Office
5  901 Front Street, Suite 1100            James F. Battin Federal Courthouse
   Helena, MT 59626                        2601 2nd Ave. North, Suite 3200
6  Phone: (406) 457-5269 – Madison         Billings, MT 59101
         (406) 457-5268 – Abbie            Phone: (406) 247-4667 – Mark
7  Fax: (406) 457-5130                            (406) 247-4642 – Tim
   Email: madison.mattioli@usdoj.gov       Fax: (406) 657-6058
8         abbie.cziok@usdoj.gov            Email: mark.smith3@usdoj.gov
                                                  timothy.tatarka@usdoj.gov
9  Attorneys for Federal Defendants and
   Defendant United States of America

10

11
                    **IN THE UNITED STATES DISTRICT COURT**
12                **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

13 | CALIFORNIA COALITION FOR WOMEN
   | PRISONERS; R.B.; A.H.R.; S.L.; J.L.; J.M.;
14 | G.M.; A.S.; and L.T., individuals on behalf of
   | themselves and all others similarly situated,   CASE NO. 4:23-CV-04155-YGR
15 |
   |                Plaintiffs
16 |        v.
   |                                                 **UNITED STATES' ADMINISTRATIVE**
17 | UNITED STATES OF AMERICA FEDERAL                **MOTION TO FILE EXCERPTS UNDER SEAL**
   | BUREAU OF PRISONS, a governmental entity;       **AND REPLACE FILED DOCUMENTS WITH**
18 | BUREAU OF PRISONS DIRECTOR                      **REDACTED VERSIONS**
   | COLETTE PETERS, in her official capacity;
19 | FCI DUBLIN WARDEN THAHESHA JUSINO,              **FILED UNDER SEAL**
   | in her official capacity; OFFICER
20 | BELLHOUSE, in his individual capacity;
   | OFFICER GACAD, in his individual capacity;
21 | OFFICER JONES, in his individual capacity;
   | LIEUTENANT JONES, in her individual
22 | capacity; OFFICER LEWIS, in his individual
   | capacity; OFFICER NUNLEY, in his individual
23 | capacity, OFFICER POOL, in his individual
   | capacity, LIEUTENANT PUTNAM, in his
24 | individual capacity; OFFICER SERRANO, in
   | his individual capacity; OFFICER SHIRLEY, in
25 | his individual capacity; OFFICER SMITH, in his
   | individual capacity; and OFFICER VASQUEZ,
26 | in her individual capacity,

27                Defendants.

28

Pursuant to Civil Local Rules 79-5 of the United States District Court for the Northern District of California, the United States of America files this motion requesting that it be permitted to file excerpts of documents filed February 23, 2024, under seal and replace the inadvertently filed documents with redacted versions. These excerpts are subject to the protective order (doc. 127) and when disclosed to Plaintiffs are designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." (*Id*. at 3, section 2.8.)

The United States has filed with the Court a response to Doc. 163. (Doc. 172.) Attached to this response is a declaration of Dennis Wong (doc. 172-2) that contains analysis subject to the attorney work product privilege and information related to ongoing investigations, and the declaration of Patrick Deveney that similarly discusses analysis subject to the attorney work product privilege and information related to ongoing investigations (doc. 173). The responsive document at Doc. 172 contains summaries of these documents that discuss analysis subject to the attorney work product privilege and information related to ongoing investigations.

Good cause exists for this request. As grounds for this administrative motion, and in response to Plaintiffs' motion, the United States has satisfied Civil Local Rule 7-10, which requires:

> (1) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient;
>
> (2) evidentiary support from declarations where necessary; and
>
> (3) a proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed. Civil Local Rule 7-10(c).

The Privacy Act prohibits an agency from "disclos[ing] any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." 5 U.S.C. § 552a(b). A record, in turn, is defined as "any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his . . . medical history, and criminal or employment history and that contains his

1  name, or the identifying number, symbol, or other identifying particular assigned to the
2  individual." The medical records of these individuals are such records not subject to disclosure.
3  Dulgov also recognized in a prior declaration that it is important to keep medical records,
4  inmate's identities, and private information about inmates out of the public record, as they have
5  privacy rights to such information. Dulgov Declaration, Doc. 161, ¶¶ 6, 8, 17.
6       The United States does not have the written consent of these inmates to disclose their
7  health information to anyone, including the public or Plaintiff's counsel, and the only other way
8  it may disclose such information is through a court order. 5 U.S.C. § 552a(b)(11).
9       Sealing the documents containing private information of individuals is the narrowest way
10 to protect such information. Any disclosure at all would violate the Privacy Act. If the Court
11 would like the United States to disclose the sealed material to Plaintiffs' counsel, the United
12 States requests an order that would permit such disclosure. Docs. 172, 172-2 and 173 each
13 contain statements related to the personal information of non-parties.
14      Docs. 172, 172-2 and 173 each contain statements related to maintaining order and
15 security at FCI Dublin, as well as sensitive information related to ongoing investigations.
16 Maintaining the security of prisons is a compelling interest, as the issues of discipline, order,
17 safety, and security in penal institutions are crucial. *Cutter v. Wilkinson*, 544 U.S. 709, 723,
18 (2005); *Warsoldier v. Woodford*, 418 F.3d 989, 998 (9th Cir. 2005) (stating prison security
19 "clearly is" a compelling state interest). As Warden Dulgov stated in his February 17, 2024
20 declaration, information about how FCI Dublin is managed, including detailed suggestions about
21 oversight and policy enforcement, relates directly to institution security. (Doc. 161-3 at ¶¶ 6, 16.)
22 The processes for moving people into SHU, for decision-making about safety in SHU, and about
23 investigations into employee conduct is all sensitive information about institution security.
24 Dulgov also explained that preliminary assessments of alleged violations situations may lack
25 context and are subject to further investigation, so publicizing preliminary assessments may
26 harm the integrity of future assessments. (*Id.*) Thus, the information in Docs. 172, 172-2 and
27 173, which repeatedly discusses preliminary assessments, need to remain sealed.
28      The proposed order is narrowly tailored, as it only seeks to seal the portions of docs. 172,

172-2, and 173, related to the aforementioned concerns.

Therefore, to ensure continued security of the institution and maintain integrity of ongoing investigations, the United States requests that the Court enter an order under Civil Local Rule 79-5 to place the following documents filed February 23, 2024 under seal:

| Document and Portion of Document to be Sealed | Evidence in Support of Sealing | Ruling |
|---|---|---|
| Doc. 172 at 4, lines 18-26 | Doc. 161-3 at ¶¶ 6, 8, 16<br>5 U.S.C. § 552a (Privacy Act) | |
| Doc. 172-2 at 2, lines 1-20<br>Declaration of Dennis Wong | Doc. 161-3 at ¶¶ 6, 8, 16<br>5 U.S.C. § 552a (Privacy Act) | |
| Doc. 173 at 2, lines 18-28; 3, lines 1-11; 4, lines 27-28; 5, lines 1-16<br>Declaration of Patrick Deveney | Doc. 161-3 at ¶¶ 6, 8, 16<br>5 U.S.C. § 552a (Privacy Act) | |

WHEREFORE, the United States respectfully requests that the Court grant this Administrative Motion and enter the attached proposed order sealing the United States' documents and that the Clerk replace the publicly filed versions of 172, 172-2, and 173 with the attached redacted versions.

DATED this 23rd day of February, 2024.

JESSE A. LASLOVICH
United States Attorney

/s/ *Madison L. Mattioli*
MADISON L. MATTIOLI
ABBIE J.N. CZIOK
MARK STEGER SMITH
TIMOTHY A. TATARKA
Assistant U.S. Attorneys
Attorneys for United States