JESSE LASLOVICH
United States Attorney
MADISON L. MATTIOLI
    MT Bar No. 36411284
ABBIE J.N. CZIOK
    MT Bar No. 55781377
Assistant U.S. Attorneys
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5269 – Madison
       (406) 457-5268 – Abbie
Fax: (406) 457-5130
Email: madison.mattioli@usdoj.gov
       abbie.cziok@usdoj.gov

Attorneys for Defendant
United States of America

Attorneys for Federal Defendants.

MARK STEGER SMITH
    MT Bar No. 4160
TIMOTHY A. TATARKA
    CA Bar No. 277219
Assistant U.S. Attorneys
U.S. Attorney's Office
James F. Battin Federal Courthouse
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667 – Mark
       (406) 247-4642 – Tim
Fax: (406) 657-6058
Email: mark.smith3@usdoj.gov
       timothy.tatarka@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA COALITION FOR WOMEN PRISONERS; R.B.; A.H.R.; S.L.; J.L.; J.M.; G.M.; A.S.; and L.T., individuals on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS, a governmental entity; BUREAU OF PRISONS DIRECTOR COLETTE PETERS, in her official capacity; FCI DUBLIN WARDEN THAHESHA JUSINO, in her official capacity; OFFICER BELLHOUSE, in his individual capacity; OFFICER GACAD, in his individual capacity; OFFICER JONES, in his individual capacity; LIEUTENANT JONES, in her individual capacity; OFFICER LEWIS, in his individual capacity; OFFICER NUNLEY, in his individual capacity, OFFICER POOL, in his individual capacity, LIEUTENANT PUTNAM, in his individual capacity; OFFICER SERRANO, in his individual capacity; OFFICER SHIRLEY, in his individual capacity; OFFICER SMITH, in his individual capacity; and OFFICER VASQUEZ, in her individual capacity,<br><br>Defendants. | CASE NO. 4:23-CV-04155-YGR<br><br><br>**UNITED STATES' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER TO FILE UNDER SEAL** |

Pursuant to Civil Local Rules 79-5 of the United States District Court for the Northern District of California, the United States of America responds to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Doc. 178. Plaintiffs redacted information in their Reply in Support of their Post-Evidentiary Hearing Brief related to the Moss Report and FCI Dublin's processes regarding whether to place individuals in SHU. Doc. 177.

Good cause exists for this information to be sealed. In response to Plaintiffs' motion, the United States has satisfied the requirements of Civil Local Rule 79-5(c). It requires:

> (1) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient;

> (2) evidentiary support from declarations where necessary; and

> (3) a proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed.

Information in the Moss Group Report, cited in Plaintiffs' post-hearing brief, doc. 142, as Exhibit N, and arguments related to its contents should be sealed. Similarly, information regarding the processes and documentation for placing individuals in the SHU should be sealed. Maintaining the confidentiality of documents with detailed information about prison management (1) serves a compelling interest; (2) there is a substantial probability that, in the absence of sealing, this compelling interest would be harmed; and (3) there are no alternatives to sealing that would adequately protect the compelling interest. *See In re Copley Press, Inc*., 518 F.3d 1022, 1028 (9th Cir. 2008). Maintaining the security of prisons is a compelling interest, as the issues of discipline, order, safety, and security in penal institutions are crucial. *Cutter v. Wilkinson*, 544 U.S. 709, 723, (2005); *Warsoldier v. Woodford*, 418 F.3d 989, 998 (9th Cir. 2005) (stating prison security "clearly is" a compelling state interest).

If the documents filed under seal and the information in the documents were disclosed, the interest of prison security would be harmed. Declarations of Dulgov, docs. 159-2, 161-3. If the public and inmates had access to the information contained in the Moss Group Report, they could deduce any potential areas of current weakness in facility management and the steps that are being taken to address

them. This report analyzed norms and practices that may impact sexual safety and assessed the strengths and challenges of the facility, with detailed recommendations about staffing and supervision changes that should be made. Jan. 4, 2024 Trans. at 527:11–528:6. Knowledge of such details may provide enough insight into facility management that could be exploited to the detriment of inmate and employee safety. Dulgov Decl., doc. 159-2 at ¶ 6; *see* Jan. 3, 2024 Trans. at 200:6–15 (explaining that when routines are too established, it presents a risk to the institution); Jan. 9, 2024 Trans. at 1180:15–25, 1204:19–1205:4 (same). Information could possibly be reverse engineered to understand daily operations and patterns in the prison. Again, given the contraband issue at the prison, any identified weaknesses—like staffing levels at different times, and suggested but not implemented interventions— could be exploited to continue the introduction and distribution of contraband. This could harm the interest of prison security that is meant to keep both employees and inmates safe.

The information about policies and practices for placing individuals in SHU is likewise related to institution security and safety and should be redacted. As Warden Dulgov stated in his February 17, 2024 declaration, information about how FCI Dublin is managed, including detailed suggestions about oversight and policy enforcement, relates directly to institution security. Doc. 161-3 at ¶¶ 6, 16. The processes for moving people into SHU, for decision-making about safety in SHU, and about investigations into employee conduct is all sensitive information about institution security. Dulgov also explained that preliminary assessments of alleged violation situations may lack context and are subject to further investigation, so publicizing preliminary assessments may harm the integrity of future assessments. *Id.* Thus, the information in document 177 needs to remain sealed.

Sealing the documents and any analysis in the briefing of sensitive documents is the narrowest way to protect such information. The United States does not seek to seal entire briefs or argument, but only those very few portions of the brief discussing sensitive documents. It also seeks to seal one specific document.

A proposed order is attached that is narrowly tailored to seal these materials and lists the pages and lines of the material to be redacted on specific filings.

Therefore, to preserve institution safety and security, the United States requests that the Court enter an order under Civil Local Rule 79-5 to maintain under seal the portions of Plaintiffs' pleadings

they filed under seal:

| Document and Portion of Document to be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Plaintiffs' Reply re: Post-Hearing Br. (Doc. 177): ECF pg. 10:10–12; 6:17 | Dulgov. Decl., 159-2; PI Trans. at 25:17–26:9; 29:5–22; 90:3–20; 200:6–15; 1204:19–1205:4 | |
| Plaintiffs' Reply re: Post-Hearing Br. (Doc. 177): ECF pg. 14:13 | Dulgov. Decl. 161-3; PI Trans. at 25:17–26:9; 29:5–22; 90:3–20; 183:7–21; 200:6–15; 1204:19–1205:4 | |
| Plaintiffs' Reply re: Post-Hearing Br. (Doc. 177): ECF pg. 14:27 – 15:1–2 | Dulgov. Decl. 161-3; PI Trans. at 25:17–26:9; 29:5–22; 90:3–20; 183:7–21; 200:6–15; 1204:19–1205:4 | |
| | | |
| United States' PI Exhibit N | Dulgov. Decl., 159-2; PI Trans. at 25:17–26:9; 29:5–22; 90:3–20; 183:7–21; 200:6–15; 1204:19–1205:4 | |

WHEREFORE, the United States respectfully requests that the Court enter the attached proposed order sealing excerpts of the Plaintiffs' filings.

Filed this 1st day of March, 2024.

JESSE A. LASLOVICH
United States Attorney


/s/ ABBIE J.N. CZIOK
MADISON L. MATTIOLI
ABBIE J.N. CZIOK
MARK STEGER SMITH
TIMOTHY A. TATARKA
Assistant U.S. Attorneys
Attorneys for Federal Defendants