1  PHILLIP A. TALBERT
   United States Attorney
2  VICTORIA L. BOESCH
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA  95814
4  Telephone:  (916) 554-2700

5

6  Attorneys for the United States

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10 M.R.                                )  Case No. 4:22-CV-05137-YGR
                                       )
11          Plaintiff,                 )  RELATED TO:
                                       )  23-cv-02342-YGR
12 v.                                  )  23-cv-03475-YGR
                                       )  23-cv-03558-YGR
13 FEDERAL CORRECTIONAL INSTITUTION    )  23-cv-02206-YGR
   "FCI" DUBLIN; ROSS KLINGER; RAY J.  )  23-cv-04698-YGR
14 GARCIA; UNITED STATES OF AMERICA    )  23-cv-02201-YGR
                                       )  23-cv-03562-YGR
15          Defendants.                )  23-cv-03700-YGR
                                       )  23-cv-05356-YGR
16                                     )  23-cv-02668-YGR
                                       )  23-cv-03538-YGR
17                                     )  22-cv-08924-YGR
                                       )  23-cv-02135-YGR
18                                     )  23-cv-02405-YGR
                                       )  23-cv-04155-YGR
19                                     )  23-cv-03716-YGR
                                       )  23-cv-03994-YGR
20                                     )  22-cv-07704-YGR
                                       )  23-cv-03997-YGR
21                                     )  23-cv-03641-YGR
                                       )  23-cv-04437-YGR
22                                     )  23-cv-04434-YGR
                                       )  23-cv-05339-YGR
23                                     )  23-cv-03390-YGR
                                       )  23-cv-04317-YGR
24                                     )  23-cv-04283-YGR
                                       )  23-cv-04435-YGR
25                                     )  23-cv-04361-YGR
                                       )  23-cv-04436-YGR
26                                     )  23-cv-04321-YGR
                                       )  23-cv-03827-YGR
27                                     )  23-cv-04691-YGR
                                       )  23-cv-02986-YGR
28 _____)  23-cv-05392-YGR

[PROPOSED] ORDER PERMITTING EXPERTS TO ENTER
BOP FACILITIES TO CONDUCT EVALUATIONS OF PLAINTIFFS                    1

)   23-cv-04611-YGR
)   23-cv-05294-YGR
)   23-cv-05821-YGR
)   22-cv-09096-YGR
)   ~~23-cv-06150-JSW~~
)   ~~23-cv-05374-RFL~~
)   23-cv-05343-YGR
)   23-cv-05623-YGR
)   23-cv-06146-YGR   23-cv-06517-YGR
)   23-cv-06285-YGR
)   23-cv-06330-YGR   23-cv-00602-YGR
)
)   [~~PROPOSED~~] ORDER
)   PERMITTING EXPERTS TO ENTER BOP
)   FACILITIES TO CONDUCT EVALUATIONS
)   OF PLAINTIFFS
)   AS MODIFIED BY THE COURT

THIS COURT HEREBY ORDERS that in anticipation of mediating the foregoing cases, all Bureau of Prisons ("BOP") facilities that have custody of any of the Plaintiffs in the above-captioned case shall permit retained medical experts to enter the facility to conduct a psychological, psychiatric, or other mental health evaluation of those Plaintiffs, subject to the following provisions:

1.      If Plaintiff wishes to conduct the evaluation, the Plaintiff's counsel must contact both the Assistant U.S. Attorney(s) assigned to that Plaintiff's case and the BOP facility at which the Plaintiff is housed to coordinate the evaluations, which shall include providing the names and credentials of the retained experts in advance for BOP vetting for security purposes only. If Defendant United States ("Defendant") wishes to conduct the evaluation, Defendant's counsel must contact both the Plaintiff's counsel and the BOP facility at which the Plaintiff is housed to coordinate the evaluations, which shall include providing the names and credentials of the retained experts in advance for BOP vetting for security purposes only. Absent receiving leave of Court, Defendant shall not conduct the evaluation of Plaintiff unless the Plaintiff was already evaluated by Plaintiff's retained expert pursuant to this Order. Nothing in this Order shall be read to permit Defendant to perform a psychological examination of a Plaintiff later in the litigation when the discovery stay is lifted unless and until the requirements of Federal Rule of Civil Procedure 35 are met.  Nothing in this Order shall be read to excuse the Parties from entering into a stipulation defining the scope of Defendant's proposed examination. Nothing in this Order shall be read to prohibit Plaintiff from seeking Court intervention to limit the scope of Defendant's proposed examination if the Parties cannot reach a stipulation. If Defendant evaluates a

Plaintiff subject to this Order, and litigation ensues, the Defendant cannot conduct further examination of that Plaintiff without leave of the Court or a stipulation from Plaintiff's counsel.

2.      Evaluations for any individual Plaintiff shall be a maximum of 8 hours total for each side. A party must seek the Court's leave to conduct an evaluation that exceeds a total of 8 hours, which will not be granted absent a showing that the additional time is required to properly conduct the evaluation. Evaluations shall have a four hour a day limit. The second day, if needed, will take place as close in time as possible to the first day.

3.       For in-person evaluations, the BOP shall provide a private confidential room for the evaluation.

4.      For evaluations that will not be conducted in-person, the requesting party shall confer with the BOP to determine an alternative means of conducting the evaluation based on the capabilities of the facility, BOP rules and regulations, and the need for prison administration. These means will include videoconference technology or, if that is not available or not feasible, other forms of telecommunications. The BOP shall not be required to proctor or otherwise assist in any evaluation, whether in-person or remote.

5.      All experts and counsel must follow all BOP rules, regulations, and protocols for the evaluations.

6.      All evaluations, reports, or documents created pursuant to this Order shall be given an Attorney's Eyes Only (AEO) designation, and may only be viewed by the following until any AEO designation is removed by order of the Court: (1) the Plaintiff to whom the evaluations, reports, or documents pertain; (2) attorneys, paralegals, and/or legal staff representing the Plaintiffs; (3) attorneys, paralegals, and/or legal staff of the United States Attorney's Offices representing the United States in this litigation; (4) attorneys, paralegals, and/or legal staff of the Department of Justice Torts Branch; (5) regional counsel, and their paralegals and/or legal staff, for the Federal Bureau of Prisons; (6) national counsel, and their paralegals and/or legal staff, for the Federal Bureau of Prisons; (7) mediators retained by the parties and the mediators' support staff; or (8) court personnel.

7.      All evaluations are subject to the mediation privilege and conducted for that purpose.  A Party can choose to use an evaluation commissioned by that Party for cases that ultimately go to

litigation, but an evaluation under this Order otherwise does not bind a Party to the opinions.  Opinions expressed in the pre-mediation evaluations under this order cannot be used for any other purpose than mediation unless the party who commissioned the evaluation agrees.

Respectfully Submitted,

Dated: February 8, 2024                                 THE PRIDE LAW FIRM

*/s/ Jessica K. Pride (authorized 2/8/24)*
Jessica K. Pride
Counsel for Plaintiffs M.R., M.S., D.V., A.J.,
C.C., J.A., A.R., D.S., L.A., Y.S., L.C., S.M.,
J.O., J.C., N.P., R.R., C.B., C.M., V.G., C.G.

Dated: February 7, 2024                                  LAW OFFICE OF ALANA MCMAINS

*/s/ Alana L. McMains (authorized 2/7/24)*
Alana L. McMains
Attorney for Plaintiff A.C.

THE JACOB D. FUCHSBERG LAW FIRM,
LLP

Dated: February 13, 2024                          */s/ Jaehyun Oh (authorized 2/13/24)*
JAEHYUN OH*
NY Bar No. 5668512
* *Pro hac vice* application to be submitted in
connection with prospective lawsuits for 36
related claimants
Counsel for T.G. and S.R.V. (4:23-cv-06285-
YGR)

Rosen Bien Galvan & Grunfeld LLP

*/s/ Kara Janssen (authorized 2/13/24)*
Kara Janssen
As Local Counsel for The Jacob D. Fuchsberg
Law Firm, LLP, Only

Dated: February 13, 2024

PHILLIP A. TALBERT
United States Attorney

By: */s/ Victoria L. Boesch*
VICTORIA L. BOESCH
Assistant United States Attorney

*Counsel for the United States of America*

Acting under authority conferred by 28
U.S.C. § 515


IT IS SO ORDERED.


DATED: ___March 13___, 2024

_____
HONORABLE ALEX G. TSE
United States Magistrate Judge