| | |
|---|---|
| JESSE LASLOVICH<br>United States Attorney<br>MADISON L. MATTIOLI<br>  MT Bar No. 36411284<br>ABBIE J.N. CZIOK*<br>  MT Bar No. 55781377<br>Assistant U.S. Attorneys<br>U.S. Attorney's Office<br>901 Front Street, Suite 1100<br>Helena, MT 59626<br>Phone: (406) 457-5269 – Madison<br>      (406) 457-5268 – Abbie<br>Fax: (406) 457-5130<br>Email: madison.mattioli@usdoj.gov<br>        abbie.cziok@usdoj.gov | MARK STEGER SMITH<br>  MT Bar No. 4160<br>TIMOTHY A. TATARKA<br>  CA Bar No. 277219<br>Assistant U.S. Attorneys<br>U.S. Attorney's Office<br>James F. Battin Federal Courthouse<br>2601 2nd Ave. North, Suite 3200<br>Billings, MT 59101<br>Phone: (406) 247-4667 – Mark<br>      (406) 247-4642 – Tim<br>Fax: (406) 657-6058<br>Email: mark.smith3@usdoj.gov<br>       timothy.tatarka@usdoj.gov |

Attorneys for Defendant
United States of America

Attorneys for Federal Defendants.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CALIFORNIA COALITION FOR WOMEN PRISONERS; R.B.; A.H.R.; S.L.; J.L.; J.M.; G.M.; A.S.; and L.T., individuals on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs<br>  v.<br><br>UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS, a governmental entity; BUREAU OF PRISONS DIRECTOR COLETTE PETERS, in her official capacity; FCI DUBLIN WARDEN THAHESHA JUSINO, in her official capacity; OFFICER BELLHOUSE, in his individual capacity; OFFICER GACAD, in his individual capacity; OFFICER JONES, in his individual capacity; LIEUTENANT JONES, in her individual capacity; OFFICER LEWIS, in his individual capacity; OFFICER NUNLEY, in his individual capacity, OFFICER POOL, in his individual capacity, LIEUTENANT PUTNAM, in his individual capacity; OFFICER SERRANO, in his individual capacity; OFFICER SHIRLEY, in his individual capacity; OFFICER SMITH, in his individual capacity; and OFFICER VASQUEZ, in her individual capacity,<br><br>          Defendants. | CASE NO. 4:23-CV-04155-YGR<br><br>**UNITED STATES' ADMINISTRATIVE MOTION FOR *IN CAMERA* REVIEW AND TO FILE DOCUMENT UNDER SEAL** |

Pursuant to Civil Local Rules 79-5 of the United States District Court for the Northern District of California, the United States of America respectfully requests that it be permitted to file an exhibit to a concurrent filing under seal and that such document be reviewed *in camera*. This document contains highly sensitive information the disclosure of which would be detrimental to operations and security.

Good cause exists for this request. As grounds for this administrative motion, the United States has satisfied the requirements of Civil Local Rule 7-10. It requires:

> (1) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient;
>
> (2) evidentiary support from declarations where necessary; and
>
> (3) a proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed. Civil Local Rule 7-10(c).

Maintaining the confidentiality of documents with detailed information about prison management and security (1) serves a compelling interest; (2) there is a substantial probability that, in the absence of sealing, this compelling interest would be harmed; and (3) there are no alternatives to sealing that would adequately protect the compelling interest. *See In re Copley Press, Inc*., 518 F.3d 1022, 1028 (9th Cir. 2008). Maintaining the security of prisons is undoubtedly a compelling interest, as the issues of discipline, order, safety, and security in penal institutions are crucial. *Cutter v. Wilkinson*, 544 U.S. 709, 723, (2005); *Warsoldier v. Woodford*, 418 F.3d 989, 998 (9th Cir. 2005) (stating prison security "clearly is" a compelling state interest).

If the document filed under seal and the information in it were disclosed, the interest of prison security would be harmed. Declaration of William W. Lothrop. The content of the exhibit attached to this notice contains highly sensitive information. It relates to the management of FCI Dublin, including details about operational decisions and future planning at the facility. Disclosure of such information to the public, to inmates, and even to opposing counsel would be detrimental to facility management and would increase risk to BOP staff and inmates alike. Lothrop Decl. ¶¶ 3-4.

Further, reviewing this document *in camera* is appropriate under the circumstances. The

information contained in the exhibit is highly sensitive material that should not be disclosed to the public or opposing counsel. Lothrop Decl. ¶¶ 3-4.

Sealing the document is the narrowest way to protect such information. Federal Defendants only seek to seal the short exhibit to the notice document.

A proposed order is attached that is narrowly tailored to seal this document.

Therefore, to ensure the safety of prison employees and inmates, the United States requests that the Court enter an order under Civil Local Rule 79-5 to place Exhibit 1 to the United States' Notice of *ex parte* Communication under seal and review the document *in camera*:

| Document and Portion of Document to be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit 1 to Notice of e*x parte* Communication | Lothrop Decl. | |

WHEREFORE, the United States respectfully requests that the Court grant this Administrative Motion and enter the attached proposed order sealing the United States' filing.

Dated this 27th day of March, 2024.

JESSE A. LASLOVICH
United States Attorney

/s/ *Abbie J.N. Cziok*
ABBIE J.N. CZIOK
MADISON L. MATTIOLI
MARK STEGER SMITH
TIMOTHY A. TATARKA
Assistant U.S. Attorneys
Attorneys for Federal Defendants