1 | JESSE LASLOVICH
United States Attorney
2 |   MADISON L. MATTIOLI
    MT Bar No. 36411284
3 | ABBIE J.N. CZIOK
    MT Bar No. 55781377
4 | Assistant U.S. Attorneys
U.S. Attorney's Office
5 | 901 Front Street, Suite 1100
Helena, MT 59626
6 | Phone: (406) 457-5269 – Madison
     (406) 457-5268 – Abbie
7 | Fax: (406) 457-5130
Email: madison.mattioli@usdoj.gov
8 |      abbie.cziok@usdoj.gov

MARK STEGER SMITH
  MT Bar No. 4160
TIMOTHY A. TATARKA
  CA Bar No. 277219
Assistant U.S. Attorneys
U.S. Attorney's Office
James F. Battin Federal Courthouse
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667 – Mark
     (406) 247-4642 – Tim
Fax: (406) 657-6058
Email: mark.smith3@usdoj.gov
     timothy.tatarka@usdoj.gov

9 | Attorneys for Federal Defendants and
Defendant United States of America.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CALIFORNIA COALITION FOR WOMEN PRISONERS; R.B.; A.H.R.; S.L.; J.L.; J.M.; G.M.; A.S.; and L.T., individuals on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs<br>  v.<br><br>UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS, a governmental entity; BUREAU OF PRISONS DIRECTOR COLETTE PETERS, in her official capacity; FCI DUBLIN WARDEN THAHESHA JUSINO, in her official capacity; OFFICER BELLHOUSE, in his individual capacity; OFFICER GACAD, in his individual capacity; OFFICER JONES, in his individual capacity; LIEUTENANT JONES, in her individual capacity; OFFICER LEWIS, in his individual capacity; OFFICER NUNLEY, in his individual capacity, OFFICER POOL, in his individual capacity, LIEUTENANT PUTNAM, in his individual capacity; OFFICER SERRANO, in his individual capacity; OFFICER SHIRLEY, in his individual capacity; OFFICER SMITH, in his individual capacity; and OFFICER VASQUEZ, in her individual capacity,<br><br>          Defendants. | CASE NO. 4:23-CV-04155-YGR<br><br>**UNITED STATES' ADMINISTRATIVE MOTION FOR *IN CAMERA* REVIEW AND TO FILE DOCUMENTS UNDER SEAL** |

Pursuant to Civil Local Rules 79-5 of the United States District Court for the Northern District of California, the United States of America respectfully requests that it be permitted to file documents under seal and that such documents be initially reviewed *in camera*. These documents contain sensitive information regarding detention facility safety and security.

Good cause exists for this request. As grounds for this administrative motion, the United States has satisfied the requirements of Civil Local Rule 7-10. It requires:

> (1) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient;

> (2) evidentiary support from declarations where necessary; and

> (3) a proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed. Civil Local Rule 7-10(c).

Maintaining the confidentiality of documents with detailed information about prison management and security (1) serves a compelling interest; (2) there is a substantial probability that, in the absence of sealing, this compelling interest would be harmed; and (3) there are no alternatives to sealing that would adequately protect the compelling interest. *See In re Copley Press, Inc*., 518 F.3d 1022, 1028 (9th Cir. 2008). Maintaining the security of prisons is undoubtedly a compelling interest, as the issues of discipline, order, safety, and security in penal institutions are crucial. *Cutter v. Wilkinson*, 544 U.S. 709, 723, (2005); *Warsoldier v. Woodford*, 418 F.3d 989, 998 (9th Cir. 2005) (stating prison security "clearly is" a compelling state interest).

If the documents filed under seal and the information in them were disclosed, the interest of prison security would be harmed. (Doc. 236-2 (Declaration of William W. Lothrop).) The documents contain sensitive information, and disclosure of such information to the public or to adults in custody would be detrimental to facility management and would increase risk to BOP staff and inmates alike. (Doc. 236-2, ¶¶ 3-4.)

Further, reviewing these documents *in camera*, at least initially, is appropriate under the circumstances. The information contained in the documents is sensitive material that should not be

disclosed to the public at this time. (Doc. 236-2, ¶¶ 3-4.)

Sealing the documents is the narrowest way to protect such information. Federal Defendants only seek to seal a short Notice and exhibit.

A proposed order is attached that is narrowly tailored to seal these documents.

Therefore, to ensure the safety of prison employees and adults in custody, the United States requests that the Court enter an order under Civil Local Rule 79-5 to place Exhibit 1 to the United States' Notice of Witness Transfer under seal and review the documents *in camera*:

| Document and Portion of Document to be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| U.S.' April 1, 2024 Notice | Doc. 236-2 | |
| Exhibit 1 to April 1, 2024 Notice | Doc. 236-2 | |

WHEREFORE, the United States respectfully requests that the Court grant this Administrative Motion and enter the attached proposed order sealing the United States' filings.

Dated this 1st day of April, 2024.

JESSE A. LASLOVICH
United States Attorney

/s/ *Madison L. Mattioli*
MADISON L. MATTIOLI
ABBIE J.N. CZIOK
MARK STEGER SMITH
TIMOTHY A. TATARKA
Assistant U.S. Attorneys
Attorneys for Federal Defendants