JESSE LASLOVICH
United States Attorney
MADISON L. MATTIOLI
  MT Bar No. 36411284
ABBIE J.N. CZIOK
  MT Bar No. 55781377
Assistant U.S. Attorneys
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5269 – Madison
          (406) 457-5268 – Abbie
Fax: (406) 457-5130
Email: madison.mattioli@usdoj.gov
            abbie.cziok@usdoj.gov

MARK STEGER SMITH
  MT Bar No. 4160
TIMOTHY A. TATARKA
  CA Bar No. 277219
Assistant U.S. Attorneys
U.S. Attorney's Office
James F. Battin Federal Courthouse
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667 – Mark
          (406) 247-4642 – Tim
Fax: (406) 657-6058
Email: mark.smith3@usdoj.gov
            timothy.tatarka@usdoj.gov

Attorneys for Federal Defendants and
Defendant United States of America.

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA COALITION FOR WOMEN PRISONERS; R.B.; A.H.R.; S.L.; J.L.; J.M.; G.M.; A.S.; and L.T., individuals on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs<br>                    v.<br><br>UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS, a governmental entity; BUREAU OF PRISONS DIRECTOR COLETTE PETERS, in her official capacity; FCI DUBLIN WARDEN N.T. McKINNEY, in her official capacity; OFFICER BELLHOUSE, in his individual capacity; OFFICER GACAD, in his individual capacity; OFFICER JONES, in his individual capacity; LIEUTENANT JONES, in her individual capacity; OFFICER LEWIS, in her individual capacity; OFFICER NUNLEY, in his individual capacity, OFFICER POOL, in his individual capacity, LIEUTENANT PUTNAM, in his individual capacity; OFFICER SERRANO, in his individual capacity; OFFICER SHIRLEY, in his individual capacity; OFFICER SMITH, in his individual capacity; and OFFICER VASQUEZ, in her individual capacity,<br><br>                    Defendants. | CASE NO. 4:23-CV-04155-YGR<br><br><br><br>**UNITED STATES' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendants United States of America, Colette Peters, in her official capacity, and N.T. McKinney, in her official capacity, hereby respond to Plaintiffs' first amended complaint (dkt. 152). The numbering below corresponds with the numbering in the first amended complaint.

1-2.    The United States admits that through May 1, 2024, FCI Dublin housed female inmates in its low security prison and adjacent Satellite Camp, but denies the remaining allegations in paragraphs 1 and 2 of the first amended complaint.

3.    The United States admits that computers used to access confidential reporting systems were located in common spaces at FCI Dublin and the adjacent Satellite Camp, but denies all remaining allegations in paragraph 3 of the first amended complaint.

4.    The United States admits that the Permanent Subcommittee on Investigations issued a report in December 2022 (the Senate Report). The Senate Report has been reduced to writing and constitutes the best evidence of its contents. The United States denies all remaining allegations in paragraph 4 of the first amended complaint.

5.    The United States admits that eight former FCI Dublin employees have been charged with various crimes related to sexual misconduct at the facility from 2019 to 2021, but lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the first amended complaint and therefore denies them.

6.    The United States admits that numerous civil actions have been filed against former FCI Dublin employees, but currently lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the first amended complaint therefore denies them.

7-10.    The United States denies the allegations in paragraphs 7 through 10 of the first amended complaint.

11.    The United States denies the allegations in paragraph 11 of the first amended complaint.

12-13. Responding to the allegations in paragraphs 12 and 13 of the first amended complaint, the United States admits that federal district courts: have original jurisdiction over all civil actions arising under the Constitution; in a case of actual controversy within its jurisdiction, may declare the rights and other legal relations of any interested party seeking such declaration; have exclusive jurisdiction over claims brought against the United States under 28 U.S.C. § 1346(b) and §§ 2671-80 (the Federal Tort

2

Claims Act), and admits that the FTCA provides a limited waiver of the United States' sovereign immunity when its employees are negligent in limited circumstances. But the United States denies Plaintiffs' have established jurisdiction in this case. The United States denies that venue is appropriate in this Court. Finally, the United States denies that 28 U.S.C. §§ 1332 or 1367(a) apply to claims brought under the FTCA.

14.     The United States admits that the California Coalition for Women Prisoners (CCWP) is an organizational Plaintiff in this matter, but currently lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the first amended complaint and therefore denies them.

15.     The United States denies the allegations in paragraph 15 of the first amended complaint.

16.     The United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the first amended complaint and therefore denies them.

17.     The United States denies the allegations in paragraph 17 of the first amended complaint.

18.     The United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the first amended complaint and therefore denies them.

19.     The United States admits that Plaintiff R.B. was in the custody and control of BOP while incarcerated at FCI Dublin from 2013 to 2024, but currently lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the first amended complaint and therefore denies them.

20.     The United States admits that Plaintiff A.H.R. was in the custody and control of BOP while incarcerated at FCI Dublin from 2019 to 2024, and that he is a transgender man and uses he/him pronouns, but currently lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the first amended complaint and therefore denies them.

21.     The United States admits that Plaintiff S.L. was in the custody and control of BOP while incarcerated at FCI Dublin from 2016 to 2024, but currently lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the first amended complaint and therefore denies them.

22.    The United States admits that Plaintiff J.L. was in the custody and control of BOP while incarcerated at FCI Dublin from 2020 to 2024, but currently lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the first amended complaint and therefore denies them.

23.    The United States admits that Plaintiff J.M. was in the custody and control of BOP while incarcerated at FCI Dublin from 2018 to 2024, but currently lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the first amended complaint and therefore denies them.

24.    The United States admits that Plaintiff G.M. was in the custody and control of BOP while incarcerated at FCI Dublin from 2020 to 2023, but currently lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the first amended complaint and therefore denies them.

25.    The United States admits that Plaintiff A.S. was in the custody and control of BOP while incarcerated at FCI Dublin from 2020 to 2024, but currently lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the first amended complaint and therefore denies them.

26.    The United States admits that Plaintiff L.T. was in the custody and control of BOP while incarcerated at FCI Dublin from 2019 to 2023, but currently lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the first amended complaint and therefore denies them.

27.    The United States admits that it is in possession and control of FCI Dublin and adjacent Satellite Camp, and that it has waived sovereign immunity for certain claims under the FTCA, but currently lacks information sufficient to form a belief as to whether it has waived sovereign immunity for Plaintiffs' claims, and therefore denies that allegation. The United States denies the remaining allegations in paragraph 27 of the first amended complaint.

28.    Responding to paragraph 28 of the first amended complaint, the United States admits that, pursuant to 18 U.S.C. § 4042(a)(1)-(3), "[t]he Bureau of Prisons, under the direction of the Attorney General, shall have charge of the management and regulation of all Federal penal and

4

correctional institutions; provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise; [and] provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." The United States further admits that authority has been delegated to the Federal Bureau of Prisons to develop and enforce policies consistent with the United States Constitution and to ensure that employees of the Federal Bureau of Prisons comply with this policy. The United States denies all remaining allegations in paragraph 28 of the first amended complaint.

29.    The United States admits the first sentence of paragraph 29 of the first amended complaint. The United States admits that, until May 1, 2024, FCI Dublin operated as a federal female low security correctional institution with an adjacent minimum security Satellite Camp located at 5701 8th Street, Dublin, California.

30.    The United States admits the allegations in paragraph 30 of the first amended complaint.

31.    The United States denies that Art Dulgov is the current Warden of FCI Dublin.

32-43. The United States admits the first sentences of paragraphs 32 through 43. As the remaining allegations in paragraphs 32 through 43 are directed toward individual capacity defendants, no response from the United States is required. To the extent a response is required, the United States currently lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 32 through 43, and therefore denies them.

44.    The United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the first amended complaint, and therefore denies them.

45.    The United States denies the allegations in paragraph 45 of the first amended complaint.

46.    The allegations in paragraph 46 of the first amended complaint are directed toward individual capacity defendants, no response from the United States is required. To the extent a response is required, the United States denies the allegations paragraph 46 of the first amended complaint.

47-58. Responding to the allegations in paragraphs 47 through 58 of the first amended complaint, the United States asserts that all individual damage claims are presently stayed pursuant to this Court's Order at Dkt. 64, and no response is required. To the extent a response is required, the

United States currently lacks information sufficient to form a belief as to the truth of the allegations contained in paragraphs 47 through 58 of the first amended complaint and therefore denies them.

59-68. The allegations in paragraph 59 through 68 of the first amended complaint contain statements of law to which no response is required. To the extent a response is required, the United States denies the allegations in paragraph 59 through 68 of the first amended complaint.

69.     The United States denies the allegations in paragraph 69 of the first amended complaint.

70.     Responding to the allegations in paragraph 70 of the first amended complaint, the United States admits that former FCI Dublin Warden Ray Garcia was charged and convicted in *United States v. Garcia*, No. CR-21-429-YGR (N.D. Cal.). Any statements made during that trial were transcribed and reduced to writing, and those transcripts are the best evidence of their contents. The United States denies the remaining allegations in paragraph 70 of the first amended complaint.

71.     The United States denies the allegations in paragraph 71 of the first amended complaint.

72.     Responding to the allegations in paragraph 72 of the first amended complaint, the United States denies Plaintiffs' characterizations of court documents from the 1990s and 2000s as referenced in the Senate Report. The court documents are reduced to writing and constitute the best evidence of their contents. The United States denies the remaining allegations in paragraph 72 of the first amended complaint.

73.     Responding to the allegations in paragraph 73 of the first amended complaint, the United States denies Plaintiffs' characterizations of *Lucas v. White*, 63 F. Supp. 2d 1046, 1051 (N.D. Cal. 1999). Any agreements resulting from that lawsuit have been reduced to writing and constitute the best evidence of their contents. The United States denies the remaining allegations in paragraph 73 of the first amended complaint.

74.     Responding to the allegations in paragraph 74 of the first amended complaint, the United States admits that the Subcommittee on National Security issued a memorandum titled "Majority Staff Memorandum, Independent Investigations and Employee Discipline at the Bureau of Prisons" on Jan. 2, 2019 (National Security Memorandum). This memorandum has been reduced to writing and constitutes the best evidence of its contents. The United States denies the remaining allegations in paragraph 74 of the first amended complaint.

75. Responding to the allegations in paragraph 75 of the first amended complaint, the United States denies Plaintiffs' characterizations of the April 2005 Department of Justice, Office of the Inspector General report. This memorandum has been reduced to writing and constitutes the best evidence of its contents.

76. Responding to the allegations in paragraph 76 of the first amended complaint, the United States denies Plaintiffs' characterizations of the media reports referenced in the Senate Report. The Senate Report has been reduced to writing and constitutes the best evidence of its contents.

77. Responding to the allegations in paragraph 77 of the first amended complaint, the United States denies Plaintiffs' characterizations of the 2019 Congressional House Subcommittee on National Security Memorandum. This memorandum has been reduced to writing and constitutes the best evidence of its contents.

78. Responding to the allegations in paragraph 78 of the first amended complaint, the United States admits that beginning several years ago, currently and formerly incarcerated people came forward with allegations of staff sexual abuse at FCI Dublin, and that Victoria R. Peterson sued William Martinez, et al., in *Peterson v. Martinez*, No. 3:19-CV-1447-WHO (N.D. Cal.). The United States denies all remaining allegations in paragraph 78 of the first amended complaint.

79. Responding to the allegations in paragraph 79 of the first amended complaint, the United States admits that it prosecuted former FCI Dublin chaplain James Highhouse in *United States v. Highhouse*, No. 4:22-CR-16-HSG (N.D. Cal.). Court documents from that prosecution constitute the best evidence of the facts Highhouse admitted to and the sentence he received.

80. Responding to the allegations in paragraph 80 of the first amended complaint, the United States admits that DOJ has indicted eight BOP employees, including the former warden and chaplain, for sexual abuse of inmates housed at FCI Dublin. Court documents from those prosecutions constitute the best evidence of the facts admitted to or proven at trial and the sentences imposed. The United States admits that BOP has placed additional FCI Dublin staff members on administrative leave pending investigations into various allegations, including sexual abuse.

81-83, 85-87. Responding to the allegations in paragraphs 81 through 83 and 85 through 87 of the first amended complaint, the United States admits that it prosecuted former FCI Dublin employees

Ross Klinger, Ray Garcia, John Bellhouse, Enrique Chavez, Darrell Smith, Andrew Jones, and Nakie Nunley for various crimes related to the sexual abuse of inmates housed at FCI Dublin. Court documents from those prosecutions constitute the best evidence of the facts admitted to or proven at trial and the sentences imposed. The United States denies the remaining allegations in paragraphs 81 through 83 and 85 through 87 of the first amended complaint.

84.     Responding to the allegations in paragraph 84 of the first amended complaint, the United States admits that Nicholas Ramos died by suicide while on administrative leave pending investigation into allegations of sexual abuse of incarcerated women. The United States denies the remaining allegations in paragraph 84 of the first amended complaint.

88-91. Responding to the allegations in paragraphs 88 through 91 of the first amended complaint, the United States admits only that FCI Dublin was the subject of a 2022 Associated Press investigation into conditions at the prison. The conclusions of this investigation have been reduced to writing in various articles, and these articles constitute the best evidence of their contents. The United States denies the remaining allegations in paragraphs 88 through 91 of the first amended complaint.

92.     Responding to the allegations in paragraph 92 of the first amended complaint, the United States admits that U.S. Senators Dick Durbin (D-IL), Chuck Grassley (R-IA), Dianne Feinstein (D-CA) and Alex Padilla (D-CA), sent a letter to Attorney General (AG) Merrick Garland and Deputy Attorney General (DAG) Lisa Monaco on December 12, 2022. This letter has been reduced to writing and constitutes the best evidence of its contents. The United States denies the remaining allegations in paragraph 92 of the first amended complaint.

93-98. Responding to the allegations in paragraphs 93 through 98 of the first amended complaint, the United States admits that DAG Monaco ordered the creation of a DOJ Working Group "to review the Department's approach to rooting out and preventing sexual misconduct by BOP employees." The Working Group issued a report in November 2022, which constitutes the best evidence of its contents. The United States denies any remaining allegations in paragraphs 93 through 98 of the first amended complaint.

99-101. Responding to the allegations in paragraphs 99 through 101 of the first amended complaint, the United States admits that the Permanent Subcommittee on Investigations issued a report

8

in December 2022 (the Senate Report). The Senate Report has been reduced to writing and constitutes the best evidence of its contents. The United States denies all remaining allegations in paragraphs 99 through 101 of the first amended complaint.

102-103. Responding to the allegations in paragraphs 102 and 103 of the first amended complaint, the United States admits that Inspector General Michael Horowitz sent a Management Advisory Memo to BOP Director Colette Peters on October 12, 2022. This memorandum has been reduced to writing and constitutes the best evidence of its contents. The United States denies the remaining allegations in paragraphs 102 and 103 of the first amended complaint.

104.    Responding to the allegations in the first sentence of paragraph 104 of the first amended complaint, the United States admits that the Subcommittee on National Security issued a memorandum titled "Majority Staff Memorandum, Independent Investigations and Employee Discipline at the Bureau of Prisons" on Jan. 2, 2019 (National Security Memorandum). This memorandum has been reduced to writing and constitutes the best evidence of its contents. The United States denies the remaining allegations in paragraph 104 of the first amended complaint.

105-107. Responding to the allegations in paragraphs 105 through 107 of the first amended complaint, the United States admits only that BOP has placed numerous FCI Dublin staff members on administrative leave pending investigations into various allegations, including sexual abuse. The United States denies the remaining allegations in paragraphs 105 through 107 of the first amended complaint.

108-113. Responding to the allegations in paragraphs 108 through 113 of the first amended complaint, the United States admits that former FCI Dublin Officer Andrew Jones was prosecuted and sentenced in *United States v. Jones*, No. 4:23-CR-212-HSG (N.D. Cal.). The remaining allegations in paragraphs 108 through 113 contain Plaintiffs' legal conclusions, subjective opinions, speculation, or characterizations of fact, to which no response is required. To the extent a response is required, the United States currently lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 108 through 113 of the first amended complaint and therefore denies them.

114-118. Responding to the allegations in paragraphs 114 through 118 of the first amended complaint, the United States admits that former FCI Dublin Officer Nakie Nunley was prosecuted and sentenced in *United States v. Nunley*, No. 4:23-CR-213-HSG (N.D. Cal.), and that former FCI Dublin

Officer Darrell Smith has been placed on administrative leave and that there is an ongoing criminal proceeding in which Officer Darrell Wayne Smith is named as Defendant in *United States v. Smith*, Case No: 23-CR-00110. The remaining allegations in paragraphs 114 through 118 of the first amended complaint contain Plaintiffs' legal conclusions, subjective opinions, speculation, or characterizations of fact, to which no response is required. To the extent a response is required, the United States currently lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 114 through 118 of the first amended complaint and therefore denies them.

119-121. Responding to the allegations in paragraphs 119 through 121 of the first amended complaint, the United States admits that former FCI Dublin Officer Darrell Smith has been placed on administrative leave and that there is an ongoing criminal proceeding in which Officer Darrell Wayne Smith is named as Defendant in *United States v. Smith*, Case No: 23-CR-00110. The remaining allegations in paragraphs 119 through 121 of the first amended complaint contain Plaintiffs' legal conclusions, subjective opinions, speculation, or characterizations of fact, to which no response is required. To the extent a response is required, the United States currently lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 119 through 121 of the first amended complaint and therefore denies them.

122-127. Responding to the allegations in paragraphs 122 through 127 of the first amended complaint, the United States admits that former FCI Dublin Officer Darrell Smith has been placed on administrative leave and that there is an ongoing criminal proceeding in which Officer Darrell Wayne Smith is named as Defendant in *United States v. Smith*, Case No: 23-CR-00110. The remaining allegations in paragraphs 122 through 127 of the first amended complaint contain Plaintiffs' legal conclusions, subjective opinions, speculation, or characterizations of fact, to which no response is required. To the extent a response is required, the United States currently lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 122 through 127 of the first amended complaint and therefore denies them.

128-132. Responding to the allegations in paragraphs 128 through 132 of the first amended complaint, the United States admits that FCI Dublin Officer Lawrence Gacad resigned on June 14, 2022. The remaining allegations in paragraphs 128 through 132 of the first amended complaint contain

Plaintiffs' legal conclusions, subjective opinions, speculation, or characterizations of fact, to which no response is required. To the extent a response is required, the United States currently lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 128 through 132 of the first amended complaint and therefore denies them.

133-141. Responding to the allegations in paragraphs 133 through 141 of the first amended complaint, the United States admits that former FCI Dublin Officer Andrew Jones was prosecuted and sentenced in *United States v. Jones*, No. 4:23-CR-212-HSG (N.D. Cal.), former FCI Dublin Officer John Bellhouse was prosecuted and sentenced in *United States v. Bellhouse*, No. 4:22-CR-66-YGR (N.D. Cal.), and Officer Nydia Vasquez has been placed on administrative leave. The remaining allegations in paragraphs 133 through 141 of the first amended complaint contain Plaintiffs' legal conclusions, subjective opinions, speculation, or characterizations of fact, to which no response is required. To the extent a response is required, the United States currently lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 133 through 141 of the first amended complaint and therefore denies them.

142-144. Responding to the allegations in paragraphs 142 through 144 of the first amended complaint, the United States admits that former FCI Dublin Officer Andrew Jones was prosecuted and sentenced in *United States v. Jones*, No. 4:23-CR-212-HSG (N.D. Cal.). The remaining allegations in paragraphs 142 through 144 of the first amended complaint contain Plaintiffs' legal conclusions, subjective opinions, speculation, or characterizations of fact, to which no response is required. To the extent a response is required, the United States currently lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 142 through 144 of the first amended complaint and therefore denies them.

145-146. The United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 145 and 146 of the first amended complaint, and therefore denies them.

147-152. Responding to the allegations in paragraphs 147 through 152 of the first amended complaint, the United States admits that Officer Ronald St. Clair remains on administrative leave. The remaining allegations in paragraphs 147 through 152 of the first amended complaint contain Plaintiffs' legal conclusions, subjective opinions, speculation, or characterizations of fact, to which no response is

required. To the extent a response is required, the United States currently lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 147 through 152 of the first amended complaint and therefore denies them.

153-161. The United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 153 through 161 of the first amended complaint, and therefore denies them.

162.    Responding to the allegations in paragraph 162 of the first amended complaint, the United States admits that former FCI Dublin Officer Nakie Nunley was prosecuted and sentenced in *United States v. Nunley*, No. 4:23-CR-213-HSG (N.D. Cal.). The United States currently lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 162 of the first amended complaint and therefore denies them.

163.    Responding to the allegations in paragraph 163 of the first amended complaint, the United States admits that pursuant to BOP policy, inmates are to be searched after all in-person visits with the public. The United States currently lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 163 of the first amended complaint and therefore denies them.

164.    The allegations in Paragraph 164 of the first amended complaint contain Plaintiffs' legal conclusions, subjective opinions, speculation, or characterizations of fact, to which no response is required. To the extent a response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraph 164 of the first amended complaint and therefore denies them.

165-172. The United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 165 through 172 of the first amended complaint, and therefore denies them.

173-174. The allegations in paragraphs 173 and 174 of the first amended complaint contain Plaintiffs' subjective opinions, speculation, or characterizations of fact, to which no response is required. To the extent a response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 173 and 174 of the first amended complaint and therefore denies them.

175.    The United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraph 175 of the first amended complaint, and therefore denies them.

176.    The allegations in paragraph 176 of the first amended complaint contain Plaintiffs' subjective opinions, speculation, or characterizations of fact, to which no response is required. To the extent a response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraph 176 of the first amended complaint and therefore denies them.

177.    The United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraph 177 of the first amended complaint, and therefore denies them.

178.    Responding to the allegations in paragraph 178 of the first amended complaint, the United States admits that former FCI Dublin Warden Ray Garcia was convicted of sexually abusive conduct in December 2022. The United States currently lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 178 of the first amended complaint and therefore denies them.

179-180. The United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 179 and 180 of the first amended complaint, and therefore denies them.

181-182. The allegations in paragraphs 181 and 182 of the first amended complaint contain Plaintiffs' subjective opinions, speculation, or characterizations of fact, to which no response is required. To the extent a response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 181 and 182 of the first amended complaint and therefore denies them.

183.    The United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraph 183 of the first amended complaint, and therefore denies them.

184-185. The allegations in paragraphs 184 and 185 of the first amended complaint contain Plaintiffs' subjective opinions, speculation, or characterizations of fact, to which no response is required. To the extent a response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 184 and 185 of the first amended complaint and therefore denies them.

186-194. The United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 186 through 194 of the first amended complaint, and therefore denies them.

195-196. The allegations in paragraphs 195 and 196 of the first amended complaint contain Plaintiffs' subjective opinions, speculation, or characterizations of fact, to which no response is required. To the extent a response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 195 and 196 of the first amended complaint and therefore denies them.

197-205. The United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 197 through 205 of the first amended complaint, and therefore denies them.

206.    The allegations in paragraph 206 of the first amended complaint contain Plaintiffs' subjective opinions, speculation, or characterizations of fact, to which no response is required. To the extent a response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraph 206 of the first amended complaint and therefore denies them.

207-208. The United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 207 and 208 of the first amended complaint, and therefore denies them.

209.    The allegations in paragraph 209 of the first amended complaint contain Plaintiffs' subjective opinions, speculation, or characterizations of fact, to which no response is required. To the extent a response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraph 209 of the first amended complaint and therefore denies them.

210-222. The United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 210 through and 222 of the first amended complaint, and therefore denies them.

223-224. The allegations in paragraph 223 and 224 of the first amended complaint contain Plaintiffs' subjective opinions, speculation, or characterizations of fact, to which no response is required. To the extent a response is required, the United States currently lacks information sufficient to form a

belief as to the truth of the allegations in paragraph 223 and 224 of the first amended complaint and therefore denies them.

225.    Responding to the allegations in paragraph 225 of the first amended complaint, the United States admits that: a recent survey conducted at FCI Dublin's adjacent Satellite Camp reflected presence of mold and asbestos; the asbestos found is "non-friable;" and that mold remediation is anticipated to commence in forthcoming weeks. The remaining allegations in paragraph 225 of the first amended complaint contain Plaintiffs' subjective opinions, speculation, or characterizations of fact, to which no response is required. To the extent a response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraph 225 of the first amended complaint and therefore denies them.

227-229. The allegations paragraphs 227 through 229 of the first amended complaint contain Plaintiffs' subjective opinions, speculation, or characterizations of fact, to which no response is required. To the extent a response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 227 through 229 of the first amended complaint and therefore denies them.

230-236. The United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 230 through and 236 of the first amended complaint, and therefore denies them.

237.    The allegations in paragraph 237 of the first amended complaint contain Plaintiffs' subjective opinions, speculation, or characterizations of fact, to which no response is required. To the extent a response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraph 237 of the first amended complaint and therefore denies them.

238-244. The United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 238 through and 244 of the first amended complaint, and therefore denies them.

245.    Responding to the allegations in paragraph 245 of the first amended complaint, the United States admits that: former FCI Dublin Officer Nakie Nunley was prosecuted and sentenced in *United States v. Nunley*, No. 4:23-CR-213-HSG (N.D. Cal.), former FCI Dublin Warden Ray Garcia

was prosecuted and sentenced in *United States v. Garcia*, 4:21-CR-429-YGR (N.D. Cal.), former FCI Dublin Officer Andrew Jones was prosecuted and sentenced in *United States v. Jones*, No. 4:23-CR-212-HSG (N.D. Cal.), and former FCI Dublin Chaplain James Highhouse was prosecuted in *United States v. Highhouse*, No. 4:22-CR-16-HSG (N.D. Cal.). The remaining allegations in paragraph 245 of the first amended complaint contain Plaintiffs' subjective opinions, speculation, or characterizations of fact, to which no response is required. To the extent a response is required, the United States currently lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 245 of the first amended complaint and therefore denies them.

246.    The allegations in paragraph 246 of the first amended complaint contain Plaintiffs' subjective opinions, speculation, or characterizations of fact, to which no response is required. To the extent a response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraph 246 of the first amended complaint and therefore denies them.

247-252. Responding to the allegations in paragraphs 247 through 252 of the first amended complaint, the United States admits that the Court certified a class action in this case on March 15, 2024. Insofar as Plaintiffs' allegations in 247 through 252 of the first amended complaint contain subjective opinions, speculation, or characterizations of fact, no response is required. To the extent any further response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 247 through 252 of the first amended complaint of the first amended complaint and therefore denies them.

253.    The United States incorporates by reference its responses to paragraphs 1 through 252 of the first amended complaint as if fully set forth herein.

254.    The United States admits it has a non-delegable duty to ensure that the conditions of confinements in facilities operated by BOP employees and contractors are constitutionally adequate.

255-257. The United States denies the allegations in paragraphs 255 through 257 of the first amended complaint.

258.    The United States incorporates by reference its responses to paragraphs 1 through 257 of the first amended complaint as if fully set forth herein.

259.     The United States admits it has a non-delegable duty to ensure that the conditions of confinements in facilities operated by BOP employees and contractors are constitutionally adequate.

260-262. The United States denies the allegations in paragraphs 260 through 262 of the first amended complaint.

263.     The United States incorporates by reference its responses to paragraphs 1 through 263 of the first amended complaint as if fully set forth herein.

264.     The United States admits it has a non-delegable duty to ensure that the conditions of confinements in facilities operated by BOP employees and contractors are constitutionally adequate.

265-267. The United States denies the allegations in paragraphs 265 through 267 of the first amended complaint.

268.     The United States incorporates by reference its responses to paragraphs 1 through 267 of the first amended complaint as if fully set forth herein.

269-271. The United States denies the allegations in paragraphs 269 through 271 of the first amended complaint.

272.     The allegations in paragraph 246 of the first amended complaint contain Plaintiffs' subjective opinions, speculation, or characterizations of fact, to which no response is required. To the extent a response is required, the United States denies this is a cognizable claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

273.     The allegations in paragraph 273 of the first amended complaint set forth Plaintiffs' Prayer for Relief, to which no response is required. To the extent these paragraphs are deemed to contain allegations of fact or an entitlement to relief, the United States denies that Plaintiffs are entitled to the requested relief, or to any relief.

274.     The United States incorporates by reference its responses to paragraphs 1 through 273 of the first amended complaint as if fully set forth herein.

275.     Responding to the allegations in paragraph 275 of the first amended complaint, the United States admits that former FCI Dublin Officer Lawrence Gacad resigned on June 14, 2022. The remaining allegations in paragraph 275 of the first amended complaint contain Plaintiffs' subjective opinions, speculation, or characterizations of fact, to which no response is required. To the extent any

17

1   further response is required, the United States currently lacks information sufficient to form a belief as

2   to the truth of the allegations in paragraph 275 of the first amended complaint of the first amended

3   complaint and therefore denies them.

4          276.   Responding to the allegations in paragraph 276 of the first amended complaint, the

5   United States admits that FCI Dublin Lieutenant Stephen Putnam retired on December 29, 2023, without

6   the Office of the Inspector General finding that he had committed any wrongdoing during his BOP

7   tenure. The remaining allegations in paragraph 276 of the first amended complaint contain Plaintiffs'

8   subjective opinions, speculation, or characterizations of fact, to which no response is required. To the

9   extent any further response is required, the United States currently lacks information sufficient to form a

10  belief as to the truth of the allegations in paragraph 276 of the first amended complaint and therefore

11  denies them.

12         277.   The allegations in paragraph 277 of the first amended complaint contain Plaintiffs'

13  characterization of this lawsuit and legal conclusions, to which no response is required. To the extent a

14  response is required, the United States currently lacks information sufficient to form a belief as to the

15  truth of the allegations in paragraph 277 of the first amended complaint and therefore denies them.

16         278.   The United States denies the allegations in paragraph 278 of the first amended complaint.

17         279.   The allegations in paragraph 279 of the first amended complaint set forth Plaintiffs'

18  Prayer for Relief, to which no response is required. To the extent these paragraphs are deemed to contain

19  allegations of fact or an entitlement to relief, the United States denies that Plaintiffs are entitled to the

20  requested relief, or to any relief.

21         280.   The United States incorporates by reference its responses to paragraphs 1 through 279 of

22  the first amended complaint as if fully set forth herein.

23         281.   Responding to the allegations in paragraph 281 of the first amended complaint, the

24  United States admits that former FCI Dublin Officer Andrew Jones was prosecuted and sentenced in

25  *United States v. Jones*, No. 4:23-CR-212-HSG (N.D. Cal.). The remaining allegations in paragraph 281

26  of the first amended complaint contain Plaintiffs' characterization of this lawsuit and legal conclusions,

27  to which no response is required. To the extent any further response is required, the United States

28

18

currently lacks information sufficient to form a belief as to the truth of the allegations in paragraph 281 of the first amended complaint and therefore denies them.

282.     Responding to the allegations in paragraph 282 of the first amended complaint, the United States admits: that FCI Dublin Officer Patrick Pool has been on administrative leave since March 8, 2022; and that FCI Dublin Lieutenant Stephen Putnam retired on December 29, 2023, without the Office of the Inspector General finding that he had committed any wrongdoing during his BOP tenure. The remaining allegations in paragraph 282 of the first amended complaint contain Plaintiffs' characterization of this lawsuit and legal conclusions, to which no response is required. To the extent any further response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraph 282 of the first amended complaint and therefore denies them.

283.     The allegations in paragraph 283 of the first amended complaint contain Plaintiffs' characterization of this lawsuit and legal conclusions, to which no response is required. To the extent a response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraph 283 of the first amended complaint and therefore denies them.

284.     The United States denies the allegations in paragraph 284 of the first amended complaint.

285.     The allegations in paragraph 285 of the first amended complaint set forth Plaintiffs' Prayer for Relief, to which no response is required. To the extent these paragraphs are deemed to contain allegations of fact or an entitlement to relief, the United States denies that Plaintiffs are entitled to the requested relief, or to any relief.

286.     The United States incorporates by reference its responses to paragraphs 1 through 285 of the first amended complaint as if fully set forth herein.

287-299. The allegations in paragraphs 287 through 299 of the first amended complaint contain a summation of the Trafficking Victims Protection Act ("TVPA"), to which no response is required; however, the text of the statute is the best evidence of its contents. To the extent a response is required, the United States denies the allegations contained in paragraphs 287 through 299 of the first amended complaint, or that Plaintiffs are entitled to relief based on this statute.

300-310. Responding to the allegations in paragraphs 300 through 310 of the first amended complaint, the United States admits that FCI Dublin Officer Lawrence Gacad resigned on June 14, 2022. The remaining allegations in paragraphs 300 through 310 of the first amended complaint contain Plaintiffs' characterizations of this lawsuit and legal conclusions, to which no response is required. To the extent any further response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 300 through 310 of the first amended complaint and therefore denies them.

311.    Responding to the allegations in paragraph 311 of the first amended complaint, the United States admits: that FCI Dublin Lieutenant Stephen Putnam retired on December 29, 2023, without the Office of the Inspector General finding that he had committed any wrongdoing during his BOP tenure; that FCI Dublin Officer Nydia Vasquez was placed on administrative leave on March 19, 2023; that FCI Dublin Officer Kayla Serrano is presently working; and that FCI Dublin Lieutenant Cynthia Jones was placed on administrative leave on April 10, 2023. The remaining allegations in paragraph 311 of the first amended complaint contain Plaintiffs' characterization of this lawsuit and legal conclusions, to which no response is required. To the extent any further response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraph 311 of the first amended complaint and therefore denies them.

312-313. The allegations in paragraphs 312 and 313 of the first amended complaint contain Plaintiffs' characterization of this lawsuit and legal conclusions, to which no response is required. To the extent a response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 312 and 313 of the first amended complaint and therefore denies them.

314-327. Responding to the allegations in paragraphs 314 through 327 of the first amended complaint, the United States admits: that FCI Dublin Lieutenant Stephen Putnam retired on December 29, 2023, without the Office of the Inspector General finding that he had committed any wrongdoing during his BOP tenure; that FCI Dublin Officer Nydia Vasquez was placed on administrative leave on March 19, 2023; that FCI Dublin Officer Kayla Serrano is presently working; and that FCI Dublin Lieutenant Cynthia Jones was placed on administrative leave on April 10, 2023. The remaining

allegations in paragraphs 314 through 327 of the first amended complaint contain Plaintiffs' characterization of this lawsuit and legal conclusions, to which no response is required. To the extent any further response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 314 through 327 of the first amended complaint and therefore denies them.

328-336. Responding to the allegations in paragraphs 328 through 336 of the first amended complaint, the United States admits that former FCI Dublin Officer John Bellhouse was prosecuted and sentenced in *United States v. Bellhouse*, No. 4:22-CR-66-YGR (N.D. Cal.), and former FCI Dublin Officer Andrew Jones was prosecuted and sentenced in *United States v. Jones*, No. 4:23-CR-212-HSG (N.D. Cal.). The remaining allegations in paragraphs 328 through 336 of the first amended complaint contain Plaintiffs' characterization of this lawsuit and legal conclusions, to which no response is required. To the extent any further response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 328 through 336 of the first amended complaint and therefore denies them.

337-342. Responding to the allegations in paragraphs 337 through 342 of the first amended complaint, the United States admits that FCI Dublin Officer Kayla Serrano is presently working. The remaining allegations in paragraphs 337 through 342 of the first amended complaint contain Plaintiffs' characterization of this lawsuit and legal conclusions, to which no response is required. To the extent any further response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 337 through 342 of the first amended complaint and therefore denies them.

343-353. Responding to the allegations in paragraphs 343 through 353 of the first amended complaint, the United States admits that former FCI Dublin Officer Nakie Nunley was prosecuted and sentenced in *United States v. Nunley*, No. 4:23-CR-213-HSG (N.D. Cal.). The remaining allegations in paragraphs 343 through 353 of the first amended complaint contain Plaintiffs' characterization of this lawsuit and legal conclusions, to which no response is required. To the extent any further response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 343 through 353 of the first amended complaint and therefore denies them.

354-365. Responding to the allegations in paragraphs 354 through 365 of the first amended complaint, the United States admits that former FCI Dublin Officer Darrell Smith has been placed on administrative leave and that there is an ongoing criminal proceeding in which Officer Darrell Wayne Smith is named as Defendant in *United States v. Smith*, Case No: 23-CR-00110. The remaining allegations in paragraphs 354 through 365 of the first amended complaint contain Plaintiffs' characterization of this lawsuit and legal conclusions, to which no response is required. To the extent any further response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 354 through 365 of the first amended complaint and therefore denies them.

366-371. Responding to the allegations in paragraphs 366 through 371 of the first amended complaint, the United States admits: that FCI Dublin Lieutenant Stephen Putnam retired on December 29, 2023, without the Office of the Inspector General finding that he had committed any wrongdoing during his BOP tenure; that FCI Dublin Officer Nydia Vasquez was placed on administrative leave on March 19, 2023; that FCI Dublin Officer Kayla Serrano is presently working; that FCI Dublin Officer Denzil Shirley is presently working; and that FCI Dublin Lieutenant Cynthia Jones was placed on administrative leave on April 10, 2023. The remaining allegations in paragraphs 366 through 371 of the first amended complaint contain Plaintiffs' characterization of this lawsuit and legal conclusions, to which no response is required. To the extent any further response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 366 through 371 of the first amended complaint and therefore denies them.

372-392. Responding to the allegations in paragraphs 372 through 392 of the first amended complaint, the United States admits that former FCI Dublin Officer Darrell Smith has been placed on administrative leave and that there is an ongoing criminal proceeding in which Officer Darrell Wayne Smith is named as Defendant in *United States v. Smith*, Case No: 23-CR-00110. The remaining allegations in paragraphs 372 through 392 of the first amended complaint contain Plaintiffs' characterization of this lawsuit and legal conclusions, to which no response is required. To the extent any further response is required, the United States currently lacks information sufficient to form a belief

22

as to the truth of the allegations in paragraphs 372 through 392 of the first amended complaint and therefore denies them.

393-398. Responding to the allegations in paragraphs 393 through 398 of the first amended complaint, the United States admits: that FCI Dublin Officer Darren Lewis is presently working; and that FCI Dublin Lieutenant Cynthia Jones was placed on administrative leave on April 10, 2023. The remaining allegations in paragraphs 393 through 398 of the first amended complaint contain Plaintiffs' characterization of this lawsuit and legal conclusions, to which no response is required. To the extent any further response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 393 through 398 of the first amended complaint and therefore denies them.

399-420. Responding to the allegations in paragraphs 399 through 420 of the first amended complaint, the United States admits that former FCI Dublin Officer Andrew Jones was prosecuted and sentenced in *United States v. Jones*, No. 4:23-CR-212-HSG (N.D. Cal.). The remaining allegations in paragraphs 399 through 420 of the first amended complaint contain Plaintiffs' characterization of this lawsuit and legal conclusions, to which no response is required. To the extent any further response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 399 through 420 of the first amended complaint and therefore denies them.

421-426. Responding to the allegations in paragraphs 421 through 426 of the first amended complaint, the United States admits: that FCI Dublin Lieutenant Stephen Putnam retired on December 29, 2023, without the Office of the Inspector General finding that he had committed any wrongdoing during his BOP tenure; that FCI Dublin Officer Patrick Pool has been on administrative leave since March 8, 2022; and that former FCI Dublin Officer Andrew Jones was prosecuted and sentenced in *United States v. Jones*, No. 4:23-CR-212-HSG (N.D. Cal.). The remaining allegations in paragraphs 421 through 426 of the first amended complaint contain Plaintiffs' characterization of this lawsuit and legal conclusions, to which no response is required. To the extent any further response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 421 through 426 of the first amended complaint and therefore denies them.

23

427-447. Responding to the allegations in paragraphs 427 through 447 of the first amended complaint, the United States admits that former FCI Dublin Officer Darrell Smith has been placed on administrative leave and that there is an ongoing criminal proceeding in which Officer Darrell Wayne Smith is named as Defendant in *United States v. Smith*, Case No: 23-CR-00110. The remaining allegations in paragraphs 427 through 447 of the first amended complaint contain Plaintiffs' characterization of this lawsuit and legal conclusions, to which no response is required. To the extent any further response is required, the United States currently lacks information sufficient to form a belief as to the truth of the allegations in paragraphs 427 through 447 of the first amended complaint and therefore denies them.

448.    The United States incorporates by reference its responses to paragraphs 1 through 447 of the first amended complaint as if fully set forth herein.

449-458. The allegations in paragraphs 449 through 458 of the first amended complaint contain a summation of the TVPA, to which no response is required; however, the text of the statute is the best evidence of its contents. To the extent a response is required, the United States denies the allegations contained in paragraphs 449 through 458 of the first amended complaint, or that Plaintiffs are entitled to relief based on this statute.

459.    The United States incorporates by reference its responses to paragraphs 1 through 458 of the first amended complaint as if fully set forth herein.

460-464. The United States denies the allegations in paragraphs 460 through 464 of the first amended complaint.

465.    The United States incorporates by reference its responses to paragraphs 1 through 464 of the first amended complaint as if fully set forth herein.

466-472. The United States denies the allegations in paragraphs 466 through 472 of the first amended complaint.

473.    The United States incorporates by reference its responses to paragraphs 1 through 472 of the first amended complaint as if fully set forth herein.

474-480. The United States denies the allegations in paragraphs 474 through 480 of the first amended complaint.

481.     The United States incorporates by reference its responses to paragraphs 1 through 480 of the first amended complaint as if fully set forth herein.

482.     The United States denies the allegations in paragraph 482 of the first amended complaint.

483.     The allegations in paragraph 483 of the first amended complaint contain a summation of the Tom Bane Civil Rights Act under California law, to which no response is required; however, the text of the Act is the best evidence of its contents. To the extent a response is required, the United States denies the allegations contained in paragraph 483 of the first amended complaint.

484-487. The United States denies the allegations in paragraphs 484 through 487 of the first amended complaint.

488.     The United States incorporates by reference its responses to paragraphs 1 through 487 of the first amended complaint as if fully set forth herein.

489-494. The United States denies the allegations in paragraphs 489 through 494 of the first amended complaint.

495.     The United States incorporates by reference its responses to paragraphs 1 through 494 of the first amended complaint as if fully set forth herein.

496.     The United States denies the allegations in paragraph 496 of the first amended complaint.

497.     The allegations in paragraph 483 of the first amended complaint contain Plaintiffs' characterization of the elements of invasion of privacy under California law, to which no response is required; however, the text outlining the elements is the best evidence of its contents. To the extent a response is required, the United States denies the allegations contained in paragraph 497 of the first amended complaint.

498-501. The United States denies the allegations in paragraphs 498 through 501 of the first amended complaint.

502.     The United States incorporates by reference its responses to paragraphs 1 through 501 of the first amended complaint as if fully set forth herein.

503.     The United States denies the allegations in paragraph 503 of the first amended complaint.

504.     The United States admits the allegations in Paragraph 504.

505.     The United States admits the allegations in Paragraph 505.

25

506.     The United States denies the allegations in paragraph 506 of the first amended complaint.

507.     The United States admits the allegations in Paragraph 507.

508-523. The United States denies the allegations in paragraphs 508 through 523 of the first amended complaint.

524.     The United States incorporates by reference its responses to paragraphs 1 through 523 of the first amended complaint as if fully set forth herein.

525-529. The United States denies the allegations in paragraphs 525 through 529 of the first amended complaint.

530-537. Responding to the allegations in paragraphs 530 through 537 of the first amended complaint, the United States admits that this Court certified a class action for those FCI Dublin Adults-in-Custody (AIC) on March 15, 2024 (dkt. 222) or transferred anytime thereafter to FCI Dublin until the last AIC left the facility on May 1, 2024. The remaining allegations in paragraphs 530 through 537 of the first amended complaint set forth Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, the United States denies that Plaintiffs are entitled to the requested relief, or any relief.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' first amended complaint fails to state a claim upon which relief can be granted.

2.     The Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

3.     Some or all of Plaintiffs' claims are barred by the doctrine of sovereign immunity.

4.     Plaintiffs' claims are barred to the extent that they are based on the exercise or performance, or the failure to exercise or perform, a discretionary function or duty. 28 U.S.C. § 2680(a).

5.     Plaintiffs' claims are barred to the extent they arise out of misrepresentation or deceit. 28 U.S.C. § 2680(h).

6.  Claims arising more than two years prior to the filing of the administrative claim, if any, are time barred.

7.     The United States is not liable for any pre-existing, intervening, or superseding acts or occurrences that caused, compounded, or created the injures alleged.

26

8. The United States, through its employees, agents, and servants, acted at all relevant times with due care and diligence in all matters alleged in the first amended complaint and acted within the applicable standard of care.

9. The United States did not breach any legal duty owed to Plaintiff.

10. The United States is not liable for any negligence of independent contractors who may have treated Plaintiffs. 28 U.S.C. § 2671.

11. Any injury, damage, or loss to Plaintiffs was not proximately caused or contributed to by any wrongful or negligent act or omissions on the part of an agent or employee of the United States.

12. In the event the United States is found to have been negligent, which negligence is denied, the superseding and intervening negligence of third parties or cross-defendants, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence and Plaintiffs' alleged injuries, cutting off the legal effect of the United States' negligence.

13. In the event that the United States is found to have been negligent, which negligence is denied, the negligence of Plaintiff, third parties, or cross-defendants was the proximate cause of and contributed to any alleged injuries or damages sustained, thereby barring recovery, or alternatively, mandating that any recovery be proportionately reduced.

14. Plaintiffs' damages, if any, are limited to the extent they have failed to mitigate damages.

15. The United States is entitled to an offset for any medical care it provided to Plaintiffs or any benefits as a result of the subject matter of this action.

16. Pursuant to 28 U.S.C. § 2675(b), Plaintiffs' damages, if any, are limited to the amount of the sum certain demanded in their administrative claims.

17. Plaintiffs' recovery is limited to the damages recoverable under the FTCA.

18. The United States is not liable for pre-judgment interest under 28 U.S.C. § 2674.

19. Under 28 U.S.C. §§ 2412(d)(1)(A), 2678, Plaintiffs cannot recover attorney's fees from the United States, and attorneys' fees may not exceed 25 per centum of any judgment or settlement.

20. Plaintiff's damages, if any, must be offset by any benefits provided to Plaintiffs by the United States or funded by the United States through any other entity.

21. Plaintiffs are not entitled to a jury trial. 28 U.S.C. § 2402.

27

22.     The United States further alleges that it has insufficient knowledge or information on which to form a belief as to whether it has any additional defenses available, and reserves the right to amend its answer to Plaintiffs' first amended complaint to assert additional defenses in the event discovery or other developments indicate it would be appropriate.

### ANSWER TO CROSS-COMPLAINT (DKT. 35)

1.     The United States currently lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the cross-complaint and therefore denies them.

2-3.   The United States admits the allegations in paragraphs 2 and 3 of the cross-complaint.

4.     The United States denies the allegations in paragraph 4 of the cross-complaint.

5-15.   The United States admits the first sentences of paragraphs 5 through 15 of the cross-complaint. The United States denies the second sentences of paragraphs 5 through 15 of the cross-complaint.

16-17. The allegations in paragraphs 16 and 17 of the cross-complaint contain cross-defendant Gacad's characterization of this lawsuit to which no response is required. To the extent a response is required, the United States denies the allegations in paragraphs 16 and 17 of the cross-complaint.

18-22. Responding to the allegations in paragraphs 18 through 22 of the cross-complaint, the United States admits that federal district courts: have original jurisdiction over all civil actions arising under the Constitution; in a case of actual controversy within its jurisdiction, may declare the rights and other legal relations of any interested party seeking such declaration; have exclusive jurisdiction over claims brought against the United States under 28 U.S.C. § 1346(b) and §§ 2671-80 (the Federal Tort Claims Act), and admits that the FTCA provides a limited waiver of the United States' sovereign immunity when its employees are negligent in limited circumstances. But the United States denies Plaintiffs' have established jurisdiction in this case. The United States denies that venue is appropriate in this Court. Finally, the United States denies that 28 U.S.C. §§ 1332 or 1367(a) apply to claims brought under the FTCA.

23-365. The allegations in paragraphs 23 through 365 of the cross-complaint contain quotes from Plaintiffs' Complaint (doc. 1), which is the best evidence of its contents, and to which no response is required. To the extent a response is required, the United States refers the Court to its responses to the

quoted allegations and requests for relief. The United States specifically denies any allegations in paragraphs 23 through 365 of the cross-complaint not specifically admitted.

366.   The United States incorporates by reference its responses to paragraphs 1 through 365 of the cross-complaint as if fully set forth herein.

367-368. Responding to the allegations in paragraphs 367 and 368, the United States admits that cross-defendant Gacad is entitled to seek contribution from individual cross-defendants and cross-defendant United States.

369.   The United States denies the allegations and prayer for relief in paragraph 369 of the cross-complaint.

370.   The United States incorporates by reference its responses to paragraphs 1 through 369 of the cross-complaint as if fully set forth herein.

371-374. Responding to the allegations in paragraphs 371 and 374, the United States admits that cross-defendant Gacad is entitled to seek indemnification from individual cross-defendants and cross-defendant United States.

375.   The United States denies the allegations and prayer for relief in paragraph 375 of the cross-complaint.

376.   The United States incorporates by reference its responses to paragraphs 1 through 375 of the cross-complaint as if fully set forth herein.

377-379. The United States denies the allegations and prayer for relief in paragraphs 377-379 of the cross-complaint.

The United States specifically denies that cross-defendant Gacad is entitled to any relief requested in his prayer for relief.

The United States denies any allegation not specifically admitted herein.

WHEREFORE, having fully answered, the United States respectfully requests that:

1.   Plaintiffs take nothing by reason of their first amended complaint;

2.   Judgment be entered in favor of the United States and against Plaintiffs; and

3.   The Court grant such other relief as it deems just and proper.

29

DATED this 6th day of May, 2024.

                              JESSE A. LASLOVICH
                              United States Attorney

                              */s/ Madison L. Mattioli*
                              MADISON L. MATTIOLI
                              ABBIE J.N. CZIOK
                              MARK STEGER SMITH
                              TIMOTHY A. TATARKA
                              Assistant U.S. Attorneys
                              Attorneys for Defendant United States.