**To: United States District Court Sentencing Judge**
**Re: Compassionate Release Applications from the AICs Previously Incarcerated at FCI Dublin**

This Court currently presides over a class action for injunctive relief brought on behalf of adults in custody ("AICs") formerly incarcerated at Federal Correctional Institution ("FCI"), Dublin and the satellite camp.

While the Bureau of Prisons ("BOP") has elected to close FCI Dublin, and, thus, its population has been dispersed throughout the country, members of the class remain under the protection of this Court pursuant to a preliminary injunction issued on March 15, 2024.[1] This document provides a brief summary of the events at FCI Dublin which you may wish to consider to the extent applicable to the particular case of any compassionate release applications you receive from class members.

In short, I have sentenced six FCI Dublin correctional officers for criminal sexual abuse and criminal sexual contact, two after jury verdicts. One remains under indictment and, I believe, over a dozen others remain under investigation. In January 2024, I presided over a week-long evidentiary hearing with respect to a civil suit and conducted an unannounced, nine-hour site visit preliminarily finding that the AIC population at FCI Dublin had limited to no access to constitutionally adequate medical and mental health care, programming, and timely administrative relief. Thus, the time at FCI Dublin was likely "harder time" than other institutions. Programming was effectively non-existent. To accommodate staff, the "day" began at 6:00 a.m. and ended at 2:00 p.m. After that, they were in lock down but could not congregate for any reason including prayer groups or counseling. In a 45-page preliminary injunction order, I noted that FCI Dublin "…deter[red] inmates from filing administrative grievances by threatening [the AICs] with citations on their record, the loss of good time credits and better paying jobs, and placement in the SHU [Special Housing Unit] for doing so."[2]

For a period, some AICs were placed in the SHU for reporting the criminal misconduct of correctional officers for weeks at a time. The BOP was fully aware of the issue with two internal assessments. Yet, it "proceeded sluggishly with intentional disregard" and the decision to repeatedly install "BOP leadership who fail to grasp and address the situation strains credulity."[3]

By way of further background, the situation began to unravel in June of 2021 when a whistleblower complaint sparked a Department of Justice ("DOJ") investigation and an officer was criminally charged. This investigation led to the above-referenced sentences. Many AICs have been the subject of staff sexual abuse, harassment, and retaliation by staff seeking to cover up their own misconduct. Remarkably, despite all the criminal activity, BOP provided the victims with little, to no, mental health counseling.

The DOJ's investigation is ongoing. About a month prior to its closure, the FBI executed a search warrant at the facility and walked off, again, the warden and other senior leadership officers.

No AICs remain in FCI Dublin as of May 1, 2024. I anticipate that, after reaching their new destinations, some may submit requests for compassionate release to their sentencing judges, asking for leniency given the abuses they may have endured. The information herein is provided in the event that you find it useful to your decision-making process. Feel free to contact me should you have any questions.

Yvonne Gonzalez Rogers
United States District Court Judge for the Northern District of California

---

[1] *See California Coal. for Women Prisoners v. United States,* No. 4:23-CV-4155-YGR, 2024 WL 1290766 (N.D. Cal. Mar. 15, 2024).
[2] *Id.* at 43.
[3] *Id.* at 1.