**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CALIFORNIA COALITION FOR WOMEN PRISONERS, ET AL.,**<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>**UNITED STATES OF AMERICA BUREAU OF PRISONS, ET AL.,**<br><br>　　　　Defendants. | **Case No.:** 4:23-cv-4155-YGR<br><br>**ORDER NO. 3 RE SPECIAL MASTER AND APPOINTMENT OF MONITOR** |

　　On April 5, 2024 and pursuant to 18 U.S.C. § 3626(f), the Court appointed Wendy Still as Special Master to assist the Court in implementing its order granting in part plaintiffs' motion for a preliminary injunction. (Dkt. No. 248.) The Court explained at the time that Still's appointment was necessary "[g]iven the urgency and magnitude of issues existing at [Federal Correctional Institution] FCI Dublin." (*Id.* at 1.) As previously described, Still and her team were needed to assess the prison conditions and provide necessary support determining how best to redress the issues outlined in the preliminary injunction. In addition, her expertise was required, given the severity of the issues and the decision of the Bureau of Prisons ("BOP") to close FCI Dublin, to address such issues in real time over a period of weeks.[1] (*See generally* Dkt. No. 300 (describing the Special Master's role in the events leading up to and following closure of the facility).)

　　Given Still has completed her work on-site at FCI Dublin, which is being documented, the Court finds that the monitoring of the adults in custody ("AICs") who left the facility for other institutions is now required. Thus, the Court hereby exercises its inherent authority to **APPOINT** Still and a subset of her team as Monitor of BOP's compliance with court orders and to ensure that FCI Dublin AICs receive appropriate follow up care and support in their new facilities. This role is distinct from that of a Special Master as described herein.

---

[1] The last of FCI Dublin's AIC population departed the facility on May 1, 2024.

With respect to the Special Master role, Still is preparing a comprehensive report with her findings of fact relating to the conditions, both pre-closure and during the shutdown, at FCI Dublin. She also continues to address certain discrete and uncompleted tasks (*i.e.*, identifying, processing, and tracking compassionate release requests). The principal goal of these efforts is to capture and document evidence of the constitutionally inadequate conditions at FCI Dublin identified by the Court in its preliminary injunction order. (Dkt. No. 222.) As such, the Court confirms that Still's work towards these goals is encompassed with her appointment as Special Master and is subject to 18 U.S.C. § 3626(f).  Once the report is finalized, the Court will allow the parties to depose the Special Master with respect to its findings.  The Court **HEREBY APPOINTS** Mary McNamara of Swanson & McNamara LLP to represent the Special Master in this regard.

The Court previously outlined Still's functional role as Monitor. (*See* Dkt. No. 300.) There, the Court identified eight categories of additional steps BOP must take to ensure FCI Dublin AICs' constitutional rights are protected. (*See id.* at 14–15.) These tasks relate to ongoing reporting of various issues on a weekly or monthly cadence.  The Court exercises its inherent authority to appoint the Monitor and **HEREBY ORDERS** the BOP to pay the reasonable and necessary fees and expenses for Still's time monitoring its compliance, as well as those of the subset of her team members.

Still shall segregate billings relative to the two distinct and separate roles.  Unless instructed otherwise, Still shall submit the billings for the Monitor role to counsel for the BOP who shall facilitate payment.  Payment shall be made at the hourly rate currently being paid to her by the Department of Homeland Security on an unrelated matter.  For others on the team, the BOP shall pay the same rate as the Court paid.

**IT IS SO ORDERED**.

Date:  May 20, 2024

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**