1   Jaqueline Aranda Osorno (SBN 308084)
        jaosorno@publicjustice.net
2   Alexandra Z. Brodsky*
        abrodsky@publicjustice.net
3   Sarah Ortlip-Sommers*
        sortlip-sommers@publicjustice.net
4   PUBLIC JUSTICE
5   1620 L Street NW, Suite 630
    Washington, DC 20036
6   Telephone: (202) 797-8600
7   *Pro Hac Vice Forthcoming

8   Angelica Salceda (SBN 296152)
        asalceda@aclunc.org
9   Chessie Thacher (SBN 296767)
        cthacher@aclunc.org
10  Shaila Nathu (SBN 314203)
        snathu@aclunc.org
11  AMERICAN CIVIL LIBERTIES UNION
12  FOUNDATION OF NORTHERN CALIFORNIA, INC.
    39 Drumm Street
13  San Francisco, CA 94111
    Telephone: (415) 621-2493
14

15  Attorneys for Intervenors

16

17                    **UNITED STATES DISTRICT COURT**

18          **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

19  CALIFORNIA COALITION FOR WOMEN          Case No. 4:23-cv-04155
    PRISONERS; et al.,
20                                          **DECLARATION OF DAVID LOY
                                            IN SUPPORT OF MOTION TO
21                  Plaintiffs,             INTERVENE FOR LIMITED
                                            PURPOSE OF UNSEALING COURT
22          v.                              RECORDS AND PROTECTING
                                            ACCESS TO PUBLIC
23  UNITED STATES OF AMERICA; UNITED        PROCEEDINGS**
    STATES OF AMERICA FEDERAL BUREAU OF
24  PRISONS, et al.,
25                                          Judge: Yvonne Gonzalez Rogers
                    Defendants.             Date: July 16, 2024
26                                          Time: 2:00 p.m.
                                            Courtroom: 1 (Fourth Floor)
27

28

---

DECLARATION OF DAVID LOY                                    Case No. 4:23-cv-04155

**DECLARATION OF DAVID LOY**

I, David Loy, declare under penalty of perjury as prescribed in 28 U.S.C. § 1746 that the following is true and correct:

1.  I am the Legal Director of the First Amendment Coalition ("FAC"). I have served in my current position as Legal Director since February 2022.

2.  FAC seeks to intervene in this case to protect its significant interests and those of its members, as guaranteed by the First Amendment, in accessing records filed in and proceedings held by this Court about the operations of the Federal Correctional Institution, Dublin ("FCI Dublin"), a public, government-funded institution.

3.  I am an experienced free speech and open government litigator, having fought for public disclosure and governmental transparency for over twenty years. As a litigator, I have defended the First Amendment rights of reporters, photographers, bloggers, students, teachers, activists, protestors, musicians, Marines, and more. Before joining FAC, I served as Legal Director of the ACLU Foundation of San Diego & Imperial Counties for nearly sixteen years.

4.  Founded and established in 1988 as the California First Amendment Coalition, the First Amendment Coalition ("FAC") is a nonpartisan public interest nonprofit dedicated to protecting and promoting a free press, freedom of expression, and the people's right to know. FAC advocates on behalf of the public and its members through litigation (cases involving issues of censorship, rights of access to court and agency records, and access to proceedings of state and local governments), education (providing free legal information on the First Amendment and freedom-of-information issues), and public advocacy (op-eds and other articles, public speaking).

5.  FAC believes that the broadest range of engaged and informed communities is essential to the health of our democracy, and that the values expressed by the First Amendment provide a blueprint for an inclusive, equitable society and a responsive, accountable government. We believe that to realize the promise of the values underlying the First Amendment, we must reach and include as broad a range of voices as possible to inform our policies, priorities, and programs. We recognize that there exist systemic inequities rooted in, among other things, race and gender.

6.  FAC believes journalists serve as government watchdogs, shining a light in dark places despite frequent threats to their access to information, independence, and resources.

7.  Because information relating to incarceration, policing, and civil rights is of significant public concern, FAC also has a demonstrated commitment to ensuring law enforcement's exercise of its power is exposed to public scrutiny. For example, FAC participated in litigation resulting in two published opinions establishing the California Attorney General's obligation to disclose law enforcement records obtained from other agencies. In 2022 FAC's legal advocacy resulted in the release of previously secret recordings of a police shooting of a San Diego woman experiencing mental distress, and the Ventura County Sheriff's Office's disclosure of previously secret records about officer use of force and misconduct. In May 2023, FAC and Knock LA, an independent news organization, prevailed in a legal battle against the Los Angeles County Sheriff's Department ("LASD") over the unsealing of search warrant materials. Through this victory, FAC ensured the public could finally examine LASD's stated rationale for seizing and searching the cell phones and digital cameras of protesters demonstrating against LASD deputies' killing of cyclist Dijon Kizzee on August 31, 2020 and journalists covering the protest. More recently, in March 2024, FAC prevailed on the San Bernardino County Sheriff's Department to release videos documenting the controversial shooting of a fifteen-year-old girl who had been allegedly kidnapped by her father, and in January 2024, FAC successfully opposed a former police officer's attempt to prevent a news outlet from reporting on allegations about his conduct.

8.  FAC is committed to enforcing the First Amendment's presumptive right of public access to court records and court hearings because it believes there can be no real accountability without transparency. When needlessly sealed documents are revealed and hearings are opened, the public learns how officials exercise their power and can decide for itself whether such officials are acting appropriately.

9.  It is FAC's understanding that FCI Dublin closed ten days after this Court appointed a special master to oversee the prison. It is also FAC's understanding that many documents in this case have been filed under seal, that this Court has recently held status conferences closed to the public, and that additional closed status conferences may be scheduled in the future.

10.  Because many motions to seal those documents were also filed under seal, and because the content of the status conferences is not public information, it is difficult for FAC to discern what information, exactly, is hidden from public view. But FAC believes public access to the docket and proceedings in this case is essential to transparency and accountability. People recently incarcerated at FCI Dublin, their communities, and the broader public deserve to know whether or to what extent FCI Dublin has violated, and is violating, the civil rights of the people it incarcerated. People deserve this knowledge not only because FCI Dublin is a public institution run by their tax dollars, but also (perhaps more importantly) because of allegations that the prison has subjected incarcerated women to pervasive sexual abuse at the hands of government officials.

11.  This Court may decide whether FCI Dublin indeed violated, and whether it continues to violate, incarcerated people's rights, as Plaintiffs allege, but the public has a compelling interest in access to the information that is before the Court, so the public can assess for itself the true state of conditions in the prison, the reason for the prison closure, and hold elected officials accountable as the public sees fit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 3, 2024, in San Diego, California.


_____
David Loy, Legal Director
First Amendment Coalition