FILED
**United States Court of Appeals
Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**February 12, 2015**

**Elisabeth A. Shumaker
Clerk of Court**

JEREMY PINSON,

      Petitioner - Appellant,

v.

J. OLIVER, Warden,[*]

      Respondent - Appellee.

No. 14-1260
(D.C. No. 1:11-CV-00608-WYD)
(D. Colo.)

---

## ORDER AND JUDGMENT[**]

---

Before **KELLY**, **BALDOCK**, and **MORITZ**, Circuit Judges.

---

Jeremy Pinson, a federal prisoner proceeding pro se,[1] appeals the district

court's dismissal of his partially remanded 28 U.S.C. § 2241 application.  Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]      In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, J. Oliver is substituted for David Berkebile as respondent-appellee in this action.

[**]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]      "[B]ecause [Mr.] Pinson appears pro se, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we

(continued)

BACKGROUND

In his pro se § 2241 application, Mr. Pinson alleged that the Bureau of Prisons (BOP) violated his due process rights in eight separate disciplinary proceedings. He sought expungement of the underlying incident reports, restoration of lost good-conduct time and privileges, and release from disciplinary segregation status. The district court first dismissed claims concerning five of the disciplinary proceedings (Nos. 1740713, 1740717, 1826070, 2026989, and 2044118) for failure to exhaust administrative remedies. In a later order, the court dismissed claims concerning the other three disciplinary proceedings (Nos. 1918202, 2033414, and 2060836), determining that there had been no denial of due process.

On appeal, after briefing, we appointed counsel for Mr. Pinson. We affirmed the dismissal of the unexhausted claims. *Pinson v. Berkebile*, 528 F. App'x 822, 826-27 (10th Cir. 2013). We, however, vacated the merits decision on the exhausted claims and remanded for further proceedings. On remand, the court was to determine whether Mr. Pinson's claim that he may have suffered from mental illness but had not been referred to a mental health professional for a competency evaluation before the disciplinary proceedings applied to all three disciplinary proceedings, whether the claim had been exhausted, whether exhaustion would have been futile, and whether the government waived exhaustion. *See id*. at 827-29. We declined to reach the

---

begin to serve as his advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

merits arguments concerning the three incident reports, leaving it to the district court to do so again, if necessary, after addressing the mental health issue.  *Id.* at 829. Finally, we directed the district court to appoint new counsel to assist Mr. Pinson in remand proceedings.  *Id.*

After appointing new counsel[2] and after additional briefing, the court decided that the mental competency claim pertained only to No. 2060836; even if Mr. Pinson intended to raise the claim with respect to all three disciplinary hearings, the claim was not exhausted; exhaustion was not futile; and the government did not waive an exhaustion defense.  Also, the court refrained from reaching the merits of the mental health claim, and dismissed the claims concerning the three disciplinary proceedings for the reasons set forth in its prior order.

ANALYSIS

Mr. Pinson's first argument, that the district court erred in finding that claims concerning five of his disciplinary proceedings were unexhausted, is barred by the law-of-the-case doctrine.  *See Bishop v. Smith*, 760 F.3d 1070, 1082 (10th Cir.), *cert. denied,* 135 S. Ct. 271 (2014) ("Under the law of the case doctrine, when a court rules on an issue of law, the ruling should continue to govern the same issues in subsequent stages in the same case."  (internal quotation marks omitted)); *see also Zinna v. Congrove*, 755 F.3d 1177, 1182 (10th Cir. 2014) ("When a case is appealed

---

[2]      Although this appointment continued on appeal, counsel requested and was granted leave to withdraw.

and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." (brackets omitted) (internal quotation marks omitted)). We will not revisit our prior decision upholding the district court's lack-of-exhaustion determination. *See Bishop*, 760 F.3d at 1082 (noting that this court declines to follow law-of-the-case doctrine in only "exceptionally narrow circumstances" (internal quotation marks omitted)).

Likewise, Mr. Pinson's second argument, in which he contends that the district court erred in refusing to grant a protective order, is barred by the law-of-the-case doctrine. He should have, but did not, raise this argument in his prior appeal. It is too late for him to do so now. *See Martinez v. Roscoe*, 100 F.3d 121, 123 (10th Cir. 1996) ("Under the doctrine of law of the case, a legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." (internal quotation marks omitted)).

In his third, fourth, fifth, sixth, and seventh arguments, Mr. Pinson contends that the district court erred in deciding that (1) the BOP's refusal to produce an allegedly exculpatory video did not violate due process in No. 2033414; (2) his waiver of a hearing was enforceable in No. 2033414; (3) he waived staff representation and witnesses in No. 2033414; (4) the BOP's denial of twenty-two

- 4 -

witnesses did not violate due process in No. 1918202; and (5) the BOP's failure to produce physical evidence of a fire did not violate due process in No. 2060836.[3]  We review the district court's factual findings for clear error and its legal conclusions de novo.  *al-Marri v. Davis*, 714 F.3d 1183, 1186 (10th Cir.), *cert. denied*, 134 S. Ct. 295 (2013).  Applying these standards and upon consideration of the appellate briefs, record on appeal, and relevant law, we conclude, for substantially the same reasons set forth by the district court in its order filed January 13, 2012, *see* R. at 239-50, and as adopted in its order of dismissal on remand filed June 24, 2014, *see id*. at 436, that Mr. Pinson's due process rights were not violated.

Lastly, Mr. Pinson argues that the district court's dismissal on remand was tainted by BOP misconduct and ineffective assistance by his appointed counsel.  He maintains that counsel refused to provide evidence of his mental incompetence to the court or to consult with him by telephone or in person, the BOP imposed unconstitutional mail restrictions and violated his right to private communications with counsel, and counsel refused to withdraw after failing to meet Mr. Pinson's instructions so that Mr. Pinson could represent himself or seek other counsel.  We reject these arguments.  First, there is no constitutional right to counsel in habeas corpus actions.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  So

---

[3]    With respect to his fourth and fifth claims, Mr. Pinson makes a conclusory attempt at raising a competency argument.  He, however, fails to address the district court's findings and conclusions regarding his failure to exhaust a competency argument.

Mr. Pinson could not be deprived of effective assistance of counsel. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (per curiam).  Furthermore, Mr. Pinson fails to indicate what evidence counsel refused to provide to the court.  And he never requested in district court that counsel be ordered to withdraw or that he be allowed to proceed pro se.

With respect to the BOP mail-restrictions assertions, the district court found that counsel was able to correspond with Mr. Pinson and file an adequate pleading with respect to the issues raised in the remand order.  Also, the court found that Mr. Pinson did not have a constitutional right to communicate with counsel by telephone and that he had sufficient communication with counsel by mail as evidenced by prison mail logs.  Thus, the court concluded that Mr. Pinson was not obstructed in his ability to send mail to or receive mail from counsel.  Upon our review of the record, we agree with these findings and conclusion.

## FILING RESTRICTIONS

"The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (brackets omitted) (internal quotation marks omitted).  We "have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Id*. (internal quotation marks omitted).  "Even onerous conditions may be imposed upon a litigant as long as

they are designed to assist the court in curbing the particular abusive behavior involved, except that they cannot be so burdensome as to deny a litigant meaningful access to the courts." *Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013) (per curiam) (ellipsis omitted) (internal quotation marks omitted), *cert. denied*, 134 S. Ct. 1037 (2014). Litigiousness by itself is insufficient to warrant filing restrictions, but restrictions are appropriate where we (1) set forth a litigant's abusive and lengthy history; (2) provide guidelines for what the litigant must do to obtain our permission to file an action; and (3) give the litigant notice and an opportunity to oppose our filing-restrictions order before it is instituted. *Id.*

Mr. Pinson has a lengthy and abusive filing history. He has filed more than a hundred civil complaints and § 2241 applications in various federal courts throughout the country. Based on his history, the Colorado district court imposed restrictions on his filing of § 2241 applications challenging disciplinary proceedings, including limiting him to filing only one § 2241 application per month. *See Pinson v. Berkebile*, No. 1:12-cv-02673-LTB, Doc. 34 (D. Colo. May 23, 2014), *aff'd*, Nos. 14-1150, 14-1225, 2015 WL 408211 (10th Cir. Feb. 2, 2015). Another district court case ordered similar filing restrictions on his filing of § 2241 applications either challenging disciplinary proceedings or attempting to raise conditions of confinement claims. *See Pinson v. Kasdon*, No. 13-cv-01384-RM-BNB, Doc. 123 at 10-12 (D. Colo. May 1, 2014). Mr. Pinson did not appeal from that decision.

In recent years, this court has decided several appeals by Mr. Pinson from the denial of § 2241 relief, including the prior appeal in this case.[4] *See Pinson*, 2015 WL 408211, at *1 (noting that Mr. Pinson "is a frequent filer who often abuses the availability of" § 2241; denying in forma pauperis (IFP) and affirming (1) dismissal of § 2241 application seeking relief from thirty-seven disciplinary convictions and (2) imposition of filing restrictions); *Pinson v. Berkebile*, No. 14-1243, 2014 WL 6892179, at *1, *4 (10th Cir. Dec. 9, 2014) (affirming dismissal of conditions of confinement claims; remanding § 2241 claims for consideration of unresolved questions of material fact regarding exhaustion of administrative remedies and asserted lack of staff representation to assist in exhausting administrative remedies); *Pinson v. Berkebile*, 576 F. App'x 710, 711 n.2, 714 (10th Cir. 2014) (granting IFP and affirming denial of § 2241 relief); *Pinson v. Berkebile*, 553 F. App'x 852, 854-55 (10th Cir.) (denying IFP and affirming decision that § 2241 application was properly characterized as civil suit challenging prison conditions), *cert. denied*, 134 S. Ct. 1771 (2014); *Pinson v. Berkebile*, 549 F. App'x 787, 787-88 (10th Cir. 2013) (affirming determination that § 2241 application was deficient when Mr. Pinson did not challenge that determination); *Pinson v. Berkebile*, 528 F. App'x 822 (10th Cir. 2013) (prior appeal in this case, affirming in part and remanding in part); *Pinson v. Davis*, 517 F. App'x 632, 634 (10th Cir. 2013) (affirming denial of Fed. R. Civ. P.

---

[4]     While we recognize that this court remanded for further proceedings in two of his appeals, those remands are insufficient to change our characterization of Mr. Pinson as a frequent filer and abusive litigant.

- 8 -

60(b) relief); *Pinson v. Berkebile*, 486 F. App'x 745, 745, 747 (10th Cir. 2012)

(affirming dismissal of § 2241 action because (1) Mr. Pinson lacked standing to

challenge his ineligibility for a sentence reduction and (2) federal courts lack

jurisdiction under § 2241 to consider claim challenging conditions of confinement).

Also, this court has dismissed three § 2241 appeals because Mr. Pinson failed to pay

the filing fees.  *See Pinson v. Davis*, Nos. 12-1213, 12-1214, 12-1215.  Mr. Pinson

currently has another § 2241 appeal pending before this court.  *See Pinson v.*

*Berkebile*, No. 14-1336.[5]

Based on Mr. Pinson's filing history, we conclude that filing restrictions are

necessary to curb abuse of the appellate process.  Mr. Pinson is therefore restricted

from filing any further pro se § 2241 appeals or original proceedings concerning

§ 2241 applications, unless he (1) is represented by an attorney who is admitted to

practice before this court or (2) obtains permission to proceed pro se.  In order to

proceed pro se in this court in the future in any § 2241 appeal or original proceeding

concerning a § 2241 application, Mr. Pinson must do the following:

    1.  Submit a petition with the clerk of this court requesting leave to file
    a pro se proceeding that raises a § 2241 claim;

---

[5]    Furthermore, Mr. Pinson is subject to sanctions under the three strikes
provision of the Prison Litigation Reform Act, which requires him to fully pre-pay
any filing fees before filing a civil action or appealing from a civil action, unless he
is in imminent danger of serious physical injury.  *See Pinson*, 553 F. App'x at 853
(citing 28 U.S.C. § 1915(g)); *see also Pinson v. Samuels*, 761 F.3d 1, 4 (D.C. Cir.
2014) (recognizing that Mr. Pinson has at least three strikes), *petition for cert. filed*,
(U.S. Jan. 16, 2015) (No. 14-844).  To date, this court has dismissed fourteen civil
actions for lack of prosecution because he has failed to pre-pay the filing fees.

2.  Include in the petition the following information:

a.  A list, by case name, number, and citation where applicable, of all pro se proceedings raising § 2241 claims currently pending or filed previously in this court by Mr. Pinson, with a statement indicating the current status or disposition of each proceeding;

b.  A list apprising this court of all outstanding injunctions, contempt orders, or other judicial directions limiting his access to federal court, including orders and injunctions requiring him to be represented by an attorney; with each matter to include the name, number, and citation, if applicable, of all such orders and injunctions;

3.  File with the clerk a notarized affidavit, in proper legal form, reciting the issues he seeks to present, including a short discussion of the legal basis asserted for the challenge, and, if appropriate, describing with particularity the order or ruling being challenged or the issue being raised.  The affidavit must also certify, to the best of Mr. Pinson's knowledge, that the legal arguments raised are not frivolous or made in bad faith; that they are warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; that his appeal or original proceeding is not being filed for an improper purpose; that his arguments do not duplicate arguments previously raised and rejected in a prior case; and that he will comply with all federal appellate rules and local rules of this court.

These documents shall be submitted to the clerk of this court, who will review them for compliance with the above requirements.  The clerk will dismiss the § 2241 appeal or other proceeding for failure to prosecute if Mr. Pinson does not submit a fully compliant petition.  If Mr. Pinson follows these procedures and submits a fully compliant petition, the clerk will forward the documents to the Chief Judge, or her designee, for review to determine whether to permit the pro se appeal or other proceeding.  Without such approval, the matter will be dismissed.  If the submission is approved, an order will be entered indicating that the matter shall proceed in

accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit
Rules.

CONCLUSION

Mr. Pinson shall have ten days from the date of this order to file written
objections, limited to fifteen pages, to these proposed filing restrictions.  If he does
not file a response, the proposed filing restrictions will enter twenty-eight days from
the date of the filing of this order and judgment and will apply to any § 2241 matter
he files in this court after that time.  If Mr. Pinson does file a timely response, the
proposed filing restrictions will not take effect unless this court so orders, after it has
considered the response and ruled on Mr. Pinson's objections.

The judgment of the district court is affirmed.  We deny Mr. Pinson's request
for appointment of counsel.  We also deny his motion to supplement the record on
appeal.

Entered for the Court


Bobby R. Baldock
Circuit Judge

# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT
## OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker
Clerk of Court

February 12, 2015

Chris Wolpert
Chief Deputy Clerk

Mr. Jeremy Vaughn Pinson
MCFP - Springfield
P.O. Box 4000
Springfield, MO 65801
#16267-064

**RE:    14-1260, Pinson v. Oliver**
        Dist/Ag docket: 1:11-CV-00608-WYD

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

cc:    Michael Conrad Johnson
       Mark S. Pestal

EAS/jm