

**U.S. Department of Justice**

**United States Attorney**
**District of Montana**

---

Madison L. Mattioli  
Assistant United States Attorney

901 Front Street, Suite 1100  
Helena, MT 59626

Phone: (406) 457-5269  
Fax: (406) 457-5130

June 18, 2024

United States District Court  
Judge Yvonne Gonzalez Rogers  
1301 Clay Street, Suite 400 S  
Oakland, CA 94612

RE:  *California Coalition for Women Prisoners, et al v. United States Bureau of Prisons, et al*, CV 4:23-CV-04155-YGR

Your Honor:

The United States concurrently files a dispositive motion to dismiss Plaintiffs' claims for injunctive relief, including all class claims, as moot in light of the closure of FCI Dublin, and for the termination of all prospective relief. Counsel has conferred with counsel for Plaintiffs, and they oppose this motion. The following letter outlines the parties' respective positions.

**Defendants' statement:** Plaintiffs' claims for injunctive relief against defendant BOP and all official-capacity defendants under the Eighth and First Amendments of the United States Constitution, as well as the injunctive class action allegations, are premised exclusively on 245 paragraphs of factual allegations detailing conditions of confinement at FCI Dublin, which is now closed, and which will never again house female AICs. As such, these claims are moot and must be dismissed. No exceptions to mootness apply to prevent dismissal. Leave to amend would be futile and would unfairly prejudice BOP.

**Plaintiffs' statement:** As this Court's orders have made clear, Plaintiffs' claims are not moot. Plaintiffs, on behalf of a class, brought claims against BOP seeking to enjoin BOP policies, practices, and customs that put them at unconstitutional risks of sexual assault, retaliation, and inadequate medical and mental health care. Those same allegations by the same class still exist against the exact same defendants, and evidence, including the Special Master's Report, bears out that those allegations are founded, and not limited to FCI Dublin, but rather the product of systemic failures within BOP. Defendants have not satisfied their high burden of demonstrating mootness. This is particularly true when Defendants rely on voluntary cessation of the unlawful activity. *See West Virginia v. EPA*, 597 U.S. 697, 719 (2022). Further, despite counsel's statements, there is no record evidence that Dublin will not incarcerate women in the future, or

why such a claim necessarily moots the claims here which would affect all potential residents. Finally, if this Court chooses to dismiss, leave to amend should be granted. Such an order would be inefficient, and no prejudice would exist to Defendants who have continued litigating a BOP-wide case well after the closure of Dublin, including engaging in purported settlement discussions.

**Defendants' statement:** Official-capacity defendants also provide notice to the Court and opposing counsel that this Court's orders granting preliminary injunctive relief automatically expired on June 15, 2024, by operation of the Prison Litigation Reform Act (PLRA). 18 U.S.C. § 3626(a)(2). To the extent any orders granting prospective relief can be interpreted as extending beyond the expiration of the preliminary injunction, defendants move to immediately terminate such orders pursuant to 18 U.S.C. § 3626(b)(2), as they were issued without the necessary findings. This includes relieving the Special Master of her appointment. See 18 U.S.C. 3626(f)(6)(D) ("A special master appointed under this subsection . . . shall be relieved of appointment upon the termination of relief."). The PLRA provides for an automatic stay of these orders beginning on the 30th day after this motion is filed pending this Court's final order ruling on the motion. 18 U.S.C. § 3626(e)(2).

**Plaintiffs' statement:** Defendants misunderstand the application of the Prison Litigation Reform Act (PLRA) to this Court's orders. Defendants inappropriately focus on this Court's March 15, 2024, order while challenging relief from later orders. The Court ordered additional injunctive relief in this matter on May 8, 2024. *See* ECF 300. This order was based on evidence from the parties and the appointed Special Master, the findings were clear, and the relief was narrowly drawn to address the constitutional issues identified by the Court. ECF 300 at 14-15. It thus satisfied the requirements of the PLRA. 18 U.S.C. § 3626(a)(1). Further, this order is governed by 18 U.S.C. § 3626(a)(1), not 18 U.S.C. § 3626(a)(2). Because § 3626(a)(2) does not apply no automatic expiration applies to this order under the PLRA. Of course, permissive termination upon request of Defendants may be allowed after two years. 18 U.S.C. § 3626(b)(1). However, even if automatic expiration applied here, that expiration would run on August 6, 2024, not June 15, 2024. The same is true of Defendants move to end the appointment of the Special Master. There is no Special Master in this case. This Court appointed Ms. Still to a "distinct role" of Court Monitor on May 20, 2024. *See* ECF 308. That order also has no automatic expiration under the PLRA, but if it did, that date would run on August 18, 2024. The order appointing a Monitor in this case also well satisfies the requirements of the PLRA as it was founded on particular findings regarding ongoing constitutional violations and the appointment is particularly narrowly drawn. To the extent the Court considers Defendants argument under 18 U.S.C. § 3626(b)(2) to have any merit, the Court can address those issues further under 18 U.S.C. § 3626(b)(3).

June 18, 2024
Page 3

**Defendants' statement:** Official-capacity defendants move for a stay of discovery pending resolution of this motion to promote judicial economy and conserve time and resources.

**Plaintiffs' statement:** No stay is warranted here. Discovery is already underway and such a stay will add unnecessary delay to a matter that is proceeding in the normal course on track to trial. Judicial economy would be better served by quick disposition of this motion and allowing the parties to continue discovery without intruding on the Court's docket.

Sincerely,

Jesse A. Laslovich
United States Attorney


*Madison L. Mattioli*
Madison L. Mattioli
Assistant U.S. Attorney


*Oren Nimni*
Oren Nimni