JESSE LASLOVICH
United States Attorney
MADISON L. MATTIOLI
    MT Bar No. 36411284
ABBIE J.N. CZIOK
    MT Bar No. 55781377
Assistant U.S. Attorneys
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5269 – Madison
          (406) 457-5268 – Abbie
Fax: (406) 457-5130
Email: madison.mattioli@usdoj.gov
          abbie.cziok@usdoj.gov

MARK STEGER SMITH
    MT Bar No. 4160
TIMOTHY A. TATARKA
    CA Bar No. 277219
Assistant U.S. Attorneys
U.S. Attorney's Office
James F. Battin Federal Courthouse
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667 – Mark
          (406) 247-4642 – Tim
Fax: (406) 657-6058
Email: mark.smith3@usdoj.gov
          timothy.tatarka@usdoj.gov

Attorneys for Federal Defendants and
Defendant United States of America.

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA COALITION FOR WOMEN PRISONERS; et. al.,<br><br>                    Plaintiffs<br>          v.<br><br>UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS; et. al.,<br><br>                    Defendants. | CASE NO. 4:23-CV-04155-YGR<br><br>**UNITED STATES' RESPONSE TO MOTION TO UNSEAL COURT RECORDS** |

Defendants respectfully respond to the Motion to Unseal Court Records (dkt. 317) as follows:

The Appeal, Victoria Law, American Civil Liberties Union of Northern California, and the First Amendment Coalition argue that "the closure of FCI Dublin has rendered Defendants' safety and security concerns moot." (Dkt. 317 at 16–22.) For the most part, Defendants agree with this premise. (*See* dkt. 326.) In light of changing factual conditions that have mooted time-sensitive security concerns justifying the sealing of certain materials, Defendants agree to withdraw their request to keep certain documents and portions of documents redacted, as detailed in the table below. But safety and security were not the only reasons provided in support of sealing certain documents and portions of documents. Defendants proposed, the Court has approved, limited redactions pursuant to both significant law enforcement safety and security concerns **and** the Privacy Act, which are undoubtedly independent

1  compelling reasons justifying nondisclosure of the remaining documents. 5 U.S.C. § 552a(b); s*ee*

2  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) and *Center for Auto Safety*

3  *v. Chrysler Group LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016).

4       The Privacy Act prohibits an agency from "disclos[ing] any record which is contained in a

5  system of records by any means of communication to any person, or to another agency, except pursuant

6  to a written request by, or with the prior written consent of, the individual to whom the record pertains."

7  5 U.S.C. § 552a(b). The United States does not have such written consent. Further, much of this

8  information would not be subject to a Freedom of Information Act (FOIA) request and is not available

9  to the public because it constitutes "records or information compiled for law enforcement purposes" that

10  could "interfere with law enforcement proceedings" and "could reasonably be expected to constitute an

11  unwarranted invasion of personal privacy." 5 U.S.C. § 552a(b)(7). Intervenors' motion does not even

12  mention the Privacy Act, let alone address this significant and compelling reason justifying limited

13  nondisclosure of certain documents and excerpts.

14       As outlined in the table below and the initial motions to seal, Defendants maintain their request

15  to keep documents redacted (i.e., sealed as to public disclosure), which continue to constitute private

16  and/or confidential criminal investigative material and which implicate compelling law enforcement

17  safety and security issues. *See* 5 U.S.C. § 552a(b)(7) and *Shah v. Dep't of Justice*, 89 F. Supp. 3d 1074,

18  1080 (D. Nev. 2015) (discussing law enforcement privilege and citing, *inter alia*, *In re Sealed Case*, 856

19  F.2d 268, 271 (D.C. Cir. 1988)). Because these security concerns are supported by sworn, specific, and

20  cogent rationale proffered by high-ranking agency leadership, compelling reasons support Defendants'

21  request that the documents should remain under seal. *See* Declaration of William Lothrop, dkt. 236-2

22  ("Lothrop's First Decl."); Art Dulgov's Declaration, dkts. 161-3 ("Dulgov Decl.").

23  /

24  /

25  /

26  /

27  /

28  /

| Document and Portion of Document to be Sealed by U.S. | Evidence in Support of Sealing | Ruling | U.S.' Position on Unsealing |
|---|---|---|---|
| Dkt. 45, Motion to Seal Excerpts of Agostini's First Declaration ISO Opposition to PI | Privacy Act, 5 U.S.C. §§ 552a(b); (b)(7) (protect privacy interest and law enforcement sensitive information) | Granted in Dkt. 222 | Defendants do not object to unsealing Doc. 45, as the motion to seal itself should not have been filed under seal. |
| Documents and excerpts related to Dkt. 45 | Privacy Act, 5 U.S.C. §§ 552a(b); (b)(7) (protect privacy interest and law enforcement sensitive information) | Granted in Dkt. 222 | Defendants object to unsealing excerpts related to Dkt. 45 as the reasons for sealing (privacy and confidential criminal investigative material) remain compelling despite facility closure. |
| Dkt. 75, **Unopposed** Motion to Seal | Privacy Act, 5 U.S.C. § 552a (private health information | Granted in Dkt. 222 | Defendants do not object to unsealing Dkt. 75, as the motion to seal itself should not have been filed under seal. |
| Documents and excerpts related to Dkt. 75 | Privacy Act, 5 U.S.C. § 552a (private health information) | Granted in Dkt. 222 | Defendants object to unsealing all documents and excerpts related to Dkt. 75 as the reasons for sealing (privacy) remain compelling despite facility closure. |
| Dkt. 159, Admin. Mtn to Seal Response to Dkt. 143 | Doc. 161-3 at ¶¶ 6, 8, 16 | Granted in Dkt. 222 | Defendants do not object to unsealing Dkt. 159, as the motion to seal itself should not have been filed under seal. |

| | | | |
|---|---|---|---|
| Documents and excerpts related to Dkt. 159 | Privacy Act, 5 U.S.C. § 552a; Doc. 161-3 at ¶¶ 6, 8, 16 | Granted in Dkt. 222 | The United States objects to unsealing its Response to Dkt. 143 as the reasons for sealing remain compelling (privacy and institutional security) despite facility closure. |
| Dkt. 162, Admin. Mtn to Seal Private Health Information | Privacy Act, 5 U.S.C. § 552a | Granted in Dkt. 222 | Defendants do not object to unsealing the administrative motion to seal, but objects to unsealing related documents as the reasons for sealing (privacy) remain valid despite facility closure. |
| Dkt. 168, Admin. Mtn to Seal Report to Court | Privacy Act, 5 U.S.C. § 552a(b) | Granted in Dkt. 222 | Defendants do not object to unsealing the motion to seal, but objects to unsealing the related documents as the reasons for sealing (privacy) remain valid despite facility closure. |
| Dkt. 176, Admin. Mtn to Seal Documents Related to Dkts. 172–176 | Privacy Act, 5 U.S.C. § 552a; Doc. 161-3 at ¶¶ 6, 8, 16 | Granted in Dkt. 222 | Defendants do not object to unsealing the motion to seal, but objects to unsealing related documents, as the reasons for sealing (privacy and institutional security) remain compelling despite facility closure. |

| | | | |
|---|---|---|---|
| Dkt. 184, Admin. Mtn to File Excerpts Under Seal Excerpts of Documents, and all excerpts of said documents, containing PII and law enforcement sensitive materials | Privacy Act, 5 U.S.C. § 552a(b); Doc. 161-3 at ¶¶ 6, 8, 16 | Granted in Dkt. 222 | The United States objects to unsealing Dkt. 184 as the reasons for sealing remain compelling despite facility closure. |
| Dkt. 197, Admin. Mtn to Seal Declarations Related to PII and Institutional Security and related filings | Privacy Act, 5 U.S.C. § 552a(b), Doc. 161-3 at ¶¶ 6, 8, 16 | Granted in Dkt. 222 | The United States objects to unsealing all documents and excerpts related to Dkt. 197 as the reasons for sealing, (privacy and institutional security) remain compelling despite facility closure. |
| Dkt. 199, Admin. Mtn to Seal Medical Information in Response to Dkts. 190 and 195, and related filings | Privacy Act, 5 U.S.C. § 552a(b) | Granted in Dkt. 222 | The United States objects to unsealing all documents and excerpts related to Dkt. 199 as the reasons for sealing (privacy) remain compelling despite facility closure. |
| Dkt. 206, Mtn. to Seal Reese Second Decl. and related filings, which were provided at the direction of the Court during the Feb. 27, 2024 Hearing, and contains confidential criminal investigative material and PII of a non-party. | Privacy Act, 5 U.S.C. § 552a(b)(7) | Granted in Dkt. 222 | Defendants object to unsealing this declaration as the reasons for sealing (confidential criminal investigative material and privacy of a non-party) remain compelling despite facility closure. |
| Dkt. 229, **Unopposed** Mtn. to Seal Documents Related to Special Master Candidates (Exhibits 1 through 5) | Privacy Act, 5 U.S.C. § 552a | Granted in Dkt. 232 | Defendants do not object to redacting PII and filing a public version of Dkt. 229-2. |

| Dkt. 236, Admin. Mtn for *in camera* review and to Seal Notice of *ex parte* Communication | Lothrop's First Decl., institutional security. | Pending | Defendants object to unsealing Dkt. 236-4, as the reasons for sealing (institutional security) remain compelling despite facility closure. |
|---|---|---|---|
| Dkt. 239, Admin. Mtn for *in camera* review and to Seal Documents Related to Transfer of AIC | Lothrop's First Decl., institutional security. Advance public notice of intent to transfer an AIC is not sound correctional practice and can jeopardize the safety of the AIC as well as institution staff, both of which are independent compelling interests. | Pending | Defendants do not object to unsealing Dkt. 239-3, as the transfer is complete and FCI Dublin is closed, mooting the reasons for sealing. The remaining attachment contain PII and must remain sealed pursuant to the Privacy Act. |
| Dkt. 242, Admin. Mtn for *in camera* review and to Seal Documents Related to Transfer of AIC | Lothrop's First Decl., institutional security. Advance public notice of intent to transfer an AIC is not sound correctional practice and can jeopardize the safety of the AIC as well as institution staff, both of which are independent compelling interests. | Pending | Defendants do not object to unsealing Dkt. 242-3 as the transfer is complete and FCI Dublin is closed, mooting the reasons for sealing. The remaining attachments contain PII and must remain sealed pursuant to the Privacy Act. |
| Dkt. 244, Admin. Mtn for *in camera* review and to Seal Documents Related to Transfer of AIC | Lothrop's First Decl., institutional security. Advance public notice of intent to transfer an AIC is not sound correctional practice and can jeopardize the safety of the AIC as well as institution staff, both of which are independent compelling interests. | Pending | Defendants do not object to unsealing Dkt. 244-3 as the transfer is complete and FCI Dublin is closed, mooting the reasons for sealing. The attachments contain PII and should remain sealed pursuant to the Privacy Act. |

| Dkt. 247, **Unopposed** Mtn. to Seal Portions of Mold and Asbestos Reports | Doc. 161-3 at ¶¶ 6, 8, 16, institutional security. | Pending | Defendants object to unsealing 246-1 and 2, the portions of the reports containing maps of the facility, as the reasons for sealing (institutional security) remain compelling despite facility closure. |
|---|---|---|---|
| Dkt. 251, Mtn. to Seal Notice of Intent to Transfer AICs Due to Facility Closure | Lothrop's First Decl., institutional security. | Granted in Dkt. 300 | Defendants do not object to unsealing Dkt. 251-3 as the transfer is complete and FCI Dublin is closed, mooting the reasons for sealing. As such, Defendants will redact PII and file a public version of Dkt. 251-3. |
| Dkt. 258, Admin. Mtn to Seal Excerpts from U.S.' Mtn for Relief from Dkt. 254-1 | Lothrop's First Decl., institutional security. | Granted in Dkt. 300 | Defendants object to unsealing documents related to Dkt. 258, as the reasons for sealing (institutional security) remain compelling despite facility closure. |
| Dkt. 292, Notice of Manual Filing Documents Under Seal in Response to Dkt. 275-1 | The Court directed BOP to provide this filing in sealed Order at Dkt. 275-1. Some of the contents are privileged and confidential law enforcement sensitive policies. | Pending | To the extent the Court's Order directing this filing remains sealed, Defendants object to unsealing Dkt. 292-A–P. If Dkt. 275-1 is unsealed, Defendants do not object to redacting PII and law enforcement sensitive materials and filing public versions. |

1    Dated this 25th day of June, 2024.

2                                          JESSE A. LASLOVICH
                                           United States Attorney
3

4                                          /s/ *Madison L. Mattioli*
                                           MADISON L. MATTIOLI
5                                          ABBIE J.N. CZIOK
                                           MARK STEGER SMITH
6                                          TIMOTHY A. TATARKA
                                           Assistant U.S. Attorneys
7                                          Attorneys for Federal Defendants

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28