UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CALIFORNIA COALITION FOR WOMEN PRISONERS, ET AL.,**<br><br>　　Plaintiffs,<br><br>　　v.<br><br>**UNITED STATES OF AMERICA BUREAU OF PRISONS, ET AL.,**<br><br>　　Defendants. | **Case No.:** 4:23-cv-4155-YGR<br><br>**ORDER DENYING MOTION TO INTERVENE**<br><br>Re: Dkt. No. 305 |

Pending before the Court is *pro se* litigant Jeremy "Grace" Pinson's "Motion to Intervene as Interested Party," which defendants oppose. Having carefully considered the briefing, as well as the record in this case, the Court determines Pinson has failed to demonstrate that intervention is appropriate. Thus, the motion is **DENIED**.

Federal Rule of Civil Procedure 24(b)(1) permits the Court, "[o]n timely motion," to allow an individual to intervene where that person "is given a conditional right to intervene by a federal statute;" or "has a claim or defense that shares with the main action a common question of law or fact."[1] *See also Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 955 (9th Cir. 2009) (same). In ruling on such a motion, courts "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Here, Pinson's argument is brief and is therefore excerpted, nearly in its entirety, below:

> Intervenor was a victim of sexual abuse and completed a bench trial in *Pinson v. United States*, No. 19-cv-00422-RM (D. Ariz. 2023) and now proceeds with an action challenging the [Bureau of Prison ('BOP')]'s retaliation against her and related claims, in Case No. 23-cv-00442-RM (D. Ariz.) . . . .

---

[1] Pinson does not cite to Rule 24(a), which governs intervention of right, nor does she argue under that subsection. Thus, the Court construes her request as seeking permissive intervention under Rule 24(b). Under Rule 24(b), Pinson does not address whether she views herself as having been granted "a conditional right to intervene by federal statute." Therefore, the Court does not consider that prong of the permissive intervention analysis.

> The women in BOP custody face systemwide sexual abuse and retaliation . . . and the use of transfers as a weapon is not isolated to this case. As this case and [the] relief the Court may grant are materially similar or identical to intervenors' [*sic*] case she seeks leave to intervene as an interested party . . . .

(*See generally* Dkt. No. 305, Motion to Intervene as Interested Party ("Mot.") at 1–2.)

Two considerations drive the analysis. *First*, Pinson's claims do not share adequate common issues of law or fact with this litigation.[2] The Court has reviewed the pleadings in the District of Arizona cases to which she cites and neither contain allegations of wrongdoing at Federal Correctional Institution Dublin. Further, Pinson's allegations of "systemwide" BOP wrongdoing are distinct from the issues presented by this case, which exclusively derive from activities at one facility. In light of this, even though some overlap may exist, for instance in terms of claims stated, more commonality is required.

*Second*, even were Pinson to have "a claim or defense that shares with [this] action a common question of law or fact," the Court would still be required to assess "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Here, permitting Pinson to intervene would inject additional logistical challenges into an already complex matter. She is not a member of the class certified by this Court and is incarcerated at a facility in which no other class members are housed. Thus, Pinson's motion fails on the independent and alternative grounds that permitting intervention would unduly prejudice the original parties.

Given the above analysis, the Court determines a straightforward application of Rule 24 is dispositive. It declines therefore to reach the government's other arguments, such as "Pinson does not and cannot establish independent grounds for this Court's jurisdiction over any of her claims," and "several Ninth Circuit district courts—including the Northern District—have adopted the Eleventh Circuit's categorical bar against joinder in prisoner lawsuits . . . ." (Dkt. No. 315 at 2:27–28; 3:11–12 (cleaned up).)

---

[2] Pinson does not argue that she "is given a conditional right to intervene by federal statute." Thus, the Court does not consider that piece of the permissive intervention analysis under Rule 24.

Based on the foregoing, the Court determines that intervention is inappropriate. Pinson's motion is therefore **DENIED.** To the extent she filed the instant motion solely out of a desire to gain access to certain court filings, she may obtain them through the normal course. (*See* Dkt. No. 327, Reply in Support of Mot. at 5.) Given her familiarity with federal court litigation, it can be reasonably assumed she knows how to do so.[3]

This terminates Dkt. No. 305.

**IT IS SO ORDERED**.

Date:   June 26, 2024

                                                **YVONNE GONZALEZ ROGERS**
                                   **UNITED STATES DISTRICT COURT JUDGE**

---

[3] Pinson is well known for having filed myriad complaints and requests before various federal courts. This behavior led the United States Court of Appeals for the Tenth Circuit to characterize her as having "a lengthy and abusive filing history." *See* Dkt. No. 322-1, United States' Notice of Filing Exhibits in Support of Response to Motion to Intervene, Ex. 1 at 7. Pinson's history demonstrates her ability to navigate the federal judiciary, therefore suggesting she knows how to obtain publicly-filed court documents.

3