
JESSE LASLOVICH
United States Attorney
MADISON L. MATTIOLI
  MT Bar No. 36411284
ABBIE J.N. CZIOK
  MT Bar No. 55781377
Assistant U.S. Attorneys
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5269 – Madison
      (406) 457-5268 – Abbie
Fax: (406) 457-5130
Email: madison.mattioli@usdoj.gov
     abbie.cziok@usdoj.gov

MARK STEGER SMITH
 MT Bar No. 4160
TIMOTHY A. TATARKA
 CA Bar No. 277219
Assistant U.S. Attorneys
U.S. Attorney's Office
James F. Battin Federal Courthouse
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667 – Mark
      (406) 247-4642 – Tim
Fax: (406) 657-6058
Email: mark.smith3@usdoj.gov
     timothy.tatarka@usdoj.gov

Attorneys for Federal Defendants and
Defendant United States of America.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CALIFORNIA COALITION FOR WOMEN PRISONERS; et. al., <br><br> Plaintiffs <br><br> v. <br><br> UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS; et. al., <br><br> Defendants. | CASE NO. 4:23-CV-04155-YGR <br><br> **UNITED STATES' NOTICE OF OBJECTIONS TO SPECIAL MASTER'S REPORT** |

### STANDARD OF REVIEW

Federal Rule of Procedure 53(f) outlines permissible actions on a master's report, order, or recommendations. The rule provides that a "party may file objections to--or a motion to adopt or modify--the master's order, report, or recommendations no later than 21 days after a copy is served, unless the court sets a different time." *Id*. at (2). In reviewing factual findings and legal conclusions made or recommended by a master, the Court "must decide de novo all objections," unless the parties stipulate otherwise. *Id*. at (3)–(4). Finally, "[i]n acting on a master's order, report, or recommendations, the court **must** give the parties notice and an opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." *Id*. at (1) (emphasis added).

**ARGUMENT**

The United States objects to the Special Master's Findings and Recommendations in their entirety. The Special Master Report fails to comply with the requirements of the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626, and Rule 53 of the Federal Rules of Civil Procedure. Section 3626(f)(1)(A) provides that a Federal court may appoint a special master "to conduct hearings *on the record* and prepare proposed findings of fact." (emphasis added.) The limitations in the statute make clear that a special master appointed under this subsection "shall not make any findings . . . ex parte." 18 U.S.C. § 3626(f)(6)(B). At the same time, Rule 53 provides that an order appointing a special master "must state": "the master's duties, including any investigation or enforcement duties" and any limitations; "the nature of the materials to be preserved and filed as the record of the master's activities;" and "the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations." Fed. R. Civ. P. Rule 53(b)(2). The master must report "as required by the appointing order." Rule 53(e). Any order appointing a master can only be amended "after notice to the parties and an opportunity to be heard." Rule 53(b)(4).

"An order referring a case to a special master is therefore the source *and the limit* of the master's duties and powers." *United States v. Clifford Matley Family Trust*, 354 F.3d 1154, 1159 (9th Cir. 2004) (emphasis added). In this case, the Special Master had no authority to issue findings and recommendations. The order appointing the Special Master expressly excludes the filing of findings and recommendations from among the master's duties. *See* Dkt. 248 at 2 ("At this juncture, Ms. Still is not authorized to conduct hearings nor is there a need to prepare findings of fact."). Accordingly, the order does not provide the nature of the materials to be preserved and filed as the record of the master's activities or the method of filing the record. Likewise, the order does not provide the standards for reviewing the master's orders, findings, and recommendations. As the commentary to Rule 53 makes clear, the "order appointing a pretrial master is vitally important in informing the master and the parties about the nature and extent of the master's duties and authority." Fed. R. Civ. P. 53 advisory committee's note. It is critical because, while the federal rules provide for the "broad and flexible authority to discharge the master's responsibilities," the "most important delineation of a master's authority and duties is provided by the Rule 53(b) appointing order." *Id.* In particular, Rule 53(b)(2)(C)

provides crucial information without which review of any factual findings by the special master is severely hamstrung. As the commentary to the rule makes clear, a "basic requirement" of the master's duties "is that the master must make and file a complete record of the evidence considered in making or recommending finding of fact on the basis of evidence." *Id.*; *see also La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 879 (9th Cir. 2014) (factual findings must be supported by "inferences that may be drawn from the facts in the record"). Accordingly, "the order of appointment should routinely include this requirement unless the nature of the appointment precludes any prospect that the master will make or recommend evidence-based findings of fact." *Id.*

On May 20, 2024, the Court issued an order indicating that "[Special Master] Still is preparing a comprehensive report with her findings of fact relating to the conditions, both pre-closure and during the shutdown, at FCI Dublin." (Dkt. 308 at 2.) This order was issued without "notice to the parties and an opportunity to be heard," and, thus, does not comply with Rule 53(b)(4) regarding orders appointing special masters. *See* Fed. R. Civ. P. 53 advisory committee's note ("[t]he provision in Rule 53(b)(4) for amending the order of appointment is as important as the provisions for the initial order."). Perhaps because it was done without the benefit of input by the parties, the order does not meet the requirements of Rule 53(b)(2)(A), (C), or (D).

This failure to comply with Rule 53(b) is procedural error. The error is made more problematic by the fact that 18 U.S.C. § 3626(f)(1)(A) provides for a "disinterested and objective" special master to hold hearings and prepare proposed findings of fact. The Court's May 20, 2024 order informing the parties that the special master was preparing findings of fact indicates that rather than making objective findings,[1] the special master was given "[t]he principle goal" of "captur[ing] and document[ing]

---

[1] The Court's May 20, 2024, Order simply states that the Special Master "is preparing" findings of fact, indicating that sometime between April 4 and May 20, the determination was made changing the scope of the Special Master's role. This is important because, as the Court recognized, 18 U.S.C. § 3626(f)(6)(B) prohibits *ex parte* "findings" as well as *ex parte* "communications." (Dkt. 248 at 2.) While the Court indicated that it interpreted "*ex parte* communications" as relating to only communications with attorneys of the parties, *id.*, it did not address the statutory prohibition on the Special Master making "any findings . . . *ex parte*." *Id.* At the time, the Court had not authorized the Special Master to make findings of fact. To the extent the Court amended the Special Master's authority to add factual findings, however, that prohibition necessarily comes into play. *See* McGovern, Francis, APPOINTING SPECIAL MASTERS AND OTHER JUDICIAL ADJUNCTS: A HANDBOOK FOR JUDGES, ALI-ABA 1911(2007) (explaining that a court can amend special master's *ex parte* communications and record keeping requirements by amendment under Rule 53(b)(4) where the master's role changed (citing *In re: Propulsid Products Liab. Litig.*, 2002 WL 32156066 (E.D. La. Aug.

1  evidence of constitutionally inadequate conditions." Dkt. 308 at 2; *compare Alberti v. Klevenhagen*, 660
2  F.Supp. 605, 611 (S.D. Tex. 1987) ("Should the Fact Finding Special Master decide to conduct hearings
3  as to any particular matters, such hearings must be conducted in a procedurally fair manner, with timely
4  notice to all parties of the date, time, place and subject matter to be considered at such hearing(s), and a
5  fair opportunity for all parties to prepare and participate in such hearings and be heard therein including
6  a reasonable opportunity to present such relevant testimony, evidence or information as such party may
7  wish to present.").

8  The requirements of Rule 53(b) are not empty procedure, however. Rule 53(f) requires that
9  "[t]he court must decide de novo all objections to findings of fact made or recommended by a master,"
10 unless the parties stipulate otherwise. The Ninth Circuit has made clear that "[u]nder the *de*
11 *novo* standard of review, we do not defer to the ... ruling but freely consider the matter anew, as if no
12 decision had been rendered." *United States v. Silverman,* 861 F.2d 571, 576 (9th Cir.1988); *Sukumar v.*
13 *Direct Focus, Inc.*, 349 Fed.Appx. 163, 165 (9th Cir. 2009) (applying *Silverman* to district court's
14 review of special master objections). In order to conduct such a review, it is critical that the special
15 master's findings be made based on a record that is subject to review. *See Sukumar*, 359 Fed.Appx at
16 165 ("The district judge independently considered all of the evidence that the special master considered,
17 including over 270 pages of exhibits and 25 pages of objections."); *see also* Fed. R. Civ. P. 53 advisory
18 committee's note (explaining the "basic requirement" that "the master must make and file a complete
19 record of the evidence considered in making or recommending finding of fact on the basis of evidence").

20 The Special Master's Report makes clear that the Special Master has not made a complete record
21 of the evidence considered in making findings of fact. To take an example from only the first finding,
22 the Special Master reports that "many of the AICs interviewed stated they had been on waiting lists [for
23 programs] for well over a year." (Special Master Report at 6.) The record does not include the
24 interviews, frustrating the parties' ability to examine or refute of these statements through objections,
25 and depriving the Court of the ability to conduct de novo review as required by Rule 52(f)(3). In another
26 portion of the report, the Special Master found that "[d]uring the review of health records, the medical
27
28  28, 2002)). Section 3626(f)(6)(A) requires that any finding by the special master "shall be made on the record," so 3626(f)(6)(B)'s prohibition on "mak[ing] any findings . . . ex parte" necessarily includes factual findings conveyed ex parte to the court, not solely party counsel.

1    experts found significant problems with the management of chronic disease patients related to the
2    timeliness and/or quality of care patients are receiving." (*Id*. at 7.) As noted above, findings that are
3    unsupported by the record are clear error. Moreover, because there is no order indicating "the nature of
4    the materials to be preserved and filed as the record" by the Special Master pursuant to Rule
5    53(b)(2)(C), it is unknown what material has been preserved upon which a record could even be
6    recreated if the Court were to "resubmit to the master with instructions" pursuant to Rule 53(f)(1) to
7    correct the evident lack of a record.

8    In another telling example, the Special Master's report finds that "in reviewing the health care
9    records of patients in the mental health program, the experts were unable to find any documentation"
10   multidisciplinary treatment plans were occurring." (*Id*. at 6.) The health care records in question are not
11   included in the record. Moreover, as indicated in the United States' specified objections, this conclusion
12   is refuted with documentary evidence. Any de novo review of this finding would require the Court to
13   address material alluded to by the Special Master, but entirely absent in the record. Moreover, the
14   Special Master's report indicates that it includes only a "limited review of AIC medical records." (*Id*. at
15   40.) Without knowing what this review consisted of, it is impossible assess the Special Master's
16   inability to find "any documentation" contrary to its conclusion.

17   The fact that the complete record of considered evidence has not been provided by the Special
18   Master frustrates the parties' ability to fully object to the Special Master's findings. The United States,
19   however, has endeavored to identify factual errors in the Special Master's report and to provide specific
20   objections pursuant to Rule 53(f)(3). The United States provides detailed support for each objection in
21   the attachments, which at this juncture are filed under seal to protect the privacy rights of the individuals
22   referenced in the records. (Exhibit 1, Objections; Exhibit 2, Decl. of Kristi Sutton; Exhibit 3, Alison
23   Mulcahy Attachments 1–16; Exhibit 4, Andrew Lamirand Attachments 1–13; Exhibit 5, Christina
24   Graham Attachment 1; Exhibit 6, Staci Cleland Attachments 1–20; and Exhibit 7, Randal Gilliam
25   Attachments 1–9.) A few non-exhaustive examples of factual inaccuracies in the Special Master's
26   Report include findings related to the availability of programming at FCI Dublin and Dublin AIC's
27   earning of Good Time Credits (GTC), findings related to the status of Dublin AIC's administrative
28   remedies, findings related to BOP's methodology in closing FCI Dublin, findings related to availability

of Medication Assisted Treatment (MAT) at FCI Dublin, findings related to PREA protocols in place at FCI Dublin, findings related to staff augmentation at FCI Dublin, findings related to the facility's vacancy rate, and findings related to the "sick call" process at FCI Dublin. (Exhibit 1.)

While the United States is entitled to an "opportunity to be heard" on each of its objections under Rule 53(f)(1), with the Court conducting a de novo review of each finding "as if no decision had been rendered," *Silverman*, 861 F.2d at 576, the fact that the findings exceed the special master's authority and were not ordered in compliance with Rule 53(b) is fatal to the report as a whole. Moreover, as the Court recognized in its May 20, 2024 Order, the factual findings related to conditions "pre-closure and during the shutdown" and relate to the Court's preliminary injunction order. (Dkt. 308 at 2.) As the United States has indicated in its pending motion to dismiss and to terminate prospective relief, the preliminary injunction has expired pursuant to 18 U.S.C. § 3626(a)(2). Even if the Court's May 20, 2024 Order is read as amending the Special Master's authority despite its failure to comply with Rule 53(b)(4), it limits the Special Master's findings to "conditions . . . at FCI Dublin." (Dkt. 308 at 2.) However, the injunctive claims addressing conditions of confinement at FCI Dublin—a facility where no inmates are confined—are moot.

In short, the Special Master's report is invalid and flawed for failure to comply with Rule 53 and the PLRA. These deviations produced a report that is untethered to any valid factfinding of record against which the report can be measured, or upon which the Court can now conduct independent review. Further, as demonstrated in the attachments, when subjected to critical review against the facts, the report is also riven with errors. For these reasons, the Court cannot adopt the Special Master's report, and, for the reasons argued in Dkt. 326, the Court should dismiss this case as moot.

Dated this 26th day of June, 2024.

JESSE A. LASLOVICH
United States Attorney

/s/ *Madison L. Mattioli*
MADISON L. MATTIOLI
ABBIE J.N. CZIOK
MARK STEGER SMITH
TIMOTHY A. TATARKA
Assistant U.S. Attorneys
Attorneys for United States