# EXHIBIT 1

**SEALED DOCUMENTS PROPOSED INTERVENORS REQUESTED BE UNSEALED**

| Document and Portion of Document to be Sealed by U.S. | Defendants' "Evidence in Support of Sealing" (Dkt. No. 329) | Ruling | U.S.' Position on Unsealing (Dkt. No. 329) | Proposed Intervenors' Reply |
|---|---|---|---|---|
| Dkt. No. 45, Motion to Seal Excerpts of Agostini's First Declaration ISO Opposition to PI | Privacy Act, 5 U.S.C. §§ 552a(b); (b)(7) (protect privacy interest and law enforcement sensitive information) | Granted without explanation in Dkt. No. 222 | Defendants do not object to unsealing Dkt. No. 45, as the motion to seal itself should not have been filed under seal. | The Court should unseal Dkt. No. 45 now that Defendants have withdrawn their sealing request. |
| Documents and excerpts related to Dkt. No. 45 | Privacy Act, 5 U.S.C. §§ 552a(b); (b)(7) (protect privacy interest and law enforcement sensitive information) | Granted without explanation in Dkt. No. 222 | Defendants object to unsealing excerpts related to Dkt. No. 45 as the reasons for sealing (privacy and confidential criminal investigative material) remain compelling despite facility closure. | Proposed Intervenors cannot assess whether underlying documents should be unsealed without seeing the motion to seal. Proposed Intervenors note their general objection to Defendants' reliance on the Privacy Act and FOIA exemptions. |
| Dkt. No. 75, **Unopposed** Motion to Seal | Privacy Act, 5 U.S.C. § 552a (private health information | Granted without explanation in Dkt. No. 222 | Defendants do not object to unsealing Dkt. No. 75, as the motion to seal itself should not have been filed under seal. | The Court should unseal Dkt. No. 75 now that Defendants have withdrawn their sealing request. |
| Documents and excerpts related to Dkt. No. 75 | Privacy Act, 5 U.S.C. § 552a (private health information) | Granted without explanation in Dkt. No. 222 | Defendants object to unsealing all documents and excerpts related to Dkt. No. 75 as the reasons for sealing (privacy) remain compelling despite facility closure. | Proposed Intervenors cannot assess whether underlying documents should be unsealed without seeing the motion to seal. Proposed Intervenors do not seek to unseal medical records, but note their general objection to Defendants' reliance on the Privacy Act |
| Dkt. No. 143, Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed | (Related to Dkt. No. 159) | Granted without explanation in Dkt. No. 222 | Did not address | This motion is related to Dkt. No. 159. See below. |

**SEALED DOCUMENTS PROPOSED INTERVENORS REQUESTED BE UNSEALED**

| | | | | |
|---|---|---|---|---|
| Dkt. No. 159, Admin. Mtn to Seal Response to Dkt. No. 143 | Dkt. No. 161-3 at ¶¶ 6, 8, 16 | Granted without explanation in Dkt. No. 222 | Defendants do not object to unsealing Dkt. No. 159, as the motion to seal itself should not have been filed under seal. | The Court should unseal Dkt. No. 159 now that Defendants have withdrawn their sealing request. |
| Documents and excerpts related to Dkt. No. 159 | Privacy Act, 5 U.S.C. § 552a; Doc. 161-3 at ¶¶ 6, 8, 16 | Granted without explanation in Dkt. No. 222 | The United States objects to unsealing its Response to Dkt. 143 as the reasons for sealing remain compelling (privacy and institutional security) despite facility closure. | Proposed Intervenors cannot assess whether underlying documents should be unsealed without seeing the motion to seal. Proposed Intervenors note their general objection to Defendants' reliance on the Privacy Act. |
| Dkt. 162, Admin. Mtn to Seal Private Health Information | Privacy Act, 5 U.S.C. § 552a | Granted without explanation in Dkt. No. 222 | Defendants do not object to unsealing the administrative motion to seal, but objects to unsealing related documents as the reasons for sealing (privacy) remain valid despite facility closure. | The Court should unseal Dkt. No. 162 now that Defendants have withdrawn their sealing request.<br><br>Proposed Intervenors cannot assess whether underlying documents should be unsealed without seeing the motion to seal. Proposed Intervenors note their general objection to Defendants' reliance on the Privacy Act |
| Dkt. 168, Admin. Mtn to Seal Report to Court | Privacy Act, 5 U.S.C. § 552a(b) | Granted without explanation in Dkt. No. 222 | Defendants do not object to unsealing the motion to seal, but objects to unsealing the related documents as the reasons for sealing (privacy) remain valid despite facility closure. | The Court should unseal Dkt. No. 168 now that Defendants have withdrawn their sealing request.<br><br>Proposed Intervenors cannot assess whether underlying documents should be unsealed without seeing the motion to seal. Proposed Intervenors note their general objection to |

**SEALED DOCUMENTS PROPOSED INTERVENORS REQUESTED BE UNSEALED**

| | | | | |
|---|---|---|---|---|
| | | | | Defendants' reliance on the Privacy Act. |
| Dkt. 176, Admin. Mtn to Seal Documents Related to Dkts. 172–176 | Privacy Act, 5 U.S.C. § 552a; Doc. 161-3 at ¶¶ 6, 8, 16 | Granted without explanation in Dkt. No. 222 | Defendants do not object to unsealing the motion to seal, but objects to unsealing related documents, as the reasons for sealing (privacy and institutional security) remain compelling despite facility closure. | The Court should unseal Dkt. No. 176 now that Defendants have withdrawn their sealing request.<br><br>Proposed Intervenors cannot assess whether underlying documents should be unsealed without seeing the motion to seal. Proposed Intervenors note their general objection to Defendants' reliance on the Privacy Act. |
| Dkt. No. 178, Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Regarding Portions of Plaintiffs' Reply Post-Evidentiary Hearing Brief | (Defendants previously raised institutional safety arguments in Dkt. No. 193) | Granted without explanation in Dkt. No. 222 | Did not address | This sealing request relates to the Moss Group Report. The Court should unseal this Report because Defendants' institutional safety argument is not supported by specific facts. |
| Dkt. No. 184, Admin. Mtn to File Excerpts Under Seal Excerpts of Documents, and all excerpts of said documents, containing PII and law enforcement sensitive materials | Privacy Act, 5 U.S.C. § 552a(b); Doc. 161-3 at ¶¶ 6, 8, 16 | Granted without explanation in Dkt. No. 222 | The United States objects to unsealing Dkt. 184 as the reasons for sealing remain compelling despite facility closure. | The Court should unseal these documents because Defendants' arguments relating to privacy and institutional safety are not supported by specific facts. |
| Dkt. No. 191, Plaintiffs' Administrative Motion to Consider Whether Material Should Be Sealed Regarding Portions of Plaintiffs' Emergency Notice in Response to United | (Defendants have not previously responded to this motion) | Granted without explanation in Dkt. No. 222 | Did not address | This motion relates to "material that the Court filed under seal in this matter in its *sua sponte* Order Granting Immediate Specific Relief, ECF No. 157-1." Dkt. No. 191. |

3

**SEALED DOCUMENTS PROPOSED INTERVENORS REQUESTED BE UNSEALED**

| | | | | |
|---|---|---|---|---|
| States Notices in Response to Dkt. Nos. 157 and 157-1 | | | | Proposed Intervenors cannot assess whether the underlying documents should be unsealed without examining the Court's basis for allowing these documents to be filed under seal. |
| Dkt. No. 197, Admin. Mtn to Seal Declarations Related to PII and Institutional Security and related filings | Privacy Act, 5 U.S.C. § 552a(b), Doc. 161-3 at ¶¶ 6, 8, 16<br><br>(Defendants also previously also previously relied on Court's February 27, 2024 hearing statements) | Granted without explanation in Dkt. No. 222 | The United States objects to unsealing all documents and excerpts related to Dkt. No. 197 as the reasons for sealing, (privacy and institutional security) remain compelling despite facility closure. | Defendants' arguments relating to privacy and institutional safety are not supported by specific facts.<br><br>Proposed Intervenors cannot fully assess whether underlying documents should be unsealed without examining the Court's basis for allowing these documents to be filed under seal. |
| Dkt. No. 199, Admin. Mtn to Seal Medical Information in Response to Dkts. 190 and 195, and related filings | Privacy Act, 5 U.S.C. § 552a(b)<br><br>(Defendants also previously relied on the Court's Court's March 4, 2024 conference statements) | Granted without explanation in Dkt. No. 222 | The United States objects to unsealing all documents and excerpts related to Dkt. No. 199 as the reasons for sealing (privacy) remain compelling despite facility closure. | Proposed Intervenors do not seek to unseal individual private medical information but note their general objection to Defendants' reliance on the Privacy Act.<br><br>Proposed Intervenors cannot fully assess whether underlying documents should be unsealed without examining the Court's basis for allowing these documents to be filed under seal. |
| Dkt. No. 204, Plaintiffs' Administrative Motion to Consider Whether Material Should Be Sealed Regarding | (Dkt. No. 204 refers to the Moss Group report, which Defendants requested be sealed in Dkt. No. 193) | Granted without explanation in Dkt. No. 222 | Did not address | See line for Dkt. No. 178. |

4

**SEALED DOCUMENTS PROPOSED INTERVENORS REQUESTED BE UNSEALED**

| | | | | |
|---|---|---|---|---|
| Portions of Plaintiffs' Opposition to United States' Motion to Seal Excerpts of Plaintiffs' Filings and Preliminary Injunction Exhibit N (Dkt. No. 193) | | | | |
| Dkt. No. 206, Mtn. to Seal Reese Second Decl. and related filings, which were provided at the direction of the Court during the Feb. 27, 2024 Hearing, and contains confidential criminal investigative material and PII of a non-party. | Privacy Act, 5 U.S.C. § 552a(b)(7) (Defendants also previously relied on the Court's February 27, 2024 hearing statements) | Granted without explanation in Dkt. No. 222 | Defendants object to unsealing this declaration as the reasons for sealing (confidential criminal investigative material and privacy of a non-party) remain compelling despite facility closure. | Proposed Intervenors cannot fully assess whether underlying documents should be unsealed without examining the Court's basis for allowing these documents to be filed under seal. Proposed Intervenors note their general objection to Defendants' reliance on the Privacy Act and FOIA exemptions. |
| Dkt. No. 229, Unopposed Mtn. to Seal Documents Related to Special Master Candidates (Exhibits 1 through 5) | Privacy Act, 5 U.S.C. § 552a | Granted without explanation in Dkt. No. 232 | Defendants do not object to redacting PII and filing a public version of Dkt. No. 229-2. | Proposed Intervenors did not request that this be unsealed. |
| Dkt. No. 236, Admin. Mtn for *in camera* review and to Seal Notice of *ex parte* Communication | Lothrop's First Decl., institutional security. | Pending | Defendants object to unsealing Dkt. No. 236-4, as the reasons for sealing (institutional security) remain compelling despite facility closure. | Defendants' argument relating to institutional safety is not supported by specific facts. Proposed Intervenors agree with Plaintiffs' objection to this sealing request. *See* Dkt. No. 237 at 2-3. |
| Dkt. No. 239, Admin. Mtn for *in camera* review and to Seal Documents Related to Transfer of AIC | Lothrop's First Decl., institutional security. Advance public notice of intent to transfer an AIC is not sound correctional practice and can jeopardize the safety of the AIC as well as | Pending | Defendants do not object to unsealing Dkt. No. 239-3, as the transfer is complete and FCI Dublin is closed, mooting the reasons for sealing. The remaining attachment contain PII and must remain | The Court should unseal Dkt. No. 239-3 now that Defendants have withdrawn their sealing request. The remaining attachment should be unsealed but allow for redaction of PII. |

5

**SEALED DOCUMENTS PROPOSED INTERVENORS REQUESTED BE UNSEALED**

| | | | | |
|---|---|---|---|---|
| | institution staff, both of which are independent compelling interests. | | sealed pursuant to the Privacy Act. | |
| Dkt. No. 242, Admin. Mtn for *in camera* review and to Seal Documents Related to Transfer of AIC | Lothrop's First Decl., institutional security. Advance public notice of intent to transfer an AIC is not sound correctional practice and can jeopardize the safety of the AIC as well as institution staff, both of which are independent compelling interests. | Pending | Defendants do not object to unsealing Dkt. No. 242-3 as the transfer is complete and FCI Dublin is closed, mooting the reasons for sealing. The remaining attachments contain PII and must remain sealed pursuant to the Privacy Act. | The Court should unseal Dkt. No. 242-3 now that Defendants have withdrawn their sealing request. Dkt. No. 242 is a motion to seal that should also be unsealed.<br><br>Proposed Intervenors cannot assess whether additional underlying documents should be unsealed without seeing motion to seal. |
| Dkt. No. 244, Admin. Mtn for *in camera* review and to Seal Documents Related to Transfer of AIC | Lothrop's First Decl., institutional security. Advance public notice of intent to transfer an AIC is not sound correctional practice and can jeopardize the safety of the AIC as well as institution staff, both of which are independent compelling interests. | Pending | Defendants do not object to unsealing Dkt. No. 244-3 as the transfer is complete and FCI Dublin is closed, mooting the reasons for sealing. The attachments contain PII and should remain sealed pursuant to the Privacy Act. | The Court should unseal Dkt. No. 244-3 now that Defendants have withdrawn their sealing request. Dkt. No. 244 is a motion to seal that should also be unsealed.<br><br>Proposed Intervenors cannot assess whether additional underlying documents should be unsealed without seeing motion to seal. |
| Dkt. No. 247, Unopposed Mtn. to Seal Portions of Mold and Asbestos Reports | Dkt. No. 161-3 at ¶¶ 6, 8, 16, institutional security. | Pending | Defendants object to unsealing Dkt. No. 246-1 and 2, the portions of the reports containing maps of the facility, as the reasons for sealing (institutional security) remain compelling despite facility closure. | Proposed Intervenors note that maps of the facility are already available to the public in Dkt. No. 198-2. |

6

**SEALED DOCUMENTS PROPOSED INTERVENORS REQUESTED BE UNSEALED**

| | | | | |
|---|---|---|---|---|
| Dkt. No. 251, Mtn. to Seal Notice of Intent to Transfer AICs Due to Facility Closure | Lothrop's First Decl., institutional security. | Granted without explanation in Dkt. No. 300 | Defendants do not object to unsealing Dkt. No. 251-3 as the transfer is complete and FCI Dublin is closed, mooting the reasons for sealing. As such, Defendants will redact PII and file a public version of Dkt. No. 251-3. | The Court should unseal Dkt. No. 251-3 now that Defendants have withdrawn their sealing request. Dkt. No. 251 is a motion to seal that should also be unsealed. |
| Dkt. No. 258, Admin. Mtn to Seal Excerpts from U.S.' Mtn for Relief from Dkt. No. 254-1 | Lothrop's First Decl., institutional security. | Granted without explanation in Dkt. No. 300 | Defendants object to unsealing documents related to Dkt. No. 258, as the reasons for sealing (institutional security) remain compelling despite facility closure. | Defendants' argument relating to institutional safety is not supported by specific facts. Proposed Intervenors agree with Plaintiffs' objection to this sealing request. *See* Dkt. No. 259 at 2-3. |
| Dkt. No. 263, Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Regarding Portions of Plaintiffs' Notice of Motion and Memorandum of Points and Authorities in Support of Motion for Temporary Restraining Order | (Defendants have not previously responded to this motion) | Granted without explanation in Dkt. No. 300 | Did not address | Consistent with Civil L.R. 79-5(f)(3), the Court should order that Plaintiffs' brief be refiled without redactions. |
| Dkt. No. 292, Notice of Manual Filing Documents Under Seal in Response to Dkt. No. 275-1 | The Court directed BOP to provide this filing in sealed Order at Dkt. No. 275-1. Some of the contents are privileged and confidential law enforcement sensitive policies. | Pending | To the extent the Court's Order directing this filing remains sealed, Defendants object to unsealing Dkt. No. 292-A–P. If Dkt. No. 275-1 is unsealed, Defendants do not object to redacting PII and law enforcement sensitive materials and filing public versions. | Proposed Intervenors cannot assess whether underlying documents should be unsealed without knowing the nature of the documents and examining the Court's basis for directing these documents to be filed under seal. Proposed Intervenors note their general objections to Defendants' reliance on FOIA exemptions and |

**SEALED DOCUMENTS PROPOSED INTERVENORS REQUESTED BE UNSEALED**

|  |  |  |  | evidentiary privileges for law enforcement-related documents. |
|---|---|---|---|---|

**SEALED TESTIMONY PROPOSED INTERVENORS REQUESTED BE UNSEALED**

| Docket Entry | Description | U.S.'s Position (Dkt. No. 329) | Proposed Intervenors' Reply |
|---|---|---|---|
| Dkt. No. 107 | Sealed Transcript of Proceedings held on January 5, 2024 | Not addressed | The Court should consider whether the facility's closure has mooted any grounds for sealing. Proposed Intervenors also note their general objection to Defendants' arguments relating to institutional safety. |
| Dkt. No. 113 | Sealed Transcript of Ex Parte Proceedings held on January 4, 2024 | Not addressed | The Court should consider whether the facility's closure has mooted any grounds for sealing. Proposed Intervenors also note their general objection to Defendants' arguments relating to institutional safety. |
| Dkt. No. 114 | Sealed Transcript of Ex Parte Proceedings held on January 4, 2024 | Not addressed | The Court should consider whether the facility's closure has mooted any grounds for sealing. Proposed Intervenors also note their general objection to Defendants' arguments relating to institutional safety. |
| Dkt. No. 116 | Sealed Transcript of Proceedings held on January 8, 2024 | Not addressed | The Court should consider whether the facility's closure has mooted any grounds for sealing. Proposed Intervenors also note their general objection to Defendants' arguments relating to institutional safety. |

**SEALED COURT ORDERS PROPOSED INTERVENORS REQUESTED BE UNSEALED**

| Docket Entry | Description | U.S.'s Position (Dkt. No. 329) | Proposed Intervenors' Reply |
|---|---|---|---|
| Dkt. No. 157-1 | Attachment to Order Granting Immediate, Specific Relief Based on Emergency Health and Safety Concerns at the FCI Dublin Satellite Camp, filed 2/16/2024 | Not addressed | The attachment to the Court's Order should be unsealed because the facility closure has mooted security concerns. |
| Dkt. No. 252-1 | Attachment to Order Re: Transfer of Inmates at FCI Dublin, filed 4/15/2024 | Not addressed | The attachment to the Court's Order should be unsealed because the facility closure has mooted security concerns. |
| Dkt. No. 254-1 | Attachment to Order Re: Continued Guidance Concerning the Transfer of Inmates at FCI Dublin, filed 4/15/2024 | Not addressed | The attachment to the Court's Order should be unsealed because the facility closure has mooted security concerns. |
| Dkt. No. 260-1 | Attachment to Order Re: Continued Guidance Concerning the Transfer of Inmates at FCI Dublin, No. 2, filed 4/17/2024 | Not addressed | The attachment to the Court's Order should be unsealed because the facility closure has mooted security concerns. |
| Dkt. No. 264-1 | Attachment to Order Re: Continued Guidance Concerning the Transfer of Inmates at FCI Dublin, No. 3, filed 4/22/2024 | Not addressed | The attachment to the Court's Order should be unsealed because the facility closure has mooted security concerns. |
| Dkt. No. 275-1 | Attachment to Order Re: Continued Guidance Concerning the Transfer of Inmates at FCI Dublin, No. 4, filed 4/23/2024 | Not addressed | The attachment to the Court's Order should be unsealed because the facility closure has mooted security concerns. |
| Dkt. No. 287-1 | Attachment to Order Re: Continued Guidance Concerning the Transfer of Inmates at FCI Dublin, No. 5, filed 4/24/2024 | Not addressed | The attachment to the Court's Order should be unsealed because the facility closure has mooted security concerns. |