**SEALED DOCUMENTS PROPOSED INTERVENORS REQUESTED BE UNSEALED**

| Document and Portion of Document to be Sealed by U.S. | Defendants' "Evidence in Support of Sealing" (Dkt. No. 329) | Ruling | U.S.' Position on Unsealing (Dkt. No. 329) | Proposed Intervenors' Reply | Updated Positions |
|---|---|---|---|---|---|
| Dkt. No. 45, Motion to Seal Excerpts of Agostini's First Declaration ISO Opposition to PI | Privacy Act, 5 U.S.C. §§ 552a(b); (b)(7) (protect privacy interest and law enforcement sensitive information) | Granted without explanation in Dkt. No. 222 | Defendants do not object to unsealing Dkt. No. 45, as the motion to seal itself should not have been filed under seal. | The Court should unseal Dkt. No. 45 now that Defendants have withdrawn their sealing request. | (no change) |
| Documents and excerpts related to Dkt. No. 45 | Privacy Act, 5 U.S.C. §§ 552a(b); (b)(7) (protect privacy interest and law enforcement sensitive information) | Granted without explanation in Dkt. No. 222 | Defendants object to unsealing excerpts related to Dkt. No. 45 as the reasons for sealing (privacy and confidential criminal investigative material) remain compelling despite facility closure. | Proposed Intervenors cannot assess whether underlying documents should be unsealed without seeing the motion to seal. Proposed Intervenors note their general objection to Defendants' reliance on the Privacy Act and FOIA exemptions. | Federal Defendants maintain that the unredacted excerpts in Dkt. Nos. 45-4 and 45-5 should remain sealed because they contain personally identifying information and information relating to ongoing criminal investigations. |

**SEALED DOCUMENTS PROPOSED INTERVENORS REQUESTED BE UNSEALED**

| | | | | | |
|---|---|---|---|---|---|
| Dkt. No. 75, Unopposed Motion to Seal | Privacy Act, 5 U.S.C. § 552a (private health information | Granted without explanation in Dkt. No. 222 | Defendants do not object to unsealing Dkt. No. 75, as the motion to seal itself should not have been filed under seal. | The Court should unseal Dkt. No. 75 now that Defendants have withdrawn their sealing request. | (no change) |
| Documents and excerpts related to Dkt. No. 75 | Privacy Act, 5 U.S.C. § 552a (private health information) | Granted without explanation in Dkt. No. 222 | Defendants object to unsealing all documents and excerpts related to Dkt. No. 75 as the reasons for sealing (privacy) remain compelling despite facility closure. | Proposed Intervenors cannot assess whether underlying documents should be unsealed without seeing the motion to seal. Proposed Intervenors do not seek to unseal medical records, but note their general objection to Defendants' reliance on the Privacy Act | Federal Defendants have stated that the sealed exhibits contain a declaration authenticating medical records and medical records. Intervenors do not seek to unseal medical records. |
| Dkt. No. 143, Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed | (Related to Dkt. No. 159) | Granted without explanation in Dkt. No. 222 | Did not address | This motion is related to Dkt. No. 159. See below. | Federal Defendants agree that evidentiary hearing Exhibits K and N should be unsealed subject to the redaction of personally identifying information. |

**SEALED DOCUMENTS PROPOSED INTERVENORS REQUESTED BE UNSEALED**

| | | | | | |
|---|---|---|---|---|---|
| Dkt. No. 159, Admin. Mtn to Seal Response to Dkt. No. 143 | Dkt. No. 161-3 at ¶¶ 6, 8, 16 | Granted without explanation in Dkt. No. 222 | Defendants do not object to unsealing Dkt. No. 159, as the motion to seal itself should not have been filed under seal. | The Court should unseal Dkt. No. 159 now that Defendants have withdrawn their sealing request. | (no change) |
| Documents and excerpts related to Dkt. No. 159 | Privacy Act, 5 U.S.C. § 552a; Doc. 161-3 at ¶¶ 6, 8, 16 | Granted without explanation in Dkt. No. 222 | The United States objects to unsealing its Response to Dkt. 143 as the reasons for sealing remain compelling (privacy and institutional security) despite facility closure. | Proposed Intervenors cannot assess whether underlying documents should be unsealed without seeing the motion to seal. Proposed Intervenors note their general objection to Defendants' reliance on the Privacy Act. | The sealed information in Dkt. 159-3 relates to evidentiary hearing Exhibits J, T, K and N, (K and N are discussed in Dkt. No. 143), which Federal Defendants agree should be unsealed subject to the redaction of personally identifying information and on the new ground that law enforcement sensitive policies not relevant to this litigation should remain sealed to maintain institutional security nationwide |
| Dkt. 162, Admin. Mtn to Seal Private Health Information | Privacy Act, 5 U.S.C. § 552a | Granted without explanation in Dkt. No. 222 | Defendants do not object to unsealing the administrative motion to seal, but objects to unsealing related documents as the reasons for sealing (privacy) remain valid despite | The Court should unseal Dkt. No. 162 now that Defendants have withdrawn their sealing request. Proposed Intervenors cannot assess whether underlying documents | Federal Defendants agree that the documents at issue should be unsealed subject to the redaction of personally identifying information. |

**SEALED DOCUMENTS PROPOSED INTERVENORS REQUESTED BE UNSEALED**

| | | | | | |
|---|---|---|---|---|---|
| | | | facility closure. | should be unsealed without seeing the motion to seal. Proposed Intervenors note their general objection to Defendants' reliance on the Privacy Act | |
| Dkt. 168, Admin. Mtn to Seal Report to Court | Privacy Act, 5 U.S.C. § 552a(b) | Granted without explanation in Dkt. No. 222 | Defendants do not object to unsealing the motion to seal, but objects to unsealing the related documents as the reasons for sealing (privacy) remain valid despite facility closure. | The Court should unseal Dkt. No. 168 now that Defendants have withdrawn their sealing request. Proposed Intervenors cannot assess whether underlying documents should be unsealed without seeing the motion to seal. Proposed Intervenors note their general objection to Defendants' reliance on the Privacy Act. | Federal Defendants agree that the documents at issue should be unsealed subject to the redaction of personally identifying information. |
| Dkt. 176, Admin. Mtn to Seal Documents Related to Dkts. 172–176 | Privacy Act, 5 U.S.C. § 552a; Doc. 161-3 at ¶¶ 6, 8, 16 | Granted without explanation in Dkt. No. 222 | Defendants do not object to unsealing the motion to seal, but objects to unsealing related documents, as the reasons for sealing (privacy and institutional security) remain compelling despite facility closure. | The Court should unseal Dkt. No. 176 now that Defendants have withdrawn their sealing request. Proposed Intervenors cannot assess whether underlying documents should be unsealed without seeing the motion to seal. Proposed | Federal Defendants maintain that Dkt Nos. 176-3, and 176-4, and 176-5 should remain sealed because they relate to institutional security and on the new ground that they contain information relating to ongoing criminal investigations. |

**SEALED DOCUMENTS PROPOSED INTERVENORS REQUESTED BE UNSEALED**

| | | | | | |
|---|---|---|---|---|---|
| | | | | Intervenors note their general objection to Defendants' reliance on the Privacy Act. | |
| Dkt. No. 178, Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Regarding Portions of Plaintiffs' Reply Post-Evidentiary Hearing Brief | (Defendants previously raised institutional safety arguments in Dkt. No. 193) | Granted without explanation in Dkt. No. 222 | Did not address | This sealing request relates to the Moss Group Report. The Court should unseal this Report because Defendants' institutional safety argument is not supported by specific facts. | This sealing request also relates to evidentiary hearing exhibits, and Dkt. 162-3, which Federal Defendants agree should be unsealed subject to the redaction of personally identifying information. The excerpt in Dkt. 178-3 referencing Dkt. 176-4, should remain sealed on the new ground that it contains information relating to ongoing criminal investigations. |
| Dkt. No. 184, Admin. Mtn to File Excerpts Under Seal Excerpts of Documents, and all excerpts of said documents, containing | Privacy Act, 5 U.S.C. § 552a(b); Doc. 161- 3 at ¶¶ 6, 8, 16 | Granted without explanation in Dkt. No. 222 | The United States objects to unsealing Dkt. 184 as the reasons for sealing remain compelling despite facility closure. | The Court should unseal these documents because Defendants' arguments relating to privacy and institutional safety are not supported by specific facts. | Federal Defendants object to unsealing Dkt. Nos. 184-3, 184-4, and 184-5 on the new ground that the documents relate to ongoing criminal investigations. |

**SEALED DOCUMENTS PROPOSED INTERVENORS REQUESTED BE UNSEALED**

| | | | | | |
|---|---|---|---|---|---|
| PII and law enforcement sensitive materials | | | | | |
| Dkt. No. 191, Plaintiffs' Administrative Motion to Consider Whether Material Should Be Sealed Regarding Portions of Plaintiffs' Emergency Notice in Response to United States Notices in Response to Dkt. Nos. 157 and 157-1 | (Defendants have not previously responded to this motion) | Granted without explanation in Dkt. No. 222 | Did not address | This motion relates to "material that the Court filed under seal in this matter in its *sua sponte* Order Granting Immediate Specific Relief, ECF No. 157-1." Dkt. No. 191.<br><br>Proposed Intervenors cannot assess whether the underlying documents should be unsealed without examining the Court's basis for allowing these documents to be filed under seal. | Federal Defendants take no position on unsealing Dkt. No. 191-3. |
| Dkt. No. 197, Admin. Mtn to Seal Declarations Related to PII and Institutional | Privacy Act, 5 U.S.C. § 552a(b), Doc. 161-3 at ¶¶ 6, 8, 16<br><br>(Defendants also | Granted without explanation in Dkt. No. 222 | The United States objects to unsealing all documents and excerpts related to Dkt. No. 197 as the reasons for sealing, (privacy and institutional security) remain | Defendants' arguments relating to privacy and institutional safety are not supported by specific facts.<br><br>Proposed Intervenors cannot fully assess | Federal Defendants agree that Dkt. Nos. 197-4 and 197-5 should be unsealed.<br><br>Federal Defendants object to unsealing Dkt. Nos. 197-3 and 197-6 on the |

**SEALED DOCUMENTS PROPOSED INTERVENORS REQUESTED BE UNSEALED**

| | | | | | |
|---|---|---|---|---|---|
| Security and related filings | previously also previously relied on Court's February 27, 2024 hearing statements) | | compelling despite facility closure. | whether underlying documents should be unsealed without examining the Court's basis for allowing these documents to be filed under seal. | new ground that the documents relate to ongoing criminal investigations. |
| Dkt. No. 199, Admin. Mtn to Seal Medical Information in Response to Dkts. 190 and 195, and related filings | Privacy Act, 5 U.S.C. § 552a(b)

(Defendants also previously relied on the Court's Court's March 4, 2024 conference statements) | Granted without explanation in Dkt. No. 222 | The United States objects to unsealing all documents and excerpts related to Dkt. No. 199 as the reasons for sealing (privacy) remain compelling despite facility closure. | Proposed Intervenors do not seek to unseal individual private medical information but note their general objection to Defendants' reliance on the Privacy Act. Proposed Intervenors cannot fully assess whether underlying documents should be unsealed without examining the Court's basis for allowing these documents to be filed under seal. | Federal Defendants have stated that Dkt. Nos. 199-4 through 199-28 are medical records. Intervenors do not seek to unseal medical records.

Federal Defendants have stated that Dkt. No. 199-3 is a declaration that contains information relating to a sealed Court order (Dkt. No. 157-1). If that order is unsealed, Federal Defendants do not object to unsealing the declaration with appropriate redaction of PPI. |

**SEALED DOCUMENTS PROPOSED INTERVENORS REQUESTED BE UNSEALED**

| | | | | | |
|---|---|---|---|---|---|
| Dkt. No. 204, Plaintiffs' Administrative Motion to Consider Whether Material Should Be Sealed Regarding Portions of Plaintiffs' Opposition to United States' Motion to Seal Excerpts of Plaintiffs' Filings and Preliminary Injunction Exhibit N (Dkt. No. 193) | (Dkt. No. 204 refers to the Moss Group report, which Defendants requested be sealed in Dkt. No. 193) | Granted without explanation in Dkt. No. 222 | Did not address | See line for Dkt. No. 178. | This sealing request also relates to evidentiary hearing exhibits, and Dkt. 162-3, which Federal Defendants agree should be unsealed subject to the redaction of personally identifying information. The excerpt in Dkt. 178-3 referencing Dkt. 176-4, should remain sealed on the new ground that it contains information relating to ongoing criminal investigations. |
| Dkt. No. 206, Mtn. to Seal Reese Second Decl. and related filings, which were provided at the direction of the Court during the | Privacy Act, 5 U.S.C. § 552a(b)(7)  (Defendants also previously relied on the Court's February 27, 2024 hearing statements) | Granted without explanation in Dkt. No. 222 | Defendants object to unsealing this declaration as the reasons for sealing (confidential criminal investigative material and privacy of a non-party) remain compelling despite facility closure. | Proposed Intervenors cannot fully assess whether underlying documents should be unsealed without examining the Court's basis for allowing these documents to be filed under seal. Proposed Intervenors note their | Federal Defendants maintain that Dkt. 206-3 must remain sealed on the new ground that it contains information relating to an ongoing criminal investigation. |

**SEALED DOCUMENTS PROPOSED INTERVENORS REQUESTED BE UNSEALED**

| | | | | | |
|---|---|---|---|---|---|
| Feb. 27, 2024 Hearing, and contains confidential criminal investigative material and PII of a non-party. | | | | general objection to Defendants' reliance on the Privacy Act and FOIA exemptions. | |
| Dkt. No. 229, Unopposed Mtn. to Seal Documents Related to Special Master Candidates (Exhibits 1 through 5) | Privacy Act, 5 U.S.C. § 552a | Granted without explanation in Dkt. No. 232 | Defendants do not object to redacting PII and filing a public version of Dkt. No. 229-2. | Proposed Intervenors did not request that this be unsealed. | (no change) |
| Dkt. No. 236, Admin. Mtn for *in camera* review and to Seal Notice of *ex parte* Communication | Lothrop's First Decl., institutional security. | Pending | Defendants object to unsealing Dkt. No. 236-4, as the reasons for sealing (institutional security) remain compelling despite facility closure. | Defendants' argument relating to institutional safety is not supported by specific facts. Proposed Intervenors agree with Plaintiffs' objection to this sealing request. *See* Dkt. No. 237 at 2-3. | Federal Defendants agree that Dkt. No. 236-4 should be unsealed. |
| Dkt. No. 239, Admin. Mtn for *in camera* review and to Seal Documents | Lothrop's First Decl., institutional security. Advance public notice of intent | Pending | Defendants do not object to unsealing Dkt. No. 239-3, as the transfer is complete and FCI Dublin is closed, mooting the reasons for sealing. | The Court should unseal Dkt. No. 239-3 now that Defendants have withdrawn their sealing request. | Federal Defendants agree that both Dkt. Nos. 239-3 and 239-4 can be unsealed with redaction of personally identifying information. |

**SEALED DOCUMENTS PROPOSED INTERVENORS REQUESTED BE UNSEALED**

| | | | | | |
|---|---|---|---|---|---|
| Related to Transfer of AIC | to transfer an AIC is not sound correctional practice and can jeopardize the safety of the AIC as well as institution staff, both of which are independent compelling interests. | | The remaining attachment contain PII and must remain sealed pursuant to the Privacy Act. | The remaining attachment should be unsealed but allow for redaction of PII. | |
| Dkt. No. 242, Admin. Mtn for *in camera* review and to Seal Documents Related to Transfer of AIC | Lothrop's First Decl., institutional security. Advance public notice of intent to transfer an AIC is not sound correctional practice and can jeopardize the safety of the AIC as well as institution staff, both of which are independent compelling interests. | Pending | Defendants do not object to unsealing Dkt. No. 242-3 as the transfer is complete and FCI Dublin is closed, mooting the reasons for sealing. The remaining attachments contain PII and must remain sealed pursuant to the Privacy Act. | The Court should unseal Dkt. No. 242-3 now that Defendants have withdrawn their sealing request. Dkt. No. 242 is a motion to seal that should also be unsealed.<br><br>Proposed Intervenors cannot assess whether additional underlying documents should be unsealed without seeing motion to seal. | Federal Defendants agree that Dkt. Nos. 242, 242-1, and 242-2 should be unsealed.<br><br>Federal Defendants also agree that Dkt. Nos. 242-3 and 242-4 can be unsealed with redaction of personally identifying information. |

**SEALED DOCUMENTS PROPOSED INTERVENORS REQUESTED BE UNSEALED**

| | | | | | |
|---|---|---|---|---|---|
| Dkt. No. 244, Admin. Mtn for *in camera* review and to Seal Documents Related to Transfer of AIC | Lothrop's First Decl., institutional security. Advance public notice of intent to transfer an AIC is not sound correctional practice and can jeopardize the safety of the AIC as well as institution staff, both of which are independent compelling interests. | Pending | Defendants do not object to unsealing Dkt. No. 244-3 as the transfer is complete and FCI Dublin is closed, mooting the reasons for sealing. The attachments contain PII and should remain sealed pursuant to the Privacy Act. | The Court should unseal Dkt. No. 244-3 now that Defendants have withdrawn their sealing request. Dkt. No. 244 is a motion to seal that should also be unsealed. Proposed Intervenors cannot assess whether additional underlying documents should be unsealed without seeing motion to seal. | Federal Defendants agree that Dkt. Nos. 244, 244-1, 244-2, and 244-3 should be unsealed. Federal Defendants also agree that Dkt. Nos. 244-4, 244-5, and 244-6 can be unsealed with redaction of personally identifying information. |
| Dkt. No. 247, Unopposed Mtn. to Seal Portions of Mold and Asbestos Reports | Dkt. No. 161-3 at ¶¶ 6, 8, 16, institutional security. | Pending | Defendants object to unsealing Dkt. No. 246-1 and 2, the portions of the reports containing maps of the facility, as the reasons for sealing (institutional security) remain compelling despite facility closure. | Proposed Intervenors note that maps of the facility are already available to the public in Dkt. No. 198-2. | (no change) |

**SEALED DOCUMENTS PROPOSED INTERVENORS REQUESTED BE UNSEALED**

| Dkt. No. 251, Mtn. to Seal Notice of Intent to Transfer AICs Due to Facility Closure | Lothrop's First Decl., institutional security. | Granted without explanation in Dkt. No. 300 | Defendants do not object to unsealing Dkt. No. 251-3 as the transfer is complete and FCI Dublin is closed, mooting the reasons for sealing. As such, Defendants will redact PII and file a public version of Dkt. No. 251-3. | The Court should unseal Dkt. No. 251-3 now that Defendants have withdrawn their sealing request. Dkt. No. 251 is a motion to seal that should also be unsealed. | Federal Defendants agree that Dkt. Nos. 251 and all attachments should be unsealed. |
|---|---|---|---|---|---|
| Dkt. No. 258, Admin. Mtn to Seal Excerpts from U.S.' Mtn for Relief from Dkt. No. 254-1 | Lothrop's First Decl., institutional security. | Granted without explanation in Dkt. No. 300 | Defendants object to unsealing documents related to Dkt. No. 258, as the reasons for sealing (institutional security) remain compelling despite facility closure. | Defendants' argument relating to institutional safety is not supported by specific facts. Proposed Intervenors agree with Plaintiffs' objection to this sealing request. *See* Dkt. No. 259 at 2-3. | Federal Defendants do not object to unsealing Dkt. Nos. 258-3 and 258-4, as the transfer is complete and FCI Dublin is closed, mooting the reasons for sealing. |
| Dkt. No. 263, Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Regarding Portions of Plaintiffs' Notice of | (Defendants have not previously responded to this motion) | Granted without explanation in Dkt. No. 300 | Did not address | Consistent with Civil L.R. 79-5(f)(3), the Court should order that Plaintiffs' brief be refiled without redactions. | Federal Defendants agree that redactions may be removed consistent with unsealing. |

**SEALED DOCUMENTS PROPOSED INTERVENORS REQUESTED BE UNSEALED**

| | | | | | |
|---|---|---|---|---|---|
| Motion and Memorandum of Points and Authorities in Support of Motion for Temporary Restraining Order | | | | | |
| Dkt. No. 292, Notice of Manual Filing Documents Under Seal in Response to Dkt. No. 275-1 | The Court directed BOP to provide this filing in sealed Order at Dkt. No. 275-1. Some of the contents are privileged and confidential law enforcement sensitive policies. | Pending | To the extent the Court's Order directing this filing remains sealed, Defendants object to unsealing Dkt. No. 292-A–P. If Dkt. No. 275-1 is unsealed, Defendants do not object to redacting PII and law enforcement sensitive materials and filing public versions. | Proposed Intervenors cannot assess whether underlying documents should be unsealed without knowing the nature of the documents and examining the Court's basis for directing these documents to be filed under seal. Proposed Intervenors note their general objections to Defendants' reliance on FOIA exemptions and evidentiary privileges for law enforcement-related documents. | Federal Defendants have stated that these documents relate to the issue of record preservation, including a declaration explaining how records were being preserved during the closure. Intervenors take the position that the documents should be docketed. If the need for sealing persists, Federal Defendants should move to seal accordingly. |

**SEALED TESTIMONY PROPOSED INTERVENORS REQUESTED BE UNSEALED**

| Docket Entry | Description | U.S.'s Position (Dkt. No. 329) | Proposed Intervenors' Reply (Dkt. No. xx) | Updated Positions |
|---|---|---|---|---|
| Dkt. No. 107 | Sealed Transcript of Proceedings held on January 5, 2024 | Not addressed | The Court should consider whether the facility's closure has mooted any grounds for sealing. Proposed Intervenors also note their general objection to Defendants' arguments relating to institutional safety. | Federal Defendants believe this excerpt has been sealed because it contains the names of witnesses who were otherwise identified by initials. To the extent this is the basis for sealing, Intervenors do not challenge the sealing. |
| Dkt. No. 113 | Sealed Transcript of Ex Parte Proceedings held on January 4, 2024 | Not addressed | The Court should consider whether the facility's closure has mooted any grounds for sealing. Proposed Intervenors also note their general objection to Defendants' arguments relating to institutional safety. | Federal Defendants maintain that these transcripts should be sealed because they contain confidential information unrelated to the merits of the case.<br><br>Intervenors cannot assess whether to challenge this sealing without understanding the nature of the proceedings. |

**SEALED TESTIMONY PROPOSED INTERVENORS REQUESTED BE UNSEALED**

| | | | | |
|---|---|---|---|---|
| Dkt. No. 114 | Sealed Transcript of Ex Parte Proceedings held on January 4, 2024 | Not addressed | The Court should consider whether the facility's closure has mooted any grounds for sealing. Proposed Intervenors also note their general objection to Defendants' arguments relating to institutional safety. | Federal Defendants maintain that these transcripts should be sealed because they contain confidential information unrelated to the merits of the case.<br><br>Intervenors cannot assess whether to challenge this sealing without understanding the nature of the proceedings. |
| Dkt. No. 116 | Sealed Transcript of Proceedings held on January 8, 2024 | Not addressed | The Court should consider whether the facility's closure has mooted any grounds for sealing. Proposed Intervenors also note their general objection to Defendants' arguments relating to institutional safety. | Federal Defendants believe this excerpt has been sealed because it contains the names of witnesses who were otherwise identified by initials. To the extent this is the basis for sealing, Intervenors do not challenge the sealing. |

**SEALED COURT ORDERS PROPOSED INTERVENORS REQUESTED BE UNSEALED**

**UNSEALED**

| Docket Entry | Description | U.S.'s Position (Dkt. No. 329) | Proposed Intervenors' Reply | Updated Positions |
|---|---|---|---|---|
| Dkt. No. 157-1 | Attachment to Order Granting Immediate, Specific Relief Based on Emergency Health and Safety Concerns at the FCI Dublin Satellite Camp, filed 2/16/2024 | Not addressed | The attachment to the Court's Order should be unsealed because the facility closure has mooted security concerns. | Federal Defendants take no position on whether this Order should be unsealed. |
| Dkt. No. 252-1 | Attachment to Order Re: Transfer of Inmates at FCI Dublin, filed 4/15/2024 | Not addressed | The attachment to the Court's Order should be unsealed because the facility closure has mooted security concerns. | Federal Defendants take no position on whether this Order should be unsealed. |
| Dkt. No. 254-1 | Attachment to Order Re: Continued Guidance Concerning the Transfer of Inmates at FCI Dublin, filed 4/15/2024 | Not addressed | The attachment to the Court's Order should be unsealed because the facility closure has mooted security concerns. | Federal Defendants take no position on whether this Order should be unsealed. |
| Dkt. No. 260-1 | Attachment to Order Re: Continued Guidance Concerning the Transfer of Inmates at FCI Dublin, No. 2, filed 4/17/2024 | Not addressed | The attachment to the Court's Order should be unsealed because the facility closure has mooted security concerns. | Federal Defendants take no position on whether this Order should be unsealed. |
| Dkt. No. 264-1 | Attachment to Order Re: Continued Guidance Concerning the Transfer of Inmates at FCI Dublin, No. 3, filed 4/22/2024 | Not addressed | The attachment to the Court's Order should be unsealed because the facility closure has mooted security concerns. | Federal Defendants take no position on whether this Order should be unsealed. |

**SEALED COURT ORDERS PROPOSED INTERVENORS REQUESTED BE UNSEALED**

| | | | | |
|---|---|---|---|---|
| Dkt. No. 275-1 | Attachment to Order Re: Continued Guidance Concerning the Transfer of Inmates at FCI Dublin, No. 4, filed 4/23/2024 | Not addressed | The attachment to the Court's Order should be unsealed because the facility closure has mooted security concerns. | Federal Defendants take no position on whether this Order should be unsealed. |
| Dkt. No. 287-1 | Attachment to Order Re: Continued Guidance Concerning the Transfer of Inmates at FCI Dublin, No. 5, filed 4/24/2024 | Not addressed | The attachment to the Court's Order should be unsealed because the facility closure has mooted security concerns. | Federal Defendants take no position on whether this Order should be unsealed. |