**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CALIFORNIA COALITION FOR WOMEN PRISONERS,** *et al.,*<br><br>    Plaintiffs,<br><br>    v.<br><br>**UNITED STATES OF AMERICA BUREAU OF PRISONS,** *et al.,*<br><br>    Defendants. | Case No.: 4:23-cv-4155-YGR<br><br>**ORDER GRANTING MOTION TO INTERVENE; GRANTING IN PART MOTION TO UNSEAL**<br><br>Re: Dkt. Nos. 316 & 317 |

Pending before the Court are two motions: (i) Proposed Intervenors' motion to intervene; and (ii) their motion to unseal certain court documents. The Court addresses each in turn.

### I.    MOTION TO INTERVENE

The Appeal, Inc., reporter Victoria Law, the American Civil Liberties Union of Northern California, and the First Amendment Coalition (collectively, "Proposed Intervenors") move to intervene in this action for the limited purposes of unsealing documents and protecting access to court proceedings. (Dkt. No. 316.) Defendants do not oppose the motion, and plaintiffs have taken no position on its merits.

Federal Rule of Civil Procedure 24(b) governs permissive intervention by a non-party. Typically, a court may grant permissive intervention if the movant presents "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). However, "a party who seeks to intervene solely to unseal filed documents only needs to show timeliness . . . . " *Greer v. Cnty. of San Diego*, No. 19-cv-378-JO-DEB, 2023 WL 4479234, at *3 (S.D. Cal. July 10, 2023). When considering if a motion to intervene is timely, courts consider "(1) the stage of the proceeding at which [the] applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1100–01 (9th Cir. 1999).

The Court analyzes these factors in the context of Proposed Intervenors' motion: As to timing, the motion was filed on June 11, 2024, about one month after FCI Dublin was closed and two months after the facility's closure was first announced by the Bureau of Prisons. Trial remains about a year away. (*See* Dkt. No. 310.) Thus, Proposed Intervenors' motion is not too late. As to prejudice to other parties, granting the motion to intervene will not prejudice class members or the defendants, especially since defendants have the ability to, and in fact do, contest Proposed Intervenors' unsealing requests. As to the potential for delay, adjudicating Proposed Intervenors' motion will not prevent this case from proceeding apace. Thus, each of the three above factors favor granting the motion.

Given the foregoing analysis and lack of opposition, the motion is **GRANTED**.

## II. MOTION TO UNSEAL

The Court turns next to Proposed Intervenor's unsealing motion. In short, Proposed Intervenors move this Court to unseal myriad docket entries related to FCI Dublin; post minute entries for certain closed proceedings relating thereto; and ensure the public's ongoing access to information about the facility, as well as the adults in custody ("AICs") previously located there.

By way of background, on July 10, 2024, Proposed Intervenors and defendants jointly requested that the Court continue the scheduled hearing on the motion (which had been set for July 16, 2024) to permit additional meet and confers. (Dkt. No. 345.) The Court granted the request, and the hearing date was reset. (Dkt. No. 346.)

On July 23, 2024, Proposed Intervenors and defendants jointly submitted an update regarding their discussions. (Dkt. No. 351.) It states that they have agreed to unseal various documents. (*See* Dkt. Nos. 351; 351-2.) Pursuant to the parties' agreement, the Court **GRANTS IN PART** Proposed Intervenors' motion as to the documents identified in the agreed upon proposed form of order, which the Court approves and will issue separately.

However, Proposed Intervenors and defendants have not resolved all their disputes. They continue to disagree as to whether another group of documents should be sealed. These disputes will be addressed at the hearing set for Friday, August 2, 2024. (*See* Dkt. No. 352.)

Preliminarily, the Court notes that it is defendants' burden to show why these documents should remain under seal. To date, they have not carried this burden. Based on the current record, the Court is inclined to grant Proposed Intervenors' motion to unseal the disputed documents but will defer pending more information.

*First*, defendants must provide the Court with more specificity.  Their papers consist of vague references to the need to protect personally identifiable information (including relative to AICs), safeguard information relevant to ongoing criminal investigations, and preserve institutional security. Generic references such as these are insufficient.  The response **SHALL** be filed by no later than **12:00 p.m.** on **Wednesday, July 31, 2024.**

*Second*, to the extent defendants wish to keep certain documents under seal to protect the personally identifiable information of individual AICs previously located at FCI Dublin, it is not clear the AICs agree. As this argument directly implicates the privacy interests of class members, Class Counsel are **ORDERED** to respond to Proposed Intervenors' motion insofar as it concerns information relative to their clients. The response shall be filed by no later than **12:00 p.m.** on **Wednesday, July 31, 2024** and shall not exceed three (3) pages.

*Third*, defendants now state that they seek to seal certain of the at-issue documents based on the "new ground" that they relate to "ongoing criminal investigations" conducted by federal authorities. (*See generally* Dkt. No. 351-1 (chart setting forth defendants' "updated positions" relative to Proposed Intervenors' motion).) Defendants are not the prosecuting agency.  The United States Attorney's Office for this district is **ORDERED** to respond to these arguments so that the Court can more fully examine the bases for defendants' positions.  The response shall be subject to the same timing and page length requirements set forth above relative to Class Counsel.

This terminates Dkt. No. 316.

**IT IS SO ORDERED**.

Date: July 26, 2024

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**