JESSE LASLOVICH
United States Attorney
MADISON L. MATTIOLI
  MT Bar No. 36411284
ABBIE J.N. CZIOK
  MT Bar No. 55781377
Assistant U.S. Attorneys
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5269 – Madison
       (406) 457-5268 – Abbie
Fax: (406) 457-5130
Email: madison.mattioli@usdoj.gov
       abbie.cziok@usdoj.gov

MARK STEGER SMITH
  MT Bar No. 4160
TIMOTHY A. TATARKA
  CA Bar No. 277219
Assistant U.S. Attorneys
U.S. Attorney's Office
James F. Battin Federal Courthouse
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667 – Mark
       (406) 247-4642 – Tim
Fax: (406) 657-6058
Email: mark.smith3@usdoj.gov
       timothy.tatarka@usdoj.gov

Attorneys for Federal Defendants and
Defendant United States of America.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CALIFORNIA COALITION FOR WOMEN PRISONERS; et. al., <br><br> Plaintiffs <br> v. <br><br> UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS, a governmental entity; et. al., <br><br> Defendants. | CASE NO. 4:23-CV-04155-YGR <br><br> **UNITED STATES' RESPONSE TO THE COURT'S ORDER GRANTING IN PART MOTION TO UNSEAL** |

Defendants respectfully respond to this Court's Order Granting in Part Motion to Unseal (Dkt. 354) as follows:

Defendants have agreed that the original compelling reasons justifying sealing of almost everything in this case ceased to exist upon the closure of FCI Dublin and removal of all AICs formerly housed there. The scope of the documents and excerpts that Defendants seek to maintain under seal, and thus remain in dispute, is very narrow. To resolve this dispute, the Court must decide whether the public's right of access to the sealed excerpts relating to ongoing administrative or criminal investigations outweighs the indisputably compelling law enforcement interest in preserving the

integrity of those investigations *and* the privacy rights of the individuals referenced. Defendants argue it does not.

In support of this position, Defendants have provided a third Declaration from Beth Reese, Chief of the Bureau of Prisons' (BOP) Office of Internal Affairs (OIA). (Exhibit 1.) By way of background, OIA is an independent component of the Director's Office and is responsible for classifying all allegations of BOP employee misconduct it receives and investigating serious but non-criminal employee misconduct. (*Id*. at ¶ 2.) OIA can receive allegations from any number of sources to include adults in custody (AICs), AICs' families, advocacy organizations, the press, Congress, prison staff, or a facility's Warden. (Dkt. 197-6, ¶ 4.) When OIA receives an allegation, it must determine whether it alleges staff misconduct and whether there is sufficient information to undertake a meaningful investigation. (*Id*. at ¶ 5.) If the answer to both of those questions is yes, OIA moves forward with classifying the allegations in one of three categories. Classification One cases are defined as allegations which, if substantiated, would constitute a prosecutable offense (except for Classification Three cases such as traffic violations, DUI, DWI, etc.) and any allegation of serious misconduct, such as unauthorized disclosure of sensitive information. Classification Two cases are defined as allegations of serious misconduct, but if substantiated would not likely result in criminal prosecution. Classification Three cases are defined as allegations of misconduct which ordinarily have less impact on institutional operations. (*Id*. at ¶ 6.)

The Office of the Inspector General (OIG) for the U.S. Department of Justice (DOJ) is a statutorily created independent entity whose mission is to detect and deter waste, fraud, abuse, and misconduct in the Department of Justice. (*Id*. at ¶ 7.) OIG has jurisdiction over the criminal and administrative misconduct of all DOJ staff. (*Id*. at ¶ 8.) OIG can review all allegations sent to OIA and has the right of first refusal on all OIA cases. (*Id*. at ¶ 9.) Since late 2021 at FCI Dublin, allegations of sexual misconduct (i.e., that if true would be criminal) have been investigated by OIG or the FBI and have not been handled by the local institution. Only if OIG declines to retain a case is it sent back to OIA. (*Id*. at ¶ 10.) Once OIA makes a referral to the OIG and that referral is returned to OIA, OIA takes over the matter and investigates the allegations. Included in this process, are non-criminal allegations of staff misconduct alleged against FCI Dublin staff. (Exhibit 1 at ¶ 3.) Details of these investigations,

including the names of the individuals involved, cannot be shared publicly due to the sensitivity and privacy implications inherent in all matters referred to OIA, and regardless of whether they are ultimately investigated by OIA or OIG. (Exhibit 1 at ¶ 4.)

Limited details regarding these investigations have been redacted from Dkts. 45-4, 45-5, 159-3, 172-2, 173, 176-3, 176-4, 176-5, 178-3, 184-3, 184-4, and 184-5, 197-3, 197-6 (¶¶ 14-17), and 206-3 (¶¶ 4-9). Reese has reviewed these excerpts in their unredacted form and has confirmed personal knowledge of their content. She has confirmed her understanding that the specific information contained therein pertains to ongoing administrative or criminal investigations and concluded that releasing the above information to the public at this time could jeopardize the ongoing investigations. (Exhibit 1 at ¶¶ 8-12.) The full parameters of any investigation are unknown to both Reese and the undersigned, as neither office is the investigating office, further underscoring why the information should not be disclosed publicly at this time.

The United State Attorney's Office for the Northern District of California has also provided a response to the Court's Order Granting in Part Intervenor's Motion to Unseal. (Exhibit 2.) Indeed, for the same reasons that Department of Justice Regulations prohibit that Office from commenting on pending investigations, this Court should not require public disclosure of these details in order to justify sealing. One compelling reason these details should be shielded from public disclosure is to maintain the integrity of any ongoing investigations – for example, to prevent witness and evidence tampering or destruction. Another compelling reason is to safeguard the reputational and privacy interests of individuals who have not yet been indicted and therefore lack a forum in which to prove their innocence at trial. (*Id*.) As argued in prior motions, the Privacy Act also clearly protects these privacy interests, and this Court should not issue an Order compelling disclosure over the government's objection and in light of these compelling interests.

Additionally, the Notice at 251-3 should not have immediately been unsealed as it contains the full names of AIC hearing witnesses. The government respectfully requests that this document be resealed and subject to the Court's Order requiring refiling with the full names redacted.

/

/

RESPECTFULLY SUBMITTED this 31st day of July, 2024.

        JESSE A. LASLOVICH
        United States Attorney

        /s/ *Madison L. Mattioli*
        MADISON L. MATTIOLI
        ABBIE J.N. CZIOK
        MARK STEGER SMITH
        TIMOTHY A. TATARKA
        Assistant U.S. Attorneys
        Attorneys for Federal Defendants