JESSE LASLOVICH
United States Attorney
MADISON L. MATTIOLI
 MT Bar No. 36411284
ABBIE J.N. CZIOK
 MT Bar No. 55781377
Assistant U.S. Attorneys
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5269 – Madison
       (406) 457-5268 – Abbie
Fax: (406) 457-5130
Email: madison.mattioli@usdoj.gov
       abbie.cziok@usdoj.gov

MARK STEGER SMITH
 MT Bar No. 4160
TIMOTHY A. TATARKA
 CA Bar No. 277219
Assistant U.S. Attorneys
U.S. Attorney's Office
James F. Battin Federal Courthouse
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667 – Mark
       (406) 247-4642 – Tim
Fax: (406) 657-6058
Email: mark.smith3@usdoj.gov
       timothy.tatarka@usdoj.gov

Attorneys for Federal Defendants and
Defendant United States of America.

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

CALIFORNIA COALITION FOR WOMEN PRISONERS; et. al.,

          Plaintiffs

v.

UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS, a governmental entity; et. al.,

          Defendants.

CASE NO. 4:23-CV-04155

**THIRD DECLARATION OF BETH REESE**

I, BETH REESE, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am the Chief of the Office of Internal Affairs (OIA) for the Federal Bureau of Prisons (BOP). I have held this role since May of 2018. I oversee the work of approximately 145 staff throughout the United States.

2. OIA is an independent component of the Director's Office and is responsible for classifying all allegations of BOP employee misconduct it receives and investigating serious but non-criminal employee misconduct.

3. Once we make a referral to the Department of Justice Office of the Inspector General ("OIG")

and that referral is returned to OIA, OIA takes over the matter and investigates the allegations. Included in this process, are non-criminal allegations of staff misconduct alleged against FCI Dublin staff.

4. Due to the sensitivity and privacy implications inherent in all matters referred to OIA, regardless of whether they are ultimately investigated by OIA or OIG, I cannot share details of those investigations.

5. I can, however, provide the following updates:

   a. One officer facing criminal charges for staff misconduct, and awaiting trial, remains on unpaid administrative leave;

   b. There are approximately 29 FCI Dublin staff on administrative leave pending investigation by OIA, OIG, or the FBI; and

   c. Notwithstanding FCI Dublin's temporary closure, in the event OIA receives allegations against current or former FCI Dublin staff, we proceed in the usual course in classifying, referring, and investigating those allegations.

6. I can further inform the Court that the officer referenced on page 4, paragraph 11 of Senior BOP Attorney Robert France's March 4, 2024, Declaration (Dkt. 197-3), is the same officer referenced in my two prior declarations (Dkt. 197-6 and 206-3) was placed on administrative leave on March 7, 2024, and is pending deferral by OIG.

7. I have learned in this case, there is a pending motion to intervene for the limited purpose of unsealing court records (Dkt. 316) and a pending motion to unseal court records. Doc. 317.

8. In connection with the pending motions referenced in paragraph 3, BOP Agency Counsel asked that I review the unredacted versions of Western Regional Counsel Dennis Wong's Declaration (Dkt. 172-2) and Patrick Deveney's Declaration. Doc. 173. Both documents are redacted on the public record and the information appears in various document numbers due to a docketing error by counsel.

9. In my capacity as Chief of OIA, I am generally familiar with the investigation concerning FCI Dublin Executive Staff and their role in (a) placing former FCI Dublin AIC R.F. in the Special Housing

Unit (SHU) and (b) thereafter transferring R.F. to the Metropolitan Detention Center in Los Angeles.

10. To the best of my knowledge, there remains an ongoing criminal investigation regarding the events noted in paragraph 8.

11. Upon my review of both declarations, I assert that releasing the information contained in either Doc. 172-2 or Doc. 173 from their "under seal" filing could jeopardize the ongoing criminal investigation, as the content is directly related to the events noted in paragraph 5. Indeed, my review of the declarations reflects that Regional Counsel Wong made a fact-finding determination in his investigation of the events described in Mr. Deveney's declaration. While I do not know the entire parameters of the criminal investigation, to the best of my knowledge and belief, the subject-matter of the redacted statements asserted in both declarations is being investigated.

12. It is also my understanding that Doc. 172-2, prepared and signed by Western Regional Counsel Dennis Wong, constitutes attorney work product insofar as he gathered facts for the purpose of making a legal recommendation in anticipation of litigation.  A Special Investigative Services Lieutenant, who reports to the Captain, would be the person to compile this investigation in the normal course of business.  Due to the perceived time sensitive nature of the R.F. matter and pending Orders from the Court that required a response, Mr. Wong investigated the matter and notified the Court of his findings.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 31st day of July 2024.

_____
BETH REESE
CHIEF, OFFICE OF INTERNAL AFFAIRS FOR THE
FEDERAL BUREAU OF PRISONS
WASHINGTON, D.C.