# EXHIBIT 1

1  JESSE LASLOVICH
   United States Attorney
2  MADISON L. MATTIOLI                          MARK STEGER SMITH
     MT Bar No. 36411284                          MT Bar No. 4160
3  ABBIE J.N. CZIOK                             TIMOTHY A. TATARKA
     MT Bar No. 55781377                          CA Bar No. 277219
4  Assistant U.S. Attorneys                     Assistant U.S. Attorneys
   U.S. Attorney's Office                       U.S. Attorney's Office
5  901 Front Street, Suite 1100                 James F. Battin Federal Courthouse
   Helena, MT 59626                             2601 2nd Ave. North, Suite 3200
6  Phone: (406) 457-5269 – Madison              Billings, MT 59101
          (406) 457-5268 – Abbie                Phone: (406) 247-4667 – Mark
7  Fax: (406) 457-5130                                 (406) 247-4642 – Tim
   Email: madison.mattioli@usdoj.gov            Fax: (406) 657-6058
8          abbie.cziok@usdoj.gov                Email: mark.smith3@usdoj.gov
                                                        timothy.tatarka@usdoj.gov
9
10 Attorneys for Federal Defendants and
   Defendant United States of America.

11

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

13 CALIFORNIA COALITION FOR WOMEN
   PRISONERS; R.B.; A.H.R.; S.L.; J.L.; J.M.;      CASE NO. 4:23-CV-04155
14 G.M.; A.S.; and L.T., individuals on behalf of
   themselves and all others similarly situated,
15
              Plaintiffs
16         v.
                                                  **UNITED STATES' SUPPLEMENTAL
17 UNITED STATES OF AMERICA FEDERAL              RESPONSE TO PLAINTIFFS' FIRST
   BUREAU OF PRISONS, et. al.,                   REQUESTS FOR PRODUCTION (NOS. 1-6)**
18
              Defendants.
19

20    The United States Federal Bureau of Prisons (BOP), Colette Peters, in her official capacity as

21 Director, and Charmaine Nash, in her official capacity as FCI Dublin Warden, (collectively,

22 "Defendants") supplement its answer to Plaintiffs' First Set of Requests for Production of Documents to

23 Defendants (Nos. 1-6) as follows:

24              **REQUESTS FOR PRODUCTION**

25    **REQUEST FOR PRODUCTION NO. 1:** All DOCUMENTS and COMMUNICATIONS

26 relating to DEFENDANTS' closure of the INSTITUTION, including but not limited to DOCUMENTS

27 and COMMUNICATIONS regarding the reasons for and analysis underlying DEFENDANTS' closure

28 of the INSTITUTION.

1    **RESPONSE:**  Defendants object because this RFP seeks discovery that is irrelevant to the issues

2    raised in the amended complaint and subject to the pending (un-stayed) litigation, and which is unlikely

3    to lead to the discovery of relevant evidence.

4          Defendants object because this RFP seeks discovery that is unduly burdensome and

5    disproportional to the needs of the pending (un-stayed) litigation as framed by the amended complaint.

6          Defendants object because this RFP is untimely. Pursuant to Federal Rule of Civil Procedure

7    26(d)(1), "[a] party may not seek discovery from any source *before* the parties have conferred as

8    required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B),

9    or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1) (emphasis

10   added). This proceeding is not exempt from initial disclosures, the parties have not stipulated to any

11   non-service-related discovery, and Plaintiffs have not sought – nor has the Court ordered – expedited

12   discovery. *See Carter v. Jackson*, 2024 WL 2061115, at *1 (E.D. Cal. Apr. 5, 2024) (*citing Am.*

13   *LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (explaining the good cause

14   standard a party must show when seeking expedited discovery)). The parties met and conferred

15   regarding a joint case management plan in this case on May 8, 2024. All written discovery propounded

16   before this date is not authorized by the Rules of Civil Procedure, and Defendants object on that basis.

17         **SUPPLEMENTAL RESPONSE (JUNE 13, 2024)**:  The United States produces documents

18   bates stamped FCI_Dublin-4155H_1.

19         **REQUEST FOR PRODUCTION NO. 2:** All DOCUMENTS and COMMUNICATIONS

20   relating to DEFENDANTS' future plans for the INSTITUTION.

21         **RESPONSE:**  Defendants object because this RFP seeks discovery that is irrelevant to the issues

22   raised in the amended complaint and subject to the pending (un-stayed) litigation, and which is unlikely

23   to lead to the discovery of relevant evidence.

24         Defendants object because this RFP seeks discovery that is unduly burdensome and

25   disproportional to the needs of the pending (un-stayed) litigation as framed by the amended complaint.

26         Defendants object because this RFP is untimely. Pursuant to Federal Rule of Civil Procedure

27   26(d)(1), "[a] party may not seek discovery from any source *before* the parties have conferred as

28   required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B),

1   or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1) (emphasis

2   added). This proceeding is not exempt from initial disclosures, the parties have not stipulated to any

3   non-service-related discovery, and Plaintiffs have not sought – nor has the Court ordered – expedited

4   discovery. *See Carter v. Jackson*, 2024 WL 2061115, at *1 (E.D. Cal. Apr. 5, 2024) (*citing Am.*

5   *LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (explaining the good cause

6   standard a party must show when seeking expedited discovery)). The parties met and conferred

7   regarding a joint case management plan in this case on May 8, 2024. All written discovery propounded

8   before this date is not authorized by the Rules of Civil Procedure, and Defendants object on that basis.

9        **SUPPLEMENTAL RESPONSE (JUNE 13, 2024)**:  The United States produces documents

10   bates stamped FCI_Dublin-4155H_2-10.

11        **REQUEST FOR PRODUCTION NO. 3:** All DOCUMENTS and COMMUNICATIONS

12   relating to the transfer of incarcerated people housed at the INSTITUTION to other facilities, from

13   March 15, 2024 to present, and/or in connection with DEFENDANTS' closure of the INSTITUTION.

14        **RESPONSE:**  Defendants object because this RFP seeks discovery that is irrelevant to the issues

15   raised in the amended complaint and subject to the pending (un-stayed) litigation, and which is unlikely

16   to lead to the discovery of relevant evidence.

17        Defendants object because this RFP seeks discovery that is unduly burdensome and

18   disproportional to the needs of the pending (un-stayed) litigation as framed by the amended complaint.

19        Defendants object because this RFP is untimely. Pursuant to Federal Rule of Civil Procedure

20   26(d)(1), "[a] party may not seek discovery from any source *before* the parties have conferred as

21   required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B),

22   or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1) (emphasis

23   added). This proceeding is not exempt from initial disclosures, the parties have not stipulated to any

24   non-service-related discovery, and Plaintiffs have not sought – nor has the Court ordered – expedited

25   discovery. *See Carter v. Jackson*, 2024 WL 2061115, at *1 (E.D. Cal. Apr. 5, 2024) (*citing Am.*

26   *LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (explaining the good cause

27   standard a party must show when seeking expedited discovery)). The parties met and conferred

28

1    regarding a joint case management plan in this case on May 8, 2024. All written discovery propounded

2    before this date is not authorized by the Rules of Civil Procedure, and Defendants object on that basis.

3    **REQUEST FOR PRODUCTION NO. 4:** All DOCUMENTS and COMMUNICATIONS

4    relating to DEFENDANTS' reassignment of STAFF MEMBERS to other Bureau of Prisons facilities in

5    connection with DEFENDANTS' closure of the INSTITUTION.

6    **RESPONSE:**  Defendants object because this RFP seeks discovery that is irrelevant to the issues

7    raised in the amended complaint and subject to the pending (un-stayed) litigation, and which is unlikely

8    to lead to the discovery of relevant evidence.

9    Defendants object because this RFP seeks discovery that is unduly burdensome and

10   disproportional to the needs of the pending (un-stayed) litigation as framed by the amended complaint.

11   Defendants object because this RFP is untimely. Pursuant to Federal Rule of Civil Procedure

12   26(d)(1), "[a] party may not seek discovery from any source *before* the parties have conferred as

13   required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B),

14   or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1) (emphasis

15   added). This proceeding is not exempt from initial disclosures, the parties have not stipulated to any

16   non-service-related discovery, and Plaintiffs have not sought – nor has the Court ordered – expedited

17   discovery. *See Carter v. Jackson*, 2024 WL 2061115, at *1 (E.D. Cal. Apr. 5, 2024) (*citing Am.*

18   *LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (explaining the good cause

19   standard a party must show when seeking expedited discovery)). The parties met and conferred

20   regarding a joint case management plan in this case on May 8, 2024. All written discovery propounded

21   before this date is not authorized by the Rules of Civil Procedure, and Defendants object on that basis.

22   **REQUEST FOR PRODUCTION NO. 5:** All organizational charts for the INSTITUTION,

23   including a list of all current STAFF MEMBERS with their names and positions.

24   **RESPONSE:**  Defendants object because this RFP is vague as to the timeframe encompassing

25   "current staff members."

26   Defendants object because this RFP seeks discovery that is irrelevant to the issues raised in the

27   amended complaint and subject to the pending (un-stayed) litigation, and which is unlikely to lead to the

28   discovery of relevant evidence.

1    Defendants object because this RFP seeks discovery that is unduly burdensome and

2    disproportional to the needs of the pending (un-stayed) litigation as framed by the amended complaint.

3    Defendants object because this RFP is untimely. Pursuant to Federal Rule of Civil Procedure

4    26(d)(1), "[a] party may not seek discovery from any source *before* the parties have conferred as

5    required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B),

6    or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1) (emphasis

7    added). This proceeding is not exempt from initial disclosures, the parties have not stipulated to any

8    non-service-related discovery, and Plaintiffs have not sought – nor has the Court ordered – expedited

9    discovery. *See Carter v. Jackson*, 2024 WL 2061115, at *1 (E.D. Cal. Apr. 5, 2024) (*citing Am.*

10   *LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (explaining the good cause

11   standard a party must show when seeking expedited discovery)). The parties met and conferred

12   regarding a joint case management plan in this case on May 8, 2024. All written discovery propounded

13   before this date is not authorized by the Rules of Civil Procedure, and Defendants object on that basis.

14   **SUPPLEMENTAL RESPONSE (JUNE 13, 2024)**:  The United States produces documents

15   bates stamped FCI_Dublin-4155H_11-36.

16   **REQUEST FOR PRODUCTION NO. 6:** All DOCUMENTS and COMMUNICATIONS

17   submitted to the Court in camera during this ACTION, including DOCUMENTS and

18   COMMUNICATIONS submitted to the Court in camera during the January 2024 evidentiary hearings,

19   regardless of whether the DEFENDANTS relied on those DOCUMENTS and COMMUNICATIONS in

20   their post-hearing briefing.

21   **RESPONSE:**  Defendants object because these documents are already in Plaintiffs' counsels'

22   possession.

23   Defendants object because this RFP is untimely. Pursuant to Federal Rule of Civil Procedure

24   26(d)(1), "[a] party may not seek discovery from any source *before* the parties have conferred as

25   required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B),

26   or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1) (emphasis

27   added). This proceeding is not exempt from initial disclosures, the parties have not stipulated to any

28   non-service-related discovery, and Plaintiffs have not sought – nor has the Court ordered – expedited

1    discovery. *See Carter v. Jackson*, 2024 WL 2061115, at *1 (E.D. Cal. Apr. 5, 2024) (*citing Am.*

2    *LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (explaining the good cause

3    standard a party must show when seeking expedited discovery)). The parties met and conferred

4    regarding a joint case management plan in this case on May 8, 2024. All written discovery propounded

5    before this date is not authorized by the Rules of Civil Procedure, and Defendants object on that basis.

6            DATED this 13th day of June, 2024.

7

8                             JESSE A. LASLOVICH
                         United States Attorney

9

10

11                             MADISON L. MATTIOLI
                         ABBIE J.N. CZIOK
                         MARK STEGER SMITH

12                             TIMOTHY A. TATARKA
                         Assistant U.S. Attorneys

13                             Attorneys for Federal Defendants

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on the 13th day of June, 2024, a copy of the foregoing document was served on the following person by the following means.

3

4        _____    CM/ECF
         _____    Hand Delivery

5        _____    U.S. Mail
         _____    USAfx

6         2-6     E-Mail

7    1.  Clerk of Court                          2.  Michael W. Bien – 096891
                                                  Ernest Galvan – 196065

8                                                 Kara Janssen – 274762
                                                  Adrienne Spiegal – 330482

9                                                 Luma Khabbaz – 351492
                                                  Rosen Bien

10                                                GALVAN & GRUNFELD LLP
                                                  101 Mission Street, Sixth Floor

11                                                San Francisco, California 94105-1738
                                                  Telephone: (415) 433-6830

12                                                Email: mbien@rbgg.com
                                                  egalvan@rbgg.com

13                                                kjanssen@rbgg.com
                                                  gjackson-gleich@rbgg.com

14                                                aspiegel@rbgg.com
                                                  lkhabbaz@rbgg.com

15

16   3.  Oren Nimni*                             4.  Susan M. Beaty – 324048
         Mass. Bar No. 691821                        CALIFORNIA COLLABORATIVE FOR

17       Amaris Montes*                              IMMIGRANT JUSTICE
         Md. Bar No. 2112150205                      1999 Harrison Street, Suite 1800

18       D Dangaran*                                 Oakland, California 94612-4700
         Mass. Bar No. 708195                        Telephone: (510) 679-3674

19       RIGHTS BEHIND BARS                          Email: susan@ccijustice.org
         416 Florida Avenue N.W. #26152

20       Washington, D.C. 20001-0506
         Telephone: (202) 455-4399

21       Email: oren@rightsbehindbars.org
         amaris@rightsbehindbars.org

22       d@rightsbehindbars.org

23   5.  Stephens S. Cha-Kim*                    6.  Carson D. Anderson – 317308
         N.Y. Bar No. 4979357                        ARNOLD & PORTER KAYE SCHOLER

24       ARNOLD & PORTER KAYE SCHOLER               LLP
         LLP                                         3000 El Camino Real

25       250 West 55th Street                        Five Palo Alto Square, Suite 500
         New York, New York 10019-9710               Palo Alto, California 94306-3807

26       Telephone: (212) 836-8000                   Telephone: (650) 319-4500
         Email: stephen.cha-kim@arnoldporter.com     Email: carson.anderson@arnoldporter.com

27       Attorneys for Plaintiffs                 *Admitted *pro hac vice*

28

U.S.' SUPP RESP. TO P'S FIRST RFPs                              CASE NO. 4-23-CV-04155-YGR

1

2
MADISON L. MATTIOLI
ABBIE J.N. CZIOK
3
MARK STEGER SMITH
TIMOTHY A. TATARKA
4
Assistant U.S. Attorneys
Attorneys for Federal Defendants
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S.' SUPP RESP. TO P'S FIRST RFPs                                    CASE NO. 4-23-CV-04155-YGR

8