JESSE LASLOVICH
United States Attorney
MADISON L. MATTIOLI
  MT Bar No. 36411284
ABBIE J.N. CZIOK
  MT Bar No. 55781377
Assistant U.S. Attorneys
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5269 – Madison
       (406) 457-5268 – Abbie
Fax: (406) 457-5130
Email: madison.mattioli@usdoj.gov
       abbie.cziok@usdoj.gov

MARK STEGER SMITH
  MT Bar No. 4160
TIMOTHY A. TATARKA
  CA Bar No. 277219
Assistant U.S. Attorneys
U.S. Attorney's Office
James F. Battin Federal Courthouse
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667 – Mark
       (406) 247-4642 – Tim
Fax: (406) 657-6058
Email: mark.smith3@usdoj.gov
       timothy.tatarka@usdoj.gov

Attorneys for Federal Defendants and
Defendant United States of America.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| CALIFORNIA COALITION FOR WOMEN PRISONERS; et. al., <br><br> Plaintiffs <br> v. <br><br> UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS, a governmental entity; et. al., <br><br> Defendants. | CASE NO. 4:23-CV-04155-YGR <br><br> **UNITED STATES' RESPONSE TO INTERVENORS' SECOND REPLY REGARDING MOTION TO UNSEAL** |

Defendants respectfully respond to Intervenors' Second Reply Regarding Motion to Unseal (Dkt. 378) as follows:

As stated, Defendants have agreed that the original compelling reasons justifying sealing of almost everything in this case ceased to exist upon the closure of FCI Dublin and removal of all adults in custody (AICs) formerly housed there, and therefore have consented to the unsealing of nearly everything they previously requested to seal. However, the original reasons justifying the sealing of limited excerpts contained in just nine documents in a docket of nearly 400 documents (ongoing administrative or criminal investigations and individual privacy) remain compelling despite facility

closure and this Court should deny Intervenors' request to unseal these excerpts. (Dkts. 363-1, 363-2, 175, 363-3, 175-2, 178-2, 363-4, 363-5, 363-6.) Importantly, the Court has already granted Defendants' requests to seal each of these documents, implicitly deciding that the public's right of access to the sealed excerpts relating to ongoing administrative or criminal investigations does not outweigh the indisputably compelling law enforcement interest in preserving the integrity of those investigations *while they are ongoing,* and the privacy rights of the individuals referenced. (*See* Dkt. 222 granting motions to seal original Dkts. 45, 176, 178, 184, 197, 206.) Intervenors and the public can use context clues based on the information publicly available, including the large swaths of recently unsealed documents and excerpts, to understand that they are being preventing from knowing very little at this stage in the litigation. To assuage public concerns regarding secrecy, Defendants have included as much detail as possible in all public filings. (*See e.g.*, Dkt. 303 at 7:26–27, 8:1 ("BOP placed nine supervisory employees on administrative leave pending investigation into allegations of *non-sexual misconduct* between January 9 and March 11, 2024." (emphasis added).)

To bolster the Court's decision to permit the limited sealing of sensitive information relating to ongoing administrative or criminal investigations, Defendants provided a third Declaration from Beth Reese, Chief of the Bureau of Prisons' (BOP) Office of Internal Affairs (OIA). (Dkt. 358-1.) Reese explained that details of these investigations, including the names of the individuals involved, cannot be shared publicly "[d]ue to the sensitivity and privacy implications inherent in all matters referred to OIA, regardless of whether they are ultimately investigated by OIA or OIG." (*Id*. at ¶ 4.) Reese reviewed the excerpts redacted from Dkts. 363-1, 363-2, 175, 363-3, 175-2, 178-2, 363-4, 363-5, 363-6 in their unredacted form and confirmed personal knowledge of their content. She confirmed her understanding that the redacted information pertains to ongoing administrative or criminal investigations and concluded that releasing the above information to the public *at this time* could jeopardize the ongoing investigations. (*Id*. at ¶¶ 8-12.) Intervenors fault Reese for not providing specifics. But this is often the case in motions to seal. Because counsel for Intervenors "have not been permitted to review the sealed [excerpts], their arguments [a]re necessarily somewhat abstract and procedural. The government's arguments [a]re similarly abstract for fear of disclosing the contents of the sealed documents." *In re Search Warrant for Secretarial Area Outside Off. of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988).

Department of Justice (DOJ) policies provide further guidance regarding DOJ's general need for confidentiality, and provide specifics regarding what Reese means by the phrase "could jeopardize the ongoing investigations":

> Much of DOJ's work involves non-public, sensitive matters. Disseminating non-public, sensitive information about DOJ matters could violate federal laws, employee non-disclosure agreements, and individual privacy rights; put a witness or law enforcement officer in danger; jeopardize an investigation or case; prejudice the rights of a defendant; or unfairly damage the reputation of a person.

Justice Manual, 1-7.000.

Importantly, recognizing "'a qualified First Amendment right of access . . . does not mean that the [sealed materials] must automatically be disclosed.'" *In re Press Application for Access to Jud. Recs. in Case No. 23-SC-31*, 704 F. Supp. 3d 161, 175 (D.D.C. 2023) (*citing In re Gunn*, 855 F.2d at 574 (internal citation omitted)). This is so because "[t]he first amendment right of public access is not absolute; it is a qualified right." *Id*. (internal citation omitted.) Notwithstanding the First Amendment right of access, a document can be sealed if there is a compelling governmental interest and the denial of access is "narrowly tailored to serve that interest." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606 (1982).

"Protecting the integrity and secrecy of an ongoing criminal investigation is a well-recognized compelling governmental interest." *In re Sealed Search Warrant*, 622 F. Supp. 3d 1257, 1262 (S.D. Fla. 2022) (citations omitted). "Although many governmental processes operate best under public scrutiny, it takes little imagination to recognize that there are some kinds of government operations that would be totally frustrated if conducted openly." *Id*. (*citing Press-Enter. Co. v. Superior Court of Cal. for Riverside Cnty.*, 478 U.S. 1, 8-9 (1986)). "Criminal investigations are one such government operation." *Id*. This compelling interest does not exist in perpetuity. It is worth pointing out that the government's interest in safeguarding these investigations is temporal and likely ends with the investigations themselves. *See Matter of Pub. Def. Serv. for D.C. to Unseal Certain Recs*., 607 F. Supp. 3d 11, 16 (D.D.C. 2022) (District Judge granting motion to unseal a set of exhibits to a motion *in limine* from a <u>resolved</u> criminal case). BOP has provided a declaration from the Chief of its internal affairs office. She has declared that she possesses personal knowledge of the sealed excerpts, that the sealed excerpts relate to ongoing (i.e., unresolved) administrative or criminal investigations, and that disclosure of the sealed

excerpts at this time could jeopardize the ongoing investigations. This is sufficient to meet the government's burden.

Additionally, given the intense (and often inaccurate) media reports in this case, it is not unreasonable to assert individual privacy as an additional compelling justification for sealing in this case. Moreover, the Privacy Act states in pertinent part that, "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains," except pursuant to court order. 5 U.S.C.A. § 552a(b) and (11). The government does not have a written request from, nor the prior written consent of, the individuals to whom the sealed excerpts pertain. It is irrelevant that they have not appeared in this action and objected to the disclosure. Absent such written consent, only the Court can order public disclosure.

Contrary to Intervenors' assertions, BOP has never stated the sealed excerpts should remain sealed so the individuals named can avoid mere embarrassment. Rather, BOP seeks to safeguard the reputational and privacy interests of its employees – who have not yet been indicted and may never be – as well as their personal safety and security if their names are released in connection with unproven, and often salacious, allegations. Civil Local Rule 79-5(g)(3) provides a timeline for unsealing in the normal course of concluded litigation ("[i]f a motion to unseal is filed more than 3 years after the case is closed, there will be strong presumption that the document will be unsealed."). Rather than ordering unsealing *en masse* now – or waiting 3 years to consider the unsealing motion – the Court could order updates on the status of these investigations and excerpts can be unsealed as the investigations conclude. But this Court should not reverse its prior Order granting Defendants' requests to seal this narrow category of excerpts until the investigations referenced therein have concluded, especially over the government's continued objection and in light of the proffered compelling interests.

In the alternative, the Civil Local Rules provide guidance if the Court determines it must deny Defendants' requests to keep the excerpts in Dkts. 363-1, 363-2, 175, 363-3, 175-2, 178-2, 363-4, 363-5, 363-6 sealed and provide alternatives to public disclosure. Pursuant to Rule 79-5(g)(2), "[w]hen the Court denies a motion to seal, it will consider whether to consider the information sought for sealing and require its public filing, permit its withdrawal without considering the information, or order any other

disposition it deems proper." Some of the information supplied in the excerpts was provided at the direction of the Court (the France and two prior Reese declarations) or in response to Court orders (the Wong declaration). Rather than unsealing, the Court has discretion to permit the withdrawal of these declarations without considering the information contained therein as part of this case.

    RESPECTFULLY SUBMITTED this 23rd day of August, 2024.

JESSE A. LASLOVICH
United States Attorney

/s/ *Madison L. Mattioli*
MADISON L. MATTIOLI
ABBIE J.N. CZIOK
MARK STEGER SMITH
TIMOTHY A. TATARKA
Assistant U.S. Attorneys
Attorneys for Federal Defendants