

# Family Violence Law Center

470 27th Street, Oakland, CA 94612
800.947.8301

FILED
FEB 10 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Clerk of the Court
United States District Court, Northern District of California
1301 Clay Street, Suite 4005
Oakland, CA 94612

Re: California Coalition for Women's Prisoners et al. v. United States of America Federal Bureau of Prisons et al., Case No. 4:23-CV-04155-YGR

To Judge Yvonne Gonzalez Rogers:

Family Violence Law Center (FVLC) is submitting this comment on the proposed Consent Decree because FVLC is an expert in providing support and advocacy for survivors of sexual violence and has been supporting survivors who were incarcerated at Federal Correctional Institute Dublin (FCI Dublin) since 2022. FVLC requests that the Court consider making the following changes to the proposed Consent Decree so that it better reflects the needs of the impacted survivors.

Founded in 1978, FVLC helps diverse communities in Alameda County heal from domestic violence and sexual assault, advocating for justice and healthy relationships. FVLC provides survivor-centered legal and crisis intervention services, offer prevention education for youth and other community members, and engage in policy work to create systemic change.

In 2022, FVLC was approached by a victim/witness advocate with the U.S. Attorney's Office (USAO) regarding the high-profile criminal sexual assault case, *U.S. v. Garcia*, in which then Associate Warden of Bureau of Prison FCI Dublin had sexual contact with multiple inmates while they were incarcerated and under his custodial, supervisory, or disciplinary authority. The USAO sought FVLC's expertise to provide mental health supportive services to the survivors before, during and after their appearances at trial. Since that time, FVLC staff has advocated for multiple incarcerated and formerly incarcerated survivors and witnesses throughout their pre-trial interviews, testimony preparation, trial, and sentencing for *U.S. v. Garcia* and subsequent trials. FVLC then continued to provide them with wrap-around mental health support and to check in with them following the completion of each case to ensure they were connected to resources and emotional support. FVLC is continuing to provide these services for related upcoming criminal trials.

While providing these services, we have encountered two significant issues: First, it has been and continues to be extremely difficult to obtain access to the incarcerated survivors and witnesses we

1

have been asked to support. Second, no funds have been allocated to FVLC to provide these services.

Access to incarcerated survivors and witnesses

During our time providing advocacy and crisis intervention services to the survivors of FCI Dublin, we ran into several barriers in our attempts to garner access to them. We fought to have confidential and private phone lines for our clients. Previously, these survivors were only able to contact us in an open area with a monitored line, conflicting with our confidential services and their ability to feel safe to disclose abuse that had occurred within the facility. We also ran into extreme barriers when survivors would be transferred. Staff spent several weeks to establish services within the FCI and then, without warning, clients would be transferred to a new facility where staff were seemingly unaware of FVLC and the work we were trying to establish. Due to this, the new FCI would push back against us, refusing to collaborate with us to safely and confidentially access our clients. Even when we did have established, scheduled calls with survivors, there would be times where our clients were denied their calls and meetings without reason. Many survivors noted that this was motivated by retaliation due to our clients disclosing new incidents or mistreatment happening within the facility.

We are heartened, therefore, to see that access is one of the issues addressed by the proposed Consent Decree. However, the language in Section 5, Paragraphs 39 and 40 of the proposed decree is unnecessarily limiting. That section instructs the Bureau of Prisons (BOP) to provide access to "Rape Crisis Centers," defined as "community-based organizations that help survivors of rape, sexual abuse, and sexual violence who have an active Memorandum of Understanding (MOU) with the Bureau of Prisons (BOP).

FVLC does not have an MOU with BOP and so would not qualify as an organization that should be allowed access to the survivors we currently support and will support in the future. While it is understandable that a BOP facility would engage in an MOU process with service providers who might regularly enter their facility to provide services, it is an unnecessary barrier to the provision of services to individuals on an as requested basis. In particular, an MOU should never be required for any service provider to give services to incarcerated survivors via confidential, unmonitored telephone calls. To avoid any confusion about who BOP needs to provide all Class Members with access to, we request that the language requiring an MOU with BOP be removed.

Funding for victim services

FVLC's extensive, emotionally taxing services on behalf of these survivors consumed a great deal of staff time and energy, all without any new funds provided by the BOP to cover these services. Despite this hardship, FVLC has been unable to turn away from the intense levels of need presented by these survivors. There is little to no mental health support for the clients while they incarcerated, and FVLC has discovered that our services often are the only lifeline for these survivors as they bravely seek justice.

The proposed Consent Decree asks the BOP to pay for several things, including attorneys' fees and costs and the cost of the appointed monitor and their staff. Victim services providers similarly have

been asked to provide professional services as a result of BOP employees' misconduct and should be compensated for them. In typical resilient non-profit fashion, FVLC has found some modest amounts of funding to cover a portion of the work we have been doing to support survivors harmed by BOP employees. But we have not covered all of our costs for this incredibly challenging work, and the need for our services continues.

While the Prison Rape Elimination Act of 2003 (PREA) created an opening for victim services providers to receive funding for supporting incarcerated survivors, the amount flowing to those providers has been very limited and, to FVLC's knowledge, has not been provided at all to service providers supporting survivors incarcerated in federal prisons. First, jails and prisons are not required to apply for funding to support their ability to comply with PREA and if they do receive funding, the jails and prisons decide whether to subcontract with victim service providers.[3] Second, state funding programs to serve incarcerated survivors such as California's Advancing the Prison Rape Elimination Act Program, are focused on jails and state prisons rather than federal prisons.[4]

Victim service providers like FVLC do a lot with very little funding. We request that the BOP facilities currently housing Class Members be required to apply for PREA funding and as part of that application, partner with victim service providers, preferably in areas local to the relevant prison site. We also request that FVLC and Tri-Valley Haven (TVH), another non-profit that has provided support for survivors impacted by FCI Dublin employees' misconduct, receive compensation as part of this Consent Decree to cover the unfunded costs of services already provided as a result of BOP employees' misconduct.

I can be reached at escott@fvlc.org or at 800-947-8301 if the Court has questions or needs additional information.

Sincerely,

Erin Scott
Executive Director

---

[1] 34 U.S.C. Section 12291(30).
[2] *See* "Service Standards April 2023" document linked on this page - https://www.caloes.ca.gov/grant-announcement/2023-24-rape-crisis-rc-program-rfa/.
[3] *See* https://www.prearesourcecenter.org/implementation/prea-in-action/grant-awards.
[4] *See* https://www.caloes.ca.gov/grant-announcement/2023-24-california-advancing-the-prison-rape-elimination-act-program-rfa/.



Family Violence Law Center
470 27th Street
Oakland, CA 94612

RECEIVED
FEB 10 2025
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

OAKLAND CA 945
7 FEB 2025 PM 5 L

Clerk of the Court
United States District Court
Northern District of California
1301 Clay St., Ste. 400S
Oakland, CA 94612

94612-521299