*California Coalition for Women Prisoners et al. v. United States of America Federal Bureau of Prisons et al., Case Number (4:23-CV-04155-YGR)*



**California Coalition for Women Prisoners**

OAKLAND OFFICE
4400 Market Street
Oakland, CA 94608

Phone: 415-255-7036 ext. 4
Fax: 415-552-3150

LOS ANGELES MAIL
P.O. Box 291585
Los Angeles, CA 90029

www.womenprisoners.org
info@womenprisoners.org

February 6, 2025

Dear Judge Gonzalez Rogers,

We write on behalf of the California Coalition for Women Prisoners (CCWP), the organizational plaintiff in Case No. 4:23-cv-04155-YGR. CCWP is a member of the Dublin Prison Solidarity Coalition, an alliance of dozens of currently and formerly incarcerated survivors of FCI Dublin staff abuse, community organizations, and advocates. We are grateful for the steps that the Court and the Special Master/Monitor have taken to safeguard the rights of people formerly incarcerated at Dublin and to hold the Federal Bureau of Prisons (BOP) accountable. Our coalition remains in close contact with at least 100 people who were forcibly transferred from Dublin following the BOP's abrupt closure of the facility in April 2024. We continue to receive alarming reports of ongoing abuse, retaliation, and medical neglect against people transferred from Dublin, and we remain very worried about their safety and wellbeing.

We welcome the proposed Consent Decree. We are grateful to the advocates, including incarcerated coalition members, who worked tirelessly to negotiate this potential settlement. We urge the Court to approve—and just as importantly, enforce—an agreement that will provide for ongoing monitoring, protections, and resources for survivors of FCI Dublin. We also have critical concerns from coalition members about potential gaps in the Consent Decree, especially in light of the BOP's proven inability to protect and care for people in its custody.

1. **Scope**

We have heard from a number of people who should benefit from the protections of this Consent Decree who were transferred away from the facility before March 2024, including survivors and witnesses of Dublin staff sexual abuse who reported abuse to federal investigators and/or filed civil lawsuits based on abuse, as well as people who suffered extreme medical neglect at the facility and still have not gotten the care they require. **We urge the Court to ensure that the Consent Decree—and its enforcement—apply to everyone who was at the facility when the lawsuit was filed in August 2023, as well as all survivors of Dublin staff sexual abuse, retaliation, and medical neglect who remain in BOP custody.**

Coalition members have experienced and reported staff misconduct and neglect at Federal Transfer Centers (FTCs) and BOP contract facilities, and in halfway houses. We are concerned that the full weight of the Consent Decree does not apply to people who are legally in BOP custody, but are not held in BOP prisons. **All provisions of the Consent Decree should apply**

*California Coalition for Women Prisoners et al. v. United States of America Federal Bureau of Prisons et al., Case Number (4:23-CV-04155-YGR)*

**to all class members in BOP custody, including those at FTCs, contract facilities, and halfway houses.**

### 2. Ability to Enforce

Unfortunately, based on the experiences of our members, we have no faith in the BOP's ability to protect or care for the people in its custody or to abide by the terms of this Consent Decree. Much of the Consent Decree is about reporting and providing information about treatment and conditions for class members. While this transparency is extremely important, we are concerned that the Consent Decree does not require the BOP to make significant changes or take substantial action to protect the rights of class members; it does not provide the Monitor with enough authority to make and enforce recommendations.

We also very much appreciate Your Honor insisting that the budget for the Special Master's office be detailed to include adequate resources before you would sign off on the Consent Decree. We hope that the current budget will be sufficient to ensure that the Special Master's office is able to regularly receive and respond to reports from class members. At present, the Special Master is unable to fulfill this responsibility due to limited resources. **Since reporting and responding to class member issues is at the heart of the Consent Decree, we believe that adequate resources are essential for its successful implementation.**

### 3. Release for Survivors

Release remains a priority for incarcerated coalition members, including survivors of abuse who cannot heal while they remain in custody, people who need medical and mental healthcare that the BOP is unwilling or unable to provide, and transgender people who are now in the crosshairs of a hateful and bigoted administration. BOP also has complained repeatedly, including to this Court, about a dangerous lack of staff and resources. At the same time, the BOP has tools at its disposal to release people into the community–including compassionate release and release to halfway houses and home confinement under both the First Step Act (FSA) and the Second Chance Act (SCA). BOP officials at Dublin simply did not process or respond to compassionate release requests for years, and people transferred from Dublin report that they also have struggled to submit compassionate release requests and have not received a record or response to their request. The Court and the Special Master/Monitor also have recognized that BOP repeatedly failed to accurately apply FSA credits and to release people to halfway house under the FSA, and class members continue to be held in prison beyond their halfway house eligibility dates. (The ACLU even recently filed a class action lawsuit, *Crowe v. Federal Bureau of Prisons*, about the BOP's failure to transfer eligible people to halfway houses and home confinement.) Additionally, the BOP almost never exercises its authority to release people under the SCA.

We are concerned that the proposed Consent Decree does not push BOP to use these available tools. **BOP should be required to review all compassionate release requests filed in the years prior to the Dublin closure and moving forward, must be required to**

*California Coalition for Women Prisoners et al. v. United States of America Federal Bureau of Prisons et al., Case Number (4:23-CV-04155-YGR)*

**provide timely, individualized written response to all compassionate release requests by people transferred from Dublin. BOP must exercise its authority to release survivors of Dublin to halfway houses and home confinement under the FSA and SCA as soon as possible.** People formerly incarcerated at Dublin have been through enough and must be allowed to come home.

### 4. Updates on BOP Staff

We remain concerned about the lack of transparency and accountability surrounding reports of Dublin staff misconduct.

Dozens of Dublin officials remain on administrative leave and under investigation for misconduct, and it is unclear what information the BOP has provided to the Court, the Special Master/Monitor, or to survivors of abuse regarding the status of these officers. For example, former Executive Assistant Agostini submitted a declaration dated November 23, 2023, stating that at that time 19 Dublin officials were on administrative leave pending misconduct investigations. Many of these officers have been on administrative leave for two and three years. Since that date, additional Dublin officials have been placed on leave, including Agostini herself, who was walked off by the FBI in approximately March 2024. Survivors of abuse who reported these officers do not receive any information or updates about the status of these investigations, or the whereabouts or employment status of their abusers.

Also, for years BOP has allowed officers accused of egregious misconduct, including sexual assault, to transfer to other facilities or quietly resign. (We have received reports that after she was walked off by the FBI, Executive Assistant Agostini was transferred to work at another BOP facility.) Coalition members report that several women who were transferred from FCI Dublin to FCI Aliceville were then sexually assaulted and abused by a doctor there. This doctor was allowed to transfer to another women's facility and continue overseeing patients before he finally was put on leave. We are concerned there are other predators that BOP has transferred elsewhere, placing Dublin survivors and other incarcerated persons at great risk.

**We advocate for the Consent Decree and its enforcement to require BOP to provide regular updates to the Special Master/Monitor and the Court on the status of BOP officials placed on administrative leave for abuse or misconduct at FCI Dublin, or against people transferred away from FCI Dublin.**

Sincerely,

Courtney Hanson
On behalf of the California Coalition for Women Prisoners
courtney@womenprisoners.org



CA Coalition for Women Prisoners
4400 Market St.
Oakland, CA
94608

RECEIVED
FEB 11 2025
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

TO:
Clerk of the Court
United States District Court
Northern District of CA
1301 Clay St, Suite 400S
Oakland, CA 94612

Expandable Photo Document Mailer
9 3/4" x 12 1/4"

ReadyPost