ERNEST GALVAN – 196065
KARA J. JANSSEN – 274762
ADRIENNE SPIEGEL – 330482
LUMA KHABBAZ – 351492
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Email: egalvan@rbgg.com
kjanssen@rbgg.com
aspiegel@rbgg.com
lkhabbaz@rbgg.com

SUSAN M. BEATY – 324048
CALIFORNIA COLLABORATIVE FOR
IMMIGRANT JUSTICE
1999 Harrison Street, Suite 1800
Oakland, California 94612-4700
Telephone: (510) 679-3674
Email: susan@ccijustice.org

AMARIS MONTES[*]
  Md. Bar No. 2112150205
MIRIAM R. NEMETH[*]
  D.C. Bar No. 1028529
RIGHTS BEHIND BARS
1800 M Street NW Front 1 #33821
Washington, D.C. 20033
Telephone: (202) 455-4399
Email: amaris@rightsbehindbars.org
miriam@rightsbehindbars.org

STEPHEN S. CHA-KIM[*]
 N.Y. Bar No. 4979357
ARNOLD & PORTER KAYE SCHOLER
LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Email: stephen.cha-kim@arnoldporter.com

CARSON D. ANDERSON – 317308
ARNOLD & PORTER KAYE SCHOLER
LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, California 94306-3807
Telephone: (650) 319-4500
Email: carson.anderson@arnoldporter.com

NATALIE STEIERT[*]
 D.C. Bar No. 90010655
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001-3743
Telephone: (202) 942-5000
Email: natalie.steiert@arnoldporter.com

[*] Admitted *pro hac vice*

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA COALITION FOR WOMEN PRISONERS et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS et al.,<br><br>            Defendants. | Case No. 4:23-cv-04155-YGR<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CONSENT DECREE**<br><br>Date:   February 25, 2025<br>Time:   1:00 pm<br><br>Judge:  Hon. Yvonne Gonzalez Rogers |

**[PROPOSED] ORDER**

The Parties have entered into a Consent Decree to resolve all injunctive claims in this case, which was filed with Plaintiffs' Unopposed Motion for Preliminary Approval of Consent Decree on December 6, 2024. Dkt. 438. After reviewing all the pleadings, records, and papers on file, the Court finds that, good cause appearing, IT IS HEREBY ORDERED as follows:

1. The Court finds that the Consent Decree is fair, adequate, reasonable, and free from collusion. *Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012). It further appears that extensive evaluation of the merits has been conducted such that the attorneys for the Parties are able to reasonably evaluate their respective positions. The Court also finds that settlement at this time will avoid substantial additional costs to all Parties, as well as avoid the delay and the risks presented by further litigation regarding the issues addressed by the Consent Decree. It further appears that the Consent Decree has been reached as the result of intensive, prolonged, serious, and non-collusive arms-length negotiations, including multiple settlement conferences conducted under the supervision of Federal Magistrate Judge Spero. The Court has "explored comprehensively all Rule 23(e)(2) factors." *In Re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 782 (9th Cir. 2022). The Court therefore finds that all the relevant *Hanlon* factors weigh in favor of granting final approval in this case. *See Hanlon*, 150 F.3d 1011 at 1026.

2. In approving this Consent Decree, the Court has considered the following factors: "(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement." *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 946 (9th Cir. 2011).

3. The Court finds that the distribution of notice by all Parties was done in a

1  manner and form consistent with the Court's December 20, 2024 Order Granting
2  Preliminary Approval (Dkt 442) and meets the requirements of both due process and Rule
3  23 of the Federal Rules of Civil Procedure.

4      4.    The Court has received 15 responses during the notice period. These
5  responses are docketed at ECF Numbers 443-44, 447-51, 454, 456-61, and 463. Of these
6  15 filings, 10 contained responses or objections from incarcerated class members. Three
7  of the filings were from individuals who are incarcerated but not class members. One
8  filing came from a non-plaintiff organization. One filing was from the organizational
9  Plaintiff in this case. The Court finds that the objections from class members do not rebut
10 the presumption that the Consent Decree is fair, reasonable, adequate, and free from
11 collusion.

12     5.    The Court finds that the Consent Decree satisfies the requirements of 18
13 U.S.C. § 3626(a)(1)(A) in that it is narrowly drawn, extends no further than necessary to
14 correct the violation of the Federal right, and is the least intrusive means necessary to
15 correct the violation of the Federal rights of Plaintiffs and the Plaintiff Class.

16     6.    The Parties' Consent Decree is granted final approval pursuant to Rule 23(e)
17 of the Federal Rules of Civil Procedure, is incorporated by reference, and has the full force
18 and effect of an order of this Court. Pursuant to Paragraph 111 of the Consent Decree, the
19 Court retains jurisdiction to enforce the terms of the Consent Decree and to resolve
20 disputes regarding compliance with the Consent Decree, following the agreed upon dispute
21 resolution process contained within the Consent Decree.

22     **IT IS SO ORDERED.**

24 DATED: _____, 2025

25                                                     Honorable Yvonne Gonzalez Rogers
                                                    United States District Judge