Jehoaddan Wilson
Reg. # 24085-111
FCI Victorville Medium 1
P. O. Box 5300
Adelanto, CA 92301
Class Member

FILED

FEB 14 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, OAKLAND

California Coalition for
Women Prisoners et. al.

v.

United States of America
Federal Bureau of Prisons
et. al.

Case No:
4:23-CV-04155-YGR (N.D.Cal.)

OBJECTION TO PROPOSED
NOTICE OF SETTLEMENT

OBJECTION TO PROPOSED NOTICE OF SETTLEMENT.

I, JEHOADDAN WILSON, Class member in this instant case, am writing to object to the proposed notice of settlement for some of the foregoing reasons:

1. SETTLEMENT LACKS CLEAR ATTACHED EXHIBITS OR CITED REFERENCES OF LEGAL AUTHORIZATIONS TO CARRY THROUGH ALL PROPOSED CHANGES, IMPROVEMENTS, CONDITIONS, AND ACTIONS BY THE B.O.P.

Page 1 of 7

A.) The Settlement lacks clear attached exhibits or cited references of legal authorizations to carry through proposed changes, improvements, conditions, and actions by the Bureau of Prisons "("B.O.P.")." The Settlement lacks clear exhibits of Congressional law for the First Step Act "("FSA")" and the Second Chance Act of 2007 "("SCA")." The proposal must obviate duplicitous and equivocating interpretations that allow room for plain error, in which it does not. Authorities such as Pub. L. No. 110-199, 122 Stat. 657 (2008), 28 CFR §§ 570.20 - 570.22 should be prevalent.

B.) The paragraph on page 4, line 14-19, if not corrected, is unreasonable and misconstrued because it does not coinside with the actuality of the law for each act nor does the settlement express or imply that it does. This oversight may cause a substantial entitlement issue which later may question why was FSA or SCA applied incorrectly or not at all. This inadvertence will result in false imprisonment through appeals for plain error.

1.) In paragraph L of line 16, the statement, "First Step Act or the Second Chance Act" is a conditional statement that translate, not authorize, that either only FSA or the SCA and not both FSA and SCA can apply to the

Sentence. Applying only the conditional may AIC
staying in prison longer than the actual law permits or
the AIC may not receive neither Act due to the
non-existent references of authority. How can the court
of law order something without cited authority to do so?
For instance, "FSA or SCA" translate the following
logical conditions in paragraph L, line 16:

> I. Only FSA can apply to AIC and not SCA.
> II. Only SCA can apply to AIC and not FSA
>     [some AIC may not be eligible due to the
>        type of crime].
> III. Not Both FSA and SCA [even if AIC is
>      eligible for both].

Paragraph L should be revised because it's contradictory
or inconsistent with the attached exhibit 1. To meet
the conditions and be consistent, the issue of community
placement should unequivocally state that one Act or
the other Act or both Acts may apply to the
sentence of AIC. For line 16 of paragraph L
should read like this :

> "First Step Act AND the Second Chance Act"

to include either Acts or both if eligible. The
revised settlement terms will satiate all parties
in the above suit.

My experience caused me to see the egregious errors in this proposal. One experience, I was sexually assaulted by a male B.O.P. Correctional officer on 4/7/2024. To date I have been sexually assaulted and or abused an average of once per month in the two years and nine months of current imprisonment. On or around December 10, 2024, B.O.P. Case Manager Mrs. J. Blackford "("Mrs. J.B.")" stated verbally that [she] will be giving me the SCA. Unbeknowst to me during our meeting, Mrs. J.B. used my FSA credits as the SCA placement days instead of calculating my FSA in addition to the SCA pursuant to 18 USC §3624 (1) or (2). Mrs. J.B. statement was contradictory to the assessment information date 10/15/2024 on exhibit 1 attached.

This experience clearly demonstrates how egregious the B.O.P. can equivocate the law. That's why I am requesting that proposal be more specific. Counsel should effectively assist in the matter per the sixth amendment. To obviate repetitiousness, counsel should include the condition that FSA AND SCA must be applied to AIC sentence if AIC is eligible for both. As stated in title 18 of the United States Code, the B.O.P. Warden must obtain B.O.P. Regional Director's approval for RRC through SCA not Mrs. J.B.

2. AIC WITH SEXUAL ABUSE HISTORY SHOULD NOT BE TRANSFERRED OR GIVEN RRC OR HALF-WAY HOUSE DUE TO REPETITIOUS DANGER AND THREAT.

AIC with sexual abuse history should not be transferred or given half-way house (RRC), instead AIC with sexual abuse history should be granted Home Confinement with FSA and SCA or Home Detention if not eligible for FSA and SCA, and if AIC has a residence (home). The authority under the SCA and U.S. Sentencing Guidelines "("USSG")" is pursuant to 18 U.S.C. §§ 3624(g), 3624 (c)(2), USSG § 5F.1 and § 3621(b)(3).

The B.O.P. is refusing to send me on Home confinement for community placement. By placing me in a half-way house, when I have my own residence, the B.O.P. is putting me in more danger of being sexually assaulted and abused again if I'm not granted Home confinement and/or home detention which my residence would be adequate.

3. CONDITIONAL PLACEMENT DAYS SHOULD BE APPLIED TO AIC FSA AND SCA.

The settlement is lacking consideration for applying AIC conditional placement days for FSA and SCA. conditional placement days must be

Page 5 of 7

calculated into the ... FSA CA ... ...
because AIC will not benefit from FSA and
SCA placement days once transferred into
community placement therefore AIC will lose
future time-credits that would have been
earned and would have been applied in the
future toward community custody [placement]
period. See Exhibit 1 (attached)

## CONCLUSION

I request that this court consider the
reasons for objection herein and not order
the settlement until the corrections are
prevalent.

Respectfully Submitted,                    Dated: February 7, 2025

*Jehmddan Y. Wilson*

Jehoaddan Wilson
Reg. # 24085-111
FCI Victorville Medium I
P.O. Box 5300
Adelanto, CA 92301
Class Member

page 6 of 7

FCI Victorville Med. I
P.O. Box 5300
Adelanto, CA 92301

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have served a copy of this foregoing instrument upon the Clerk of the Court, via properly addressed U.S. Mail, with first-class postage affixed there to, by placing into the internal mailing system as made available to inmates for legal mail, at the Federal correctional institution, Victorville. The movant further request that a copy of this Objection motion be forwarded to all interested parties via the CM/ECF System, as she is detained, indigent, and has no other means.

Done This 7th Day of February, 2025
Respectfully Submitted,

Jehoaddan L Wilson

Jehoaddan Wilson
Reg# 24085-111
FCI Victorville Med. I
P.O. Box 5300
Adelanto, CA 92301

page 7 of 7

**FSA Time Credit Assessment**
Register Number:24085-111, Last Name:WILSON

Exhibit 1

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

--- Best Case Scenario - Conditional Pre-release Planning & Preparation Only -----------------
All conditional days and conditional dates below are the individual's best case scenario
given the individual's FSA/FTC status and best case SCA days as of 10-15-2024. These dates
can change if there are changes to one or more of the following: the individuals FSA risk,
FSA opt-in/opt-out status, or best case SCA days.

SCA DAYS ARE NOT GUARANTEED AND REQUIRE AN INDIVIDUALIZED ASSESSMENT! THEREFORE, IF A DEFAULT
OF 365 DAYS IS REFLECTED, THIS DATE IS SUBJECT TO CHANGE BASED ON THE REQUIRED FIVE-FACTOR
REVIEW UNDER 18 USC SEC. 3621(B). AN INDIVIDUAL WHO HAS PENDING CHARGES/DETAINERS ARE NOT
ELIGIBLE FOR SCA TIME. THE FIVE-FACTOR REVIEW INVOLVES THE FOLLOWING: (1)THE RESOURCES OF THE
FACILITY CONTEMPLATED; (2) THE NATURE AND CIRCUMSTANCES OF THE OFFENSE; (3) THE HISTORY AND
CHARACTERISTICS OF THE PRISONER; (4) ANY STATEMENT BY THE COURT THAT IMPOSED THE SENTENCE:
(a)CONCERNING THE PURPOSES FOR WHICH THE SENTENCE TO IMPRISONMENT WAS DETERMINED TO BE
WARRANTED; OR (b) RECOMMENDING A TYPE OF PENAL OR CORRECTIONAL FACILITY AS APPROPRIATE; AND
(5) ANY PERTINENT POLICY STATEMENT ISSUED BY THE U.S. SENTENCING COMMISSION.

---
Projected Release Date: 03-04-2028
Projected Release Method: GCT REL
FSA Projected Release Date: 03-10-2027
FSA Projected Release Method: FSA REL
FSA Conditional Release Date: 03-05-2027
SCA Conditional Placement Days: 365*
SCA Conditional Placement Date: 03-05-2026* - 235
FSA Conditional Placement Days: 285 - 9 mos/15 days     FSA w/o SCA  (3/5/27 - 9 mo, 15 day = 5/24/(26) w/o SCA
FSA Conditional Placement Date: 05-24-2026  5/24/2025 ⊗
SCA Conditional Transition To Community Date: ~~5/24/2025~~ ~~xxxxxxxxxx~~
  *Default SCA conditional placement days. This requires a five-factor review!

1 yr    12 - 9 mos = 3 mos
3/5/25 +3 mo ⟹ 6/5/25
       - 15 days
        5/20/25

p.s. I redacted it because I was praying that I would be released sooner. Truthfully it states "5/24/2025."

Jehoaddan Wilson
Reg.# 24085-111
FCI Victorville Medium 1
P.O. Box 5300
Adelanto, CA 92301

SN BERNARDINO CA  923
11 FEB 2025  PM 7 L

Clerk of The Court
United States District Court
Northern District of California
1301 Clay Street, Ste. 400 S
Oakland, CA 94612