1  ERNEST GALVAN – 196065
   KARA J. JANSSEN – 274762
2  ADRIENNE SPIEGEL – 330482
   LUMA KHABBAZ – 351492
3  ROSEN BIEN
   GALVAN & GRUNFELD LLP
4  101 Mission Street, Sixth Floor
   San Francisco, California 94105-1738
5  Telephone:  (415) 433-6830
   Email:  egalvan@rbgg.com
6          kjanssen@rbgg.com
           aspiegel@rbgg.com
7          lkhabbaz@rbgg.com

8  SUSAN M. BEATY – 324048
   CALIFORNIA COLLABORATIVE FOR
9  IMMIGRANT JUSTICE
   1999 Harrison Street, Suite 1800
10 Oakland, California 94612-4700
   Telephone:  (510) 679-3674
11 Email:  susan@ccijustice.org

12 AMARIS MONTES*
    Md. Bar No. 2112150205
13 MIRIAM R. NEMETH*
    D.C. Bar No. 1028529
14 RIGHTS BEHIND BARS
   1800 M Street NW Front 1 #33821
15 Washington, D.C. 20033
   Telephone:  (202) 455-4399
16 Email:  amaris@rightsbehindbars.org
           miriam@rightsbehindbars.org
17
   STEPHEN S. CHA-KIM*
    N.Y. Bar No. 4979357
   ARNOLD & PORTER KAYE SCHOLER LLP
   250 West 55th Street
   New York, New York 10019-9710
   Telephone:  (212) 836-8000
   Email:  stephen.cha-kim@arnoldporter.com

   CARSON D. ANDERSON – 317308
   ARNOLD & PORTER KAYE SCHOLER LLP
   3000 El Camino Real
   Five Palo Alto Square, Suite 500
   Palo Alto, California 94306-3807
   Telephone:  (650) 319-4500
   Email:  carson.anderson@arnoldporter.com

   NATALIE STEIERT*
    D.C. Bar No. 90010655
   ARNOLD & PORTER KAYE SCHOLER LLP
   601 Massachusetts Avenue, N.W.
   Washington, D.C. 20001-3743
   Telephone:  (202) 942-5000
   Email:  natalie.steiert@arnoldporter.com

18 * Admitted *pro hac vice*

   Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA COALITION FOR WOMEN PRISONERS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS, et al., <br><br> Defendants. | Case No. 4:23-CV-04155-YGR <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CONTINUE THE FINAL APPROVAL HEARING** <br><br> Judge Hon. Yvonne Gonzalez Rogers <br><br> Date: February 25, 2025 <br> Time: 4:00 p.m. <br> Courtroom: Courtroom 1 – 4th Floor |

Plaintiffs California Coalition For Women Prisoners; R.B.; A.H.R.; S.L.; J.L.; J.M.; G.M.; A.S.; and L.T. (together, the "Plaintiffs"), by and through Class Counsel (as defined in the Proposed Consent Decree), respectfully oppose the Federal Defendants' (together, the "BOP") administrative motion to continue the Final Approval Hearing from February 25 to March 25, 2025 (ECF No. 464, the "Motion").

In support of its request to continue the Final Approval Hearing, BOP asserts that "Counsel for the United States does not have sufficient information to ascertain whether BOP has the resources to implement the Consent Decree." Mot. at 1. The Government also cites the recent change in administration and the retirement of Jennifer Knox, BOP's designated liaison. *Id*. at 1-2. Respectfully, BOP has not articulated the necessary good cause to continue the hearing.

*First and foremost*, the purpose of the Final Approval Hearing is to address the objections submitted by Class Members, pursuant to Federal Rule of Civil Procedure 23(e). *See Collins v. Thompson*, 679 F.2d 168, 172 (9th Cir. 1982) ("The reason for judicial approval is not to give the negotiating parties more time or even to ensure that the settlement is fair as between the negotiating parties, but rather to ensure that other unrepresented parties and the public interest are treated fairly by the settlement."). The BOP has not provided any reason why this function of the Final Approval Hearing should not proceed as scheduled on February 25, 2025.

*Second*, to the extent the BOP now suggests doubts about its ability "to implement the Consent Decree" and has issues with "some provisions in the Consent Decree," the Court should disregard these statements. Mot. at 1. The Consent Decree is a binding contract that "has the full force and effect of an order of the Court." ECF No. 442 at 2. Indeed, the BOP is "bound by general contract principles with regards to their proposed settlement. The requirement of judicial approval is not to protect the negotiating parties, but to protect unrepresented parties, and thus the negotiating parties are bound by any contract they make, subject of course to the condition subsequent of judicial disapproval." *Collins*, 679 F.2d at 173. Simply put, the purpose of the Final Approval Hearing is not to entertain after-the-fact doubts by contractually bound parties. To the extent the BOP has concerns about the practical administration of the terms of the Consent Decree,

that is all the more reason to keep the February 25, 2025 Final Approval Hearing on calendar so that specifics can be discussed, as opposed to leaving the Class Members (and correctional staff) lingering in uncertainty on the basis of BOP's vague motion.

*Finally*, and relatedly, BOP's generalized refence to the change in administration and agency personnel is not a basis to delay consideration of the Class Member objections. Regardless of the change in administration, it is hornbook law that BOP remains contractually bound to the provisions of the Consent Decree, as discussed. To the extent that there are issues to be addressed concerning the implementation of those binding provisions under the new Department of Justice leadership, again, that counsels in favor of discussing them before the Court. With respect to the retirement of the current BOP liaison, the Consent Decree specifically contemplates a scenario whereby "Ms. Knox is no longer employed by the BOP," providing that the BOP shall appoint a new liaison without impeding fulfillment of the terms of the Consent Decree. *See* ECF No. 442-2, ¶ 114. In any event, Ms. Knox's retirement does not materially affect or impede the main purpose of the hearing, for the Court to consider the fairness of the parties' agreed-upon settlement on impacted Class Members.

For the foregoing reasons, the Court should deny the Government's motion to continue the hearing.

Respectfully Submitted,

DATED: February 18, 2025   ROSEN BIEN GALVAN & GRUNFELD LLP

By: /s/ Kara Janssen
Ernest Galvan
Kara J. Janssen
Adrienne Spiegel
Luma Khabbaz

DATED: February 18, 2025   CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE

By: /s/ Susan Beaty
Mx. Susan Beaty (they/them)

DATED: February 18, 2025   RIGHTS BEHIND BARS

By: /s/ Miriam R. Nemeth
Miriam R. Nemeth
Amaris Montes

DATED: February 18, 2025   ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ Carson D. Anderson
Stephen S. Cha-Kim
Carson D. Anderson
Natalie Steiert