KURT G. ALME
United States Attorney
MADISON L. MATTIOLI
  MT Bar No. 36411284
ABBIE J.N. CZIOK
  MT Bar No. 55781377
Assistant U.S. Attorneys
U.S. Attorney's Office
901 Front Ave, Suite 1100
Helena, MT 59626
Phone: (406) 457-5269 – Madison
       (406) 457-5268 – Abbie
Fax: (406) 457-5130
Email: madison.mattioli@usdoj.gov
       abbie.cziok@usdoj.gov

Attorneys for Federal Defendants and
Defendant United States of America.

MARK STEGER SMITH
  MT Bar No. 4160
TIMOTHY A. TATARKA
  CA Bar No. 277219
Assistant U.S. Attorneys
U.S. Attorney's Office
James F. Battin Federal Courthouse
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667 – Mark
       (406) 247-4642 – Tim
Fax: (406) 657-6058
Email: mark.smith3@usdoj.gov
       timothy.tatarka@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

CALIFORNIA COALITION FOR WOMEN PRISONERS; et. al.,

          Plaintiffs

v.

UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS; et. al.,

          Defendants.

CASE NO. 4:23-CV-04155-YGR

**UNITED STATES' RESPONSE TO PRO SE MOTIONS FOR ENFORCEMENT**

    The United States respectfully responds to the pro se motion for enforcement of consent decree regarding community placement filed by Rhonda Flemming and (dkt. 479) and the pro se motion for preliminary injunction / temporary restraining order filed by Priscilla Ellis (dkt. 480). This Court should deny both motions with prejudice, subject to refiling through counsel if appropriate.

    Fleming "moves the Court for enforcement of the Consent Decree, Paragraph-72, regarding community placement." (Dkt. 479 at 1.) Ellis moves the Court to "issue an immediate Preliminary Injunction / TRO to STOP prevent" a Unit Manager "from entering Waseca Federal Correctional Institute premises while Inmate Priscilla Ellis . . . is housed there under ANY CAPACITY," because of alleged physical abuse and sexual harassment. (Dkt. 480 at 1.)

As a general rule, non-attorney litigants cannot appear pro se in class action cases because pro se litigants are not "adequate" class representatives under Federal Rule of Civil Procedure 23(a). *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008) (collecting cases); *White v. Geren*, 310 Fed. App'x 159, 160 (9th Cir. 2009); *Bell v. Almager*, 388 F. App'x 672, 673 (9th Cir. 2010). Additionally, a pro se prisoner's ability to bring class actions is even more limited. *See, e.g., Abel v. Alameda Cnty.*, No. C 07-3247 MJJ, 2007 WL 3022252, at *1 N.D. Cal. Oct. 13, 2007 ("Pro se prisoner plaintiffs may not bring class actions. They are not qualified to act as class representatives as they are unable to fairly represent and adequately protect the interests of the class.") (citations omitted); and *Chavez v. Cnty. of Santa Clara*, No. 15-CV-05277-RMI, 2021 WL 3913527, at *2 (N.D. Cal. Sept. 1, 2021).

Fleming and Ellis are each members of the plaintiff class in this prison class action case and cannot appear pro se to enforce the consent decree. Class counsel has been appointed and they are solely responsible for filing enforcement actions in this case after following the consent decree's specific dispute resolution procedures. *See Cassells v. Sec'y of Cal. Dep't of Corr. & Rehab.*, No. 2:15-cv-1446-WBS-CKD-P-TEMP, 2016 WL 2753660, at *3 (E.D. Cal. May 11, 2016) ("As the Northern District previously informed plaintiff, insofar as plaintiff is a member of the *Plata* class and seeks to enforce the consent decree or other orders in that case, he must contact the plaintiff class counsel of record.").

To the extent either Fleming or Ellis seeks to bring independent claims against prison officials for violations of their civil rights, they must exhaust administrative remedies within their respective institutions prior to filing suit as "[n]othing in this Consent Decree supersedes or replaces the [Bureau of Prisons]'s Administrative Remedy Program or the exhaustion requirement under the Prison Litigation Reform Act [PLRA] for a Class Member to pursue an independent cause of action, even if the conduct is related to an issue the Class Member or Class Counsel raises with the Monitor or the BOP Liaison." (Dkt. 438-2, ¶ 3.) *See also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (the PLRA's exhaustion requirement applies to all inmate suits about prison life . . .")

Once the issues have been administratively exhausted, each plaintiff must clarify via Complaint what constitutional right they believe each defendant has violated and support their claims with factual allegations about each defendant's actions. Remedial orders, like the consent decree here, "do not have the effect of creating or expanding [a] plaintiff's constitutional rights." *Cassells*, 2016 WL 2753660, at

*3 (citing *Carson v. Johnson*, No. 1:13-cv-00128 JLT (PC), 2013 WL 440797 at *3 (E.D. Cal. Feb. 4, 2013) (prisoner could not pursue an action based on prison officials' alleged failure to comply with *Plata* settlement agreement) (citing *Cagle v. Sutherland*, 334 F.3d 980, 986-87 (11th Cir. 2003) (consent decrees often go beyond constitutional minimum requirements but do not create or expand rights); *Green v. McKaskle*, 788 F.2d 1116, 1123 (5th Cir. 1986) (remedial decrees remedy constitutional violations but do not create or enlarge constitutional rights)).

The new suits must then be transferred from this Court to Courts in the appropriate venue (i.e., Texas and Minnesota). *See Cassells*, 2016 WL 2753660, at *2 ("[t]he Northern District also liberally construed plaintiff's 'Motion' as a civil rights complaint because he alleged that prison officials violated his civil rights. However, because the alleged violations giving rise to the complaint took place at CMF-Vacaville, the Northern District transferred the case to this court where venue would be proper over any cognizable claims.")

Regardless of the foregoing, upon information and belief, the BOP's Liaison Jenna Epplin and Senior Monitor Wendy Still are aware of the issues raised by class members Fleming and Ellis. Epplin and Still have each taken action to investigate, including making referrals to BOP's Office of Internal Affairs and the Department of Justice (DOJ)'s Office of the Inspector General (OIG) where necessary. Additionally, Fleming's complaints regarding community placement are not yet ripe because she is not eligible for community placement until August 23, 2030. Under the provisions of the Second Chance Act, a Five-Factor Review will be conducted in approximately January 2029. Ultimately, however, the Court lacks subject matter jurisdiction to review the BOP's discretionary, individualized decisions concerning designations to a Residential Reentry Center (RRC), assuming those decisions do not otherwise violate the terms of the consent decree. *See* 18 U.S.C. § 3625 and *Brown v. Ives*, 543 Fed. Appx. 636 (9th Cir. 2013).

/

/

/

/

/

1    Accordingly, this Court should deny Dkts. 479 and 480 with prejudice, subject to potential

2    refiling through class counsel if appropriate under the consent decree, if BOP does not address the

3    issues, and if dispute resolution is unsuccessful.

4    Dated this 1st day of May, 2025.

5                                    KURT G. ALME
                                     United States Attorney
6

7                                    /s/ *Madison L. Mattioli*
                                     MADISON L. MATTIOLI
8                                    ABBIE J.N. CZIOK
                                     MARK STEGER SMITH
9                                    TIMOTHY A. TATARKA
                                     Assistant U.S. Attorneys
10                                   Attorneys for United States

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28