UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CALIFORNIA COALITION FOR WOMEN PRISONERS,
   Plaintiff,

RHONDA FLEMING,
   Class Member,

v.    No. 23-cv-4155-YGR

UNITED STATES OF AMERICA,
   Defendant.

**FILED**
JUN 23 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CLASS MEMBER'S MOTION FOR DISQUALIFICATION OF COUNSEL

CLASS MEMBER'S MOTION FOR EVIDENTIARY HEARING

CLASS MEMBER'S MOTION FOR REFERRAL TO CALIFORNIA STATE BAR

California Rule of Professional Conduct 1.7 "prohibits the concurrent representation of clients in certain circumstances without the informed written consent of each client." Gong v. RFG Oil, Inc., 166 Cal. App. 4th 209, 82 Cal Rptr. 3d 416 420 (Cal. Ct. App. 2008).

The rule provides, in relevant part, that "a lawyer shall not, without informed consent from each client..., represent a client if the representation is directly adverse to another client in the same or a separate matter." Cal. Rules of Pro. Conduct r. 1.7(a).

In the present case, Rosen, Bien, Galvan, & Grunfeld and other attorneys representing the Class Member, Rhonda Fleming and other women, are vigorously litigating against the interests of the Class Members.

RBGG and other attorneys on the present case, are also representing biological male inmates, who allege they are women, fighting to keep these men in the showers and other intimate areas with Class Members who are victims of sexual abuse.

When this situation was reported to Special Monitor Wendy Still and her team, they were in shock. Numerous women who have been sexually abused in prison and/or in the community expressed their fear, anger, and disbelief that women were being forced to shower with male inmates.

Most of these men are sex offenders. The Class Member, Rhonda Fleming, has at least two convicted sex offenders sleeping 15 feet away from her. Other

male inmates are murderers of women or rapist, such as William McClain, who is in custody at FMC-Carswell.

The matter of biological males in women's prisons was not addressed in this case. For the entire time the Class Member was in custody at FCI-Dublin, there were no biological male inmates at the prison.

At this time, the Class Member is at a women's federal prison, Carswell, with 16-18 men. Women are stalked and bullied by these men. RBGG is representing a white supremacist, Peter Kevin Langan, who is also a violent criminal.

All of the attorneys representing the Class Member is aware she has been one of the leading activist to remove men out of women's prisons. See, Rhonda Fleming v. Warden Erica Strong, No. 20-cv-325, Northern District of Florida. The Class Member is supported by Women's Liberation Front, Independent Women's Forum, Keep Prisons Single Sex, and numerous other groups who seek to protect women's intimate spaces.

For the reasons stated, it is appropriate to grant the following Motions:

MOTION FOR DISQUALIFICATION OF COUNSEL & EVIDENTIARY HEARING

All attorneys assigned to this case who are involved in the litigation in Doe v. McHenry, No. 1:25-cv-286-RCL, District of Columbia, should be disqualified, immediately.

Women Class Members are without counsel due to the loyalty the attorneys have to the cause of keeping biological male sex offenders in the showers with the Class Members, who are victims of sexual abuse by MEN!!! Anyone who has heard that RBGG and other attorneys are concurrently representing women who are sex abuse victims AND biological male inmates who are sex offenders have stated this is a clear conflict of interest, even if the present Class Member was not a leading activist against this policy.

"The primary value at stake in cases of simultaneous or dual representation is the attorney's duty-and the client's legitimate expectation-of loyalty, rather than confidentiality." Flatt v. Superior Ct., 9 Cal. 4th 275, 36 Cal. Rptr. 2d 537 (Cal. 1994). "The reaons for the rule is evident, even (or perhaps especially) to the nonattorney." Id. "A client who learns that his or her lawyer is representing a litigation adversary, even with respect to a matter wholly unrelated..., cannot long be expected to sustain the level of confidence and trust in counsel that is one of the foundations of the professional relationship." Id.

This has occurred in the case. Women who have expressed their fear and disgust on this matter have been rebuffed by attorneys on the present case. The Class Members have no one to voice their concerns to. Please see the Declarations by several Class Members who have to shower daily with male inmales. Exhibit- A to F, Declarations by Class Members.

Simultaneous representation of clients with conflicting interests (and without written informed consent) is an automatic ethics violation in California and grounds for disqualifiction. Flatt at 955.

Even worse, RBGG's male clients have heckled and made fun of the Class Members, acknowledging that the women had been abandoned by Kara Janssen and other attorneys with the firm.

"Under California law, attorneys owe current clients a duty of undivided loyalty." Emblaze Ltd. v. Microsoft Corp., No. 12-cv-05422-JST (N.D. Cal. May 30, 2014). At this time, their is no loyalty to biological women Class Members, who are sex abuse victims. There is no understanding that women who have been sexually abused do not want to be viewed naked by biological male inmates, regularly exposing their private parts to women in the prison.

All attorneys involved in litigation to keep men in women's prisons should be disqualified from the present case. If disqualification is not automatic, then an evidentiary hearing should be granted to allow the numerous Class Members and the Special Monitor to testify about the conditions at FMC-Carswell and how showering with male inmates has caused severe emotional distress.

MOTION FOR REFERRAL TO THE CALIFORNIA STATE BAR

"The most egregious conflict of interest is representation of clients whose interests are directly adverse..." Flatt at 288. The Court must exercise its inherent power in furtherance of justice in part to protect the duties like loyalty, and to avoid the appearance of impropriety.

Rule 1.7 has been violated. A referral to the California State Bar is appropriate.

CONCLUSION

The Class Member and other women have been without the loyalty of counsel since January 2025. The present Class Member and others fully intend to sue RBGG and others who litigated against our interests. Our interests were disregarded in the same manner as the FBOP employees who abused the Class Members at FCI-Dublin.

No matter where the Court or anyone else falls on the political aspects of trans people, loyalty for clients should prevail.

Respectfully Submitted,

Rhonda Fleming
Class Member
June 16, 2025
FMC-Carswell
Reg. No. 20446-009
PO Box 27137
Fort Worth, Texas 76127

3

CERTIFICATE OF SERVICE

Service is performed by the electronic filing of this Motion by the U.S. District Clerk.

_____
Rhonda Fleming
Class Member

USDC
ND – California
CCWP
V.
USA

No 23-cv-4155-YGR

DECLARATION BY SHANTAI SHELTON, # 18414-084

I, Shantai Shelton, certify under penalty of perjury, that the following statements are true and correct to the best of her knowledge:

I am a suicide watch companion at Federal Medical Center-Carswell. This involves watching inmates who are in a lockdown area, who the staff has identified as being suicidal.

On June 10, 2025, I was forced to watch a biological male inmate who was on suicide watch. This male inmates was nude for most of my shift.

Officer Ruhl, a male officer, was present, too. To be watching a naked male inmate, with a male officer, to me was sexual abuse. I was literally forced to watch a naked man, or loss my job assignment.

I want the Court to be aware of what is going on in women's federal prison, in violation of President Trump's executive order. I am aware of the injunction in Doe v. McHenry, but, this injunction does not allow the FBOP to force women to watch a naked man, with a male officer present, too.

I was mortified, disgusted, embarrassed, and afraid. I kept thinking that this man might harm me once he is released from suicide watch.

This Declaration is made pursuant to 28 USC Section 1746.

Shantai Shelton, Declarant
June 12, 2025

EX-A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CALIFORNIA COALITION FOR WOMEN PRISONERS

V.                          NO. 23-cv-4155-YGR

UNITED STATES OF AMERICA

DECLARATION PURSUANT TO 28 USC SECTION 1746

BY Nacole Bain        # 39665509

I, Nacole Bain, certify under penalty of perjury that the following statements are true and correct to the best of my knowledge. If called to testify, under oath, my statements would be as follows:

1. When visited by the Special Monitor and her team, I expressed my fear, emotional distress, and disgust for showering with biological male inmates.

2. We are abandoned by our attorneys. When visited by our attorneys, none of them wanted to discuss the fact that male inmates are causing women Class Members emotional distress.

3. These men are sexual deviants. They are routinely caught in the showers and bathrooms having sex with women in the prison. It is disgusting and a violation of PREA, but the present warden has taken no action to stop this sexual misconduct. When women are caught with other biological women having sex, they are sent to the SHU, immediately. The men are given extra duty, if anything.

4. If any Class Member goes to the SHU, she is subjected to being locked in a cell with a male inmate. One male inmate assaulted a woman and was put in the SHU with biological women, against their wishes.

5. Most of these men are serving prison sentences for sexual offenses and/or violence. I am in fear of being raped and/or assaulted when the lights are off in the prison housing units.

6. I want Rosen, Bien, Galvan & Grunfeld and any other attorney involved in keeping men in women's prisons to be disqualified from this case.

7. I have been personally harmed by the disloyalty of women attorneys who do not have to undress in the presence of male inmates, many of whom still have their private parts.

_____
Print Name  Nacole Bain

EX-B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CALIFORNIA COALITION FOR WOMEN PRISONERS

V.                              NO. 23-cv-4155-YGR

UNITED STATES OF AMERICA

DECLARATION PURSUANT TO 28 USC SECTION 1746

BY TABITHA D. ROBINSON        # 40776-424

I, TABITHA D. ROBINSON, certify under penalty of perjury that the following statements are true and correct to the best of my knowledge. If called to testify, under oath, my statements would be as follows:

1. When visited by the Special Monitor and her team, I expressed my fear, emotional distress, and disgust for showering with biological male inmates.

2. We are abandoned by our attorneys. When visited by our attorneys, none of them wanted to discuss the fact that male inmates are causing women Class Members emotional distress.

3. These men are sexual deviants. They are routinely caught in the showers and bathrooms having sex with women in the prison. It is disgusting and a violation of PREA, but the present warden has taken no action to stop this sexual misconduct. When women are caught with other biological women having sex, they are sent to the SHU, immediately. The men are given extra duty, if anything.

4. If any Class Member goes to the SHU, she is subjected to being locked in a cell with a male inmate. One male inmate assaulted a woman and was put in the SHU with biological women, against their wishes.

5. Most of these men are serving prison sentences for sexual offenses and/or violence. I am in fear of being raped and/or assaulted when the lights are off in the prison housing units.

6. I want Rosen, Bien, Galvan & Grunfeld and any other attorney involved in keeping men in women's prisons to be disqualified from this case.

7. I have been personally harmed by the disloyalty of women attorneys who do not have to undress in the presence of male inmates, many of whom still have their private parts.

*Tabitha D. Robinson*
Print Name TABITHA D. ROBINSON

EX-C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CALIFORNIA COALITION FOR WOMEN PRISONERS

V.                             NO. 23-cv-4155-YGR

UNITED STATES OF AMERICA

DECLARATION PURSUANT TO 28 USC SECTION 1746
BY __AMY TIMMINS__  #35872298

I, __AMY TIMMINS__, certify under penalty of perjury that the following statements are true and correct to the best of my knowledge. If called to testify, under oath, my statements would be as follows:

1. When visited by the Special Monitor and her team, I expressed my fear, emotional distress, and disgust for showering with biological male inmates.

2. We are abandoned by our attorneys. When visited by our attorneys, none of them wanted to discuss the fact that male inmates are causing women Class Members emotional distress.

3. These men are sexual deviants. They are routinely caught in the showers and bathrooms having sex with women in the prison. It is disgusting and a violation of PREA, but the present warden has taken no action to stop this sexual misconduct. When women are caught with other biological women having sex, they are sent to the SHU, immediately. The men are given extra duty, if anything.

4. If any Class Member goes to the SHU, she is subjected to being locked in a cell with a male inmate. One male inmate assaulted a woman and was put in the SHU with biological women, against their wishes.

5. Most of these men are serving prison sentences for sexual offenses and/or violence. I am in fear of being raped and/or assaulted when the lights are off in the prison housing units.

6. I want Rosen, Bien, Galvan & Grunfeld and any other attorney involved in keeping men in women's prisons to be disqualified from this case.

7. I have been personally harmed by the disloyalty of women attorneys who do not have to undress in the presence of male inmates, many of whom still have their private parts.

Print Name __AMY TIMMINS__

EX-D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CALIFORNIA COALITION FOR WOMEN PRISONERS

V.                          NO. 23-cv-4155-YGR

UNITED STATES OF AMERICA

DECLARATION PURSUANT TO 28 USC SECTION 1746
BY Theresa Tolliver # Z9316280

I, Theresa Tolliver, certify under penalty of perjury that the following statements are true and correct to the best of my knowledge. If called to testify, under oath, my statements would be as follows:

1. When visited by the Special Monitor and her team, I expressed my fear, emotional distress, and disgust for showering with biological male inmates.

2. We are abandoned by our attorneys. When visited by our attorneys, none of them wanted to discuss the fact that male inmates are causing women Class Members emotional distress.

3. These men are sexual deviants. They are routinely caught in the showers and bathrooms having sex with women in the prison. It is disgusting and a violation of PREA, but the present warden has taken no action to stop this sexual misconduct. When women are caught with other biological women having sex, they are sent to the SHU, immediately. The men are given extra duty, if anything.

4. If any Class Member goes to the SHU, she is subjected to being locked in a cell with a male inmate. One male inmate assaulted a woman and was put in the SHU with biological women, against their wishes.

5. Most of these men are serving prison sentences for sexual offenses and/or violence. I am in fear of being raped and/or assaulted when the lights are off in the prison housing units.

6. I want Rosen, Bien, Galvan & Grunfeld and any other attorney involved in keeping men in women's prisons to be disqualified from this case.

7. I have been personally harmed by the disloyalty of women attorneys who do not have to undress in the presence of male inmates, many of whom still have their private parts.

_Theresa Tolliver_
Print Name Theresa Tolliver

EX-E

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CALIFORNIA COALITION FOR WOMEN PRISONERS

V.                           NO. 23-cv-4155-YGR

UNITED STATES OF AMERICA

DECLARATION PURSUANT TO 28 USC SECTION 1746

BY  Carolyn Marie Knudsen       # 76502065

I, Carolyn Marie Knudsen, certify under penalty of perjury that the following statements are true and correct to the best of my knowledge. If called to testify, under oath, my statements would be as follows:

1. When visited by the Special Monitor and her team, I expressed my fear, emotional distress, and disgust for showering with biological male inmates.

2. We are abandoned by our attorneys. When visited by our attorneys, none of them wanted to discuss the fact that male inmates are causing women Class Members emotional distress.

3. These men are sexual deviants. They are routinely caught in the showers and bathrooms having sex with women in the prison. It is disgusting and a violation of PREA, but the present warden has taken no action to stop this sexual misconduct. When women are caught with other biological women having sex, they are sent to the SHU, immediately. The men are given extra duty, if anything.

4. If any Class Member goes to the SHU, she is subjected to being locked in a cell with a male inmate. One male inmate assaulted a woman and was put in the SHU with biological women, against their wishes.

5. Most of these men are serving prison sentences for sexual offenses and/or violence. I am in fear of being raped and/or assaulted when the lights are off in the prison housing units.

6. I want Rosen, Bien, Galvan & Grunfeld and any other attorney involved in keeping men in women's prisons to be disqualified from this case.

7. I have been personally harmed by the disloyalty of women attorneys who do not have to undress in the presence of male inmates, many of whom still have their private parts.

Carolyn Marie Knudsen
Print Name Carolyn Marie Knudsen

EX-F