**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CALIFORNIA COALITION FOR WOMEN PRISONERS, ET AL.,**<br><br>         Plaintiffs,<br><br>    v.<br><br>**UNITED STATES OF AMERICA, ET AL.,**<br><br>         Defendants. | Case No.: 4:23-CV-04155-YGR<br><br>**ORDER DENYING MOTION TO DISQUALIFY CLASS COUNSEL**<br><br>Re: Dkt. Nos. 486, 489. |

Class member Rhonda Fleming moves to disqualify class counsel based upon allegations of a conflict of interest stemming from counsel's representation of a separate class of individuals in a separate matter. Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **DENIES** the motion.[1]

### I.     BACKGROUND

The factual context governing this case is well-known.

On February 27, 2025, the Court granted final approval to the parties' negotiated consent decree, an agreement which provided for a Special Master to ensure all parties' compliance therewith. (*See* Dkt. No. 473.) That decision rested in part on the Court's explanation in its order granting preliminary approval that class counsel was "experienced and knowledgeable" and "actively prosecuted and defended this litigation." (*See id.* at 5-6.)  Plaintiffs were not only paid

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. The Court therefore also denies the request for an evidentiary hearing. *See United Com. Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 858 (9th Cir. 1992) ("Under [Rule 43] which normally governs motions, the trial court has wide discretion in deciding whether to admit or deny oral testimony.").

significant sums to resolve the dispute, but the parties continue to work diligently to ensure compliance for class members.

On June 23, 2025, Fleming filed a motion to disqualify class counsel, alleging a conflict of interest in violation of the State Bar of California's Rules of Professional Conduct, specifically Rule 1.7. (Dkt. No. 486, Motion for Disqualification of Class Counsel ("Mtn.").)[2] Rule 1.7 states, in relevant part:

> (a) A lawyer shall not, without informed written consent from each client . . . represent a client if the representation is directly adverse to another client in the same or a separate matter.
>
> (b) A lawyer shall not, without informed written consent from each affected client . . . represent a client if there is a significant risk the lawyer's representation of the client will be materially limited by the lawyer's responsibilities to or relationships with another client, a former client or a third person, or by the lawyer's own interests.

As alleged, plaintiffs' counsel Rosen, Bien, Galvan & Grunfeld LLP's ("RBGG's") representation of a class of transgender federal inmates in a separate suit constitutes representation "directly adverse" to the interests of the instant class members. (Mtn. at 1.) That suit appears to be one in which plaintiffs, transgender women, challenge an executive order requiring that they be housed in male prisons. The motion asserts that Fleming feels uncomfortable with the presence of transgender women in the facility in which she is currently housed (and specifically, in the shower areas of the prison) and that RBBG's clients in the other matter have "made fun of the class members." (*Id*. at 2-3.) Fleming requests disqualification of class counsel or, at a minimum, that the Court set an evidentiary hearing to investigate further. Fleming's motion is accompanied by eight class member declarations and the declaration of one other declarant. (*See* Dkt. Nos. 489, 489-1.)[3]

## II. LEGAL STANDARD

---

[2] Plaintiff re-filed an identical motion at Dkt. No. 489, containing more supporting declarations which are identical to earlier-included declarations.

[3] The original motion included the declarations of one non-class member and five class members; the re-filed identical motion added the others. Other than the declaration from the non-class member, all are identical and express frustration with RBGG and the housing of transgender women in the facilities in which the declarations are currently housed. The filing of identical declarations generally decreases their reliability.

"[T]he Ninth Circuit refers to the local rules of each district when deciding which standards govern an ethical violation." *Radcliffe v. Hernandez*, 818 F.3d 537, 541 (9th Cir. 2016). The local rules for this district, in turn, require compliance "with the standards of professional conduct required of members of the State Bar of California." N.D. Cal. Civ. L.R. 11-4(a)(1).

*Radcliffe* held, however, that even were the Court to find a conflict under Rule 1.7, "California law does not require automatic disqualification for simultaneous conflicts of interest in class actions." *Radcliffe*, 818 F.3d at 547. The Ninth Circuit there spoke approvingly of a district court's decision to balance several interests in analyzing a motion to disqualify class counsel, as follows:

> The court must weigh the combined effects of a party's right to counsel of choice, an attorney's interest in representing a client, the financial burden on a client of replacing disqualified counsel and any tactical abuse underlying a disqualification proceeding against the fundamental principle that fair resolution of disputes within our adversary system requires vigorous representation of parties by independent counsel unencumbered by conflicts of interest.

*Id*. (quoting *William H. Raley Co. v. Superior Court,* 149 Cal.App.3d 1042, 1048, (1983).)

### III. ANALYSIS

#### A. Conflict of Interest

Though a finding that a conflict exists would not require automatic disqualification, the Court first analyzes the threshold question whether one does indeed exist.

Fleming's core allegation is that RBGG's representation of transgender women in another matter is directly adverse to the interests of the Dublin class members and/or materially limits its ability to represent the Dublin class. The Court disagrees. First, the subject matter of the two suits indicates alignment of class interests, rather than adversity. RBGG was appointed to represent a class of adults in custody who faced systematic assault and abuse at the hands of prison facility staff, which, as RBGGG notes in opposition, comprises a core fear animating the dispute in the other suit. (*See* Dkt. No. 492, Plaintiffs' Response to Motion for Disqualification of Class Counsel ("Oppo.") at 7-8.)[4]

---

[4] The Court, of course, takes no position on the merits of RBGG's other matter.

3

Second, the comments to Rule 1.7 note that the following are the most relevant factors in identifying a potential conflict:

> [T]he courts and jurisdictions where the different cases are pending, whether a ruling in one case would have a precedential effect on the other case, whether the legal question is substantive or procedural, the temporal relationship between the matters, the significance of the legal question to the immediate and long-term interests of the clients involved, and the clients' reasonable expectations in retaining the lawyer.

Cal. Rules of Prof. Conduct Rule 1.7 cmt. 6 (State Bar of California 2023). Given that the matter in which Fleming is represented is a closed civil case from one district in which the parties are now under a consent decree, and the other matter is a live controversy in a separate judicial district, these factors do not counsel a finding that any conflict exists.[5]

### B. *Radcliffe* Factors

Though the Court finds no conflict, it notes that even were it to find one, the *Radcliffe* factors would not require disqualification.

**Right to counsel of choice**: In the context of a class action, the analysis for this factor is necessarily different. As RBGG notes in opposition, Fleming is not a named plaintiff to this action, and disqualifying class counsel on the basis of her own personal discomfort with the firm's other matters risks depriving named plaintiffs or other class members of their own right to counsel of choice. The Court finds this factor favors RBGG.

**Attorneys' interest in representing a client**: RBGG has dedicated countless hours to litigating this case, and continues to do so in ongoing efforts to ensure compliance with the consent decree. This factor favors RBGG.

**Financial burden on a client of replacing disqualified counsel**: The Court finds this factor neutral, as class members are not currently paying for RBGG's representation, and would likely not face a financial burden should they need to find new counsel.

---

[5] Of note as well is RBGG's assertion that the separate matter involves only fourteen plaintiffs. (*See* Oppo. at 9.) Thus, the other matter is not as far-reaching as Fleming purports it to be.

**Tactical abuse underlying a disqualification proceeding:** This factor does not apply; it is intended to ensure the disqualification proceedings themselves do not serve tactical purposes in litigation. *See Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985).

**Balance:** In this instance, the factors above counsel against disqualification. The Court notes this is particularly true where, as here, RBGG is tasked with continuing oversight responsibilities of a matter *already* litigated to completion, involves a substantial record, and where there is no allegation that the details of the consent decree were impacted in any way by the representation in the other matter. In sum, *Radcliffe* strongly supports denying the motion.

## IV. CONCLUSION

Based on the above, the Court finds neither a conflict of interest in RBGG's representation of both classes nor that the *Radcliffe* factors would require disqualification even in the face of one. As such, the motion is **DENIED**.

This terminates Docket Nos. 486, 489.

**IT IS SO ORDERED**.

Date: August 5, 2025

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**