**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CALIFORNIA COALITION FOR WOMEN PRISONERS, ET AL.,**<br><br>      Plaintiffs,<br><br>      v.<br><br>**UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS, ET AL.,**<br><br>      Defendants. | **Case No.: 4:23-cv-04155-YGR**<br><br>**ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT OF ATTORNEYS' FEES AND EXPENSES**<br><br>Re: Dkt. No. 534 |

Plaintiffs in this class action are women who endured well-documented systemic abuse, sexual assault, and acts of retaliation at the federal women's correctional facility FCI Dublin. On February 27, 2025, this Court granted plaintiffs' motion for final approval of the parties' consent decree. (Dkt. No. 473 ("Final Approval Order").) The consent decree provides that defendant United States of America Federal Bureau of Prisons ("BOP") shall pay class counsel's reasonable attorneys' fees and costs. (Dkt. No. 473-1 ("Consent Decree") ¶ 110.)

On July 29, 2025, the parties agreed to an award of $3 million in full satisfaction of plaintiffs' claim for attorneys' fees and costs through March 31, 2025 as well as for fees on fees accrued in reaching settlement as to that award, excluding fees for monitoring and enforcement of the Consent Decree. Now pending is plaintiffs' motion for approval of the agreed-upon amount. (Dkt. No. 534 ("Mtn.").) Defendants do not oppose the motion and have received approval from the Department of Justice to issue payment.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the motion for approval of settlement of attorneys' fees and expenses.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds the motions appropriate for decision without oral argument.

United States District Court
Northern District of California

## I.    LEGAL STANDARD

Attorneys' fees and costs may be awarded in a certified class action under Federal Rule of Civil Procedure 23(h). Such fees must be found "fair, reasonable, and adequate" in order to be approved. Fed. R. Civ. P. 23(e); *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003). Additionally, the Equal Access to Justice Act ("EAJA") provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also, e.g.*, *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1167 (9th Cir. 2019) (en banc). Class counsel is also entitled to reimbursement of reasonable out-of-pocket expenses. Fed. R. Civ. P. 23(h); *see Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters).

## II.    ANALYSIS

The Court finds that all required elements for an EAJA award are met and that the agreed upon amount is fair, reasonable, and adequate.

***First*,** defendants do not dispute that plaintiffs are the prevailing party because defendants agreed that the Court-approved Consent Decree constitutes "a court-ordered change in the legal relationship between the Parties for purposes of determining eligibility for attorneys' fees and costs." (Consent Decree ¶ 110.) *See also Wood v. Burwell*, 837 F.3d 969, 973 (9th Cir. 2016) ("A fee-seeking party must show that (1) there has been a material alteration in the legal relationship of the parties and (2) it was judicially sanctioned."). The government also does not argue that it was substantially justified or that there are special circumstances that would render the agreed-upon award unjust. (*See* Mtn. at 9.)

***Second*,** the agreed-upon $3 million award is fair, reasonable, and adequate in light of class counsel's efforts and the results achieved. Based on the detailed records submitted by class counsel, the $3 million award amounts to less than 60% of the combined lodestar ($4,959,196.27) and costs ($197,292.56) that class counsel incurred in litigating the action. That class counsel achieved such a

2

United States District Court
Northern District of California

historic result, but also understands the benefit of finalization to reach an agreement, supports approval.

EAJA fees are calculated according to the lodestar method of multiplying the number of hours counsel reasonably dedicated by the inflation-adjusted EAJA hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); 28 U.S.C. § 2412(d)(2)(A). Additionally, EAJA authorizes the Court to award attorneys' fees at market rates where there is a "limited availability of qualified attorneys for the proceedings involved" or where plaintiffs' counsel possesses "distinctive knowledge" and "specialized skill" that was "needful for the litigation in question" and not available elsewhere at the statutory rate. *Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005); *see also Pierce v. Underwood*, 487 U.S. 552, 572 (1988).

Here, class counsel calculated the lodestar using the 2024 EAJA inflation-adjusted rate of $251.84 per hour for the majority of timekeepers and market rates for seven timekeepers with distinctive knowledge and specialized skills not available elsewhere. Applying those rates to the 9,748.60 hours claimed (after a billing-judgment reduction of 2,624.45 hours) results in a total lodestar of $4,959,196.27.

This is specialized litigation. The Court finds that the hours claimed were reasonably incurred and that the rates applied beyond the EAJA statutory cap are justified by the attorneys' distinctive knowledge and specialized skills not available elsewhere. The Court further finds that class counsel represented their clients with skill and diligence and obtained an excellent result for the class, taking into account the possible outcomes and risks of proceeding to trial. Class counsel assumed significant risk of nonpayment in taking on complex litigation on behalf of incarcerated individuals and secured a first-ever appointment of a Special Master to oversee operations within a single federal prison. The $3 million award is also fair, reasonable, and adequate because it accounts for the $197,292.56 that class counsel advanced in litigation costs.

One class member, Jehoaddan Wilson, objected to the motion on the grounds that it misstates the Consent Decree's effective date as March 31, 2025. (Dkt. No. 541.) Wilson contends that the Consent Decree became effective on February 27, 2025, based on its definition of "Effective Date"

United States District Court
Northern District of California

as "the date on which this Consent Decree is approved by the Court" (Consent Decree at 4)[2] and minutes from the final approval hearing. The Court finds that Wilson is incorrect and is misreading the documents. The final approval order states that final judgment became effective on March 31, 2025 (Final Approval Order at 12), and the minutes Wilson references state that "the Court approves an extension of the effective date to March 31, 2025." (Dkt. No. 475.)

Wilson also objects on the grounds that class counsel has a "motive of fraud" in seeking compensation for work performed between February 27, 2025 and March 31, 2025. Wilson contends that class counsel declined to assist her with a time-credit issue that arose on February 27, 2025 and so should not be compensated for work performed during this period. Class counsel responds that they have repeatedly advocated on Wilson's behalf with respect to this issue and that the agreed-upon fee provides compensation for work performed up to March 31, 2025 to ensure that implementation of the Consent Decree would begin as required. The Court finds that Wilson's objection, which is personal to her, does not provide a sufficient basis for reducing or denying the award. Not only is the Court awarding class counsel less than their lodestar, even if Wilson is correct (which she is not), the lodestar is not being awarded even discounting *all* legal work class counsel claims for (1) injunction monitoring and enforcement and (2) class communication and advocacy. (*See* Dkt. No. 534-1 ¶ 7, Ex. B (claiming combined amount of $1,380,592.34 for work performed in these areas spanning multiple years, which is less than what is discounted from the lodestar).) More than sufficient work occurred to justify the award.

*Lastly*, the parties have agreed to negotiate recovery of fees for monitoring and enforcing compliance on a regular basis during the pendency of the Consent Decree. They propose submitting such agreed-upon awards to the Court on a quarterly basis going forward.

Class counsel is entitled to recover for monitoring and enforcing compliance with the Consent Decree. *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 452 (9th Cir. 2010) (counsel entitled to fees "for monitoring the [defendants'] compliance with the parties' settlement agreement"); *S.F. N.A.A.C.P. v. S.F. Unified Sch. Dist.*, 284 F.3d 1163, 1166 (9th Cir. 2002) ("It is

---

[2] Wilson cites the version of the Consent Decree filed with the motion for preliminary approval at Dkt. No. 438-2, which contains the same definition at pg. 4.

settled law in this circuit that a district court has discretion to award fees to a prevailing party in consent decree litigation for work reasonably spent to monitor and enforce compliance with the decree, even as to matters in which it did not prevail."). As such, the Court approves of the parties' proposal.

**III.    CONCLUSION**

Based on the foregoing, the motion for approval of settlement of attorneys' fees and expenses is **GRANTED** as follows:

- Class Counsel is awarded $3 million in full satisfaction of the parties' agreement that BOP shall pay fees and costs pursuant to paragraph 110 of the Consent Decree, excluding their agreement for BOP to pay for ongoing monitoring and enforcement.
- Going forward, the parties shall submit agreed-upon awards for class counsel's monitoring and enforcement to the Court on a quarterly basis during the pendency of the Consent Decree.

This Order terminates Docket No. 534.

**IT IS SO ORDERED**.

Date: April 9, 2026

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California