United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**CALIFORNIA COALITION FOR WOMEN PRISONERS, ET AL.,**

Plaintiffs,

v.

**UNITED STATES OF AMERICA, ET AL.,**

Defendants.

**Case No.: 4:23-cv-04155-YGR**

**ORDER DENYING MOTION FOR ENFORCEMENT OF THE CONSENT DECREE; MOTIONS FOR EVIDENTIARY HEARING; LETTER BRIEF**

Re: Dkt. Nos. 511, 519, 520

Class member Rhonda Fleming filed a *pro se* motion for (1) enforcement of the consent decree to require the United States Federal Bureau of Prisons ("BOP") to designate her to a halfway house and (2) an evidentiary hearing for BOP officials to testify that a halfway house is its "lowest security level facility possible for [her] to be designated to." (Dkt. No. 511.) The United States and plaintiffs filed responses (Dkt. Nos. 517, 518), to which Fleming filed a reply and further motion for an evidentiary hearing via Zoom (Dkt. No. 519). Fleming thereafter filed a "letter brief" requesting an order that she be placed in a BOP halfway house "in accordance with Paragraph-69 of the Consent Decree" or, alternatively, "under any applicable law." (Dkt. No. 520.)

Fleming's latest requests argue that the "plain language of Paragraph-69" of the consent decree "is mandatory[] that [she] would be designated to the lowest security level facility possible." (Dkt. No. 511.) This contention is incorrect and misreads the consent decree.

Paragraph 69 requires BOP to "*endeavor* to designate Class Members in the lowest security level facility *possible*." (Dkt. No. 473-1 ¶ 69 (emphases supplied).) Paragraph 72 further provides that "BOP shall release to community placement any Class Member *eligible* for community placement under the [First Step Act] or the [Second Chance Act] as soon as practicable *after the Class Member becomes eligible*." (*Id.* ¶ 72 (emphases supplied).) The Court has already denied

United States District Court
Northern District of California

Fleming's prior motion to enforce the consent decree requesting similar relief and forwarded that motion to the Monitor appointed in this action. (Dkt. No. 483.) In their reply to the instant motion, plaintiffs state that the "Monitor has been made aware of and has investigated this class member contention and, based on BOP policy and the information provided to the Monitor by BOP, has confirmed that this class member is not eligible for designation to a halfway house at this time." (Dkt. No. 518 at 1.) The United States confirms that Fleming "is not eligible for community placement until August 23, 2030." (Dkt. No. 517 at 3.)

BOP therefore has not violated the consent decree on the grounds Fleming argues because BOP has determined that she is not yet eligible for designation to a halfway house. An evidentiary hearing as to whether "a halfway house is the lowest level []BOP facility possible for designation purposes" would not change this result. (*See* Dkt. No. 519 at 3.) Fleming's additional arguments as to class counsel's alleged bias and the application of paragraph 72 of the consent decree, made on reply and in the separate "letter brief," have largely already been considered and rejected by the Court. (*See* Dkt. Nos. 473, 483, 503, 506.)

Accordingly, Fleming's motions are **DENIED**.[1] Fleming is reminded that the consent decree was issued to address specific issues in the now closed-down Dublin facility. The Court maintained the Monitor who continues to work to ensure compliance with the consent decree as to all members of the class. That said, the scope of the consent decree is not without boundaries. As with other adults in custody, any future *pro se* filings (or "motions") by Fleming to purportedly "enforce" the consent decree will be forwarded to the Monitor to be resolved in due course. Thus far, none of Fleming's filings have had merit.

This terminates Docket Nos. 511, 519.

**IT IS SO ORDERED.**

Date: May 13, 2026

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds the motions appropriate for decision without oral argument. *See United Com. Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 858 (9th Cir. 1992) ("Under [Rule 43] which normally governs motions, the trial court has wide discretion in deciding whether to admit or deny oral testimony.").